# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

CR20-249 RS

VENUE: SAN FRANCISCO

FILED

Jun 22 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA

V.

ROWLAND MARCUS ANDRADE,

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 2 – Aiding and Abetting
18 U.S.C. § 1956(a)(1) – Money Laundering;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Grand Jury Foreperson

_____ Foreman

Filed in open court this ___18th___ day of

_____June, 2020_____.

*Virginia K. DeMarchi*  _____ Clerk

Bail, $ _no bail warrant_

DAVID L. ANDERSON (CABN 149604)
United States Attorney

FILED

Jun 22 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ROWLAND MARCUS ANDRADE, <br> Defendant. | CASE NO. CR20-249 RS <br><br> VIOLATIONS: <br> 18 U.S.C. § 1343 – Wire Fraud; <br> 18 U.S.C. § 2 – Aiding and Abetting; <br> 18 U.S.C. § 1956(a)(1) – Money Laundering; <br> 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation <br><br> SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1.      Defendant ROWLAND MARCUS ANDRADE, also known as MARCUS ANDRADE, was a resident of Missouri City, Texas. ANDRADE was the founder and principal of the entity NAC Foundation, LLC, which was also referred to as the National AtenCoin Foundation. The stated purpose of the NAC Foundation was to develop and manage a new cryptocurrency called AML Bitcoin. ANDRADE claimed to be the creator of the cryptocurrency AML Bitcoin and inventor of AML Bitcoin

INDICTMENT

technology. Prior to soliciting purchasers and raising money for the AML Bitcoin project beginning in about 2017, ANDRADE created and sold other purported cryptocurrencies called "Black Gold Coin" and "AtenCoin."

2.     CO-SCHEMER A worked with ANDRADE to promote AML Bitcoin. CO-SCHEMER A worked on marketing and public relations for AML Bitcoin.

<u>Definitions</u>

3.     The term "cryptocurrency" refers to a class of financial instruments that allow the transfer of value between individuals without any third-party mediation or government regulation. This transfer is accomplished with a set of cryptographic protocols executed entirely over the Internet. These protocols require that each transaction's sender and receiver hold an appropriate cryptographic key. Cryptocurrency was invented in approximately 2009, and examples of cryptocurrencies in widespread use include Bitcoin, Ethereum, and Litecoin.

4.     The term "initial coin offering," or "ICO," refers to the initial sale of a cryptocurrency to the public. An ICO is similar to an "initial public offering" of stock, a transaction that raises money for a private company and begins the public trading of the company's stock. The purpose of an ICO is to raise money by selling either units of cryptocurrency, or "tokens" that act as placeholders that can later be exchanged for the cryptocurrency, and the money raised is typically used to fund the business or entity developing the new cryptocurrency.

<u>AML Bitcoin and the NAC Foundation</u>

5.     NAC Foundation filed incorporation documents with the Nevada Secretary of State on February 13, 2014. The incorporation documents indicate that ANDRADE is an officer of the NAC Foundation, and NAC Foundation materials identify ANDRADE as its chief executive officer.

6.     The AML Bitcoin "White Paper," a document dated October 4, 2017, was posted on the AML Bitcoin website by ANDRADE and the NAC Foundation. The White Paper stated that the NAC Foundation created two cryptocurrencies, AML Bitcoin and its predecessor AtenCoin. In the White Paper, the NAC Foundation claimed AML Bitcoin cryptocurrency would include features that would allow the cryptocurrency to comply with anti-money laundering (also referred to as "AML") and know-your-customer ("KYC") regulations and laws by using "biometric technologies" among other methods

INDICTMENT                                                2

to confirming the identities of participants in transactions using AML Bitcoin. The White Paper stated that ANDRADE sought to raise up to $100 million from the public sale of AML Bitcoin tokens.

7. Beginning in about 2017, ANDRADE began raising money by selling AML Bitcoin tokens. Purchasers of the AML Bitcoin tokens were told that once the AML Bitcoin technology was developed and functioning the tokens would be converted to the actual AML Bitcoin cryptocurrency. Beginning in October 2017 and continuing through about February 2018, ANDRADE and the NAC Foundation conducted what they called the AML Bitcoin initial coin offering, or ICO. After the ICO ended in about February 2018, ANDRADE, NAC Foundation, and his associates continued to solicit purchasers for AML Bitcoin tokens.

8. ANDRADE made, reviewed, and approved statements issued by the NAC Foundation regarding AML Bitcoin, including press releases that were posted on the AML Bitcoin website and distributed through newswire services, posts on social media including Twitter, discussion forums, and other information posted on the AML Bitcoin website, among others venues.

## THE SCHEME AND ARTIFICE TO DEFRAUD

9. Beginning at a date unknown to the grand jury, but no later than July 2017, and continuing through a date unknown to the grand jury, but to at least December 2018, ANDRADE knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts. As part of the scheme to defraud, ANDRADE, individually and through the NAC Foundation, an entity he controlled, committed or caused to be committed by others, including CO-CONSPIRATOR A, the following acts, among others:

   a) ANDRADE, NAC Foundation, and his associates made public statements and statements to potential purchasers of AML Bitcoin tokens that misrepresented the state of the development of the technology and the viability and timeline for the final release of the functional AML Bitcoin cryptocurrency. ANDRADE and his associates repeatedly stated that the conversion of the token to the AML Bitcoin and the launch of the cryptocurrency, with the promised AML and KYC compliant biometric verification, would be completed in six months.

INDICTMENT                               3

b) ANDRADE orchestrated and approved a false "rejection campaign" regarding a purported advertisement that ANDRADE and his associates stated was to going to be aired during the 2018 Super Bowl. ANDRADE, NAC Foundation, and his associates claimed that the advertisement would have aired during the Super Bowl if the television network airing the Super Bowl and the National Football League had not rejected the advertisement as being too controversial. In fact, the NAC Foundation did not have the funds to purchase the advertising time, and the advertisement was never reviewed or rejected by the network or the NFL.

c) ANDRADE, NAC Foundation, and his associates made statements that falsely stated and implied that the NAC Foundation had reached or was about to finalize agreements with various government agencies for the use of AML Bitcoin or AML Bitcoin technology, in order make prospective purchasers believe that the cryptocurrency was progressing toward widespread adoption. For example, NAC Foundation announced on or about November 8, 2019 stating that ANDRADE and NAC Foundation representatives were "engaged in talks" with the government of Panama and the Panama Canal Authority regarding adoption of the AML Bitcoin cryptocurrency for payment of transit fees. This statement overstated the significance and outcome of meetings and conversations with the Panama Canal Authority. In another example, ANDRADE made false statements regarding a meeting with an elected politician representing the State of California, claiming that ANDRADE had a meeting with the official and discussed "AML Bitcoin and how it can bring security and compliance to crypto, fintech and digital identities." In fact, ANDRADE was present at a roundtable discussion and had his photograph taken with the official, but AML Bitcoin was not discussed.

d) ANDRADE misappropriated money he obtained through the sale of AML Bitcoin tokens, including from a person known to the grand jury and identified as PURCHASER-1, including using more than $730,000 to purchase a new home that was purchased by ANDRADE and his spouse, and using more than $220,000 to purchase a piece of real estate held in the name of a company controlled by ANDRADE. Prospective purchasers, including PURCHASER-1, believed that money paid to purchase AML Bitcoin tokens would be spent to develop the technology and for business operations.

COUNT ONE:        (18 U.S.C. §§ 1343 AND 2 – Wire Fraud)

Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if fully set forth here.

Beginning on or about July 2017 and continuing through on or about October 2018, in the Northern District of California and elsewhere, the defendant,

ROWLAND MARCUS ANDRADE,

with others known and unknown to the Grand Jury, including CO-SCHEMER A, did knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts.

## THE USE OF THE WIRES

On or about January 12, 2018, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendant,

ROWLAND MARCUS ANDRADE,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, specifically, a wire transfer of in the amount of $730,000 originating from a bank account in the Northern District of California controlled by a person known to the grand jury and identified as PURCHASER-1 using the Fedwire Funds Service.

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TWO: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if fully set forth here.

On or about March 7, 2018, in the Northern District of California and elsewhere, the defendant,

ROWLAND MARCUS ANDRADE,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is wire fraud in violation of Title 18, United States Code, Section 1343, with the intent to promote the carrying on of said specified unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; that is, the purchase of a cashier's check drawn on an account held in the name of Fintech Fund Family LP involving $600,000 in United States Currency later deposited in an account in the name of MARCUS ANDRADE.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

<u>FORFEITURE ALLEGATION</u>:     (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);
18 U.S.C. § 982(a)(1))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 982(a)(1).

Upon conviction of Count One of this Indictment, the defendant,

ROWLAND MARCUS ANDRADE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting or derived from proceeds the defendant obtained, directly or indirectly, that are traceable to his violation of Title 18, United States Code, Section 1343.

Upon conviction of Count Two of this Indictment, the defendant,

ROWLAND MARCUS ANDRADE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation alleged in Count Two, or any property traceable to such property, including, but not limited to:

      a. One Parcel of Real Property Located at 9414 Plaza Point Drive, Missouri City, Texas, 77459

If the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(1); and Federal Rule of Criminal Procedure 32.2.

DATED: June 18, 2020

A TRUE BILL.

/s/
_____
FOREPERSON

DAVID L. ANDERSON
United States Attorney

/s/ Lloyd Farnham
_____
LLOYD FARNHAM
ANDREW DAWSON
Assistant United States Attorneys

INDICTMENT         7

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN

**BY:** ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**FILED**
Jun 22 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## OFFENSE CHARGED

COUNT ONE:
18 U.S.C. § 1343 – Wire Fraud

COUNT TWO:
18 U.S.C. § 1956(a)(1) – Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: CT ONE: 20 yrs imprisonment, fine of $250,000 (or twice the gross gain or loss, whichever is greater), 3 yrs supervised release, $100 special assessment; CT TWO: 20 yrs imprisonment, fine of $500,000 (or twice the value of property involved, whichever is greater), 3 yrs supervised release, $100 special assessment

Name of District Court: NORTHERN DISTRICT, SAN FRANCISCO

**DEFENDANT - U.S**
ROWLAND MARCUS ANDRADE

DISTRICT COURT NUMBER
CR20-249RS

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Internal Revenue Service-Criminal Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): LLOYD FARNHAM

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST: Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY: Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                     Before Judge:

Comments: