MANUEL A. MEDRANO (SBN 102802)
Zuber Lawler & Del Duca LLP
350 S. Grand Ave., 32nd Floor
Los Angeles, California 90071
Tel.:  213.596-5620
Fax:  213.596-5621
mmedrano@zuberlawler.com

KATHERINE D. COOPER *(appearance pro hac vice)*
Murphy & McGonigle, P.C.
1185 Avenue of the Americas, 21st Floor
New York, NY 10036
Tel.: 212.880.3630
Fax: 212.880.3998
kcooper@mmlawus.com

Attorneys for Defendant Rowland Marcus Andrade
[Additional counsel listed on the next page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendants. | CASE NO.: 20-cr-4188-RS <br><br> **NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY** <br><br> **TO BE HEARD JANUARY 5, 2021 AT 2:30 p.m. PST** |

BRIAN BECK (*pro hac vice*, IL BN 6310979)
Zuber Lawler & Del Duca LLP
135 S. LaSalle St., Suite 4250
Chicago, Illinois 60603
Tel.:  312.346.1100
Fax:  213.596-5621
bbeck@zuberlawler.com

MAURICIO S. BEUGELMANS (Bar No. 201131)
Murphy & McGonigle, RLLP
44 Montgomery Street, Suite 3750
San Francisco, CA 94104
Tel.: 415.651.5707
Fax: 415.651.5708
mbeugelmans@mmlawus.com

LIONEL ANDRÉ (*appearance pro hac vice,* DC BN 422534)
Murphy & McGonigle, P.C.
1001 G Street NW, 7th Floor
Washington, DC 20001
Tel.: 202.661.7039
Fax: 202.661.7059
landre@mmlawus.com


Attorneys for Defendant Rowland Marcus Andrade

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. PROCEDURAL HISTORY ................................................................................... 1

III. DISCOVERY CATEGORIES ................................................................................ 2

    A. Bill of Particulars ........................................................................................ 2

    B. Mr. Andrade's Statements .......................................................................... 2

    C. Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment .... 3

    D. Investigative Reports, Notes, Tape Recordings and Witness Statements ...... 4

    E. Grand Jury Materials .................................................................................. 5

    F. Agent Personnel Files ................................................................................. 5

    G. Mr. Andrade's Prior Record ....................................................................... 5

    H. Any Proposed 404(b) Evidence .................................................................. 5

    I. Evidence Seized ......................................................................................... 6

    J. Request for Preservation of Evidence ......................................................... 6

    K. Tangible Objects ........................................................................................ 6

    L. Expert Witnesses ....................................................................................... 7

    M. Scientific and Other Information ................................................................ 7

    N. Evidence of Bias or Motive to Lie .............................................................. 7

    O. Impeachment Evidence .............................................................................. 7

    P. Evidence of Criminal Investigation of Any Government Witness ................ 8

    Q. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling ............................................................................................. 8

    R. Witness Addresses ..................................................................................... 8

    S. Name of Witnesses Favorable to Mr. Andrade ............................................ 8

    T. Statements Relevant to the Defense ........................................................... 9

    U. Giglio Information & Agreements Between the Government and Witnesses ................................................................................................... 9

    V. Informants and Cooperating Witnesses ...................................................... 9

    W. Bias by Informants or Cooperating Witnesses ............................................ 9

    X. Jencks Act Material ................................................................................... 10

    Y. Residual Request ....................................................................................... 10

IV. ARGUMENT ....................................................................................................... 10

    A. Specific Requests Under Brady, Agurs, Giglio and the Fifth Amendment . 10

|   |   |   |
|---|---|---|
| | B. Investigative Witness Statements | 11 |
| | C. Grand Jury Materials | 12 |
| | D. Agent Personnel Files | 12 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**CASES**

*Brady v. Maryland*, 373 U.S. 83 (1963) ................................................................. 3, 4, 7, 9

*Campbell v. United States*, 373 U.S. 487, 490-92 (1963) ...................................................... 10

*Giglio v. United States*, 405 U.S. 150 (1972) ......................................................... 8, 9

*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) ............................................. 7

*Kyles v. Whitley*, 514 U.S. 419 (1995) ...................................................................... 5

*Roviaro v. United States*, 353 U.S. 53, 61-62 (1957) ................................................................ 9

*United States v. Agurs*, 427 U.S. 97 (1976) ................................................................. 3

*United States v. Alter*, 482 F.2d 1016, 1028 n.20 (9th Cir. 1973) ....................................... 11

*United States v. Armstrong*, 517 U.S. 456, 462 (1996) ............................................................. 11

*United States v. Bagley*, 473 U.S. 667 (1985) ................................................................ 3

*United States v. Belton*, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) ....................... 11

*United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) ....................................................... 10

*United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) ...................................................... 6

*United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989) ............................................................. 1

*United States v. Diaz*, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006) .......................................... 12

*United States v. Fuentes*, 2008 WL 2557949, at *4 (E.D. Cal. June 24, 2008) .................... 11

*United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991) .............................................. 5, 12

*United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996) ........................................................ 5

*United States v. Jack*, 2009 WL 435124, at *4 (E.D. Cal. Feb. 20, 2009) ........................... 11

*United States v. Jennings*, 960 F.2d 1488, 1492 n.3 (9th Cir. 1992) .................................. 5, 12

*United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) ............................................. 11

*United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) .......................................... 6

*United States v. One Parcel of Real Estate Property*, No. 3:20-cv-2013, Dkt. No. 25-1 at ¶ 5 (N.D. Cal. May 28, 2020) ............................................................................ 1

*United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) ............................................ 11

*United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. CA 1999) ............................................. 8

**STATUES**

18 U.S.C. §§ 1343 .................................................................................................................. 1

18 U.S.C. § 1956(a)(1) ........................................................................................................... 1

18 U.S.C. § 3500 ............................................................................................................... 9, 10

18 U.S.C. § 3500(e)(1) ........................................................................................................... 9

**RULES**

Fed. R. Crim. P. 16 ............................................................................................................... 11

Fed. R. Crim. P. 16(a)(1)(A) and (B) .................................................................................. 2, 4

Fed. R. Crim. P. 16(a)(1)(B) and (D) ..................................................................................... 4

Fed. R. Crim. P. 16(a)(1)(D) .................................................................................................. 5

Fed. R. Crim. P. 16(a)(1)(E) ................................................................................................... 6

Fed. R. Crim. P. 16(a)(1)(G) ................................................................................................... 6

Fed. R. Crim. P. 16(a)(1)(F) ................................................................................................... 7

Fed. R. Crim. P. 26.2 .............................................................................................................. 4

Fed. R. Evid. 404(b) and 609 ................................................................................................. 5

Fed. R. Evid. 608, 609 and 613 .............................................................................................. 7

**MISCELLANEOUS**

Susan Brenner & Lori Shaw, Federal Grand Jury: A Guide to Law and
    Practice § 16.11 (2010) .................................................................................................. 12

**PLEASE TAKE NOTICE THAT** at 2:30 p.m. PST on Tuesday, January 5, 2021, or as soon thereafter as counsel may be heard, Defendant Rowland Marcus Andrade, by and through his attorney, will ask this Court to issue an order granting the motion listed below.

## I. INTRODUCTION

Mr. Andrade moves this Court for an order directing the Government to produce, disclose or permit inspection of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989). Specifically, Mr. Andrade moves for the production of the specified items of discovery as set forth below and, in his October 22, 2020, discovery letter.

## II. PROCEDURAL HISTORY

On June 18, 2020, the Government filed a two-count indictment in open court against Defendant Rowland Marcus Andrade ("Andrade") charging violations of 18 U.S.C. §§ 1343, 2 (Wire Fraud and aiding and abetting) and 18 U.S.C. § 1956(a)(1) (Money Laundering). Specifically, the Indictment alleges that from in or about July 2017 through December 2018, Defendant Andrade and a "Co-Schemer" engaged in one count of wire fraud and one count of money laundering. Previously, the government filed a civil forfeiture action on March 23, 2020, seeking forfeiture of Andrade's residence based on substantially similar allegations. *United States v. One Parcel of Real Estate Property*, No. 3:20-cv-2013, Dkt. No. 1 (N.D. Cal. Mar. 23, 2020). In an *ex parte* declaration by the government's counsel that was subsequently unsealed, the government stated that the AUSA was planning on indicting Andrade shortly after March 23, 2020, but that the indictment was delayed due to the Shelter in Place order imposed in response to the COVID-19 pandemic. *United States v. One Parcel of Real Estate Property*, No. 3:20-cv-2013, Dkt. No. 25-1 at ¶ 5 (N.D. Cal. May 28, 2020).

On October 22, 2020, counsel for Mr. Andrade sent a letter containing a series of discovery requests to the Government. (Ex. A.) On October 28, 2020, the Government responded in part, but failed to provide several categories of documents and information. (Ex. B.)

NOTICE OF MOTION AND MOTION TO COMPEL    CASE NO. 20-CR-0249-RS

1

## III. DISCOVERY CATEGORIES

### A. Bill of Particulars

In the June 22, 2020 Indictment, there are numerous allegations that require more details to enable Mr. Andrade to adequately prepare his defense. The Government has done a limited document dump as part of its discovery obligations, but the particulars of the allegations in the Indictment have not been revealed within the haystack of documents. The unresolved particulars will significantly hamstring Mr. Andrade's defense. Therefore, the defense hereby requests a bill of particulars as it relates to Counts One and Two.

### B. Mr. Andrade's Statements

Mr. Andrade requests the Government to disclose any and all written, recorded and oral statements made by him, as well any written summaries of his oral statements contained in the handwritten notes of any Government agent. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all of Mr. Andrade's statements, whether written or oral, regardless of whether the Government intends to make any use of those statements. Mr. Andrade specifically requests all audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements, including but not limited to statements made to IRS CID Special Agents, FBI Special Agents and/or other state and federal agents. Such request includes, but is not limited to the following agents:

FBI - ROHAN WYNAR,

FBI - ETHAN A. QUINN,

FBI – KATHERINE E. ABLETT,

FBI – BRENDON ZARTMAN,

IRS - BRYAN WONG,

SEC - ALICE JENSEN,

FBI – BRITT EVANGELIST, and

FBI – MARY MCNAMARA

Furthermore, Mr. Andrade requests copies of the audio tapes of any taped telephone calls made while he spoke to Government cooperators or informants.

### C. Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment

In an October 22, 2020, letter to the Government, Mr. Andrade requested the Government to provide, among other documents and evidence, all *Brady* and *Giglio* material. The Government has not addressed these requests in a meaningful way. Mr. Andrade renews his request that the Government produce all documents, statements, agents' reports, and tangible evidence favorable to Mr. Andrade on the issue of guilt and/or which affects the credibility of the Government's witnesses and the Government's case. Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). Further, *Brady* requires the Government to disclose any information that may result in a lower sentence under the sentencing guidelines, notwithstanding its advisory nature, because it is exculpatory and/or mitigating evidence.

In the Government's October 28, 2020 production of documents to Mr. Andrade, the Government produced approximately 85,000 pages of jumbled and duplicative documents that were organized in a manner that only the Government could understand.

Mr. Andrade, through counsel, sent emails to the Government on October 30th and November 10th stating that, "[the Government] still has not responded regarding the remaining discovery in this case. As noted in my email on November 10, the first production did not appear to include all copies of search or seizure warrants, supporting affidavits for warrants, ex-parte court orders, any non-text media, or any documents related to any negotiations or deals that were made with persons associated with the instant case. By now any *Brady* material should have been produced." Mr. Andrade also requested the points of contact for all the taint and filter teams that were used on each of the search warrants that were conducted with everyone associated with this case. By December 9, 2020, the Government still had not provided any additional documents, nor did the Government respond to the October 30th and November 10th emails.

NOTICE OF MOTION AND MOTION TO COMPEL    CASE NO. 20-CR-0249-RS

On December 7, 2020, defense counsel wrote an email to the Government stating that with the next status hearing coming in a month, we need to move forward on discovery. "We are also deeply concerned that you have not responded to either of my previous emails." The letter included the following ultimatum: "please respond by Thursday, December 10, to let us know a date certain—no later than December 21--by when we will receive the remaining discovery. If we do not get a response or do not receive discovery by those dates, we will file a motion to compel to ensure that the Court can address the Government's failure to respond at the January status conference."

That same day, the Government responded that they have already produced 85,000 pages of documents and "are currently working on the next production, which we anticipate will include search warrants, audio recordings, and other materials. I will let you know when we have a specific target for production." However, only about 8,000 of those pages came from the FBI investigation; about 75,000 pages were IRS records largely irrelevant to the core allegations of fraud in this case.

That target date has not happened to date. It's now been six months since Mr. Andrade was indicted, and nine months since the government reached its decision to indict and filed its related civil forfeiture action. When the Government indicts an individual for crimes, they should be prepared to go to trial within 100 days. It boggles the mind that the Government still does not have its act together, especially in such a serious matter where Mr. Andrade's liberty is at risk.

**D. Investigative Reports, Notes, Tape Recordings and Witness Statements**

Mr. Andrade requests the Government turn over all investigation reports, arrest reports, notes, records, documents or any other tapes or recordings that relate to the circumstances surrounding any questioning by any Government agent whether pursuant to related civil proceedings or a criminal investigation. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Andrade or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and *Brady v. Maryland*, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from investigating agents (civil or criminal), tapes,

sworn statements, and prosecution reports pertaining to Mr. Andrade. *See* Fed. R. Crim. P. 16(a)(1)(B) and (D), Fed. R. Crim. P. 26.2. Specifically, Mr. Andrade requests copies of any Report of Investigation ("ROI"), Memorandum of Interview ("MOI"), Memorandum of Contact ("MOC"), FBI FD-302 and/or similar investigative reports or documents. Furthermore, Mr. Andrade requests any and all draft FD-302s or interview memoranda and any requests by supervising or investigating agents or members of the Department of Justice to edit, revise, or otherwise change the content of any FD-302 or interview memorandum." The Government has provided some FD-302 interview reports, but not all FD-302 reports. The defense needs relevant FD-302s and all agent notes that support the FD-302. The agent handwritten notes are critical because some agents, in violation of DOJ policy, wait several weeks, if not months, to prepare the FD-302 for a witness interview. The time lapse between the interview and the preparation of the written memoranda often renders the FD-302 unreliable. Therefore, the contemporaneous handwritten notes of the interviewing agents are more reliable. If the Government asserts a privilege for any of the requested materials, we ask that the Government provide the defense a detailed privilege log.

### E. Grand Jury Materials

Mr. Andrade hereby request documents and information related to proceedings before the grand jury, including, but not limited to, instructions provided to the grand jury before it returned the Indictment.

### F. Agent Personnel Files

Mr. Andrade requests that the Assistant United States Attorney(s) ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. *See Kyles v. Whitley*, 514 U.S. 419 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Jennings*, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate Government agency may review files and notify AUSA of contents as long as AUSA makes the

NOTICE OF MOTION AND MOTION TO COMPEL   CASE NO. 20-CR-0249-RS

determination regarding material to be disclosed); *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996) (accord).

### G. Mr. Andrade's Prior Record

Mr. Andrade requests disclosure of his prior criminal record if one exists. Fed. R. Crim. P. 16(a)(1)(D).

### H. Any Proposed 404(b) Evidence

Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . .." of any evidence the Government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Andrade requests the Government "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions). Mr. Andrade requests notice no later than four weeks before trial to give the defense time to adequately investigate and prepare for trial.

### I. Evidence Seized

Mr. Andrade requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E). Each search warrant should include the production of the evidence seized during the execution of the search warrants. All production from search warrants should be segregated and not comingled with materials seized from other search warrants. Any warrantless searches should include all individuals or entities involved, along with the date, time and location of such searches and seizures.

### J. Request for Preservation of Evidence

Mr. Andrade specifically requests the preservation of all physical evidence (including electronic or digital evidence and/or records stored in the IRS's, DOJ's and other state and federal agencies' computer database(s) or system(s) of records) that may be destroyed, lost, or otherwise not in the possession, custody, or care of the Government and which relates to the

NOTICE OF MOTION AND MOTION TO COMPEL    CASE NO. 20-CR-0249-RS

charges or the events leading to the indictment in this case. This request includes, but is not limited to, the recordings of any witness statement prepared during the investigation of this case and/or related investigations (e.g., Jack Abramoff).

**K.  Tangible Objects**

Mr. Andrade requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint, handwriting or voice analyses, or copies of portions thereof, which are material to the defense, intended for use in the Government's case-in-chief, or were obtained from or belong to Mr. Andrade. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Andrade requests copies of the audio and/or video tapes of all Government contacts with witnesses in this case, including but not limited to those made by IRS CID, FBI or SEC Agents (e.g., Special Agent Brian Wong, FBI Agent Roahn Wynar, SEC officer Alice Jensen and/or agents working with Special Agent Brian Wong, Special Agent Roahn Wynar and SEC officer Alice Jensen), and any other law enforcement or Government agencies involved in investigating Mr. Andrade.

**L.  Expert Witnesses**

Mr. Andrade requests the name, qualifications, and a written summary of the testimony of any person the Government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). The defense requests the notice of expert testimony be provided as soon as possible but no later than a minimum of one month prior to trial so the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the Government's expert and a hearing in advance of trial to determine the admissibility of evidence and qualifications of any expert. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

**M.  Scientific and Other Information**

Mr. Andrade requests the results of any scientific or other tests or examinations conducted by any Government agency or their subcontractors in connection with this case. *See* Fed. R. Crim. P. 16(a)(1)(F).

### N. Evidence of Bias or Motive to Lie

Mr. Andrade requests any evidence that any prospective Government witness is biased or prejudiced against Mr. Andrade, Latinos, Hispanics, Brown people or has a motive to falsify or distort his or her testimony.

### O. Impeachment Evidence

Mr. Andrade requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Andrade. *See* Fed. R. Evid. 608, 609 and 613; *Brady v. Maryland*, 373 U.S. 83 (1963).

### P. Evidence of Criminal Investigation of Any Government Witness

Mr. Andrade requests any evidence that any prospective witness was or is under investigation by federal, state or local authorities for any criminal conduct.

### Q. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.

Mr. Andrade requests any evidence, including any medical or psychiatric reports or evaluations, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

### R. Witness Addresses

Mr. Andrade requests the name and last known address of each prospective Government witness. Mr. Andrade also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness. Mr. Andrade maintains that witness security is not an issue in this case.

### S. Names of Witnesses Favorable to Mr. Andrade

Mr. Andrade requests the name of any witness who made an arguably favorable statement concerning Mr. Andrade or his cryptocurrency technology.

### T. Statements Relevant to the Defense

Mr. Andrade requests disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

### U. Giglio Information & Agreements Between the Government and Witnesses

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Andrade requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment. *See also United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. CA 1999). Mr. Andrade also requests discovery regarding any other express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any discussion with a potential witness regarding that witness' criminal culpability. Additionally, Mr. Andrade requests such information concerning Jack Abramoff, Japeth Dillman, David Matta, Richard Naimer, Carlos DeLagaurdia, Brian Darling, John Crawford, Raymond Robertson, A. John A. Bryan Jr., Alex Abramoff, Lev Abramoff, Dana Rohrabacher, Jason Osborne, Benjamin Boyer, David Siegel, Richard Naimer, Nigel Quantick, John Crawford, Guli Chul, and Daniel Koechler.

### V. Informants and Cooperating Witnesses

Mr. Andrade requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crimes charged against Mr. Andrade. The Government must disclose the informant's identity and

NOTICE OF MOTION AND MOTION TO COMPEL    CASE NO. 20-CR-0249-RS

9

location, as well as the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate Andrade. *Brady v. Maryland*, 373 U.S. 83 (1963)

### W. Bias by Informants or Cooperating Witnesses

Mr. Andrade requests disclosure of any information indicating bias and financial motivation on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information includes, but is not limited to, any inducements, favors, payments or threats that were made to the witness in order to secure cooperation with the authorities.

### X. Jencks Act Material

Mr. Andrade requests production in advance of trial of all material which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at trial to allow Mr. Andrade time to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963); *see United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (agent's interview notes reviewed with interviewee subject to Jencks Act).

### Y. Residual Request

Mr. Andrade intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Andrade requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## IV. ARGUMENT

### A. Specific Requests Under Brady, Agurs, Giglio and the Fifth Amendment

NOTICE OF MOTION AND MOTION TO COMPEL     CASE NO. 20-CR-0249-RS

The Government has not fully satisfied its affirmative obligations to provide all *Brady* and *Giglio* materials requested by Mr. Andrade. The defense contends that much of this information relates to the credibility and bias of potential witnesses at trial, various categories of exculpatory evidence, the quality of the Government's investigation, and false allegations cooperators, witnesses and law enforcement agents.

Mr. Andrade requests exculpatory information regarding the involvement of the White House, its staff, current and former members of Congress, and materials from other executive agencies, contributions to and actions by current and former members of Congress on behalf of Jack Abramoff, and other issues.

In sum, the Government has yet to fully satisfy its affirmative obligations under *Brady*, *Giglio*, and their progeny. As these materials are essential to the preparation of Mr. Andrade's defense, *Brady*, *Agurs*, *Giglio*, and the Fifth Amendment require that the Government produce them. Accordingly, Mr. Andrade requests that the Court order the Government to produce all *Brady* and *Giglio* material, including the specific items listed in his lawyer's communications with the Government, as well as any additional *Brady* and *Giglio* material that the Government later discovers.

**B. Investigative Witness Statements**

The Government needs to respond to Mr. Andrade's request for any information relating to efforts by any investigating agent or member of the Department of Justice to edit or in any way change the content of a FD-302 or interview memorandum, and again relies on a vague response that only requires defense counsel to guess as to whether such material exists. To be sure, any document or other information relating to a request by the Government to edit or revise a FD-302 or memoranda of interview so that it is aligned with the prosecution's theories is potentially exculpatory, impeaching, and material to the preparation of a defense. *See* Fed. R. Crim. P. 16; *United States v. Armstrong*, 517 U.S. 456, 462 (1996); *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) ("Rule 16 permits discovery that is 'relevant to the development of a possible defense.' ") (internal citation omitted); *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) (a document is material if "it could be used to counter the

1  Government's case or to bolster a defense"). Thus, the Court should order the Government to
2  produce such materials if they exist.

### C. Grand Jury Materials

Although the secrecy of grand jury proceedings is protected by Federal Rule of Criminal Procedure 6(e), this rule only applies to the substance of jury deliberations and does not apply to grand jury charges and instructions. No showing of particularized need is necessary for access to these materials. *See United States v. Alter*, 482 F.2d 1016, 1028 n.20 (9th Cir. 1973) (finding the defendant "was entitled to know the content of the court's charges to the grand jury. The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not"); *United States v. Belton*, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) ("[A] number of courts have held the disclosure of instructions and charges of the grand jury to be appropriate."); *United States v. Jack*, 2009 WL 435124, at *4 (E.D. Cal. Feb. 20, 2009) (ordering production of grand jury instructions); *United States v. Fuentes*, 2008 WL 2557949, at *4 (E.D. Cal. June 24, 2008) (rejecting Government contention that a showing of particularized need is necessary and holding that "defendants are entitled to the transcript of the instructions and charges to the grand jury"); *United States v. Diaz*, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006) (granting defendants' request for grand jury instructions, empaneling procedure, and term, because these documents "do not fall within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury proceedings"). It is a matter of hornbook law that grand jury secrecy "does not govern matters such as the court's charge to a grand jury . . .." Susan Brenner & Lori Shaw, Federal Grand Jury: A Guide to Law and Practice § 16.11 (2010).

### D. Agent Personnel Files

The truth or falsity of the law enforcement agents' testimony both in the grand jury and his search warrant affidavits is an issue in this case. As a result, Mr. Andrade requests that in accordance with DOJ policy, the Government review the personnel files of all law enforcement agents who worked on the investigation of the instant matter for evidence of dishonesty or other

NOTICE OF MOTION AND MOTION TO COMPEL     CASE NO. 20-CR-0249-RS

misconduct and produce such evidence to the defense. *See United States v. Jennings*, 960 F.2d 1488, 1492 n.3 (9th Cir. 1992) (noting that "the Government informs us that the Department of Justice has instituted a policy designed to implement the holding of *Henthorn*"); *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991) (holding that "the Government has a duty to examine personnel files upon a defendant's request for their production"). Accordingly, the Court should order the Government to review the law enforcement agents' personnel file and confirm whether evidence of dishonesty or misconduct exists. If such evidence does exist, the Government should produce it to the defense.

## V. CONCLUSION

For the foregoing reasons, Defendant Andrade respectfully requests that the Court grant this motion and order the Government to produce all outstanding materials and those required by law.

Date:   December 24, 2020            Respectfully submitted,

*/s/ Lionel André*
KATHERINE D. COOPER
LIONEL ANDRÉ
Murphy & McGonigle, P.C.

MANUAL A. MEDRANO
BRIAN J. BECK
Zuber Lawler & Del Duca LLP

MAURICIO S. BEUGELMANS
Murphy & McGonigle, RLLP
Attorneys for Defendant Rowland Marcus Andrade