DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ANDREW F. DAWSON (CABN 264421)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    andrew.dawson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-00249 RS |
| Plaintiff, | **UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| ROWLAND MARCUS ANDRADE, | |
| Defendant. | |

TABLE OF CONTENTS

I. Procedural History ..................................................................................................... 1

II. Argument .................................................................................................................... 2

    A. Bill of Particulars (Motion at p. 2) ................................................................. 2

    B. Mr. Andrade's Statements (Motion at p. 2) .................................................... 3

    C. Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment (Motion at 3, 10) ............................................................................................. 3

    D. Investigative Reports, Notes, Tape Recordings and Witness Statements (Motion at 4) .................................................................................................... 4

    E. Grand Jury Materials (Motion at 5, 12) .......................................................... 6

    F. Agent Personnel Files (Motion at 5, 12-13) ................................................... 7

    G. Mr. Andrade's Prior Record (Motion at 6) ..................................................... 7

    H. Any Proposed 404(b) Evidence (Motion at 6) ............................................... 7

    I. Evidence Seized (Motion at 6) ........................................................................ 8

    J. Request for Preservation of Evidence (Motion at 6) ...................................... 8

    K. Tangible Objects (Motion at 7) ...................................................................... 8

    L. Expert Witnesses (Motion at 7) ...................................................................... 9

    M. Scientific and Other Information (Motion at 7) ............................................. 9

    N. Evidence of Bias or Motive to Lie (Motion at 8) ........................................... 9

    O. Impeachment Evidence (Motion at 8) ............................................................ 9

    P. Evidence of Criminal Investigation of Any Government Witness (Motion at 8) ............... 9

    Q. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling (Motion at 8) ......................................................................... 10

    R. Witness Addresses (Motion at 8) ................................................................. 10

    S. Names of Witnesses Favorable to Mr. Andrade (Motion at 8) .................... 10

    T. Statements Relevant to the Defense (Motion at 9) ...................................... 10

    U. *Giglio* Information & Agreements Between the Government and Witnesses (Motion at 9) ................................................................................ 10

    V. Informants and Cooperating Witnesses (Motion at 9) ................................. 11

    W. Bias by Informants or Cooperating Witnesses (Motion at 10) .................... 11

|   |      | X.   Jencks Act Material (Motion at 10) .................................................................................11 |
|   |      | Y.   Residual Request (Motion at 10) ....................................................................................12 |
|   | III. | CONCLUSION...............................................................................................................12 |

# TABLE OF AUTHORITIES

Page(s)

Cases

*United States v. Addonizio*, 451 F.2d 49 (3d Cir. 1972) ................................................................ 7

*United States v. Alvarez*, 358 F.3d 453 (9th Cir. 1979) ............................................................... 16

*United States v. Barry*, 71 F.3d 1269 (7th Cir. 1995) ................................................................. 11

*United States v. Belton*, 2015 WL 1815273 (N.D. Cal. Apr. 21, 2015) ...................................... 11

*United States v. Cerna*, 633 F. Supp. 2d 1053 (N.D. Cal. 2009) ................................................ 16

*United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) ............................................................. 12

*United States v. Jennings*, 960 F.2d 1488 (9th Cir. 1992) .......................................................... 12

*United States v. Manetti*, 323 F. Supp. 683 (D. Del. 1971) ......................................................... 7

*United States v. Roviaro*, 353 U.S. 53 (1957) ............................................................................ 15

*United States v. Stepanyan*, 2016 WL 4398281 (N.D. Cal. Aug. 18, 2016) .............................. 11

Statutes

18 U.S.C. § 3500(a) ...................................................................................................................... 16
18 U.S.C. § 3500(b) ...................................................................................................................... 16

Rules

Federal Rule of Criminal Procedure 16(a)(1)(A) ........................................................................... 8

On December 24, 2020, defendant filed a motion seeking an order compelling production of a broad and poorly defined set of documents. The motion suffers from a variety of flaws. *First*, many of the demanded categories of documents were raised for the first time in the motion, rather than in any meet and confer process. The government does not dispute, and has never disputed, that some of the demanded documents are subject to production. Indeed, some have already been produced. The government urges defense counsel to meet and confer on potential disputes—and to review the documents already in their possession—before imposing on the Court's time. *Second*, some of the demanded categories of documents are simply not subject to production, and others are not subject to production until this matter proceeds to trial. For example, defendant demands the government produce memoranda prepared by two local defense counsel, whom defendant mistakenly believes to be FBI agents. Again, had defendant made his requests directly of the government, the parties could have avoided needless Court proceedings. *Third*, defendant fails to identify *any* source of authority for some his demands. Instead, they seem motivated by unsubstantiated speculation of government misconduct that somehow involves the White House and its staff.

The Motion should be denied in some respects as moot, in others as unripe, and in others as meritless. Many of the general obligations on the government regarding discovery do not need an order of this Court, including the obligations under *Brady* and *Henthorn*. For the Court's convenience, the government's opposition will address each separately enumerated section in the Motion, even though many overlap with each other.

I.  **Procedural History**

Defendant Andrade was indicted by a Grand Jury in the Northern District of California on June 22, 2020. Docket No. 1. The parties were not able to reach agreement on a protective order governing discovery until October. The Court entered the parties' stipulated protective order on October 15, 2020. Docket No. 24. As reflected in defendant's motion papers, the defendant first requested discovery under Rule 16 on October 22, 2020. *See* Motion to Compel ("Motion"), Docket No. 33, Exhibit A. The government's first production was provided to the defense on October 28, 2020. *See id.*, Exhibit B. As reflected in the government's discovery letter, that production was comprised of more than 85,000 pages of discovery. *Id.* In addition, the production was accompanied by a 202-page discovery index that

provided further details about certain documents included in that production.

The government made an additional production on December 31, 2020, approximately a week after the motion was filed. *See* Exhibit A. The government's second production contained more than 19,000 pages of discovery. *Id.* Once again, the government provided an extensive discovery index. As explained further below, the government continues to process and prepare additional materials for production. Unfortunately, given that most staff at the U.S. Attorney's Office are working remotely as a result of the pandemic, the data-intensive process of discovery processing is proceeding more slowly than it would under normal circumstances.

## II. Argument

Defendant's motion casts a wide net. So wide, in fact, that the motion does not even identify legal support for a variety of its demands. Each demand should be denied. Once defendant has reviewed the discovery—both that which has already been produced, and that which will be produced shortly—the parties can meet and confer to establish whether any material dispute remains, and defendant can raise any ripe disputes at that time. The government's specific response to each demand in the motion is below. Where the same demand appears in two places in the Motion, the government's response will so specify.[1]

### A. Bill of Particulars (Motion at p. 2)

The first substantive section of defendant's motion to compel discovery does not, in fact, seek to compel discovery. Instead, in a single paragraph that cites to no law and does not describe any aspect of the indicted charges that does not allow him to prepare a defense, it seeks a bill of particulars. *See* Motion at 2. The request should be denied. An indictment should "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. E. Crim. P. 7(c)(1). The United States is not required to "weave the information at its command into the warp of a fully

---

[1] Section III of defendant's Motion lists 25 categories of documents he is requesting. Motion at 2-10. Section IV of the Motion, titled "Argument," lists four categories that roughly map onto four categories listed in Section III. Motion 10-13. Because only a subset of the 25 categories are listed in the Argument section, it is unclear if Defendant is asking the Court to adjudicate all 25 categories. Because the Conclusion of the motion seeks an order compelling "the Government to produce all outstanding materials and those required by law," Motion at 13, it appears he seeks the Court's intervention as to all 25 categories of documents, not just those identified in the Argument section. Therefore, this opposition will address every request articulated in the Motion.

integrated trial theory for the benefit of the defendants." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1972). And a bill of particulars may not be used "to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971).

The indictment in this case complies with Rule 7(c)(1), and there is no need for a bill of particulars. The indictment specifies that the defendant has been charged with fraud in connection with "public statements and statements to potential purchasers of AML Bitcoin tokens that misrepresented the state of the development of the technology and the viability and timeline for the final release of the functional AML Bitcoin cryptocurrency." Indictment, ¶ 9.a. Subsequent sub-paragraphs provide further detail, including specific transactions that were part of the scheme. *See id.* ¶ 9.d.

**B.  Mr. Andrade's Statements (Motion at p. 2)**

The government agrees that Federal Rule of Criminal Procedure 16(a)(1)(A) & (B) requires the disclosure of certain (1) oral and (2) written and recorded statements of the defendant. Indeed, while the defense seems unaware of this fact, records of certain statements have already been produced. For example, the government's first production included an FBI 302 reflecting a telephonic interview with Defendant Andrade. For the convenience of the defense, that document is available starting at bates number FBI-302-005032. In addition, and as is relevant to other categories of documents discussed below, the production also includes the FBI agents rough notes of the interview. Those are available starting at bates number FBI-302-005041.

There are additional defendant statements that are in the queue for production. Indeed, the next tranche of discovery the government anticipates producing will include a variety of media files, including both audio and visual files.

Because the government has already produced certain responsive records, and others are in the queue to be produced, this request should be denied as moot.

**C.  Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment (Motion at 3, 10)**

Despite the subheading of this request, the relevant text does not in fact include any specific

OPPOSITION TO MOTION TO COMPEL            3
CR 20-00249 RS

requests under *Brady*, *Agurs*, *Giglio*, or the Fifth Amendment. Instead, defendant presents a laundry list of concerns about the government's production, including the allegation that the government's production was "jumbled and duplicative" and that it was "organized in a manner that only the Government could understand." Motion at 3. To the contrary, the government's discovery letter included a summary chart reflection the origin of the documents and their general nature (e.g. the prefixes "FBI-302" and "IRS-MEMOS"). *See* Motion, Exhibit A. This is in addition to a granular discovery index that provides additional detail. While the government agrees that this is a discovery-heavy case, and that discovery can be difficult to navigate, that is through no fault of the government. If the defense has specific questions regarding the organization of the productions, the government is always available to meet and confer regarding specific questions.

Of course, the government agrees that it is obligated to produce materials called for by *Brady*, *Agurs*, and *Giglio*. That duty is ongoing, and the government is always sensitive to new materials that might be subject to production. Because defendant has failed to identify any specific category of materials he believes have been improperly withheld, there is nothing for this Court to adjudicate. The government's production is ongoing, and if a specific dispute becomes ripe in the future, defendant should bring it then. The defense request should therefore be denied without prejudice.

### D.  Investigative Reports, Notes, Tape Recordings and Witness Statements (Motion at 4)

Next, defendant requests "all investigation reports, arrest reports, notes, records, documents, or any other tapes or recordings that relate to the circumstances surrounding any questioning by any Government agent whether pursuant to related civil proceedings or a criminal investigation." Motion at 4. This catch-all category substantially overlaps with other subheadings of the Motion, such as the specific request for the defendant's statements, and undefined terms like "relate[d] to the circumstances surrounding" questioning make it impossible for the government to know what defendant is asking for.

In support, defendant cites once again to *Brady*, and to a number of provisions in Rule 16, but neither entitles him to such a broad and poorly defined universe of documents. Of course, as noted above, the government has and will produce *Brady* material, in addition to the defendant's statements, as required by Rule 16(a)(1)(A) & (B). And the government will produce the defendant's prior record, as

OPPOSITION TO MOTION TO COMPEL  
CR 20-00249 RS

4

required by Rule 16(a)(1)(D), and will produce Jencks Act statements at an appropriate time pursuant to Rule 26.2. But those rules do not entitle the defendant to the full scope of what he requests. In any wide-ranging investigation, certain reports will be generated that are simply irrelevant to a particular defendant and do not fall within Rule 16 or *Brady*.[2]

In addition to the broad claims discussed above, defendant also requests agent notes that underlie the 302s. Prior to filing of the motion, the defense had never raised the issue of agent notes for all 302s with the government. Defendant thus seems unaware that such notes have already been produced as to a variety of 302s—including a 302 of an interview with Defendant himself—when they exist in digital form.[3] In many instances, the notes exist only in physical form, and the production contains cover sheets indicating that the original notes exist in physical form. As noted in the government's very first production letter, the government has offered to "make available for your inspection any item of evidence referred to in the enclosed reports and documents." Motion, Exhibit A. The government is happy to discuss making arrangements for such an inspection.

Lastly, defendant includes in this section a request for copies of "any requests by supervising or investigating agents or members of the Department of Justice to edit, revise, or otherwise change the content of any FD-302 or interview memorandum." Motion at 5. The request is reiterated later in the "Argument" section, in which defendant argues that such communications would be potentially exculpatory if they reflect an effort to "align" a 302 "with the prosecution's theories." Motion at 11-12 (citing *Brady*). The defendant provides no evidence or suspected instances of this type of request. In any event, if the government becomes aware of exculpatory information, there is a preexisting obligation to disclose that information under *Brady*. Unsupported rank speculation cannot provided a basis for the defendant's request that the Court compel this vague category of information. This is particularly true when the motion elsewhere airs the unsupported speculation regarding the "involvement of the White house" and its staff in this matter. *See* Motion at 11. While some of defendant's associates have

---

[2] Defendant's motion also requests memoranda prepared by two local defense attorneys, *Motion* at 2, and by an SEC attorney. Those memoranda are not in the government's possession, custody, or control, and thus the government cannot produce them.

[3] For the convenience of defense counsel, an example of such notes can be found at FBI-302-005032.

OPPOSITION TO MOTION TO COMPEL           5
CR 20-00249 RS

connection to politicians, the suggestion that this investigation was somehow improperly influenced by political considerations is absurd and unsupported. Because defendant has presented the Court with nothing more than speculation, and because there is no legal support for compelling the requested production, the defendant's request should be denied. It should also be noted that the defendant can review the agents' notes—which would predate any alleged "interference" by political actors—and raise any issues or additional requests with the government at that time. The parties can then meet and confer before bringing the matter to the Court. In the absence of such a concrete dispute, the request should be denied.

### E. Grand Jury Materials (Motion at 5, 12)

Defendant next requests "documents and information related to proceedings before the grand jury, including, but not limited to, instructions provided to the grand jury before it returned the Indictment." Motion at 5. Again, the first phrase of the request is impossibly broad, and defense counsel appears to be unaware of the general secrecy attendant to grand jury proceedings under Rule 6(e). There is no authority to support production of such an enormous range of documents.

On the specific question of grand jury instructions, the motion includes a somewhat more fulsome argument in a later section of the motion. *See* Motion at 12. But defendant appears not to appreciate the difference between instructions given by the Court and instructions given as to a particular draft indictment. For example, *United States v. Alter* concerns the "court's charges to the grand jury," which set forth "the ground rules by which the grand jury conducts [its] proceedings." 482 F.2d 1016, 1028 n.20 (9th Cir. 1973). The government agrees that defendant is entitled to such instruction, if that is what he desires.

But it appears what defendant may want instead is the specific legal instructions relevant to this case. Motion at 12. The weight of authority forbids this production absent a showing of particularized need. For example, Judge Breyer has explained that such legal instructions "constitute matters occurring before the grand jury that are protected by Rule 6(e)." *United States v. FedEx Corp.*, No. 14-cr-380 CRB, ECF 165, at 6 (N.D. Cal. Jan. 19, 2016). Thus, they can only be produced after a showing of "particularized need." *Id.* Defendant has not even attempted to articulate particularized need. *See also United States v. Barry*, 71 F.3d 1269, 1274 (7th Cir. 1995) ("[D]efendants claim . . . that instructions to

the grand jury are ministerial in nature and are not matters occurring before the grand jury, to obtain which a defendant must show particularized need . . . . The claim cannot be sustained."); *United States v. Stepanyan*, 15-cr-0234-CRB, 2016 WL 4398281, at * 2 (N.D. Cal. Aug. 18, 2016) (Corley, J.) ("*Alter* merely held the defendant was entitled to know the contents of the *court's* charges to the grand jury. . . [C]ourts have uniformly rejected the argument that the government's instructions or remarks to the grand jury are not entitled to secrecy.").[4]  Because defendant has not established any particularized need for the legal instructions to the grand jury, the request should be denied.

### F.   Agent Personnel Files (Motion at 5, 12-13)

Defendant also demands a "review of all personnel files of each agent involved in the present case for impeachment material." Motion at 5.  On its face, defendant's request applies to every single agent who worked on the case, not simply those who will testify at trial.  This request is clarified in the "Argument" section of the motion, in which the same request is repeated without any limitation to trial witnesses.  Such a request is unsupported.  The cases cited by defendant, to the extent they apply to personnel files, apply only to testifying witnesses.  *See United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *United States v. Jennings*, 960 F.2d 1488 (9th Cir. 1992).  Of course, the government is aware of the *Henthorn* and *Jennings* line of cases, and it conducts such a review in every case that goes to trial.  But there is no support for defendant's broader demand, and even the narrower demand is premature, as the case has not even been set for trial.  Defendant's broader request—for a review of *all* personnel files of investigating agents—should therefore be denied as meritless, and the narrower version of the request should be denied as premature.

### G.   Mr. Andrade's Prior Record (Motion at 6)

Rule 16 clearly requires a record of a defendant's prior criminal record, and a copy of defendant's record is in processing for production.  The request should be denied as moot.

### H.   Any Proposed 404(b) Evidence (Motion at 6)

While defendant's demand for identification of 404(b) evidence is contained in his motion to

---

[4] The government notes that other judges have not imposed the "particularized need" requirements.  *See, e.g., United States v. Belton*, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015). The government submits that Judge Breyer's detailed analysis, in addition to the other authority cited above, is more persuasive.

OPPOSITION TO MOTION TO COMPEL     7
CR 20-00249 RS

compel, he is apparently not even requesting its immediate production. Instead, the request is more of a demand for a scheduling order, as defendant proposes that notice be provided no later than four weeks before trial. The government has no objection to such a deadline, but such deadlines are better considered in the context of more comprehensive scheduling order. The request should be denied, and that the broader trial schedule should await the Court's determination of a trial date.

### I.    Evidence Seized (Motion at 6)

Defendant next requests production of any "evidence seized as a result of any search, either warrantless or with a warrant." The government is in the midst of reviewing certain seized materials pursuant to search warrants, and it is processing already-seized evidence for production. Defendant's request should be denied, but if a dispute arises in the future with regard to search warrant evidence, the parties can meet and confer on any concrete disputes before presenting them to the Court. Defendant's subsequent demand for a particular form of production—e.g. identification of all entities involved with materials not "comingled"—is not the proper subject of a motion to compel. The government will provide discovery letters and indices for each production, and if the defense has questions about the location of any materials or concerns about the form of the government's production, the parties can meet and confer prior to inviting the Court's intervention.

### J.    Request for Preservation of Evidence (Motion at 6)

The government and the investigative agencies will follow all normal procedures for the preservation of evidence. Defendant's request is not in fact a motion to compel anything, and he cites to no authority. Nor does he articulate any particularized theory as to why the government's typical procedures would be inadequate. The request should be denied.

### K.    Tangible Objects (Motion at 7)

The motion also includes a boilerplate request for production under Rule 16(a)(1)(E), but the only "tangible objects" identified are copies of audio and video tapes of contacts with witnesses. As defendant has been previously informed, the government is currently preparing a production of relevant audio and visual recordings that are in the possession of the prosecution team. The government notes again that the SEC is an independent agency, and the government has no access to its files. Similarly, there could be "other law enforcement" agencies—e.g. state and local entities—investigating defendant

that are unrelated to the current prosecution, and the government has no access to such materials. The request should be denied without prejudice, and if a concrete dispute arises in the future, the parties can meet and confer and bring the matter to the Court's attention if necessary.

### L.     Expert Witnesses (Motion at 7)

The government will of course comply with Rule 16's provisions governing expert witnesses, and the government does not believe defendant's proposal—that the government's report be produced one month prior to trial—provides sufficient time for potential rebuttal reports or *Daubert* proceedings. The government believes the request should be denied, and that a comprehensive schedule should be addressed when the Court is prepared to set a trial date.

### M.     Scientific and Other Information (Motion at 7)

The motion includes a boilerplate request for scientific and other information under Rule 16(a)(1)(F). To the extent such information exists, of course the government will produce it. Defendant does not allege the existence of any such material, and undersigned counsel is presently unaware of any material that falls under Rule 16(a)(1)(F). If any such material is identified or generated, it will be produced. The request should be denied.

### N.     Evidence of Bias or Motive to Lie (Motion at 8)

Defendant also requests "any evidence that any prospective Government witness is biased or prejudiced against Mr. Andrade, Latinos, Hispanics, Brown people" or otherwise has a motive to falsify or distort their testimony. Motion at 8. This inflammatory request—and its implicit and unsupported accusation of racism—should be denied. The government's obligations under *Giglio* are addressed elsewhere, and the government will comply with those obligations.

### O.     Impeachment Evidence (Motion at 8)

The government will comply with Rules 608, 609 and 613, in addition to its obligations under *Brady* and *Giglio*. As with defendant's similar requests under *Giglio*, the rules apply to impeachment as relevant to trial witnesses, and any request at this stage is premature. The motion should be denied.

### P.     Evidence of Criminal Investigation of Any Government Witness (Motion at 8)

Defendant's request for "any evidence" of investigation is overbroad and unsupported by any citation to law. Not only is the request premature, to the extent is requests information beyond that

OPPOSITION TO MOTION TO COMPEL            9
CR 20-00249 RS

already called for by the rules and *Giglio*, it is meritless.

    **Q.    Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling (Motion at 8)**

Defendant's next request is once again functionally duplicative of his previous requests under *Giglio*. Defendants cites to no law. The request should be denied as both premature as to *Giglio* materials, and denied as meritless to the extent it calls for information beyond *Giglio* and the applicable rules.

    **R.    Witness Addresses (Motion at 8)**

The discovery that has already been produced, in addition to that which is in the queue for production, identifies a variety of witnesses by name. Defendant's request for witness addresses is unsupported. The government will produce a witness list, with the information called for by the rules, at the appropriate time as ordered by the Court. Defendant's request should be denied as premature and overbroad.

    **S.    Names of Witnesses Favorable to Mr. Andrade (Motion at 8)**

As noted in the prior section, the discovery identifies a variety of witnesses relevant to this case. To the extent any witness has provided exculpatory information subject to *Brady*, any such exculpatory information will be produced. There is no need for the Court to weigh in on a speculative category of witness that may not exist. The request should be denied.

    **T.    Statements Relevant to the Defense (Motion at 9)**

Defendant does not identify any particular statement, or any particular witness, or how this request differs in any way from prior requests under *Brady* and for identification of witnesses. Defendant cites to no authority, and the request is insufficiently concrete to permit adjudication. The request should be denied.

    **U.    *Giglio* Information & Agreements Between the Government and Witnesses (Motion at 9)**

Defendant once again cites to *Giglio*, and the government reiterates that it always conducts a *Giglio* review and produces and relevant materials for its trial witnesses. Such material would typically include any agreement between the witness and the government with regard to their testimony. This matter has not yet been set for trial, and the government has not prepared a witness list. Defendant's

suggestion that he is entitled to any witness agreement without regard to whether the government intends to call that witness at trial is unsupported and impracticable. The issue of disclosure of witnesses and preparation of witness lists should be left to a comprehensive scheduling order.

### V. Informants and Cooperating Witnesses (Motion at 9)

Having already requested the names and address of *all* prospective Government witnesses (see subsection R above), defendant also specifically requests the names and addresses of the overlapping set of informants and cooperating witnesses (presumably whether or not they testify). As noted repeatedly above, this case has not yet been set for trial, and the government has not yet prepared its witness list.

Defendant includes a citation to *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957), which pertains to disclosure of non-testifying informants in certain circumstances. But *Roviaro* makes clear that disclosure is the exception, not the rule, and that it requires the consideration of the "particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62. There is no blanket right to disclosure of "all informants or cooperating witnesses." Motion at 9. If defendant can ultimately make a showing that the *Roviaro* standard has been met as to a particular individual, the parties will meet and confer and present the matter to the Court if necessary. The request for blanket disclosure of *all* confidential informants and cooperating witnesses should be denied.

### W. Bias by Informants or Cooperating Witnesses (Motion at 10)

Once again, defendant requests information that, if it exists, would clearly fall under *Giglio*. As noted repeatedly above, the government conducts a *Giglio* review for all trial witnesses and will produce any responsive information. A production now, without a trial date and as the rest of the discovery is in the midst of production, is premature. To the extent defendant is requesting immediate *Giglio* production, the request should be denied. To the extent defendant is simply reminding the government of its *Giglio* obligations, there is no dispute to adjudicate.

### X. Jencks Act Material (Motion at 10)

The Jencks Act by its terms compels production of certain statements "[a]fter a witness called by the United States has testified on direct examination . . . ." 18 U.S.C. § 3500(b). The government anticipates production of Jencks Act material well in advance of trial in order to avoid any mid-trial

delays. But the government notes that "[d]istrict courts in this circuit have no authority to override strict observance of the Jencks Act." *United States v. Cerna*, 633 F. Supp. 2d 1053, 1056 (N.D. Cal. 2009); *see also United States v. Alvarez*, 358 F.3d 453, 455 (9th Cir. 1979); 18 U.S.C. § 3500(a) (stating that no statements subject to the Jencks Act "shall be the subject of . . . discovery . . . until said witness has testified on direct examination"). Thus, while the request must be denied under the plain language of the Jencks Act itself, the government anticipates meeting and conferring with the defense in order to agree on a date in advance of trial for such production.

### Y. Residual Request (Motion at 10)

Lastly, defendant includes what he terms a "residual request" to indicate his intent "to invoke his rights to discovery to the fullest extent possible under the Federal rules of Criminal Procedure and the Constitution and laws of the United States." Recitation of this intent does not create a justiciable controversy. To the extent this is a request for an order of some kind, it should be denied.

### III. CONCLUSION

For all of the foregoing reasons, the government requests that the Court deny defendant's Motion to Compel Discovery.

DATED: January 8, 2021                                                        Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
ANDREW F. DAWSON
LLOYD FARNHAM
Assistant United States Attorneys

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*9th Floor, Federal Building*     (415)436-7200
*450 Golden Gate Ave., Box 36055*     *FAX: (415) 436-*
*San Francisco, CA 94102-3495*     *7234*

December 31, 2020

**By E-mail to Defense Counsel**

**Brian J. Beck**
**Zuber Lawler & Del Duca LLP**
**350 S. Grand Avenue, 32nd Fl.**
**Los Angeles, CA 90071, USA**

Re: <u>United States v. Rowland Marcus Andrade, et al.</u>
No. 20-CR-00249 RS

Dear Counsel:

    Pursuant to your discovery requests and to Federal Rule of Criminal Procedure 16(a)(1)(B), the following Bates-numbered discovery and an index of the files will be produced for download by the defense via USAFX:

| Beg. Bates | End Bates |
|---|---|
| FBI-302-006078 | FBI-302-009957 |
| FBI-GJ-0000001 | FBI-GJ-0012571 |
| FBI-MAIN-0000001 | FBI-MAIN-0003450 |
| FBI-MEDIA-000071 | FBI-MEDIA-000074 |
| FBI-UC-000103 | FBI-UC-000104 |

    These documents are being produced pursuant to the protective order that has been entered in this case. The government will make available for your inspection any item of evidence referred to in the enclosed reports and documents, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief. Please contact me to arrange a mutually convenient time for your inspection of such items.

    The enclosed materials and any future discovery provided to you which may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law is provided voluntarily and solely as a matter of discretion. By producing such

U.S. v. AML Bitcoin et al.
December 31, 2020
Page | 2

materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations. We reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

Notice Re: FRE 404(b), 608, 609

The government also hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by defendant which are referenced in the enclosed documents pursuant to Rules 404(b), 608 and/or 609 of the Federal Rules of Evidence.

Request for Reciprocal Discovery

With this letter the government requests all reciprocal discovery to which it is entitled under Federal Rules of Criminal Procedure 16(b) and (c) and 26.2, including, but not limited to, the following:

1. Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in his case-in-chief at trial.

2. Inspection and/or copies of the results of any reports of physical or mental examinations and of scientific tests or experiments made in connection with the above-entitled case within the possession or control of the defendant which the defendant intends to introduce as evidence in his case-in-chief at trial or which have been prepared by a witness whom the defendant intends to call at trial.

3. Inspection and/or copies of all statements made by all witnesses whom the defendant intends to call at trial.

Request for Notice of Defenses

The government also requests notice of any intention of your client to rely on an entrapment defense or a defense involving mental condition or duress, and/or an alibi defense for the charged offenses

Please contact us if you have any questions concerning the foregoing.

Very truly yours,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
ANDREW F. DAWSON
LLOYD FARNHAM
Assistant United States Attorneys

Enclosures
Index