MANUEL A. MEDRANO (SBN 102802)
Zuber Lawler & Del Duca LLP
350 S. Grand Ave., 32nd Floor
Los Angeles, California 90071
Tel.: 213.596-5620
Fax: 213.596-5621
mmedrano@zuberlawler.com

KATHERINE D. COOPER *(appearance pro hac vice)*
Murphy & McGonigle, P.C.
1185 Avenue of the Americas, 21st Floor
New York, NY 10036
Tel.: 212.880.3630
Fax: 212.880.3998
kcooper@mmlawus.com

Attorneys for Defendant Rowland Marcus Andrade
[Additional counsel listed on the next page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | CASE NO.: 20-cr-00249-RS<br><br>**DEFENDANTS' REPY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>Judge: Honorable Richard Seeborg<br><br>Trial Date: None Set |

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

BRIAN BECK (*pro hac vice*, IL BN 6310979)
Zuber Lawler & Del Duca LLP
135 S. LaSalle St., Suite 4250
Chicago, Illinois 60603
Tel.: 312.346.1100
Fax: 213.596-5621
bbeck@zuberlawler.com

MAURICIO S. BEUGELMANS (Bar No. 201131)
Murphy & McGonigle, RLLP
44 Montgomery Street, Suite 3750
San Francisco, CA 94104
Tel.: 415.651.5707
Fax: 415.651.5708
mbeugelmans@mmlawus.com

LIONEL ANDRÉ (*pro hac vice,* DC BN 422534)
Murphy & McGonigle, P.C.
1001 G Street NW, 7th Floor
Washington, DC 20001
Tel.: 202.661.7039
Fax: 202.661.7059
landre@mmlawus.com

Attorneys for Defendant Rowland Marcus Andrade

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Table of Contents

I.   INTRODUCTION ............................................................................................................. 1

II.  STATUS OF DISCOVERY CATAGORIES ................................................................. 2

A.  Bill of Particulars ............................................................................................................ 2

B.  Mr. Andrade's Statements .............................................................................................. 3

C.  Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment ............... 3

D.  Investigative Reports, Notes, Tape Recordings and Witness Statements .................... 3

E.  Grand Jury Materials ...................................................................................................... 4

F.  Agent Personnel Files ..................................................................................................... 6

G.  Mr. Andrade's Prior Record ........................................................................................... 6

H.  Any Proposed 404(b) Evidence ...................................................................................... 6

I.  Evidence Seized ............................................................................................................... 6

J.  Request for Preservation of Evidence ............................................................................ 7

K.  Tangible Objects ............................................................................................................. 7

L.  Expert Witnesses ............................................................................................................. 7

M.  Scientific and Other Information .................................................................................. 7

N.  Evidence of Bias or Motive to Lie .................................................................................. 7

O.  Impeachment Evidence ................................................................................................... 7

P.  Evidence of Criminal Investigation of Any Government Witness ............................... 7

Q.  Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth   Telling. ... 7

R.  Witness Addresses ........................................................................................................... 8

S.  Names of Witnesses Favorable to Mr. Andrade ............................................................ 8

T.  Statements Relevant to the Defense .............................................................................. 8

U.  Giglio Information & Agreements Between the Government and Witnesses ............ 8

V.  Informants and Cooperating Witnesses ........................................................................ 8

W.  Bias by Informants or Cooperating Witnesses ............................................................. 8

X.  Jencks Act Material ......................................................................................................... 8

III.  CONCLUSION .............................................................................................................. 9

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY

i

## Table of Authorities

**Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963) ............................................................................................ 1

*Carlson v. United States*, 837 F.3d 753, 763 (7th Cir. 2016) ........................................................... 5

*Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979) ....................................................... 4

*Giglio v. United States*, 405 U.S. 150 (1972) .................................................................................... 1

*In re Craig*, 131 F.3d 99, 103 (2d Cir. 1997) .................................................................................... 4

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ................................................. 4

**Statutes**

18 U.S.C. § 1956(a)(1) ........................................................................................................................ 2

18 U.S.C. § 3500 ................................................................................................................................. 1

18 U.S.C. §§ 1343, 2 .......................................................................................................................... 2

**Rules**

Fed. R. Evid. 404(b) ........................................................................................................................... 6

Federal Rule of Criminal Procedure 6(e) .......................................................................................... 4

Federal Rules of Criminal Procedure 16, 26.2 .................................................................................. 1

Rule 6(e)(2)(B) .................................................................................................................................... 4

Rules 608, 609 and 613 ...................................................................................................................... 7

**POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY**

## I. INTRODUCTION

On December 24, 2020, the defense filed a motion seeking an order from this Court compelling the Government to produce approximately 25 categories of documents (Dkt No. 33). The vast majority of the documents requested from the Government are generally covered by the Federal Rules of Criminal Procedure 16, 26.2, the Jencks Act, codified in 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

On January 8, 2021, the Government filed an opposition to the Defendant's Motion to Compel Discovery (Dkt No. 38). The Government's Opposition does not address the defense's repeated attempts to resolve discovery issues without judicial intervention. The Government continuously ignored the defense's repeated request for a status report on the outstanding discovery. Specifically, on October 22, 2020, counsel for Mr. Andrade sent a letter containing a series of discovery requests to the Government. On October 28, 2020, the Government responded, in part, by producing approximately 85,000 pages of documents but failed to provide several categories of documents and information requested by Mr. Andrade. Consequently, counsel for Mr. Andrade sent three emails to the Government requesting an update on the status of the Government's anticipated document production. The first email was sent on October 30th (Exhibit A at 2). The Government did not respond to that email. The second email was sent to the Government on November 10th (Exhibit A at 1-2). Again, the Government did not respond to that email. The third email was sent on December 7th (Exhibit A at 1). In the third email, the defense advised the Government to "please respond by Thursday, December 10, to let us know a date certain—no later than December 21--by when we will receive the remaining discovery. If we do not get a response or do not receive discovery by those dates, *we will file a motion to compel* to

ensure that the Court can address the Government's failure to respond at the January status conference (emphasis added)."[1]

To be clear, contrary to what the Government stated in their Opposition to the Defense Motion to Compel Discovery that discovery issues could be resolved through a meet-and-confer, the Government did not offer the defense the opportunity to meet-and-confer concerning the outstanding discovery issues in this case until after the Court requested additional briefing. (Dkt. 39.) Had they extended that offer in the past, and/or responded to the defense's repeated requests for updates, the defense would not have needed to file a motion to compel discovery.

On January 20, 2021, the parties held a meet-and-confer conference for the first time. It was a very productive meeting. The parties believe that we can now resolve a substantial portion of the discovery issues without judicial intervention. Based on the parties' discussions during the January 20th meet-and-confer, we believe that discovery in this matter will be substantially completed by March 2021. There do remain some issues that will require judicial intervention, however.

Discussed below is the status of the various categories of Mr. Andrade's discovery demands and the identification of outstanding issues.

## II.   STATUS OF DISCOVERY CATAGORIES

### A.  Bill of Particulars

In their opposition, the Government claimed that the indictment in this case complies with Rule 7(c)(1), and there is no need for a bill of particulars. The defense disagrees with the Government's assessment of the clarity of the indictment in this case. Nonetheless, judicial

---

[1] The Government finally responded to the defense by email on December 7th. In their December 7th email, the Government stated that they were currently working on the next production and will let the defense know when they have a specific target for production. However, no additional documents were produced to the defense until after the defense filed a motion to compel discovery. Thus, the motion to compel discovery had its intended impact - - forced the Government to prioritize and focus on its discovery obligations to Mr. Andrade who faces a possible prison sentence of up to 20 years and significant monetary penalties if convicted of either count in the two-count Indictment charging violations of 18 U.S.C. §§ 1343, 2 (Wire Fraud and aiding and abetting) and 18 U.S.C. § 1956(a)(1) (Money Laundering).

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY

2

intervention should be held in abeyance on this issue because the Government indicated during the meet-and-confer that the questions posed by the defense which necessitated the bill of particulars will be answered in various search warrant affidavits which are part of the upcoming document production scheduled in approximately two to three weeks.

### B. Mr. Andrade's Statements

The parties are in agreement that Mr. Andrade is entitled to all of his written, recorded and oral statements made by him, as well as any written summaries of his oral statements contained in the handwritten notes of any Government agent. Fed. R. Crim. P. 16(a)(1)(A) and (B).

The Government has already provided the defense with an FBI 302 reflecting a telephonic interview with Mr. Andrade. The Government promised that Mr. Andrade's remaining statements are in the queue for production. According to the Government, there are additional statements by Mr. Andrade that will be in the next tranche of discovery the Government anticipates producing in the next two to three weeks which will include a variety of media files, including both audio and visual files.

### C. Specific Requests Under *Brady*, *Agurs*, *Giglio* and the Fifth Amendment

The parties are in agreement that the Government is obligated to produce materials called for by *Brady*, *Agurs*, and *Giglio*. During the January 20th meet-and-confer, the Government acknowledged its continuing obligation to produce those documents to the defense. The defense will take the Government at their word but will advise the Court of any future concerns that the parties are unable to resolve without judicial intervention.

### D. Investigative Reports, Notes, Tape Recordings and Witness Statements

During the January 20th meet-and-confer, the Government indicated that they have already produced some of the requested documents in this category, and plan to provide additional responsive documents to the defense during the next two batches of document production. The defense will take the Government at their word but will advise the Court any future concerns that the parties are unable to resolve without judicial intervention.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

3

### E. Grand Jury Materials

During the January 20th meet-and-confer, the parties could not reach an agreement concerning Mr. Andrade's request for certain grand jury materials. Thus, judicial intervention is required.

Mr. Andrade seeks the production of the legal instructions on the elements of each offense and the summary of the facts described by the Government to the grand jury that purportedly satisfied each particular element of the offenses just prior to requesting that the grand jury vote on the indictment.

It is the Government's position that the weight of authority forbids the production of the type of grand jury materials requested by Mr. Andrade absent a showing of particularized need. Government's Opposition at 6.

The Supreme Court has said that disclosure of grand jury material is appropriate only in those cases where the need for it outweighs the public interest in secrecy and "the burden of demonstrating this balance" rests on the party seeking disclosure. *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979). In other words, the secrecy of grand jury proceedings "must not be broken except where there is a compelling necessity," and the "instances when that need will outweigh the countervailing policy" of secrecy "must be shown with particularity" by the requester. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). ("[W]e start with a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts.").

Federal Rule of Criminal Procedure 6(e) codifies the general rule prohibiting the disclosure of grand jury records. Rule 6(e)—which prohibits disclosure of any "matter occurring before the grand jury" by attorneys for the government, and instructs "that persons bound by grand jury secrecy must not make any disclosures about grand jury matters '[u]nless these rules provide otherwise.'" Rule 6(e)(2)(B) must be read together with specifically enumerated exceptions to the secrecy requirement in Rule 6(e)(3). The Supreme Court has recognized that the district courts have inherent power beyond the literal wording of Rule 6(e)(3) to disclose grand jury material and that Rule 6(e)(3) is but declaratory of that authority."); *In re Craig*, 131 F.3d 99, 103 (2d Cir. 1997) ("[P]ermitting departures from Rule 6(e) is fully consonant with the role of the supervising court

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY

and will not unravel the foundations of secrecy upon which the grand jury is premised."); *Carlson v. United States*, 837 F.3d 753, 763 (7th Cir. 2016) ("Rule 6(e) is but declaratory of the long-standing principle that disclosure of grand jury materials is committed to the discretion of the trial court.") (internal quotation marks omitted).

In the instant case, Mr. Andrade has been indicted and is pending trial for wire fraud and money laundering before this Court. The charges stem from Mr. Andrade's cryptocurrency business venture for which he has already secured several patents and a copyright of the source codes for his cryptocurrency. Mr. Andrade's line of business is relatively new and complex. It involves blockchain technology, algorithms, and digital tokens. The federal government is still grappling with the regulatory contours of cryptocurrency and blockchain technology.[2] Because the stakes are so high for Mr. Andrade, who is facing up to twenty years in prison if convicted, it is critical that the Government provided the grand jury an accurate description of Mr. Andrade's conduct when they laid out the elements of each offense for the grand jury, and how each element was satisfied by Mr. Andrade's conduct. One of the government's key allegations is that Mr. Andrade "misrepresented the state of the development of the technology and the viability and timeline for the final release of the functional AML Bitcoin cryptocurrency." Dkt. 1 ¶ 9(a). Yet during our meet and confer, the government admitted that it had no "scientific and other information" in its possession and that the Government had yet to identify one or more expert witnesses. Mr. Andrade is not alleging that the Government intentionally misled the grand jury; however, based on the novelty and complexity of the technology, and with no scientific analysis or expert advice, the Government may have easily made erroneous statements during its instructions to the grand jury. If the statements were so erroneous as to confuse the grand jury, Mr. Andrade would like the opportunity to file a motion to dismiss the Indictment.

Accordingly, Mr. Andrade requests that the Court order the Government to produce the limited grand jury materials described above. Alternatively, the court should order the

---

[2] *See, e.g.,* H. Pierce, *How We Howey*, (SEC May 9, 2019) available at: https://www.sec.gov/news/speech/peirce-how-we-howey-050919

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY

5

Government to produce the records for *in camera* inspection to determine if the Government provided erroneous legal instructions concerning the application of the facts to the elements of the offenses that will be the subject of Mr. Andrade's trial.

### F. Agent Personnel Files

During the January 20th meet-and-confer, the Government indicated that they plan to provide responsive documents to the defense as it relates to testifying investigative agents. The defense will revisit this issue with the Government as it relates to non-testifying agents who played a critical role in the trajectory of the investigation into Mr. Andrade's activities. It is not uncommon for prosecutors to keep certain agents off the witness stand because they have excess baggage in their personnel files. The defense will advise the Court of any future concerns that the parties are unable to resolve without judicial intervention.

### G. Mr. Andrade's Prior Record

The Government agreed to provide the defense with Mr. Andrade's criminal records. The Government stated that Mr. Andrade does not have any impeachable convictions.

### H. Any Proposed 404(b) Evidence

During the January 20th meet-and-confer, the parties agreed that the timing of Fed. R. Evid. 404(b) and 609 notices will be incorporated into a comprehensive schedule when the Court is prepared to set a trial date.

### I. Evidence Seized

During the January 20th meet-and-confer, the Government indicated that it was in the process of reviewing seized materials pursuant to search warrants, and it is processing already-seized evidence for production, including materials gathered from searches executed from 2017 through 2020. The defense will take the Government at their word but will advise the Court of any future concerns that the parties are unable to resolve without judicial intervention.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

### J. Request for Preservation of Evidence

The Government and the investigative agencies will follow all normal procedures for the preservation of evidence. The defense will take the Government at their word but will advise the Court of any future concerns that the parties are unable to resolve without judicial intervention.

### K. Tangible Objects

The Government is currently preparing a production of relevant audio and visual recordings that are in the possession of the prosecution team.

### L. Expert Witnesses

The parties are in agreement that expert witness notices will be incorporated in a comprehensive schedule when the Court is prepared to set a trial date.

### M. Scientific and Other Information

In the meet-and-confer, the Government stated that no such material had been generated yet, and stated in its Opposition that if such material is identified or generated, it will be produced to Mr. Andrade. Government's Opposition at 9.

### N. Evidence of Bias or Motive to Lie

The Government indicated that it will comply with its obligations under *Giglio*. Government's Opposition at 9.

### O. Impeachment Evidence

The Government indicated that it will comply with Rules 608, 609 and 613, in addition to its obligations under *Brady* and *Giglio*. Government's Opposition at 9.

### P. Evidence of Criminal Investigation of Any Government Witness

The Government indicated that it will comply with its obligations under *Giglio*. Government's Opposition at 9.

### Q. Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.

The Government indicated that it will comply with its obligations under *Giglio*. Government's Opposition at 9.

---

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

7

**R. Witness Addresses**

The Government indicated that it will produce a witness list, with the information called for by the rules, at the appropriate time as ordered by the Court. Government's Opposition at 10.

**S. Names of Witnesses Favorable to Mr. Andrade**

The Government indicated that this case has not yet been set for trial, and the government has not yet prepared its witness list. Government's Opposition at 10.

**T. Statements Relevant to the Defense**

Judicial intervention should be held in abeyance on this issue at this time because during the January 20th meet-and-confer, the Government indicated a willingness to be more responsive to Mr. Andrade's discovery requests.

**U. Giglio Information & Agreements Between the Government and Witnesses**

The Government indicated that it will comply with its obligations under *Giglio*. Government's Opposition at 10 - 11.

**V. Informants and Cooperating Witnesses**

The Government indicated that this case has not yet been set for trial, and the government has not yet prepared its witness list. Government's Opposition at 11.

**W. Bias by Informants or Cooperating Witnesses**

The Government indicated that it will comply with its obligations under *Giglio*. Government's Opposition at 11.

**X. Jencks Act Material**

The parties are in agreement that the Government will produce Jencks material in advance of trial. Once a trial date is selected, the parties will further discuss a specific date for production.

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY

## III. CONCLUSION

For the foregoing reasons, Mr. Andrade respectfully requests that the Court grant Mr. Andrade's motion to compel the Government to produce the limited grand jury materials identified herein, and hold in abeyance any orders concerning the other categories of documents while the parties work through the outstanding discovery materials.

Date:   January 22, 2021

Respectfully submitted,

*/s/ Lionel André*
KATHERINE D. COOPER
LIONEL ANDRÉ
Murphy & McGonigle, P.C.

MANUAL A. MEDRANO
BRIAN J. BECK
Zuber Lawler & Del Duca LLP

MAURICIO S. BEUGELMANS
Murphy & McGonigle, RLLP

Attorneys for Defendant Rowland Marcus Andrade

DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

9