# Declaration of Kerrie Dent - Exhibit 1

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 2

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 3

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 4

# ₒKing & Spalding

King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Suite 900
Washington, DC 20006

Kerrie Covell Dent
Tel: +1 202 626 2394
www.kslaw.com

**Confidential**

October 14, 2022

*Via Electronic Mail*

Andrew Dawson
Ross Weingarten
Assistant U.S. Attorneys
United States Attorney's Office
450 Golden Gate Ave., Floor 11
San Francisco, CA 94102

Re: *United States v. Andrade*, No. CR20-249 RS

Dear Mr. Dawson and Mr. Weingarten,

This letter summarizes numerous outstanding issues from our discovery letters dated March 3, March 7, May 10, and July 15, 2022, which we discussed during our call on Monday, October 3 (the "meet and confer"). For many of the disputes, we have referenced documents to support our view that certain documents exist; however, we are not obligated to prove that there are responsive documents that you have failed to provide. Rather, the government has an obligation to search for and produce all documents and data that we are entitled to under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963). Given that a majority of the outstanding requests were made seven months ago, we are hopeful that we can resolve the issues promptly. Much of the material requested is core Rule 16 material that should have been produced long ago, even absent a specific request. We plan to file a motion to compel production of any documents that have not been produced, or for which we have not received a schedule for production, by Friday, October 21, 2022.

## March 3, 2022 Discovery Letter

The government has not produced the full Cellebrite file that contains WhatsApp and Telegram messages that were on Mr. Andrade's phones (**Req. #14**). His phones also contain the Skype communications between Mr. Andrade and Ms. Foteh involving the AML Bitcoin Super Bowl advertisement. The government stated during the meet and confer that only a

October 14, 2022
Page 2

small number of the 18 devices seized from Mr. Andrade were imaged.[1]  However, it is our understanding that at least one of the phones containing WhatsApp and Telegram messages was imaged while the agents were at Mr. Andrade's house.  In addition, a Cellebrite report from one of Mr. Andrade's Motorola cellphones is referenced in FBI-MAIN-0003445.  As we discussed during our October 3 call, two spreadsheets we received from the government reference some of the responsive WhatsApp and Telegram messages that have not been produced.  *See* FBI-00119931 and FBI-00000004. The only WhatsApp and Telegram messages we received were a few that were attached to Mr. Andrade's Treasury Complaint.  If you believe that you have produced others, please point them out to us.

We have not received any of the bitcointalk and protonmail email communications to or from UCE-8148/8149 (**Req. #18**).  *See* FBI-UC-000035 (FBI report states that OCE-8149 had set up a bitcointalk account and a protonmail account) and FBI-UC-000036 (FBI report states that OCE-8149 posted a comment on bitcointalk.org, encouraging investors to consolidate their concerns about AML Bitcoin and providing a protonmail address to use for that purpose).  Any of the OCE's communications on bitcointalk or protonmail that relate to Mr. Andrade or AML Bitcoin are material to the preparation of Mr. Andrade's defense.  Nor have we received any email notifications from either UCE 8148/8149 and/or Ben Boyer from the Discord group as referenced in FBI-GJ-0006067 and FBI-GJ-0006073 (**Req. #19**).  As we discussed on October 3, Discord has a cover page (like Facebook), but also has direct messages.  The OCE was in a Discord group, and the OCE's Discord name was Modern Reboot. We have not received any of the actual chats, email notifications, or communications between the OCE and other group members. Instead, we have received just a cover page showing that the Discord group existed. The sum total of chats we received were the three days of a Discord chat that were attached as exhibits to Mr. Andrade's lawsuit against Maurice Masiitwa in Nevada.  During our call, you said that you are confident that the agents informed you there were no individualized communications with the OCE on the Discord chats. However, contrary to what your agents have told you, there were individualized communications with the OCE on those discord groups. If your agents do not provide you with any, then we will provide evidence of those communications to the court, *ex parte*.

We have not received the email communications (including Discord) between Benjamin Boyer and Masiitwa, referenced in FBI-GJ-0006073 and FBI-GJ-0006074 (**Req. #20**).  You agreed during the call to look for those email communications and produce them. In response to **Request #21**, we received a text message dated May 4th, 2018 between Benjamin Boyer and Japheth Dillman, as referenced in FBI-GJ-0009659, but the attachment was not included.  Please provide the attachment, which we believe is a transcription of an FBI recording.

---

[1] Because the government has not imaged most of the 18 devices seized from Mr. Andrade's house and office, we will arrange to have someone image the devices while they are still in your possession.  We will discuss details with you as soon as we have worked through the logistics of, and funding for, having the devices imaged.

October 14, 2022
Page 3

We requested *all recordings* related to the FBI's mobile application recording device that recorded a call between Benjamin Boyer and Mr. Andrade on May 30, 2019, as referenced in FBI-302-000139 (**Req. #22**).  The government produced only the recording referenced in the 302 we cited.  We asked the government to produce *all* the additional recordings of Boyer as well as recordings of others who used the FBI mobile application in connection with the government's investigations of Mr. Andrade.  Any such recordings on the FBI's mobile application are material to the preparation of his defense.  Notably, the sole Boyer recording you produced is not even included on the list of recordings you have provided (ID1-ID76), and that list is missing other recordings as well.

**March 7, 2022 Discovery Letter**

We requested the criminal history of Jack Abramoff (**Req. #1**).  We have not received anything relating to his criminal history from the District of Maryland, DOJ, or the Southern District of New York.  You stated during our October 3 call that 1) criminal history includes only rap sheets, not any reports and transcripts of Abramoff's testimony, and 2) our request is premature because you have not yet decided whether Abramoff will testify.  Please consider this letter a request for all material relating to Abramoff's criminal conduct and deceit, including but not limited to reports of statements and transcripts of testimony of Abramoff. We disagree that our Abramoff requests are premature.  Abramoff's prolific criminal conduct and deceit not only is impeachment material, but also is part of Mr. Andrade's defense and is exculpatory.  We are entitled to it now, so that we have time to investigate it, locate witnesses to it, and understand it before trial.  Relatedly, we have not received any copies of statements Jack Abramoff made regarding the NAC Foundation, AML Bitcoin, and Mr. Andrade (**Req. #2**).  For the same reasons, we are entitled to those now as well.

We have not received any of the statements made by Maria Butina, or any documents provided by or taken from Butina, relating to Abramoff, the NAC Foundation, AML Bitcoin, and/or Mr. Andrade. (**Req. #3**).  The government's position has been that you are not aware of any substantive connection between Butina and the case against Mr. Andrade.[2]  However, as we discussed during our October 3 call, FBI agents Quinn and Wynar are well aware of the connections between Butina and Mr. Andrade's case.  In the recording of a conversation with Abramoff at his home on September 13, 2018, Agent Quinn states that he found "a number of things" relating to Andrade's AML Bitcoin when searching Butina's home and took "extensive notes" on what was found. (Recording **ID-39**, 58:00-59:00).  Furthermore, as we discussed, Butina appears to have purchased AML Bitcoin through, *inter alia*, a Landfair Capital account that also held money from Paul Erikson, Abramoff, and NAC Payroll.  Statements made by Butina, and documents she provided to the government, are material to the preparation of Mr. Andrade's defense.

---

[2] Email dated May 23, 2022, from AUSA Dawson to King & Spalding attorney Luke Roniger.

October 14, 2022
Page 4

Similarly, we have not received any of the statements made by Paul Erikson, or any documents provided by or taken from Erikson, relating to Abramoff, the NAC Foundation, AML Bitcoin, and/or Mr. Andrade. (**Req. #4**). The government's position has been that you are not aware of any substantive connection between Erikson and the case against Mr. Andrade. However, evidence you have produced indicates that Erickson had knowledge of the documents that were located in Butina's house and that Abramoff made statements to Erickson regarding Andrade and AML Bitcoin. As we discussed on our call, Erikson, like Abramoff and Butina, had money in the same Landfair Capital account that Andrade's NAC Payroll used and that was ultimately used to purchase AML Bitcoin. During the 2018 interview of Abramoff at his home, Agent Wynar refers to this account as the "Money Connection" – the account that connects the people the agents were asking Abramoff about (*e.g.*, Erikson, Butina, and Andrade). *See* Recording **ID-39** (57:24). The recorded interview of Abramoff also reflects that FBI Special Agent Wynar saw transactions where Erickson was using Abramoff's credit card (7:28) and that Erickson triggered the investigation into Abramoff (4:35) (Agent Wynar to Abramoff: "[T]he gentleman that uh sort of triggered our engagement of you is … Paul Erikson").

You also have taken the position that the FBI 302s written by FBI Supervisor, Agent Leanna Saler, relating to Jack Abramoff and AML Bitcoin, are not relevant to this case (**Req. #5**). Your email response to this request stated that Saler "was not involved in the present investigation."[3] However, as soon as FBI agents arrived at Abramoff's home in September 2018, he tried to call Saler. Abramoff told the agents that Saler was "on his case." *See* Recording ID-39 (2:20-4:00). The relationship between alleged co-conspirator Abramoff and the FBI is material to the preparation of Mr. Andrade's defense. We are entitled to any of Saler's 302s that relate to Mr. Andrade, AML Bitcoin, Abramoff.

We have not received any of the investigation files and reports from the DOJ (including the USAO in Houston) and the SEC, relating to any investigation of the NAC Foundation and Mr. Andrade between 2015 and 2017, as referenced in FBI-302-000662 (**Req. # 7**). With respect to the Texas investigations, you emailed us in May 2022 that you "are aware of two separate FBI investigations potentially related to Mr. Andrade" and said that you "will produce the FBI case files for those investigations."[4] We have not received those files. We have only a few 302s that summarize some of the documents the FBI agents reviewed. With regard to the SEC reports and investigation work related to Mr. Andrade (**Req. # 7**), you stated in your May email that you "do not have access to SEC documents."[5] And, during our October 3 call, you asserted that the SEC's investigation was separate from and parallel to the DOJ's investigation and that you would not know who to reach out to for the relevant SEC investigative files. But your own press release announcing the indictment in this case states that the criminal prosecution of Mr. Andrade was the result of an investigation assisted by the

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

October 14, 2022
Page 5

SEC,[6] and the SEC's press release announced that the "SEC's investigation was conducted by Alice Liu Jensen of the Enforcement Division's Market Abuse Unit."[7]  We have seen several examples of FBI 302s that summarize interviews conducted jointly by the FBI and Alice Jensen of the SEC.  *See, e.g.,* 302s for Hung Tran (FBI-302-005197), Warren Cully (FBI-302-010013), and Melissa Foteh (FBI-302-005224).  Your excuse for not complying with this portion of Request #7 is untenable.

We have not received documents sufficient to reflect all cooperation or plea agreements, written or oral, entered into with individuals in connection with this case or other investigations relating to Mr. Andrade (**Req. # 9**).  For example, during our call on October 3, you stated that the government had no cooperation agreement with Ben Boyer; however, Agent Quinn wrote in a 302 that on May 6, 2019, he "interviewed Ben Boyer under the terms of a cooperation agreement at the United States Attorney's office located [in San Francisco]."  *See* FBI-302-004866.  Your colleague, AUSA Lloyd Farnham attended the interview.  In addition, Jack Abramoff stated in the 2018 interview at his home that he was a cooperator. *See* Recording ID-39 (1:52) ("The last time I cooperated uh I gave everything over which I'm willing to do now. I'm a cooperator.").  We have not received a copy of either of these cooperation agreements, which suggests that your search for such agreements in connection with this case needs to be expanded.

At the end of our March 7 discovery letter, we provided a list of individuals whose NSA and DOJ files may contain exculpatory evidence pertaining to Mr. Andrade.  We reiterate our request that you review these files for exculpatory evidence and promptly produce any information to which Mr. Andrade is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963).

## May 10, 2022 Discovery Letter

We have not received 302s, recordings, or other documents regarding the agreements with ComplyAdvantage and Global Visions Solutions relating to AML Bitcoin, Aten Coin, or transaction data or technology relating to AML Bitcoin or Aten Coin (**Brady Req. #5**).  Nor have we received the transaction monitoring data that was taken from ComplyAdvantage that relates to the monitoring of all AML Bitcoin transactions (**Brady Req. #6**).  As we discussed during our October 3 call, we understand that FBI Special Agent Wynar contacted and interviewed Angela Generosa, who worked for ComplyAdvantage and was assigned to manage AML Bitcoin's account. You have taken the position in the past that the name "Generosa" does not appear in the case file; however, records seized from Mr. Andrade's office include an

---

[6] DOJ Press Release, *Lobbyist Jack Abramoff And CEO Rowland Marcus Andrade Charged With Fraud In Connection With $5 Million Initial Coin Offering Of Cryptocurrency AML Bitcoin* (June 25, 2020), available at https://www.justice.gov/usao-ndca/pr/lobbyist-jack-abramoff-and-ceo-rowland-marcus-andrade-charged-fraud-connection-5

[7] SEC Press Release, Press Release, *SEC Charges Issuer, CEO, and Lobbyist With Defrauding Investors in AML BitCoin* (June 25, 2020), available at https://www.sec.gov/news/press-release/2020-145

October 14, 2022
Page 6

agreement between Mr. Andrade and Generosa regarding her work for AML Bitcoin. *See* FBI-00024101. We therefore ask that you check again with your agents and have them provide you a copy of Generosa's 302 (if one exists), or of Agent Wynar's notes of his interview of Generosa, so that you can produce that material to us. Please also confirm that you have produced the ComplyAdvantage and other documents she provided to the government. We also request any additional 302s (or notes) responsive to this discovery request. We should not be limited to receiving 302s, agent notes, or *Brady* material only if our investigation shows that they exist, and we should not have to call the material out for you.

We have not received all of the documents relating to Telegram and Discord channels and accounts relating to AML Bitcoin, the communications from other private groups the UCEs created and participated in, and similar documents (**Discovery Req. #6**). You have provided screen shots of cover pages but not the other channels. On October 3, you agreed to check again for these. Please ensure that all of the documents requested in #6 have been produced. We have seen documents indicating that at least some of the UCEs also used Telegram and Facebook chatrooms and other forms of communication.

We believe that there are several undercover operations relating to our client for which we have not received any documents (**Discovery Req. #10**). For example, we have received no documents relating to undercover operations relating to our client that involved Joe Ortiz, John McAfee, Shailendra Maheshwari, and others who were posing as investors. This is both Rule 16 and exculpatory material that should already have been produced.

## July 15, 2022 Discovery Letter

You have responded generally to several of our requests by stating that the information we seek is not relevant to your investigation (*see, e.g.*, **Req. ## 2, 3, 12, 14, 15, and 16**).[8] Our position is that the requested information is material to the preparation of Mr. Andrade's defense under Rule 16, and also *Brady* and *Giglio* material.[9] It appears that the government gathered information responsive to these requests as part of its investigation of Abramoff, Mr. Andrade's alleged co-schemer, and that alone should suggest its materiality to the preparation of Mr. Andrade's defense. We discussed the materiality of much of the requested material to Mr. Andrade's defense during our October 3 call, and we have cited documents above to demonstrate the materiality of the requested documents to our preparation of Mr. Andrade's defense. For example, Recording **ID-39,** a two-hour recording made by Agents Wynar and Quinn when then spoke with Abramoff at his home in September 2018, is cited six times above, including to demonstrate that Butina and Erikson are material to our preparation of Mr. Andrade's defense. If needed, we will explain the materiality in greater detail to the court, *ex parte*.

---

[8] Letter dated August 9, 2022, from AUSA Dawson to King & Spalding.

[9] Letter dated August 26, 2022, from Kerrie Covell Dent to AUSAs Dawson and Weingarten.

October 14, 2022
Page 7

Based on your relevance objections, you have not produced Alexander Levin's mobile device, or anything extracted from it, or his iPhone and iPad that were seized by the government sometime between October 2019 and April 2020 (**Req. #2**). Levin invested money in Landfair Capital that was then used to purchase AML Bitcoin. In addition, documents the government has produced reflect that Abramoff worked with Levin on a "TV show, crypto, and Landfair" (no Bates number), and Abramoff's phone data reflects that Levin and Abramoff communicated frequently, including regarding AML Bitcoin. Levin's dealings with Abramoff are material to developing Mr. Andrade's defense, including all dealings relating to AML Bitcoin, Landfair Capital, Landfair Capital Consulting, Block Bits Capital, and any other Abramoff-associated companies.

Similarly, also on relevance grounds, you have not produced Maria Butina's phone data, any documents seized from Butina's home relating to Andrade or AML Bitcoin, or any 302s or other reports that reference the materials seized from Butina's home that are related to AML Bitcoin or Mr. Andrade (**Req. #3**). As we discussed in our October 3 call, and as set forth in more detail above in relation to Request #3 of the March 7 discovery letter, Butina is material to the preparation of Mr. Andrade's defense.

We have not received any transcripts, memoranda, or recordings of witness statements and/or interviews prepared by the SEC relating to NAC, Mr. Andrade, AML Bitcoin, AML Token, AtenCoin, or Jack Abramoff (**Req. #8**). For the reasons set forth above regarding Request #7 of our March 7 discovery letter, we are entitled to that material.

The government produced documents relating to Leslie Katz (**Req. #11**), but there is still some confusion about whether we have them all. During our October 3 call, you stated that you believe you have produced all responsive documents. We agreed that I would explain why we think some documents may be missing so that you could point us in the right direction. The government's letter dated August 9, 2022, indicated that the Leslie Katz documents were produced and included FBI-302-5235 to FBI-302-5246. But our understanding is that the referenced document is a single document and does not reference Leslie Katz. The government's September 6, 2022, letter states that Katz's lawyer produced more than 1500 Bates-numbered pages,[10] and that you have produced all of these materials as FBI-GJ-0000656 to 0001150. However, the Bates range you cite is far fewer than 1500 pages. Please look into this and clarify the Bates number discrepancy (*i.e.*, how are more than 1500 pages from Katz's lawyer being produced as 494 pages by the government?).

We have not received the search warrants, subpoenas, and fruits of subpoenas that reference AML or Mr. Andrade (**Req. #12**). The government states in its August 9, 2022 letter that many of the names listed in Request #12 are not relevant to this case. Not so. All

---

[10] The parties agree that, based on her lawyer's March 10, 2020, transmittal letter accompanying her production in response to a grand jury subpoena (FBI-GJ-0001123), Ms. Katz has produced more than 1500 pages of documents to the government via a thumb drive (Bates-stamped LK000001 – LK001593).

October 14, 2022
Page 8

of the people and entities on the list have either direct or indirect ties with AML Bitcoin. For example, a document we received in discovery confirms that NAC hired ICOBox and used its Initial Coin Offering (ICO) platform. (No Bates number provided by the government). Alex Moskovsky, Daria Generalova, Anar Babayev, Nickolay Evdokimov, Michael Raitsin, Gary Baiton, Vladimir Sofrono, and others were associated with ICOBox. Others on the list -- including Richard Naimer, Dana Rohrabacher, Natko Vlahovic, Carlos De La Guardia, and Ricardo "Catin" Vasquez were associated with NAC. *See, e.g.*, FBI-302-005052, FBI-UC-000030, FBI-00033297, FBI-00033314, FBI-00033404, and FBI-00053500. Abramoff was involved in discussions about AML Bitcoin with some of the people and companies listed. *See, e.g.*, FBI-303-005586. Some of the individuals directly purchased AML Bitcoin Tokens. Others purchased AML Bitcoins as Abramoff's proxies. Still others, including Brian Darling, Cory Lewandowski, and Turnberry Solutions, were directly involved in the NAC marketing campaign. *See, e.g.*, FBI-00085814, FBI-302-004928, FBI-GJ-0000349, and FBI-00083490. We expect that the production we are requesting will show many additional connections. The documents provided to the government by people who invested in AML Bitcoin, either directly or indirectly, or by those who were involved in the NAC marketing campaign, are material to the preparation of our defense. If necessary, we will explain the materiality in greater detail to the court, *ex parte*.

We have not received any CIA reports or communications from April 2015 to April 2022 that reference NAC, Mr. Andrade, AML Bitcoin, Aten Coin, AML Token, or Jack Abramoff (**Req. #14**). In your August 9 letter, you indicated that you are not aware of any relevant CIA documents. We believe that there are CIA documents related to AML Bitcoin, Mr. Andrade, and Abramoff, and we ask that you please search for them. A few examples of ties between the CIA and the government's investigation of Mr. Andrade include: Paul Erickson has publicly described himself as a CIA Asset; Richard Naimer, whom we understand is an Israeli Intelligence Officer, told the FBI that Ben Dunn worked for the CIA (*see* FBI-302-009989); and Mark Cowan, whose public profile indicates he worked for the CIA, was involved through Abramoff in AML Bitcoin, along with Ed Feulner (*see* FBI-00088619). We ask that you search for documents responsive to this request.

You have not provided any Foreign Intelligence Surveillance Court applications (FISA) or related materials in which NAC, Mr. Andrade, AML Bitcoin, Aten Coin, AML Token, or Jack Abramoff are referenced, from January 2015 to May 2022 (**Req. #15**). In your August 9 response to this request, you state that you are "not aware of any FISA applications or related materials that are relevant to this case" and that we are "free to let [you] know at any time" if we have information that they do exist. Our position is that we are not required to "know" that a particular document exists before the government's obligation to search for documents is triggered. As we discussed on October 3, and as we have set forth in more detail above, Butina and Erikson are connected to this case. Their relationship with Abramoff is documented in the case file, and they both put money into the Landfair Capital account that held NAC's money and that Agent Wynar described as the "Money Connection." *See* Recording ID-39 (57:24). It is public knowledge that Butina was charged with acting as an

October 14, 2022
Page 9

agent of the Russian Federation and now is a member of the State Duma as a member of United Russia.  Mr. Erickson received a target letter from the U.S. government for acting as a foreign agent.  We request that you search to see whether there are any FISA applications or related materials that reference NAC, Mr. Andrade, AML Bitcoin, Aten Coin, AML Token, or Abramoff.

Finally, we have not received Paul Erikson's mobile phone data, any documents taken from him referencing AML Bitcoin, Andrade, Aten Coin, or NAC, or information showing wrongdoing by Erikson (**Req. #16**).  For the reasons we discussed in our October 3 call, and as set forth above in relation to Request #4 of our March 7 discovery letter, we believe that the government's investigation into Erikson is material to the preparation of Mr. Andrade's defense.  If necessary, we will explain the relevance in greater detail to the court, *ex parte*.

In response to your suggestion during our October 3 call, we have combined in this letter numerous outstanding discovery requests from our discovery letters dated March 3, March 7, March 10, and July 15, 2022.  We also have gone above and beyond by citing to documents that hopefully will assist in your understanding of why the documents and other materials we have requested are material to our preparation of Mr. Andrade's defense. Many of the discovery requests referenced above have been pending for more than seven months. And additional lapses in discovery remain, including that we still have not received the 55 GB of Jack Abramoff's emails. The case is complex.  It involves a substantial number of documents and recordings and the conduct of many individuals, including that of several convicted felons.  The government has charged our client with serious crimes, and we are entitled to the timely production of documents material to our preparation of his defense. Preparation of a defense in a complex case takes time, and your approach of pushing for a trial date while withholding and not searching for discovery is prejudicing that preparation. Please respond by Friday, October 21, 2022, with a schedule for producing the documents and materials discussed above.  If there are requests for which we do not receive responsive documents, or a reasonable schedule for producing them, then we will file a motion to compel the following week.

If you have any questions, please don't hesitate to call or email me.

Sincerely,

*/s/ Kerrie C. Dent*
Kerrie C. Dent

# Declaration of Kerrie Dent - Exhibit 5

**From:** Dawson, Andrew (USACAN) <Andrew.Dawson@usdoj.gov>
**Sent:** Saturday, October 29, 2022 1:09 AM
**To:** Kerrie Dent <KDent@KSLAW.com>; Mike Shepard <mshepard@kslaw.com>
**Cc:** Weingarten, Ross (USACAN) <Ross.Weingarten@usdoj.gov>
**Subject:** Responses to Oct. 14 Discovery Letter

CAUTION: **MAIL FROM OUTSIDE THE FIRM**

Hi Kerrie et al. –

In an effort to clarify the areas of remaining dispute in light of upcoming motion practice, I have compiled responses to the issues raised in your October 14, 2022 email.  Apologies for doing so by email, but I wanted to be sure to get you our response before the weekend.  Ross is still in trial, and I am still catching up on developments from when I was in trial last month.

**March 3, 2022 Letter**:

**Request 14, Cellebrite file**:  We are confused about this request.  Your letter states that we have not produced the "full" Cellebrite file, and suggests there is missing material related to WhatsApp and Telegram messages.  If the Cellebrite report does not contain those messages, that is because they were not seized.  There is no separate, "complete" Cellebrite file.  The WhatsApp and Telegram messages you refer to (FBI-00119931 and FBI-00000004) are pen register data, and that data does not include the substance of any communications.  The spreadsheets do not reflect what was found in the course of any search warrant.  Regardless, we are finalizing production of the actual images made of all extracted devices.  Those images are of course broader than what we were authorized to seize pursuant to the terms of any warrant (which then would show up in a Cellebrite report), so they will include additional data.

**Requests 18 and 19, UCE communications:**  These materials will be included in the upcoming production from the FBI's physical file.  We will flag where to find them.

**Requests 10 and 21**:  We do not have the requested materials.  We were provided some emails sent to Ben Boyer (which your letter cites to), but we do not necessarily have everything that is referred to in those emails.  For the email with the missing attachment, we were not provided the attachment.

**Request 22, mobile application recordings**:  We do not believe there are any other calls by Boyer in the FBI mobile application.  However, we will prepare and produce a new set of all recordings from the FBI mobile application in order to ensure we are not missing anything.  Due to technical issues within the FBI, these recordings were not categorized within ELSUR subfile.  That is why they were not on the list of 1D numbers (which is an ELSUR numbering convention).

**March 7, 2022 Letter**:

**Requests 1 & 2, Abramoff criminal history:**  As you know from the criminal history we produced, Mr. Abramoff has a criminal history.  Obviously, the government will produce all materials called for by *Giglio*.  Your request for "all material relating to Abramoff's criminal conduct" is enormously overbroad.  We will, however, produce reports of Abramoff's statements from his prior prosecution and transcripts of any testimony related to that prior prosecution.  As for Abramoff's statements in this case, we have produced 302s of his interviews.  Please see FBI-302-002089 and FBI-302-005432.

**Request 3, Butina**:  The agents reviewed Butina's 302s (from a separate investigaiton) and found no references to Mr. Andrade.  Her only statement in a 302 about AML Bitcoin was that she was aware that Erickson had meetings with Abramoff regarding AML Bitcoin.  She asked Erickson if she should meet Abramoff since she had an interest in bitcoin, but Erickson said she did not need to meet him.  My understanding is that agents found marketing materials for AML Bitcoin during the search warrant, but we are aware of no evidence that Butina ever purchased AML Bitcoin or had any substantive involvement with AML Bitcoin.  We are preparing a new report that will contain images of the marketing materials and notes believed to have been taken by Erickson that were seized at Butina's apartment.

You suggest that Butina appears to have purchased AML Bitcoin through a Landfair Capital account.  Landfair Capital is an account associated with Abramoff that was used for a variety of purposes, and it is simply not the case that all the money in that account was associated with AML Bitcoin.  For example, there are transfers from Erickson to Landfair, but those are associated with an entirely distinct lobbying effort.

**Request 4, Erikson**:  Agents reviewed 302s related to interview(s) of Paul Erikson and did not find any references to AML Bitcoin or Andrade.  As noted above, we will be preparing and producing a new report that will contain images of the marketing materials and notes believed to have been taken by Erickson that were seized at Butina's apartment.  The statement during Abramoff's interview that Erikson "triggered" the FBI's investigation was a ruse used in the course of the interview.  Erikson and Abramoff had a preexisting relationship and did other work together, but we have no reason to believe he ever purchased AML Bitcoin.  The separate investigation into Paul Erikson concerned other conduct.  Erikson is not an anticipated witness at trial, so there is no *Giglio* obligation.

**Request 5, SA Saler**:  As we have previously explained, Agent Saler was not involved in the present investigation into Mr. Andrade or Mr. Abramoff.  She was assigned to the prior investigation of Mr. Abramoff, which dates back many years.  You are correct that Mr. Abramoff called her, as he had a preexisting relationship with her, but that does not mean she had any role in the present investigation.

**Request 7, prior DOJ investigations relating to Andrade:**  We have pulled the FBI investigative files related to two prior investigations relating to Mr. Andrade, and we were under the understanding that they had been produced.  I now have a duplicate copy of those files, and we will process them for production.  My understanding is that they are not voluminous.

**Request 7, parallel SEC investigation**:  The SEC is an independent agency.  We do not have access to their files.  Your letter alleges that, as to the SEC's parallel investigation, I stated that I "would not know who to reach out to for the relevant SEC investigative files."  That is false.  I said the opposite—that I would be happy to reach out to ask the SEC if it was willing to produce materials related to Mr. Andrade from its parallel investigation.  The harder question is the earlier SEC investigations referred to in your letter (from 2015 and 2017), which I know nothing about.  For those, I would not know whom to reach out to.

I have now reached out to Alice Jensen regarding their files in the SEC's parallel investigation, and she is considering the request.  My understanding is that they may have some bank records.  Your request is so broad that it would appear to encompass SEC attorney work product, which I can only assume they will not produce.  Nor would you be entitled to it.  I will also inquire of her if she is aware of any other

prior SEC investigations into Andrade and his activities.  If you have any other details that might help us identify the investigation or investigations, please let us know.

**Request 9, cooperation or plea agreements**:  First, as to Ben Boyer, he has not entered into a cooperation agreement with the United States.  The reference in your letter to Agent Quinn's 302 appears to be referring to a proffer agreement, though Agent Quinn referred to it as a cooperation agreement.  The agreement itself does not contain any obligation to cooperate.  I have attached it here.  Second, as to Jack Abramoff, we will produce his plea agreement in this case, and his plea agreement from his prior case.  The plea agreement from his prior case is, in fact, publicly available:  https://www.wsj.com/public/resources/documents/Abramoff-plea-deal01032005.pdf

**Omnibus NSA and DOJ files request**:  There are various problems with this request.  First, NSA materials are typically classified.  I don't know why you think I would be able to produce them outside the strictures of CIPA.  Second, it is unclear what "DOJ files" refers to.  So far as I am aware, the Department of Justice does not simply maintain "files" on people.  Are you referring to FBI investigations implicating those individuals?  What makes you think they are at all relevant?

**May 10, 2022 Letter**:

*Brady* **Requests 5 and 6, re Comply Advantage and Global Visions Solutions:**  The agents searched the case file again, and SA Wynar searched his emails, but they have not discovered any evidence of an interview or of a 302.  It is possible that Agent Wynar contacted Generosa at some point in the course of the investigation, but he does not recall any formal interview and there is no documentary evidence that one occurred.  The name "Generosa" does not appear in the case file.  The agents are not away of any material being "taken" from Comply Advantage.

**Discovery Request 6, Telegram and Discord channels and accounts:**  Materials responsive to this request are being processed for production now.

**Discovery Request 10, UC operations**:  We have produced, or are in the process of producing, all discoverable materials regarding the UC operation in this investigation.  The upcoming production will have a recording involving Joe Ortiz.  I spoke with the agents again and we are not aware of any connection between John McAfee and Shailendra Maheshwari and this case.  Are you under the impression they made recordings?

**July 15, 2022 Letter:**

**Request 2, Levin's mobile device**:  Our case agents have requested access to the case file relating to Alexander Levin and they will run searches for responsive materials.

**Request 3, Butina materials:**  Please see above re Request 3 from the March 7 letter.

**Request 8, SEC transcripts, memoranda, or recordings:**  As noted above, we have reached out to the SEC to request production of responsive materials.  I note, however, that we are not aware of any SEC depositions, so we doubt there are any transcripts or recordings.  In addition, my understanding is that any memoranda prepared by the SEC would likely be prepared by an attorney, and would thus be protected work product.

**Request 11, Katz documents**:  AUSA Weingarten is currently in trial, but my understanding is that these were re-produced again after the August 9 production.  I will check with him regarding the timing / bates range.

**Request 12, various search warrants**:  There are no search warrants in the case file that were issued to the listed parties.  If there are other investigations in which search warrants were served on those individuals, there is no basis to believe those investigations have anything to do with AML Bitcoin.

**Request 14, CIA materials**:  My understanding is that CIA materials are typically classified.  If you believe classified materials are relevant, you will need to comply with CIPA.

**Request 15, FISA materials**:  We are not aware of any relevant FISA material, and the allegation that a Russian citizen was obliquely related to individuals relevant to this case does not entitle the defendant to a fishing expedition in classified materials.

**Request 16, Erikson materials**:  As noted above, the agents have conducted searches of the Erikson investigative file, and the results are recounted above.

Thanks,

-- Andrew

-------------------------------------------
**Andrew F. Dawson**
Assistant United States Attorney
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
Telephone: (415) 436-7019
Fax: (415) 436-7234
Andrew.Dawson@usdoj.gov

**Declaration of Kerrie Dent – Exhibit 6**

# KING & SPALDING

King & Spalding LLP
621 Capitol Mall
Suite 1500
Sacramento, CA 95814

Amy Schuller Hitchcock
Tel: +1 916 321 4819
Fax: +1 916 321 4900
www.kslaw.com

March 3, 2022

*Via Electronic Mail*

Andrew Dawson
Ross Weingarten
Assistant U.S. Attorneys
United States Attorney's Office
450 Golden Gate Ave, Floor 11,
San Francisco, CA 94102

Re: *United States v. Andrade*, No. CR20-249 RS

Dear Mr. Dawson and Mr. Weingarten,

We write to further our ongoing discussions regarding discovery in this case. As you know, following our appointment as counsel for Marcus Andrade in the above-captioned case, on November 4, 2021 we received from your office a hard drive containing 153.4 GBs of data, representing approximately 242,451 pages of discovery materials and additional native files such as audio and video recordings and spreadsheets.

We have been diligently reviewing these materials, and despite these efforts we have been unable to locate certain documents and data we believe we are entitled to, pursuant to Federal Rule 16 of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 87–88 (1963). A list of these materials is provided below. Most of these materials are referenced directly in documents produced by the government. Certain of these materials were also specifically referenced in our February 16, 2021 meeting, and others are referenced as attachments to material already produced. We expect that all the items we are requesting are already within the government's possession. Given that a large portion of the government's production is not text-searchable, it is possible that these materials are within the files previously provided, but after a reasonable and rigorous search by counsel and our e-discovery vendor, we remain unable to locate the items listed below.

Accordingly, we respectfully request that you identify the Bates numbers associated with the specific materials below in order to effectuate our ability to fully review the discovery. If any of the materials below have not yet been produced, we request that the government produce them as soon as possible. To the extent possible, we request that the documents and data listed below be produced in text-searchable form, which will allow us to more efficiently process your production. Separately, to the extent any materials are more suitable as native files—*e.g.*, images

March 3, 2022
Page 2

of individuals' cellular devices or laptops, audio recordings, thumb drive contents, and so on—
we can provide mailing instructions for a hard drive or other storage device.

Specifically, we seek the following materials, including all attachments and family members:

1. Search warrant application and affidavit issued to Google for email address
   ceo@amlbitcoin.com issued on July 31, 2019 by Judge Thomas S. Hixson in the Northern
   District of California.

2. Full contents of the thumbdrive obtained from the Jodoins, as referenced  in FBI-302-
   001958 and FBI-302-001857.

3. Contents of DVD and related files for jbryan@watley.com, as referenced in FBI-302-
   007326.

4. Google Drive documents and spreadsheets as referenced in FBI-302-005015.

5. Contents of DVD containing "mbox files", as referenced in FBI-302-007153.

6. Contents of DVD referenced in FBI-GJ-0002901.

7. Materials from Kenji Kuramoto, CEO of Acuity, as referenced in FBI-GJ-0011743 and
   FBI-GJ-0011744.

8. Blockchain presentation and related files from January 31, 2018 involving UCE7410;
   Japheth Dillman; Fiona Ma; Gary Baiton; Hu Liang; JonathanNelson; Maria Sendra; Alexa
   Lopez; and others unidentified, at 1900 University Avenue, East Palo Alto, CA 94303, as
   referenced in FBI-MAIN-0000221.

9. Covertly recorded interviews with Beau Rothschild, Brian Darling, Peter Ferrara, James
   Kahrs, and Chase Kroll on May 6, 2019 and May 7, 2019 in Washington D.C. and Northern
   Virginia, as referenced in FBI-MAIN-0000918.

10. Contents of DVD containing January 25, 2018 texts between Marcus Andrade and UCE-
    8026-SAC, as referenced in FBI-MAIN-0000946.  Please also confirm whether a recording
    exists from any phone call between Marcus Andrade and an under-cover agent that took
    place on January 25, 2018.

11. Landfair Capital Consulting, Blockchain Entertainment, and Cryptitude Entertainment
    production in response to the grand jury subpoena issued to those entities on September
    12, 2018, as referenced in FBI-GJ-0012387.

12. Search warrant with supporting application and affidavit issued on or around November
    12, 2019 and executed at 2700 W. Atlantic Blvd, Suite #202 Pompano Beach, Florida, as
    referenced in FBI-00000022

March 3, 2022
Page 3

13. Personal devices collected from Jack Abramoff, as referenced in FBI-MAIN-0001046; FBI-MAIN-0001049; FBI-MAIN-0000912; FBI-MAIN-0000970; FBI-MAIN-0000971; and FBI-MAIN-0003240. These items may include but are not limited to—

    a. SVE056536 (1B4) – 256 GB PNY USB Thumbdrive, containing two extractions of an iPhone 5 (model MG4U2, s/n F78NVF34G5ML, IMEI: 356991061628533, MSISDN: +1 (202) 236-9706, owner name: *Jack's iPhone 5a*, Apple ID: *jack@abramoff.com*)

        i. Including Excel reports of messages from SVE056536 is SVE058604.

        ii. Photographs or video recordings of Abramoff's cell phone, as referenced in FBI-MAIN-0000619.

    b. SVE056528 (1B5) - WD External HDD with USB cable, model WDBAAU0020HBK-01, s/n WCAZA0646256T

    c. SVE056529 (1B5) - Asian Power Devices Power Adapter, model WA-18G12U

    d. SVE056524 (1B6) - Dell Inspiron Laptop, s/n JZHK6F2, containing:

        i. SVE056789 - 500GB Seagate HDD, model ST500LT012, s/n 5000C500A8B7F5D0

    e. SVE056525 (1137) - Asus UX3IE Laptop, s/n C2N0AS565570097, containing:

        i. SVE056790 - 256GB SanDisk SSD', model SDSA5JK-256G, s/n 120331300850

    f. SVE056527 (1B8) - Dell Latitude 7480 Laptop, s/n CJTKWD2, containing:

        i. SVE056762 - 512GB SK hynix SSD, model SC311, s/n MS79N493310309C5K

    g. SVE056526 (1B8) - Superer Power Adapter, model GA195033

    h. SVE056530 (1B12-1) - 4TB Seagate External HDD, model SRD00F2, s/n NA7EFOQY

    i. SVE056532 (1B12-1) Power Adapter (no make), model ADS-18E-12B

    j. SVE056531 (1B12-2) - 4TB Seagate Backup Plus External HDD, s/n NA5L356C

    k. SVE056533 (1B12-2) - Power Adapter (no make), model ADS-18E-12B

    l. SVE056535 (1B13) - Oceana USB Thumbdrive

    m. SVE056538 (1B14) - 2TB Loose Seagate HDD, model ST2000DM00I, s/n WIE05X6F, containing a forensic image and memory capture of a Dell laptop (model XPS, service tag: 4Q6ZFC2, with internal 1TB PM951 NVMe Samsung SSD, model MZ-VLVITOD, s/n S2FZNXAH2O6509)

March 3, 2022
Page 4

      n.  SVE056537 (1B29) - 2TB Loose WD HDD, model WD2002FAEX-007BAO, s/n WCAY01771014, which is a clone of SVE056538 (1B14)

14. Personal devices collected from Marcus Andrade, including materials tagged for potential privilege and taint team review, as referenced in FBI-MAIN-0003438; FBI-MAIN-0003445; FBI-MAIN-0003446; FBI-MAIN-0003517. These items may include but are not limted to—

      a.  SVE060371 (1B96) – Western Digital WD2500AAKS 250GB SATA HDD S/N WMARTI 173519; labeled "IRS-CID Electronics Crimes: Blackberry 8530 Curve II, LG500 & Motorola Moto G7"

          i.  SVE060731- Verbatim DataLifePlus 8.5GB dual layer DVD-R, minimized report

         ii.  SVE060732 - Verbatim DataLifePlus 8.5GB dual layer DVD-R, minimized report (duplicate)

        iii.  SVE060733 - Verbatim DataLifePlus 8.5GB dual layer DVD-R, minimized report (duplicate)

      b.  SVE060368 (lB89) – blue Western Digital my Passport Ultra USB external hard drive (EHDD) Serial Number (S/N) WXNIA9856UL8

      c.  SVE060369 (lB89) – red Western Digital My Passport USB (EHDD) S/N WX71A38215FE

      d.  SVE060371 (lB96) – Western Digital WD2500AAKS 250GB SATA hard drive HDD S/N WMART1173519

      e.  SVE060372 (lB97) – blue HP Stream 13 cOlOnr laptop S/N 5CD5023360

          i.  SVE060373 lB97 HP power adapter HSTNN DA40

      f.  SVE060376 (lBI05) – Seagate Desktop SSHD 4000GB HDD S/N Z3014R4P

      g.  SVE060377 (lBI05) – Western Digital WD2002FAEX 2 0TB SATA HDD S/N WMA Y05254504

      h.  Full Cellebrite report from Marcus's Motorola cellphone, as referenced in FBI-MAIN-0003445.

15. All emails between Michael Witte and Marcus Andrade as referenced in FBI-302-006855.

16. Full unredacted chat history of the messages that include UCE 8148 / UCE 8149 and others as referenced in FBI-00046181 & FBI-00034119.

17. All bitcointalk and protonmail communications to or from UCE 8148 / 8149 as referenced in FBI-UC-000001.

March 3, 2022
Page 5

18. All bitcointalk and protonmail email communications to or from UCE-8148 / 8149 as referenced in FBI-UC-000035 and FBI-UC-000036.

19. All the email notifications in your possession from either UCE 8148 / 8149 and / or Ben Boyer from the Discord group as referenced in FBI-GJ-0006067 and FBI-GJ-0006073.

20. All of the email communications between Benjamin Boyer and Maurice Masiitwa as referenced in FBI-GJ-0006073 and FBI-GJ-0006074.

21. Text messages and other communications, including attachments, on May 4th, 2018 between Benjamin Boyer and Japheth Dillman as referenced in FBI-GJ-0009659.

22. All recordings related to the FBI's mobile application recording device that recorded a call between Benjamin Boyer and Marcus Andrade on May 30, 2019 as referenced in FBI-302-000139.

23. Affidavit and application for the search warrant of Jack Abramoff's residence issued on September 12, 2018, which is related to FBI-MAIN-0000695.

Please note that the above list is not exhaustive, and we will continue to communicate as we encounter similar issues in the government's production. In addition, we will also be sending a separate letter with requests based on *Brady v. Maryland*, 373 U.S. 83 (1963).

We appreciate your attention to this request, and we are available to discuss any questions or to coordinate your production as needed.

Sincerely,

*/s/ Amy Hitchcock*

Amy Hitchcock

# Declaration of Kerrie Dent - Exhibit 7

# KING & SPALDING

King & Spalding LLP
101 2nd Street
Suite 1000
San Francisco, CA 94105

March 7, 2022

***Via Electronic Mail***

Andrew Dawson
Ross Weingarten
Assistant U.S. Attorneys
United States Attorney's Office
450 Golden Gate Ave, Floor 11,
San Francisco, CA 94102

Re: *United States v. Andrade*, No. CR20-249 RS

Dear Mr. Dawson and Mr. Weingarten,

I write further to our ongoing discussions regarding discovery in the above-captioned case. As we have noted in these discussions, we seek all potentially exculpatory and impeachment materials within the government's possession and/or control, pursuant to the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Fifth and Sixth Amendments to the Constitution, and Federal Rule of Criminal Procedure 16. To aid the government in fulfilling its obligation, we set forth below specific materials we believe are potentially exculpatory or impeaching, and thus are necessary to the preparation of our defense and the consideration of any settlement discussions.

The records and information that we request include not only documents and information in the possession, custody, or control of your offices, the Department of Justice ("DOJ"), and the prosecution team, but also those in the possession or control of the Securities and Exchange Commission ("SEC"), and any other law enforcement agency investigating Marcus Andrade, the NAC Foundation, AML Bitcoin, or Jack Abramoff and his associates.

We request the government to promptly produce the following documents and files:

1. Criminal history of Jack Abramoff.
2. A copy of all statements made by Jack Abramoff relating to the NAC Foundation, AML Bitcoin, and Mr. Andrade.

March 7, 2022
Page 2

3. A copy of all statements made by Maria Butina, and any documents provided by or taken from Maria Butina, relating to Jack Abramoff, the NAC Foundation, AML Bitcoin, and Mr. Andrade.

4. A copy of all statements made by Paul Erikson, and any documents provided by or taken from Paul Erikson, relating to Jack Abramoff, the NAC Foundation, AML Bitcoin, and Mr. Andrade.

5. A copy of all FBI 302 files written by FBI Supervisor, Agent Leanna Saler, relating to Jack Abramoff and AML Bitcoin.

6. Full email communication chain between FBI Agent Brenden Zartman, Michael Witte, and Mr. Andrade as referenced in FBI-302-006855, including but not limited to all emails between the FBI and Michael Witte.

7. Complete copies of all investigation files and reports from the DOJ (specifically including the United States Attorney's Office, in Houston, Texas) and the SEC, relating to any investigation of the NAC Foundation and Mr. Andrade between 2015 and 2017, as referenced in FBI-302-000662.

8. Any relevant materials resulting from a review of an unredacted copy of Special Counsel Robert S. Mueller's March 2019 Report (the "Mueller Report") on the Investigation into Russian Interference in the 2016 Presidential Election. Specifically, please review for any information to which Mr. Andrade is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963), as it relates to Maria Butina, Dana Rohrabacher, Jack Abramoff, Catharine O'Neill, Paul Erikson, Marcus Andrade, the NAC Foundation, AML Bitcoin, AML Token, and Aten Coin.

9. Documents sufficient to reflect all cooperation or plea agreements, written or oral, entered into with individuals and that pertain to or affect in any way the above-captioned case or any investigations relating to Marcus Andrade.

10. All materials seized in connection with the search of Abbe Lowell's office.

Further, we have reason to believe that there may be exculpatory evidence pertaining to Mr. Andrade located in National Security Agency (NSA) and DOJ files for the individuals listed below. We request that you review these files for exculpatory evidence and promptly produce any information to which Mr. Andrade is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963).

1. Jack Abramoff

2. Gennadiy Bogolyubov

3. Maria Butina

4. Guli Chul

5. John Crawford

6. Brian Darling

7. Carlos De La Guardia

March 7, 2022
Page 3

    8.  Benjamin Dunn

    9.  Paul Erickson

    10. Dmytro Firtash

    11. Rudolph Giuliani

    12. Halogen Communications

    13. Igor Kolomoisky

    14. Alexander Levin

    15. Corey Lewandowski

    16. Paul Manafort

    17. Richard Naimer

    18. Jason Osborne

    19. Lev Parnas

    20. Raymond Robertson

    21. Dana Rohrabacher

    22. Aaron Shaviv

    23. Vitaliy Skotsyk

    24. Alexander Torshin

    25. Yuri Vanetick

    26. Viktor Vekselberg

**\*\*\*\*\***

To the extent possible, we request that the documents and data listed above be produced in text-searchable form. As with our previous discovery requests, to the extent any materials are more suitable as native files—*e.g.*, images of individuals' cellular devices or laptops, audio recordings, thumb drive contents, and so on—we can provide mailing instructions for a hard drive or other storage device.

Please note that the above list is not exhaustive, and we will continue to communicate with any additional requests for documents to which Mr. Andrade is entitled pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny, the *Jencks* Act (18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2), and any other authority vesting defense rights in criminal discovery.

We appreciate your attention to this request, and we are available to discuss any questions or to coordinate your production as needed.

March 7, 2022
Page 4

Sincerely,

*/s/ Luke Roniger*
Luke Roniger

# Declaration of Kerrie Dent – Exhibit 8

# KING & SPALDING

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, TX 78701

Luke Roniger
Tel:  +1 512 457 2044
www.kslaw.com

May 10, 2022

***Via Electronic Mail***

Andrew Dawson
Ross Weingarten
Assistant U.S. Attorneys
United States Attorney's Office
450 Golden Gate Ave, Floor 11,
San Francisco, CA 94102

Re: *United States v. Andrade*, No. CR20-249 RS

Dear Mr. Dawson and Mr. Weingarten,

I write on behalf of Defendant Marcus Andrade in connection with our ongoing discovery discussions in the above-captioned case and to supplement the requests made in our previous correspondence on March 3, 2022, March 7, 2022, and May 3, 2022.  In particular, we wish to supplement our previous request for prompt production of materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Fifth and Sixth Amendments to the Constitution, and Federal Rule of Criminal Procedure 16.

The records and information that we request include not only documents and information in the possession, custody, or control of your offices, but also documents and information in the possession, custody, or control of the Department of Justice and any federal, state, or local agency associated with the government team, including, without limitation, the Securities and Exchange Commission ("SEC"), the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and any other law enforcement agency.

### *Brady* requests

We request that the government produce the following documents and files in its possession, custody, or control:

1. All communications to or from Abbe Lowell concerning the investigation into Mr. Andrade, Jack Abramoff, or AML Bitcoin, including but not limited to any communications Abbe Lowell or his counsel had with the government relating to any investigation of Mr. Lowell.

May 10, 2022
Page 2

2.  A privilege log relating to items removed from Jack Abramoff's phone by any FBI Agent.

3.  Please disclose all UCEs and other government agents that were actively monitoring the development and the public beta testing through the AML Bitcoin public telegram accounts and NAC Foundation's Chainbook account.

4.  Please provide all communications and screenshots taken from any social media or digital messaging platform, including but not limited to Telegram, Discord, or other private or public discussion board or forums, discussing or relating to the proper functioning of the underlying AML Bitcoin technology, and please identify all individuals that confirmed on any such social media or digital messaging platform they were successfully utilizing the AML Bitcoin technology.

5.  All 302s, recordings, and any other documents regarding the agreements with Comply Advantage and Global Visions Solutions relating to AML Bitcoin, Aten Coin, or transaction data or technology relating to AML Bitcoin or Aten Coin.

6.  A copy of all the transaction monitoring data that was taken from Comply Advantage that relates to the monitoring of all AML Bitcoin transactions.

<u>Other discovery requests</u>

Specifically, we request the government to identify the corresponding Bates numbers or produce the following documents and files in its possession, custody, or control:

1.  A copy of the video and audio recording relating to the interview with Warren Cully as referenced in FBI-302-010013.

2.  A copy of the audio recording relating to the interview of Mark Diadamo as referenced in FBI-302-005278.

3.  Copies of all the recordings that the FBI has in its possession relating to communications between Mr. Andrade and his attorneys.

4.  A copy of known referenced recordings that are missing from the production, including the following recording IDs:  ID-49 through ID-53, ID-59, ID-63 through ID-66, and ID-69 through ID-75.

5.  Any search warrants, their applications, and any subpoenas relating or directed to Mr. Andrade, NAC Foundation, Aten Coin, AML Bitcoin, and Mr. Andrade's attorney Eric Oslen.

6.  All documents related to Telegram and Discord channels and accounts relating to AML Bitcoin.  This includes, but is not limited to: all the screenshots that the government agents took from the AML Bitcoin telegram account from from October 2019 to April of 2021; all the communications from other private groups that the UCEs or other

May 10, 2022
Page 3

government agents created or participated in for the purpose of discussing the AML Bitcoin project; the entire chat history involving UCE 8148 / 8149 and all other members of the discord group referenced in FBI-00034150; and all documents associated with the discord usernames included in FBI-00034150, including identities of any law enforcement and all communications involving those accounts.

7. Full copies of any text messages to or from Carlos DeLaGuardia relating to the Panama Canal, the Panama Canal Authority, or AML Bitcoin.

8. Full copies of the materials uploaded by Mr. Andrade to FBI Special Agent Ethan Quinn relating to the government's investigation of Mr. Andrade and AML Bitcoin.

9. A copy of the victim letters, along with any responses thereto, for Maurice Musiitwa, Steven Whitton, and Lisa Tippet.

10. All documents relating to any undercover operation that attempted to contact or did contact Mr. Andrade in any way, including but not limited to any operation involving Bruce Heidleberg, John McAfee, David Mata, Shailendra Maheshwari, and/or John Bryan, and any documents relating to the approval of any such operations.

\* \* \*

To the extent possible, we request that the documents and data listed above be produced in text-searchable form. As with our previous discovery requests, to the extent any materials are more suitable as native files—*e.g.*, images of individuals' cellular devices or laptops, audio recordings, thumb drive contents, and so on—we can provide mailing instructions for a hard drive or other storage device.

Please note that the above list is not exhaustive, and we will continue to communicate with any additional requests for documents to which Mr. Andrade is entitled pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny, the *Jencks* Act (18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2), and any other authority vesting defense rights in criminal discovery.

We appreciate your attention to this request, and we are available to discuss any questions or to coordinate your production as needed.

Sincerely,

*/s/ Luke Roniger*

Luke Roniger

# Declaration of Kerrie Dent - Exhibit 9

# King & Spalding

**Confidential**

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006

Kerrie Covell Dent
Tel:  +1 202 626 2394
kdent@kslaw.com

July 15, 2022

***Via Electronic Mail***

Andrew Dawson
Ross Weingarten
Assistant U.S. Attorneys
United States Attorney's Office
450 Golden Gate Ave, Floor 11
San Francisco, CA 94102

Re: *United States v. Andrade*, No. CR20-249 RS

Dear Mr. Dawson and Mr. Weingarten,

We write to supplement the requests we have made on behalf of our client, Marcus Andrade, in the above-captioned case in our previous correspondence dated March 3, 2022, March 7, 2022, May 3, 2022, and May 10, 2022.  Specifically, we wish to supplement our previous requests for prompt production of materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Fifth and Sixth Amendments to the Constitution, and Federal Rule of Criminal Procedure 16.

The records and information that we request include not only documents and information in the possession, custody, or control of your offices, but also documents and information in the possession, custody, or control of the Department of Justice and any federal, state, or local agency associated with the government team, including, without limitation, the Securities and Exchange Commission ("SEC"), the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and any other law enforcement agency (collectively, "the government").

Specifically, we request that the government produce the following documents and files in its possession, custody, or control:

1. Recording of the August 19, 2019 phone call between Agent Quinn and Mr. Andrade, as referenced in FBI-302-005032.

2. Alexander Levin's mobile device and any files extracted therefrom. This request also relates to Mr. Levin's iPhone and iPad that was seized by the government between October 2019 and April 2020.

July 15, 2022
Page 2

3. Materials taken from the home of Maria Butina relating to Mr. Andrade, AML Bitcoin, and digital currency transaction networks; any 302s or other reports that reference the documents seized from Ms. Butina's home; and Ms. Butina's phone data.

4. Any electronic records relating to Mr. Andrade's income and digital transaction records.

5. All documents or 302s relating to Peter Mirijanian.

6. All documents or 302s relating to Natko Vlahovic.

7. Any 302 where Corey Lewandowski is referenced in association with NAC, Mr. Andrade, AML Bitcoin, Aten Coin, AML Token, or Jack Abramoff between January 2015 and May 2022.

8. Any transcripts, memoranda, or recordings of witness statements and/or interviews prepared by the SEC relating to NAC, Mr. Andrade, AML Bitcoin, AML Token, AtenCoin, or Jack Abramoff.

9. Recording of the conversation between Joe Ortiz and Agent Wynar, which occurred at Mr. Ortiz's house.

10. Skype communications between Mr. Andrade and Ms. Foteh involving the AML Bitcoin Super Bowl advertisement.

11. All emails involving or referencing Leslie Katz, from 2016 to 2021, that relate to Jack Abramoff, Landfair Capital, Sugar Mountain Holding, LLC, NAC Foundation, LLC, AML Token, or anything related to Mr. Andrade, including LK000001-LK001593, as referenced in FBI-GJ-0000655.

12. Any search warrants, including their underlying applications and affidavits, and all subpoenas and the fruits of all subpoenas that reference Mr. Andrade, the NAC Foundation, or AML Bitcoin issued to the following parties: Muzin Capital Partners; Ghost Management Group; Pangea LLC; Brian Darling and Darling Associates; Paul Erickson; ADI; Kroll Global; Rothschild Public Affairs; Erickson Group; Richard Naimer; Maria Butina; Global Strategic Communication Group; James George Jatras; Darren Spinck; James Kahrs; Charles Johnson; Turnberry Solutions; Dana Rohrabacher; Natko Vlahovic; Carlos Delaguardia; Chase Kroll; ICOBox; Alex Moskovsky; Daria Generalova; Anar Babayev; Nickolay Evdokimov; Michael Raitsin; Gary Baiton; Alex Prasic; Gladimir Sofrono; and/or Ricardo "Catin" Vasquez.

13. Copies of all subpoenas and the fruits of all subpoenas issued to AppRiver or John Bryan regarding the email account of jbryan@watley.com, as referenced in FBI-GJ-0004907. We acknowledge that we received emails seized from jbryan@watley.com with the government's June 28, 2022 production (FBI-PHY-099062 – FBI-PHY-108799).

14. Any CIA reports or communications that the government may have obtained between April 2015 to April 2022 that reference NAC, Mr. Andrade, AML Bitcoin, Aten Coin, AML Token, or Jack Abramoff.

July 15, 2022
Page 3

15. All Foreign Intelligence Surveillance Court (FISC) applications (FISA) and related materials in which NAC, Mr. Andrade, AML Bitcoin, Aten Coin, AML Token, or Jack Abramoff was referenced, from January 2015 to May 2022.

16. A copy of the data the government seized from Paul Erikson's mobile phone in April 2018 and July 2018; any documents taken from him referencing NAC, Aten Coin, AML Token, AML Bitcoin, or Mr. Andrade; and any information showing any wrongdoing by Mr. Erikson, including wrongdoing that led to his being informed that he was a subject of an investigation for acting as an agent of a foreign government.

17. The full investigative files of the Texas-based offices of the FBI and SEC from the investigation those agencies conducted of Mr. Andrade and his technology between 2015 and late 2017.

We request that, to the extent possible, the documents and data listed above be produced in text-searchable form. As with our previous discovery requests, to the extent any materials are more suitable as native files—*e.g.*, images of individuals' cellular devices or laptops, audio recordings, thumb drive contents, and so on—we can provide mailing instructions for a hard drive or other storage device.

Please note that the above list is not exhaustive, and we will continue to communicate with you regarding any additional requests for documents to which Mr. Andrade is entitled pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny, the *Jencks* Act (18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2), and any other authority vesting defense rights in criminal discovery.

Finally, we want to remind you that we are still waiting for your response to our discovery letter dated May 10, 2022. We would appreciate a prompt response, including a schedule for production of materials not yet produced.

We appreciate your attention to these requests, and we are available to discuss any questions or to coordinate your production as needed.

Sincerely,
*/s/ Kerrie Covell Dent*

Kerrie Covell Dent

# Declaration of Kerrie Dent - Exhibit 10

## UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 11

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 12

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 13

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 14

# UNREDACTED VERSION OF
# DOCUMENT SOUGHT TO BE
# FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 15

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 16

# UNREDACTED VERSION OF
# DOCUMENT SOUGHT TO BE
# FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 17

## UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 18

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 19

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 20

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 21

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

1    **KING & SPALDING LLP**
     MICHAEL J. SHEPARD (SBN 91281)
2      *mshepard@kslaw.com*
     50 California Street, Suite 3300
3    San Francisco, California 94111
     Telephone:    +1 415 318 1221
4    Facsimile:    +1 415 318 1300

5    KERRIE C. DENT (Admitted *pro hac vice*)
       *kdent@kslaw.com*
6    1700 Pennsylvania Avenue, NW, Suite 900
     Washington, DC 20006-4707
7    Telephone:    +1 202 626 2394
     Facsimile:    +1 202 626 3737

8    Attorneys for Defendant
9    ROWLAND MARCUS ANDRADE

10              **UNITED STATES DISTRICT COURT**

11           **NORTHERN DISTRICT OF CALIFORNIA**

12              **SAN FRANCISCO DIVISION**

13   UNITED STATES OF AMERICA,              CASE NO.: 3:20-CR-00249-RS-LBx

14                  Plaintiff,

15          v.                              **MANUAL FILING NOTIFICATION**

16   ROWLAND MARCUS ANDRADE,                **EXHIBIT 21 TO THE**
                                            **DECLARATION OF KERRIE C.**
17                  Defendant.              **DENT: RECORDING ID-39**

18                                          **[UNDER VERSION SOUGHT TO BE**
                                            **SEALED]**
19

20

21

22

23

24

25

26

27

28

                                  1

1

## MANUAL FILING NOTIFICATION

2    Regarding:        **EXHIBIT 21: Recording ID-39**

3    This filing is in physical form only, and is being maintained in the case file in the Clerk's office.

4

5    For information on retrieving this filing directly from the court, please see the court's main web

6    site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

7    This filing was not e-filed for the following reason:

8        ___X___        Non Graphical/Textual Computer File (audio) on USB drive.

9

10

11    DATED: November 28, 2022                    KING & SPALDING LLP

12                                                              By: _/s/ Michael J. Shepard_____

13                                                                      MICHAEL J. SHEPARD
                                                                        KERRIE C. DENT (*Pro Hac Vice*)

14

15                                                                      Attorneys for Defendant
                                                                        ROWLAND MARCUS ANDRADE

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# Declaration of Kerrie Dent - Exhibit 22

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 23

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 24

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 25

# UNREDACTED VERSION OF
# DOCUMENT SOUGHT TO BE
# FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 26

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 27

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 28

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 29

## UNREDACTED VERSION OF
## DOCUMENT SOUGHT TO BE
## FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 30

## UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

1  **KING & SPALDING LLP**
   MICHAEL J. SHEPARD (SBN 91281)
2    *mshepard@kslaw.com*
   50 California Street, Suite 3300
3  San Francisco, California 94111
   Telephone:     +1 415 318 1221
4  Facsimile:     +1 415 318 1300

5  KERRIE C. DENT (Admitted *pro hac vice*)
     *kdent@kslaw.com*
6  1700 Pennsylvania Avenue, NW, Suite 900
   Washington, DC 20006-4707
7  Telephone:     +1 202 626 2394
   Facsimile:     +1 202 626 3737

8  Attorneys for Defendant
9  ROWLAND MARCUS ANDRADE

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12              **SAN FRANCISCO DIVISION**

13  UNITED STATES OF AMERICA,                    CASE NO.: 3:20-CR-00249-RS-LBx

14              Plaintiff,

15       v.                                       **MANUAL FILING NOTIFICATION**

16  ROWLAND MARCUS ANDRADE,                       **EXHIBIT 30 TO DECLARATION OF**
                                                  **KERRIE C. DENT: RECORDING**
17              Defendant.
                                                  **[UNREDACTED VERSION SOUGHT**
18                                                **TO BE SEALED]**

19

20

21

22

23

24

25

26

27

28

                                    1

1      **MANUAL FILING NOTIFICATION**

2    Regarding:      **EXHIBIT 30: Recording**

3    This filing is in physical form only, and is being maintained in the case file in the Clerk's office.

4

5    This filing was not e-filed for the following reason:

6         __X__          Non Graphical/Textual Computer File (audio) on USB drive.

7

8

9    DATED: November 28, 2022                    KING & SPALDING LLP

10                                         By:  /s/ Michael J. Shepard

11                                              MICHAEL J. SHEPARD
                                                KERRIE C. DENT (*Pro Hac Vice*)
12
                                                Attorneys for Defendant
13                                              ROWLAND MARCUS ANDRADE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANUAL FILING NOTIFICATION                              CASE NO. 3:20-CR-00249-RS-LBx
EXHIBIT 30: RECORDING

# Declaration of Kerrie Dent - Exhibit 31

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

**Declaration of Kerrie Dent - Exhibit 32**

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL**

# Declaration of Kerrie Dent - Exhibit 33

**From:** Dawson, Andrew (USACAN) <Andrew.Dawson@usdoj.gov>
**Sent:** Tuesday, November 8, 2022 3:35 PM
**To:** Kerrie Dent <KDent@KSLAW.com>; Weingarten, Ross (USACAN) <Ross.Weingarten@usdoj.gov>
**Cc:** Mike Shepard <mshepard@kslaw.com>
**Subject:** RE: Marcus Andrade - motion to compel

<mark>CAUTION: **MAIL FROM OUTSIDE THE FIRM**</mark>

Hi Kerrie –

Our responses are below.  We are preparing a large drive containing physical file discovery, which will go out either at the end of this week or the beginning of next.  The discovery ended up being too big for the drive you sent, but we obtained a drive and will provide it. (We will need it back when you are done, of course.)  The vast bulk of the discovery consists of search warrant materials that were previously produced in different formats.  So where you previously received FTK reports, this batch will contain processed images of the same content.  This may be easier to search in some ways, so we wanted to provide it to you.  But it is very voluminous.

This discovery will also contain the Texas FBI files, certain UC-related materials that you have requested, the Katz materials, and other materials from the physical file as well.

In addition, I have a drive containing the device images we previously discussed.  That drive was prepared by the FBI lab, and because the relevant SWs have already been executed I cannot review the drive myself.  But we will FedEx that to you along with the new batch of discovery.

-- Andrew

**From:** Kerrie Dent <KDent@KSLAW.com>
**Sent:** Tuesday, November 1, 2022 12:23 PM
**To:** Dawson, Andrew (USACAN) <adawson@usa.doj.gov>; Weingarten, Ross (USACAN) <rweingarten@usa.doj.gov>
**Cc:** Mike Shepard <mshepard@kslaw.com>
**Subject:** [EXTERNAL] Marcus Andrade - motion to compel

Dear Andrew,

Thanks for your email.  We have a few follow-up questions to clarify where things stand with respect to the government's response to our discovery requests.  It appears to us that some issues are now ripe for us to proceed on our motion, and others merit further discussion.  We note that, in some instances, you have limited your responses to documents "in this investigation."

After offering two general comments, this letter (1) lists what we understand the government has agreed to produce; (2) identifies issues on which we need further information from you; and (3) catalogues the issues we believe are now ripe for us to bring to the Court's attention.

As our first general note, our position is that the government is required under Rule 16 to provide us with documents material to our preparation of Andrade's defense, regardless of whether a given statement, or FBI report, or other document was generated in this investigation or another

investigation.  Second, for those materials that you have agreed to produce, please provide a schedule for when you think you will be making the production.  Andrade was indicted two years ago, and his trial is schedule for less than ten months from now.


**Agreement to Produce**

3/7/22 Letter, Request 7, prior DOJ investigations relating to Andrade.  You agreed to produce the FBI investigative files, including 302s and other related materials, related to two prior investigations relating to Andrade.

- We have obtained copies of the FBI's digital investigative files for two separate investigations out of Texas.  Those materials have been imported into our case file, and those materials are being processed now.  I anticipate they can be produced within the week.

3/7/22 Letter, Request 7, and 7/15/22 Letter, Request 8, parallel SEC investigation and other SEC materials.  With respect to your concern that our request is broad enough to cover attorney work product, please let us know if the SEC has relevant material that you or it is withholding based on privilege or work product. We believe there are substantial amounts of information from the SEC investigation that would be material to the preparation of Andrade's defense and not subject to privilege or work product claims, including but not limited to bank statements, interviews and/or testimony, and whistleblower complaints. To take just one example, Jensen had communications with Terrence Poon relating to Andrade.

- I am working with SEC counsel to get their permission to produce documents related to the parallel SEC investigation into AML Bitcoin.  Once again, I do not have custody or control of such documents, but I have requested that SEC agree to make productions.  I have never heard of the SEC providing a privilege log of materials withheld due to their own privilege, and I can't imagine they would do so.

3/7/22 Letter, Request 9, cooperation or plea agreements. You have agreed to produce cooperation and plea agreements.  Please check  for any cooperation or plea agreements that are material to preparation of Andrade's case – not just those entered into in this investigation.

- We will produce all relevant cooperation or plea agreements called for under *Giglio* or, if they apply, any other rule of discovery.  We are not presently aware of any such agreements from other investigations, save for Mr. Abramoff's plea agreement from his prior prosecution.  If we become aware of any such materials that are subject to production, we will produce them.

5/10/22 Letter, Discovery Request 6, Telegram and Discord channels and accounts.  You stated that materials responsive to this request are being processed for production now.

- The materials in the FBI's physical file are currently being processed, and we anticipate they will be produced next week.

5/10/22 Letter, Discovery Request 10, UC operations. You stated that the government has produced, or is in the process of producing, all discoverable materials regarding any UC operations in this investigation.  Please provide all UC operations material to the preparation of Andrade's defense.

- The physical UC subfile from this investigation is next in line to be processed, and it will be produced after the initial tranche of the physical file (which we anticipate will contain the Main, GJ, and 302 subfiles).  To the extent your request applies to other UC operations, we are not aware of any.

7/15/22 Letter, Request 11, Katz documents.  We will wait until AUSA Weingarten is finished with his trial to address the apparent gap in the production of the Katz documents.

- We have obtained a new copy of the Katz production, and it is being processed now. I anticipate it will go out late this week or early next week.

**Follow-up Questions**

3/7/22 Letter, Requests 20 and 21.  With regard to the missing attachment to Boyer's message to Dillman, please check to see if you have the attachment in materials you have received from Dillman.

- We will conduct a search.  I note what we have produced to you the seizures from Dillman's computer, so you should be equally able to search for it.

3/7/22 Letter, Request 22, mobile application recordings.  You state that you will prepare and produce a new set of all recordings from the FBI mobile application in order to ensure we are not missing anything.  To clarify, we have asked for recordings for *all* people who used the recording app in connection with this case, not just Boyer.

- We are preparing a complete set of mobile application recordings for this case.  The set is not limited to Boyer.

3/7/22 Omnibus NSA and DOJ files request. We understand that NSA materials may be classified, and that we may need to comply with CIPA for responsive documents that fall into that category.  Please let us know if you have searched for unclassified material in response to this request. The FBI is part of the Department of Justice, and—yes—we are requesting that you to review the files that the FBI keeps on the individuals listed in this request for exculpatory evidence pertaining to Andrade.  Please let us know if you will do so.

- This request is grossly overbroad and without justification.  We have made, and continue to make, productions from the FBI's investigative file in this case.  We have also reviewed and conducted searches in other, tangentially related investigations when you have requested it and there has been a basis to do so.  If you believe further such targeted searches are appropriate, we would be happy to consider them.  An unexplained demand for files related to 26

individuals, some of whom with no apparent connection to this case, is an unjustified fishing expedition.

7/15/22 Letter, Request 14, CIA materials.  We understand that CIA materials may be classified, and that we may need to comply with CIPA for responsive documents that fall into that category.  Please let us know if you have searched for unclassified material in response to this request, and, if not, whether you will do so.

- I do not have access to CIA materials and have no reason to believe any such materials are relevant to this case.  If there is a factual basis I can present in order to seek such access, I would be happy to try.  But my understanding is that the CIA does not allow AUSAs to rummage through its files without some form of justification.

7/15/22 Letter, Request 2, Levin's devices.  You state that the case agents have requested access to the case file relating to Alexander Levin and they will run searches for responsive materials.  When do you expect the agents to run their searches?  You do not address Levin's phone or ipad, which we have requested

- The agents have conducted electronic searches of a case file related to Alexander Levin for any references to Andrade or "AML Bitcoin."  There were no hits.  Given that neither "Andrade" nor "AML Bitcoin" appears in the case file, there appears to be no basis beyond sheer speculation to justify a search of any devices that may have been seized and searched in that case.

Two additional requests from the May 10 request letter that we did not discuss on October 3, but on which we want to know your position:

5/10/22 Letter, Request 5, search warrants, and subpoenas relating or directed to Andrade, NAC Foundation, Aten Coin, AML Bitcoin, and Andrade's attorney Eric Olsen.

- Are you requesting materials from other investigations, or do you believe there are materials missing from the investigation resulting in this case?  Do you really want the subpoenas themselves, or the productions in response to those subpoenas?  As to the investigation that resulted in this case, we have produced or are in the process of producing (via the physical file), all relevant materials (SWs and subpoena productions) of which we are aware.

5/10/22 Letter, Request 9, victim letters and the statements by Masiitwa, Tippett, and Whitton on their applications for financial assistance.

- I have located 302s for Masiitwas (FBI-302-001204), Tippett (FBI-302-001110), and Whitton (FBI-302-001601).  What application for financial assistance are you talking about?

**Ripe for Motion to Compel**

3/7/22 Letter, Requests 1 & 2, Abramoff criminal history.

3/7/22 Letter, Request 3 and 4, Butina and Erikson.

3/7/22, Request 5, Special Agent Saler.

5/10/22 Requests 5 and 6, re Comply Advantage and Global Visions Solutions.

5/10/22 Request 2, Privilege Log related to items removed from Abramoff's phone (as indicated on the first page of the cellebrite file).

7/15/22 Letter, Request 15, FISA materials.

7/15/22 Letter, Request 12, various search warrants and related materials.


I am available for a call any time today if you have any questions or want to discuss any of the above.


Thanks,

Kerrie

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

# Declaration of Kerrie Dent - Exhibit 34

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 35

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 36

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 37



*United States Attorney*
*Northern District of California*

*11ᵗʰ Floor, Federal Building*                    *(415)436-7200*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*                *FAX: (415)436-7234*

August 9, 2022

**By E-mail to Defense Counsel**

Michael Shepard
Amy Hitchcock
Kerrie Covell Dent
Luke Roniger
King & Spaulding
50 California Street
Suite 3300
San Francisco, CA 94111

Re:    United States v. Rowland Marcus Andrade
       No. 20-CR-00249 RS

Dear Counsel:

I write in response to your July 15, 2022 letter.  We have researched each of your discovery requests.  I respond to each of your numbered requests below:

1. The phone call on August 19, 2019 between FBI SA Quinn and Mr. Andrade was not recorded.
2. As we have previously communicated, the government does not believe that the investigation into Alexander Levin is relevant to this case.  If you have more information about why or how it is relevant, you are welcome to let us know.  Otherwise, the government does not believe that any files seized from Mr. Levin are discoverable in this case.
3. As we have previously communicated, the government does not believe that the investigation into Maria Butina is relevant to this case.  If you have more information about why or how it is relevant, you are welcome to let us know.
4. There are records relating to Mr. Andrade's income and digital transaction records that are in the physical file related to this case.  Those records are currently being scanned and

1

will be produced.  Any other records that are relevant to this request that the government is aware of have already been produced.

5.  The government is unaware of any documents or 302s in its possession relating to Peter Mirijanian.

6.  The government is aware that Mr. Vlahovic is mentioned in 302s that were previously produced, including but not limited to: FBI-MAIN-0000028-FBI-MAIN-0000029; FBI-GJ-0001352; FBI-UC-000061; FBI-MAIN-0000416-FBI-MAIN-0000417.  The FBI never interviewed Mr. Vlahovic.  The government is unaware of any other documents or materials that exist related to Mr. Vlahovic.

7.  The government is aware that Mr. Lewandowski is mentioned in prior 302s that were previously produced, including but not limited to: FBI-MAIN-0000325-FBI-MAIN-0000326, and FBI-302-005432-FBI-302-005458.  The government is unaware of any other relevant materials in its possession that exist relating to Mr. Lewandowski.

8.  The government notes that the SEC is an independent government agency and is not part of the trial team in this case.  Out of an abundance of caution, the government has checked with the SEC and is unaware of the existence of any responsive materials.

9.  The government does not believe that a recording exists of a conversation between Joe Ortiz and SA Wynar.

10.  The government has produced all of the Skype communications between Mr. Andrade and Ms. Foteh that it is aware of, including but not limited to:  FBI-302-004964, FBI-302-005013.  The government is not aware of any Skype communications between Mr. Andrade and Ms. Foteh in its possession that have not yet been produced.

11.  The government believes it has produced all materials involving or referencing Leslie Katz that were responsive to the subpoena, including but not limited to: FBI-302-005235 to FBI-302-005246.

12.  As communicated in a previous letter, the government has produced or will produce shortly all search warrant applications and affidavits that are relevant to this case.  Many of the names in this request are not relevant to this case.  If you have information as to why they are relevant, you are free to let us know at any time.

13.  The government believes it has produced all materials that are responsive to the subpoena, including but not limited to:  FBI-302-001755 to FBI-302-001756, and FBI-302-004812 to FBI-302-004829.

14.  The government is unaware of any reports or communications by the CIA that are relevant to this case.  If you have information suggesting they do exist, you are free to let us know at any time.

15.  The government is unaware of any FISA applications or related materials that are relevant to this case.  If you have information suggesting they do exist, you are free to let us know at any time.

16.  As previously communicated, the government does not believe that the investigation into Paul Erikson is relevant to this case.  If you have more information about why or how it is relevant, you are welcome to let us know.  Otherwise, the government does not believe that any files seized from Mr. Erickson are discoverable in this case.

17.  The government has produced full investigative files from the FBI for earlier investigations related to Mr. Andrade.  With respect to the SEC, the government notes that the SEC is a separate government agency and is not part of the trial team.  Out of an

abundance of caution, the government checked with the SEC and is unaware of the existence of any responsive materials.

In addition, I write to inform you that the government intends to return Mr. Andrade's devices that are currently in the government's possession to him. Please call me at your convenience to discuss how best to effectuate the return of his devices that are currently in the government's possession.

Please contact me if you have any questions concerning the foregoing.

Very truly yours,

STEPHANIE M. HINDS
United States Attorney


_____/s/_____
ANDREW F. DAWSON
ROSS WEINGARTEN
Assistant United States Attorneys

# Declaration of Kerrie Dent - Exhibit 38

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 39

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 40

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 41

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 42

## UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# Declaration of Kerrie Dent - Exhibit 43

# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL