UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendants. | Case No. 20-cr-00249-RS (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 147 |

The court held a discovery hearing on December 22, 2023 about Mr. Andrade's motion to compel discovery. The parties' papers collectively are hundreds of pages, and parts of Mr. Andrade's counsel's supporting declaration are under seal because they involve trial strategy. The parties attach many exhibits, including those reflecting their meet-and-confer process. The current landscape is not a workable one for several reasons: (1) the parties cannot meaningfully discuss whether something is fairly Rule 16 material if the government cannot test or at least respond to Mr. Andrade's under-seal reasons; (2) the meet-and-confer process has been productive because when the parties meet, they do sort out baseline issues (such as whether discovery actually exists); and (3) the volume of disputes can be whittled down so that a hearing can be more productive. In aid of that process, the court ordered the following.

First, the defense team identified the Abramoff documents as the most important. The government said that it had produced documents and its concern was more with the wide-ranging

ORDER – No. 20-cr-00249-RS (LB)

requests for information that sometimes didn't exist or was not in its control. For documents that the government does have, the court asked it to consider whether it cares. If they exist (in a 302 form, for example), and can be produced, then that might be the end of the dispute because it will bring clarity to the defense team. If only because of the government's *Brady* obligations, that might save time. That said, the court cannot discern any significance to some of the discovery (e.g., there are no current Saler 302s, and the earlier 302s date back twenty years). Also, the government's point about under-seal filings is fair: the court asked the defense team to consider lifting some of its redactions.

Second, discovery, especially in a big case, is iterative. The court asked Mr. Andrade to pick the top five things he wants and to tell the government. The government then should consider whether it matters and produce them if it can. The parties must meet and confer by any means but in the end, at least by telephone, to try to narrow their disputes. Then, they can file a short letter brief (around five pages) that summarizes their respective positions and cites by ECF number and exhibit number to any earlier argument and exhibits relating to the dispute. The court would prefer it if the parties did not cite to their back-and-forth letters about the dispute. Instead, they should focus on the merits of their arguments. This process is meant to focus the arguments and point specifically to the relevant sections of the earlier-filed materials.

The court will do its best to have a discovery hearing within a week of the parties' filing their letter brief.

**IT IS SO ORDERED.**

Dated: December 23, 2022

LAUREL BEELER
United States Magistrate Judge