

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

**ABBE DAVID LOWELL**
Partner
(202) 282-5000

April 11, 2023

**VIA E-MAIL (Ross.Weingarten@usdoj.gov)**

Ross Weingarten
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   Discovery Issues in *USA v. Andrade* (Case No. 3:20-cr-00249)

Dear Messrs. Weingarten and Highsmith:

  Thank you for letting us know about last Friday's hearing in the above-referenced case and the Court's Order with respect to outstanding discovery issues. I am writing to bring to your attention (and I hope you can bring these to the Court's attention) the issues we raised regarding our client, Jack Abramoff, and certain information contained on his seized mobile device.

  Mr. Abramoff has no issue whatsoever with the government providing Marcus Andrade with any information that you have from the mobile phone of his that was seized that should be disclosed under the Federal Rules, *Brady v. Maryland*, or any discovery agreement that you and Mr. Andrade and the Court have made. His concern is for two categories of information that likely reside on any copy you have made of his phone—privileged communications between him and his counsel (including myself) and purely personal and totally unrelated other business information that people keep on their phones, which is unrelated to Mr. Andrade's case. As to the latter, this would include personal photos and videos of friends and family; texts on various apps between him and personal friends and family; information contained in shopping, travel and payment apps (like Amazon, Giant Food, Uber, PayPal, Instacart, etc.); banking and credit card records of him and his family; passwords for various accounts; the history of searches on various search engine apps (some of which have to do with his seeking information to assist family members with medical issues); and his own personal health data contained in apps (Medstar health, 23 & Me, etc.).

  The first problem for us to provide you and the Court with specific disclosure concerns, as I think you know, is that Mr. Abramoff does *not* have a copy of the data, either in a phone, a cloud account or another device. After his phone was imaged by your agents, in trying to repair his phone, the Apple technicians inadvertently erased the entire phone's data, and he was unable to restore that phone, since it was not backed up to the cloud or any other device. Needless to say, it is impossible for him (and us) to review information in the government's possession which might be subject to your continuing discovery obligations until we can obtain a copy of the material to review. As I understand it, there is some filter-type taint team that did some initial screening and likely has the complete copy of whatever was on the



April 11, 2023<br>Page 2

phone at the time. In that event, you could send a copy of that to us, and we could then do a review for privileged communications and personal information.

    With respect to any review, it will not be difficult (and hopefully not time-consuming) for Mr. Abramoff to identify and for us to confirm attorney-client communications and then make a privilege log of any such exchanges. We recognize that there might be an individual or two (e.g., Robert Abramoff) who may have communicated to our client in various ways, several not involving the rendering of legal advice at all. We would be careful to sift through any such communications of people who had different roles to our client.

    The real issue, however, is the material that is not in the form of an identifiable or searchable format. Photos and videos or voice memos are good examples. Furthermore, material such as apps, videos, calendar entries, contacts, etc. will have comparatively little that could be germane to Mr. Andrade but would involve hundreds and hundreds of items that would not usually be obtained by the government and certainly not provided in discovery to a defendant. Here, to satisfy the government's obligations and any requests of Mr. Andrade the Court has approved, would not the right approach be to review these for names, places and dates that could have any bearing on the issues in the case? Still, photos or similar recorded data might still be difficult or a little time-consuming to review, but this type of information is very unlikely to be relevant to the case. If it is (e.g., a photo of Mr. Andrade or others involved in the relevant transactions), we would of course recognize that the government would provide these to the defense. However, for texts, calendars, contacts, etc., an approach to locate relevant information, versus an approach to exclude what would be the majority of data, would be preferable without prejudicing Mr. Andrade.

    The issues we are raising often come about when the government obtains vast amounts of electronic data from a search rather than using a subpoena where privileged or non-relevant material can be screened and logged at the beginning. That having not been done, we are hoping to raise the concerns we have with you and the Court, and we would be eager to participate in a call or hearing with the Court to do so. Yet another challenge is that we could not discuss these issues or work with Mr. Abramoff last Friday through Saturday night and from sundown tonight through Thursday evening because of the Sabbath and Passover holidays.

    Please let us know what other information we can provide or describe to facilitate a solution that helps the government fulfill its discovery duties as the Court has directed and provides Mr. Andrade with all the information to which he is entitled.

Sincerely,<br><br>*[signature]*<br>Abbe David Lowell

cc:    AUSA Christiaan Highsmith (Christiaan.Highsmith@usdoj.gov)
        Richard Weber (RWeber@winston.com)