MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:    +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
  kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:    +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE<br><br>Defendant. | Case No. 3:20-CR-00249-RS-01 (LB)<br><br>**DEFENDANT ANDRADE'S NOTICE OF MOTION, MOTION TO COMPEL PRODUCTION OF ABRAMOFF'S PHONE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:      July 13, 2023<br>Time:     10:30 a.m.<br>Judge:    Hon. Laurel S. Beeler |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, July 13, 2023, at 10:30 a.m., or as soon thereafter as the matter may be heard, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) and *Brady v. Maryland*, 373 U.S. 83 (1963), Defendant Rowland Marcus Andrade will bring for hearing before the Honorable Laurel Beeler, Magistrate Judge, his Motion to Compel Production of Abramoff's Phone.

Mr. Andrade seeks an order directing the government to produce the entire collection of materials extracted from Abramoff's mobile device, including any native files, as well as materials generated as a result of all forensic collections, extractions, and data processing (*e.g.*, Cellebrite report) ("the complete version" of "Abramoff's phone"), which Mr. Andrade requested on March 3, 2022. Mr. Andrade's request for the complete version of Abramoff's phone does not include anything the court has ruled the government is not required to produce, such as the 31 Robert Abramoff messages that the court has ruled are personal and not relevant. June 1, 2023 Order, Dkt. #183. Nor does the request include the Peter Zeidenberg and Arent Fox materials that the government said were already removed from the phone as "potentially privileged." *See* USA's Opposition to Andrae's Motion to Compel, Dkt. #125 at 10. Mr. Andrade has reserved his right to ask for those at a later date. *See* Andrade's Supplemental Reply in Support of his Motion to Compel, Dkt. #159 at 8, n.8.

In support of this motion, Mr. Andrade submits the attached Memorandum of Points and Authorities and the Declaration of Kerrie C. Dent.

Respectfully submitted

DATED: June 23, 2023

By:   /s/ *Kerrie S. Dent*
MICHAEL J. SHEPARD
KERRIE C. DENT (*pro hac vice*)
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

1

ANDRADE'S NOTICE OF MOT AND MOT TO COMPEL   Case No. 3:20-CR-00249-RS-01 (LB)
PRODUCTION OF ABRAMOFF'S PHONE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case has been pending for three years, and on June 6, 2023, at the government's request, Judge Seeborg set a trial date of March 11, 2024. Dkt. #191. Mr. Andrade therefore is presenting to this court, as promptly as possible, the remaining discovery issues. This is the first such motion, and it seeks a complete version of Jack Abramoff's phone.[1] In March 2023, the government agreed to produce a complete version of the phone after defense counsel demonstrated that there were relevant communications missing from the version of the phone produced to Mr. Andrade in May 2022 in response to his request. The government made this agreement both in an email (March 6) and in a meet-and-confer (March 8). The government also represented *to this court*, in a March 22 supplemental memorandum in support of its opposition to Mr. Andrade's motion to compel (Dkt. #158), that it would produce the complete version of Abramoff's phone.

The government's refusal to produce Abramoff's phone, and this motion, relate to issues independent of the privilege claims the court has addressed in its April 7, 2023, Order, Dkt. #165 ("April 7 Order"). The government's failure to produce Abramoff's phone was not addressed as part of that motion because, at the time it was filed and argued, the government had agreed to produce the complete phone (except for items removed as potentially privileged).

Even if the government had not expressly agreed to produce the phone and so advised the Court, there are other compelling reasons to order the production of the phone:

- o The Court's April 7 Order holds that the Butina, Erickson and Levin phones are material to the preparation of Mr. Andrade's defense, and in particular the portion of his defense about Abramoff's scheming about Mr. Andrade's business behind Mr.

---

[1] Mr. Andrade's request for the "complete version" of Abramoff's phone does not include anything that the court has ruled the government is not required to produce, such as the 31 Robert Abramoff messages that the court has ruled are personal and not relevant. Nor does the request include the Peter Zeidenberg and Arent Fox materials that the government said were already removed from the phone as "potentially privileged." *See* USA's Opposition to Andrae's Motion to Compel, Dkt. #125 at 10. Mr. Andrade has reserved his right to ask for those at a later date. *See* Andrade's Supplemental Reply in Support of his Motion to Compel, Dkt. #159 at 8, fn8.

Andrade's back, at the same time that Abramoff was orchestrating the conduct for which Mr. Andrade has been charged. *See* April 7 Order at 12 ("Mr. Andrade has established a connection to this case surrounding Mr. Abramoff's involvement with Ms. Butina and Messieurs Levin and Erickson . . . [This case] is not just about Mr. Abramoff or Mr. Andrade and AML Bitcoin. It is about the larger context of the business model for cryptocurrency, whether Mr. Abramoff may have been working against Mr. Andrade, and how that affects Mr. Andrade's responsibility and scienter."). It necessarily follows that Abramoff's own phone is material to that defense.

- In arguing against the production of the phones of Butina, Erickson and Levin, the government did not claim to be lacking those phones but instead argued that their production was unnecessary because all their communications with Abramoff would be on Abramoff's phone. Even if this argument did not understate the potentially relevant communications *with others* on the phones of Butina, Erickson and Levin, the government's new position that it has few if any communications from the phones of Levin or Erickson, if that position is accurate, underscores the materiality of the production of Abramoff's phone as the only source available for Abramoff's communications with Erickson and Levin.

- The incomplete version of the phone produced to Mr. Andrade more than a year ago has turned up exculpatory evidence, and there is no reason to believe that the rest of the phone will be any different. Dent Decl. at ¶20. The complete Abramoff phone should be produced as exculpatory. *See Brady v. Maryland*, 373 U.S. 83, 87–88 (1963).

II. **STATEMENT OF FACTS**

Mr. Andrade requested Abramoff's phone in a discovery letter dated March 3, 2022 (Req. #13), and the government produced an image of the phone in May 2022, without objection. *See* Declaration of Kerrie C. Dent ("Dent Decl."), ¶ 3.

As it turned out, the version of Abramoff's phone that the government produced to Mr.

1. Andrade was missing many exculpatory and material communications, including but not limited
2. to those between Abramoff and Alexander Levin. Dent Decl. at ¶ 4.  Mr. Andrade's counsel
3. learned that the produced version of the Abramoff phone was incomplete by reviewing a
4. summary of the communications on Abramoff's phone prepared by the FBI case agents and
5. contained in a 302 report that summarized messages on Abramoff's phone ("FBI report"). *Id.*
6. (citing FBI-302-005158). The missing messages included more than 100 between Abramoff and
7. Alexander Levin, an individual the court has since ruled is material to Mr. Andrade's defense.
8. Dent Decl. at ¶¶ 4 and 5 (citing Dkt. #165, April 7 Order, at 7-8, 11).

9.       Mr. Andrade's lawyers explained the issue of the missing communications to the
10. government in December 2022.  Dent Decl. at ¶ 6-7.  After some back and forth, on January 13,
11. 2023, the government produced certain messages between Abramoff and Levin's Ukrainian
12. phone number that were referenced in the FBI report but had not been included in the version of
13. the Abramoff phone produced to Mr. Andrade.  Dent Decl. at ¶¶ 6-8.  However, questions
14. remained about which additional communications were missing from the version of the phone
15. produced to Mr. Andrade.  Dent Decl. at ¶ 8.

16.       Based on the FBI report, it is apparent that the Levin materials were not the only material
17. communications missing from the version of the phone produced to Mr. Andrade. Dent Decl. at
18. ¶¶ 9, 10.  For example, the phone image produced to Mr. Andrade did not include certain
19. messages between Abramoff and two other associates, a Ukrainian businessman and a Miami
20. businessman, even though those messages are referenced in the FBI report. One of the missing
21. emails was related to digital currency consulting work that was to be paid for through Landfair
22. Capital, the company whose bank account was described as "the money connection" by the case
23. agents when then were searching Abramoff's home. Abramoff wrote the following: "I spoke
24. yesterday with GB. Our LA company will do a consultancy regarding digital currencies,
25. providing investment guidance and opportunities. The consulting fee will be $1.5 million. ... You
26. will receive a W9 from the LA company – Landfair Capital Consulting, Inc. – and have a
27. business expense for the consulting effort. Landfair will provide periodic written reports as
28. well." Dent Decl. at ¶ 9.  This email, included in the FBI report but not in the phone that has

3

been produced to the Mr. Andrade, demonstrates that the Levin communications are not the only ones missing from the version of Abramoff's phone produced to Mr. Andrade. Dent Decl. at ¶ 9.

There are still other individuals who were engaged in precisely the sort of activities that the court has ruled are material to Mr. Andrade's defense. Like Levin, they were engaged in communications with Abramoff about "the larger context of the business model for cryptocurrency," and were "working against Mr. Andrade" with Abramoff in ways that "affect[] Mr. Andrade's responsibility and scienter." April 7 Order, Dkt. #165 at 12. Three examples of such individuals and their nefarious work with Abramoff relating to Mr. Andrade, his company NAC Foundation, and AML Bitcoin, are described in detail in the Declaration of Kerrie C. Dent in Support of Andrade's Motion to Compel Discovery.[2] *See* Dkt. #120-1 (Nov. 28, 2022): lobbyist — ¶12 fn 8, ¶18 fn 22, ¶20, and ¶24; businessman — ¶16 fn 18, ¶22 fn 28; and politician — ¶16 fn 20 and ¶20 fn 27. Mr. Andrade knows of others who are similar to Butina, Erickson, Levin, as well as to the lobbyist, businessman and politician, and whose communications with Abramoff are on Abramoff's phone — not to mention the likelihood of still others not yet known to Mr. Andrade. Dent Decl. at ¶ 10.

During a meet-and-confer call on February 28, 2023, the parties discussed that there were additional messages missing from the version of the Abramoff phone produced to Mr. Andrade. Dent Decl. at ¶ 11. Several days later, on March 6, AUSA Dawson provided a solution to the missing messages problem when he emailed defense counsel that the government was "***preparing to produce a complete version of Jack Abramoff's phone***, with only potentially privileged materials filtered out." He added: "As I mentioned on the phone last week, while our search warrant authority expired long ago, ***we have obtained consent to access the rest of the phone, and we will produce it to you***." Dent Decl. at ¶ 11 (emphasis added). It is not clear why the government did not obtain consent to access the full Abramoff phone and produce it as Rule

---

[2] The Declaration was filed under seal and *ex parte* to avoid disclosing our trial strategy to the government. *See, e.g.*, *United States v. Sleugh*, 318 F.R.D. 370, 374-375 (N.D. Cal. 2016) (holding that defendant's constitutional right to court process without revealing trial strategy overrides public's right of access to *ex parte* applications); *United States v. Solano*, No. 3:21-CR-00263-VC (N.D. Cal. 2021) (permitting criminal defendant to file declaration in support of contested discovery motion under seal to prevent disclosure of defendant's trial strategy).

16 material years ago.[3]

On March 8, 2023, during another meet-and-confer call, AUSA Dawson confirmed that he would be producing the full version of Abramoff's phone. Dent Decl. at ¶ 12. He informed defense counsel that the Cellebrite files for the phone were "sitting on his desk" and the production likely would be made in the next day or so. On the same call, the prosecutors said they would *not* produce *Levin's* phone in part because any communications with Levin and Abramoff would be on the complete Abramoff phone the government had now agreed to produce. Although the court ultimately ordered the government to produce the Levin phone, the government produced only four spreadsheets listing messages from the phone. Dent Decl. at ¶12.

After the March 8 meet-and-confer, the government emailed defense counsel that the material of one law firm and two lawyers — Arent Fox, Peter Zeidenberg, and Robert Abramoff — had been removed from the Abramoff phone as "potentially privileged." Dent Decl. at ¶ 13. It was in that context that the court was asked to rule on whether the communications with Robert Abramoff should be produced – a narrow issue based on the understanding that the rest of the image (except for the two other attorney-client privilege claims) would soon be produced. The court ruled on that issue in its April 7 Order, mandating that the government produce five categories of documents, including Robert Abramoff's communications on his brother's phone. Dent Decl. at ¶ 13 (citing Dkt. #165 at 10). The complete Abramoff phone was not part of the discovery dispute because the government had agreed, orally and in writing, to produce it.

The government also made representations *to the Court* that it would be producing the complete Abramoff phone to Mr. Andrade. Dent Decl. at ¶14. In a March 22, 2023, supplemental opposition to Mr. Andrade's motion to compel, the government again used its promise of producing a complete extraction of Abramoff's phone as a reason that it should not be required to produce the phones of other individuals (all of whom have since been ruled material to Mr. Andrade's defense). *Id.* (citing Dkt #165 at 11, 13). The government wrote in its supplemental

---

[3] The government imaged the phone in September 2018. The recording of the government's search of Abramoff's home at that time reveals that the government took an image of his phone during the search and gave his phone back to him before they left his home. Recording ID-39.

opposition that "in the course of meet-and-confer negotiations, *the Government obtained Abramoff's consent to produce a complete extraction of his mobile device*, with only potentially privileged materials removed. Defendant *therefore does not need devices associated with Paul Erickson, Maria Butina, or Alexander Levin* in order to gain insight into Abramoff's communications. Defendant will have the same information directly from Abramoff's devices." *Id*. (citing Dkt. #158 at 3) (emphasis added).

More than two months after the government told defense counsel – and the Court – that it would produce the complete Abramoff phone, the government still has not produced it. Dent Decl. at ¶ 15. In the meantime, on April 7, the court had ruled in Mr. Andrade's favor on the materiality of Levin, Butina, and Erickson. *Id. See* April 7 Order, Dkt. #165 at 12 ("Mr. Andrade has established a connection to this case surrounding Mr. Abramoff's involvement with Ms. Butina and Messieurs Levin and Erickson, and limiting the production to references to Mr. Andrade and AML Bitcoin is too narrow.") In a letter dated May 10, 2023, defense counsel asked the government to either "produce the complete Cellebrite files of Abramoff's phone immediately, or explain why [it was] not able to do so." Defense counsel also wrote that they were "available to meet and confer" about the issue if they thought such a meeting would be helpful. The government did not respond to the letter. *Id.*

During a court-ordered meet-and-confer on May 24, 2023, the government reversed itself and announced for the first time that the government was *not* going to produce the Abramoff phone. Dent Decl. at ¶ 16. AUSA Highsmith was copied on the March 6 email in which the government agreed to produce the phone, and he was present at the March 8 meet-and-confer during which the government confirmed that it would be producing the phone within the next few days. Dent Decl. at ¶ 16. Even though the government had more than once used the promise of producing Abramoff's complete phone as a reason not to produce the phones of Levin, Butina, and Erickson, AUSA Highsmith insisted that the government will not produce Abramoff's phone. *Id.*

Defense counsel again offered to meet-and-confer about the government's promise to produce the complete Abramoff phone on May 31, 2023, but the government again failed to

6

respond promptly. Dent Decl. at ¶ 17.

The challenge of preparing Mr. Andrade's defense without a complete version of his alleged co-schemer's phone is exacerbated by the fact that the government has not produced the phones of Erickson and Levin, both of which the court mandated the government produce in its April 7 discovery order. Dent Decl. at ¶ 18 (citing Dkt. #165 at 13).

> More than six weeks after the court ordered the government to produce the Levin phone, on May 24, 2023, the government produced four spreadsheets of messages. The government most recently has taken the position, in a June 13 meet-and-confer, that the four spreadsheets represent the only material they have ever had access to from Levin's phone and that they have no access to Levin's devices. That position is difficult to reconcile with the government's prior assertion in a February 9, 2023 email that it "just received word that agents ran search terms . . . *through the seized devices from Levin*…."

Dent Decl. at ¶ 18.

After three months of silence and a failure to follow through on its agreement to produce the complete phone of Mr. Andrade's alleged co-schemer, the government sent defense counsel an email on June 9, 2023 raising four reasons for not producing the Abramoff phone. Dent Decl. at ¶19. As set forth in detail below, the excuses are meritless.

The incomplete version of the Abramoff phone produced to Mr. Andrade has been a crucial piece of evidence in preparing his defense. It includes exculpatory evidence and provides a roadmap of the wrongdoing in which Abramoff and his fellow miscreants engaged with Mr. Andrade's company, his cryptocurrency, and his patents. Obtaining the complete Abramoff phone would afford Mr. Andrade the opportunity to identify additional potentially exculpatory evidence and help Mr. Andrade prepare his defense strategy. Dent Decl. at ¶20.

### III.    ARGUMENT

#### A. The Court Should Order Production of the Phone Immediately

The complete version of the phone of Mr. Andrade's alleged co-schemer should be produced immediately. The materiality of Abramoff's phone requires little, if any, explanation. Even the incomplete version of the phone — produced in May 2022 — has been one of the most useful pieces of evidence in preparing Mr. Andrade's defense so far. Dent Decl. at ¶20.

7

Demonstrating materiality is a "low threshold" that is satisfied if the information requested merely would have "helped [the defendant] prepare a defense." *United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016); *United States v. George*, 786 F. Supp. 56, 58 (D.D.C. 1992) (the materiality threshold of Rule 16 is "not a heavy burden").

Recognizing its materiality, the government has agreed to produce the phone on multiple occasions, including in a March 6 email and during a March 8 meet-and-confer. The government represented to the court in a March 22 supplemental opposition brief that it would be producing the phone, and that its production of Abramoff's complete phone would obviate the need for it to produce the Erickson and Levin phones to Mr. Andrade. Discovery disputes before the court have proceeded under the assumption that the phone would be produced, and – most importantly – the government is obligated to produce the phone under Rule 16, if not also *Brady* and *Giglio*, as well as under the reasoning of this Court's Order of April 7, 2023.

As an initial matter, prosecutors should be held to the promises they make, whether those promises are made in the context of a discovery dispute or a plea deal. *See, e.g., Santobello v. New York*, 404 U.S. 257, 262 (1971) (the interests of justice and proper recognition of the prosecution's duties in relation to promises made — and inadvertently not honored — in connection with plea bargaining required that the judgment be vacated and that the case be remanded to the state courts for further consideration as to whether the circumstances require only that there be specific performance of the agreement on the plea or petitioner should be afforded the relief he seeks of withdrawing his guilty plea.).

Even if the government had never agreed to produce Abramoff's phone, there is no question that its production falls within the reasoning of the Court's April 7 discovery order, which found that Mr. Andrade had "established a connection to this case" concerning Abramoff's involvement with Levin," "that the case is not just about Mr. Abramoff or Mr. Andrade and AML Bitcoin," but rather was "about the larger context of the business model for cryptocurrency, whether Mr. Abramoff may have been working against Mr. Andrade, and how that affects Mr. Andrade's responsibility and scienter." Dkt. #165 at 12. A version of Abramoff's phone that includes his messages with Levin, Erickson, and other fellow miscreants

by definition falls within the Court's interpretation of what the government is required to produce under Rule 16.

Abramoff's phone should also be produced because it contains messages between Abramoff and Levin, and Abramoff and Erickson – communications the Court found to be material in its April 7 Order, and that the government now says, contrary to its prior representations, cannot be found on anything it possesses from Erickson and Levin, beyond Levin messages on four spreadsheets produced on May 24, 2023. Dent Decl. at ¶¶ 12 and 18.[4] In addition, Abramoff's phone should contain other messages not otherwise produced. First, the Levin messages produced so far were those on the FBI report that defense counsel called to the government's attention, but that report was on its face only a "partial summary" of what was on Abramoff's phone. Second, as detailed above and in the Declaration of Kerrie Dent, there are additional material messages on the phone that have not been produced, including messages about cryptocurrency consulting and Landfair Capital; and other evidence produced by the government indicates that there are even more individuals who were engaged in precisely the sort of activities the court has ruled are material to Mr. Andrade's defense. Third, defense counsel is investigating the possibility that Abramoff sometimes communicated with Levin and others using code names or aliases. Finally, there may be additional miscreants who engaged in wrongdoing with Mr. Abramoff who are still unknown to Mr. Andrade. It was these issues that Mr. Andrade brought to the government's attention in meet-and-confers and that led the government ultimately to address the missing material by agreeing on March 6 to produce a complete version of the Abramoff phone. Dent Decl. at ¶ 11.

///

For all the reasons detailed above, the government was on the right track when it told Mr. Andrade, orally and in writing, and when it told the Court in its March 22 brief, that it would produce the complete image of Abramoff's phone. The failure of the government to produce the

---

[4] The government's current representation that it has only a few pages of spreadsheets about Levin's phone is difficult to reconcile with the government's prior assertion in a February 9, 2023 email that it "just received word that agents ran search terms . . . *through the seized devices from Levin*…." Dent Decl. at ¶ 18 (emphasis added). This issue, as well as the one relating to Erickson's phone, may be the subject of subsequent motions.

phones of Levin and Erickson – regardless of the reasons – makes living up to its promise even more important.

### B. The Government's Four Excuses For Not Producing Abramoff's Phone Do Not Relieve the Prosecutors of their Rule 16 and *Brady* Obligations

After three months of silence and failure to follow through on its agreement to produce the complete phone of Mr. Andrade's co-schemer, the government sent Mr. Andrade's counsel an email on June 9, 2023, raising four explanations for why it will not produce Abramoff's phone. Dent Decl. at ¶19. None of the observations in the email even comes close to relieving the government of its obligations under Rule 16 and *Brady* to produce Abramoff's complete phone (less the potentially privileged materials of Zeidenberg and Arent Fox, and the materials that were the subject of the Court's Order of June 1, 2023, Dkt. #182).

#### 1. "[A]fter Mr. Dawson acceded to your request to produce the unminimized cell phone image, it came to our attention that the cell phone contained purely personal material irrelevant to the case."

This is a puzzling claim. In May of last year, the government produced a substantial number of what it now calls "personal" emails when it purported to produce Abramoff's entire phone but failed to do so. If all the government is saying is that it does not want to produce the phone given that it includes personal material already ruled on by the Court, then the answer is that, as noted in Part B2 below, the government has demonstrated its ability to remove material from images before producing them and it can do so for the images on which the Court has ruled. If the government is saying that there are *additional* personal messages that it does not want to produce other than the ones with Robert Abramoff, any such messages should be identified (including the names of the family members involved) and submitted to the Court for review, especially because several of Abramoff's family members play roles in his schemes, and in what has already been produced, Abramoff mixes personal family messages with business messages all of the time -- often information about AML Bitcoin or Abramoff's other schemes with Landfair funds is within the same message discussing a personal matter such as funding for his son's textbooks or his father's illness.

///

**2. Producing Abramoff's phone "would require that we produce withheld privileged material involving Arent Fox LLP and attorney Peter Zeidenberg."**

This excuse is inconsistent with the government's earlier assertions about potentially privileged materials having been removed from the complete image of the Abramoff phone they were promising to produce. On March 8, 2023, the same day the government confirmed that it would be producing the complete version of Abramoff's phone within the next few days, the government emailed defense counsel that material involving Arent Fox, Peter Zeidenberg, and Robert Abramoff had been removed from the Abramoff phone as "potentially privileged." Dent Decl. at 13. The government also confirmed that Arent Fox and Zeidenberg messages were removed from the Abramoff phone in its December 5, 2022, brief in opposition to Mr. Andrade's motion to compel (filed a few days prior to defense counsel's determination that Levin and other messages were missing from the version of the phone produced to Mr. Andrade). Dkt. #124 at 10. The government's new assertion that it cannot produce Abramoff's phone without producing the privileged materials is baseless based on its own prior statements, and in any event is something it could easily fix.

**3. "[T]he government does not understand why you continue to request irrelevant material from the Jack Abramoff cell phone."**

The reasoning in the Court's April 7 Order demonstrates why Mr. Andrade's is not seeking irrelevant material – if, as the Court acknowledged, the Butina, Erickson and Levin phones were material to the preparation of Mr. Andrade's defense relating to Abramoff's scheming, then it necessarily follows that Abramoff's own phone is material. In any event, more than six months ago, Mr. Andrade's counsel demonstrated to the government that the phone it agreed to produce without restriction was produced in a form that was missing many of the communications that are material to Mr. Andrade's defense. The government should be held to its promise to produce the complete image of Abramoff's phone.

///

///

///

**4. "[W]e produced [the Levin-Abramoff WhatsApp communications] . . . in January of this year."**

This argument is beside the point. The government produced the Levin-Abramoff communications referenced in the FBI report in January 2023 after defense counsel pointed out to the government that the phone it produced to Mr. Andrade did not contain the 114 messages between Abramoff and Levin's Ukrainian phone number that the FBI report listed. Dent Decl. at ¶8. However, on February 28, 2023, in a meet and confer, defense counsel discussed with the government the fact that there were additional communications missing from the version of the phone produced to Mr. Andrade. Dent Decl. at ¶11. As set forth in more detail above at pages 3-4, the messages produced in January are just one small set of the documents missing from the phone image produced to Mr. Andrade. There are additional communications between Abramoff and his fellow miscreants summarized on the FBI report, and even more messages between Abramoff and other fellow miscreants whose wrongdoing was not summarized on the FBI report, but was identified in other discovery produced by the government and then described in the Declaration of Kerrie C. Dent in Support of Andrade's Motion to Compel Discovery. *See* Dkt. #120-1 (Nov. 28, 2022). And there almost certainly are messages between Abramoff and still other individuals about whom Mr. Andrade does not yet know. That the 114 Levin messages were not the only ones missing from the phone produced to Mr. Andrade is precisely what led the government to agree to produce the Abramoff's complete phone. Dent Decl. at ¶11.

After repeated promises, extensive briefing, the failure to make a complete production of the phones of Erickson and Levin as ordered by the Court, and the reasoning of the Court's April 7 Order, the government should not be allowed to reverse course on the production of Abramoff's phone. Even in situations where a prosecutor *inadvertently* fails to follow through with a colleague's agreement, the Supreme Court has admonished that prosecutors have an obligation to "let[] the left hand know what the right hand is doing." *Santobello v. New York*, 404 U.S. 257, 262 (1971). And even if Mr. Andrade's right to due process is not implicated, the government is breaking a promise to produce a co-schemer's phone the production of which, in any event, is required by Rule 16 and *Brady*. At this point, of all the material communications on

12

MPA ISO ANDRADE'S MOTION TO COMPEL                    Case No. 3:20-CR-00249-RS-01 (LB)
PRODUCTION OF ABRAMOFF'S PHONE

Abramoff's phone between Abramoff and his fellow miscreants over a several year period, the government has produced only 114 messages – a small slice of Abramoff's wide-ranging scheming. This falls far short of its obligations, as well as its promises.

For the foregoing reasons, this Court should grant Mr. Andrade's motion and require the immediate production of the complete image of Abramoff's phone.

DATED: June 23, 2023                    Respectfully submitted

By:   /s/ Michael J. Shepard
      MICHAEL J. SHEPARD
      KERRIE C. DENT (*pro hac vice*)
      CINDY A. DIAMOND

      Attorneys for Defendant
      ROWLAND MARCUS ANDRADE