1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   KATHERINE L. WAWRZYNIAK (CABN 252751)
3  Chief, Criminal Division

4  CHRISTIAAN H. HIGHSMITH (CABN 296282)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        christiaan.highsmith@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN FRANCISCO DIVISION
12

13

14  UNITED STATES OF AMERICA,           )   Case No. 20-CR-249 RS (LB)
                                         )
15         Plaintiff,                    )   [PROPOSED] ORDER RE: ADDENDUM TO
                                         )   EXISTING PROTECTIVE ORDER
16      v.                               )
                                         )
17  ROWLAND MARCUS ANDRADE,              )
                                         )
18         Defendant.                    )
                                         )
19  ─────────────────────────────────

20         GOOD CAUSE HAVING BEEN SHOWN, it is hereby ORDERED that the following

21  Addendum to the existing Protective Order, Dkt. #24, is in effect and that this Addendum supplements

22  the existing Protective Order, which remains in full force and effect:

23         Defendant is charged in an Indictment with violations of 18 U.S.C. § 1343 (Wire Fraud), 18

24  U.S.C. § 2 (Aiding and Abetting Wire Fraud) and 18 U.S.C. § 1956(a)(1) (Money Laundering), and the

25  Indictment includes a forfeiture allegation under 18 U.S.C. § 981(a)(1)(C).  Defendant has requested

26  production of the full Jack Abramoff cell phone, except for attorney-client privileged material.  The

27  United States will produce the requested Abramoff cell phone to defense counsel and will designate it as

28

ADDENDUM TO EXISTING PROTECTIVE ORDER                                              1
CASE NO. 20-CR-00249 RS

"Sensitive Material" in accordance with the rules set forth below for material deemed to be "Sensitive Material."

    1. **Rules for the Handling of Sensitive Material.**

        a. **Limitations on Use.** Defendant and the legal defense team may use Sensitive Material solely in connection with the defense of this case, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

        b. **Limitations on Dissemination.** No Sensitive Material, or the information contained therein, may be disclosed to any persons other than Defendant, the legal defense team, or the person to whom the Sensitive Material solely and directly pertains or his/her counsel, without agreement of the United States or prior authorization from the Court.

        c. **Limitations on Reproduction.** Defendant, the legal defense team, and authorized persons shall not copy or reproduce the Sensitive Material except in order to provide copies of the material for use in connection with this case by Defendant, the legal defense team, the person to whom the Sensitive Material solely and directly pertains or his/her counsel, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

        If defense counsel provides Defendant access to Sensitive Material, defense counsel must advise Defendant that Defendant may not record any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure or any telephone numbers, email addresses, driver's license numbers, passwords stored on the cell phone, and similar unique identifying information. By signing the attached affirmation, Defendant agrees not to do so.

        Copies and reproductions, and any notes or records made in relation to the contents of the Sensitive Material, are to be treated in the same manner as the original materials.

d. **Court Filings.**  Absent prior agreement by the parties or permission from the Court, no party shall disclose Sensitive Material in any public filing with the Court. Such materials shall be submitted under seal in accordance with Local Criminal Rule 49(f)(6). The Clerk of Court shall accept for filing under seal any filings made in compliance with that Rule and so marked by the parties pursuant to this Order.

e. **Court Hearings.**  The restrictions in this Order shall not limit either party in the use of the Sensitive Material in judicial proceedings in this case. The procedures for use of designated Sensitive Material during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose materials designated Sensitive Material in open court without agreement by the parties that such materials may be disclosed in open court or prior authorization by the Court.

2.     **Additional Rules for Handling of Sensitive Material.**  The following additional terms apply to Sensitive Material:

a. **Storage.**  Sensitive Material must be maintained in the custody and control of Defendant, the legal defense team, and authorized persons.  This restriction shall not apply to the person to whom the Sensitive Material solely and directly pertains or his/her attorney.

IT IS FURTHER ORDERED that defense counsel shall return Sensitive Material (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; final judgment in any civil forfeiture action arising out of this case, or the conclusion of any direct appeal.  After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the date on which the statutory period for filing a motion under 28 U.S.C. § 2255 expires, the United States is free to destroy documents and materials subject to this Order.  If Defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Addendum to the Protective Order under the terms of this Addendum.  Defendant's

attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Addendum within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.  This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the condlusion of the district court proceedings in this case, unless this case is transferred to a different district court, in which case that district court shall have jurisdiction to modify this Order.

**IT IS SO ORDERED.**

Dated:

_____

HON. LAUREL BEELER
United States Magistrate Judge

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|-----------|------|
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |