**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
 mshepard@kslaw.com
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 cindy@cadiamond.com
58 West Portal Ave #350
San Francisco, CA 94127
Telephone: 408.981.6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE<br><br>Defendant. | Case No. 3:20-CR-00249-RS<br><br>**DEFENDANT ANDRADE'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF ABRAMOFF PHONE**<br><br>Magistrate Judge Laurel Beeler<br>Hearing Date:  Thursday, July 13, 2023<br>Hearing Time:  10:30 a.m. |

Over a year after it said it had produced Abramoff's phone (but in fact left out material and exculpatory information), over three months after it promised to remedy the situation by producing the entire phone, several weeks after finally meeting-and-conferring (consisting of its offering now largely abandoned reasons for refusing to live up to its promise, without proposing the protective order offered in its Opposition), and a week after Mr. Andrade filed this motion to compel production of the phone, the Opposition declares that the government will produce the phone if Mr. Andrade agrees to what it calls a "reasonable addendum" to the already-existing protective order. Opposition at 3:16. While Mr. Andrade would eagerly agree to reasonable terms to get the government to produce what it has now withheld for over a year, the proposed terms are not reasonable nor in any way justified, and are based on a series of assertions that are incorrect. This Court should therefore order the government to immediately produce the entire Abramoff phone, which already is protected by an appropriate protective order.

I. **The "Reasonable Addendum" to the Protective Order Is Neither Necessary nor Reasonable**

In the three years during which this case has been pending, a mountain of discovery has been produced. The productions have been made pursuant to a protective order proposed by the government, negotiated by the parties, and entered by Judge Seeborg on October 15, 2020. Dkt. # 24. That order has provisions expressly designed "to preserve the confidentiality of . . . the personal and private data of persons other than the defendant that are contained in the discovery materials." Dkt. # 24 at 2:24-27. It applies to Mr. Andrade, his defense counsel, and his counsel in related ancillary proceedings. It has specific provisions relating to personal identifying information and financial information, and it also has more general provisions protecting everything produced and prohibiting its disclosure to third parties. There is no claim that this order has been violated in any way in the over 33 months that it has been in effect for even a single document among the literally millions that have been produced – including a massive quantity of Abramoff's personal information that was produced by the government when it made its initial effort to produce the phone to the defense over a year ago. *See* Declaration of Kerrie C.

Dent in Support of Reply Brief ("Dent Decl.") at ¶ 8.

While the government makes a brief pass at explaining why it nonetheless wants an addendum to the order – why the sensitive, personal materials on the complete Abramoff phone are worthy of different protections than what the sensitive, personal materials on the incomplete phone have received without incident since May 2022 under the existing protective order – none of its reasons are meaningful, and none explain (or even mention) what the addendum adds to the existing protective order.[1]

There are two main differences between the existing protective order and the addendum, both of which are unjustified and unacceptable. The first is that addendum does not contain a provision like the one in the existing order that allows material produced in discovery to be used "in litigating related ancillary proceedings," such as the SEC's case against Mr. Andrade, forfeiture proceedings, and litigation with potential government witnesses. These are proceedings in which Mr. Andrade's CJA counsel does not represent him, but proceedings in which the defenses need to be coordinated with his defense in this case, based on full information. The government has provided no reason why Andrade's lawyers in these ancillary cases should be denied access to Abramoff's phone.

The second main difference is that, although paragraph 1(e) of the addendum is written in an internally contradictory fashion, it could be read to require advance notice to the government at trial of the use of discovery to be used in cross-examination. In practical effect, this would gift the government with an opportunity to preview any defense cross-examination of Jack Abramoff

---

[1] ***First***, the Opposition accuses Mr. Andrade of being "particularly litigious," but this has not changed since the original production of the phone and therefore cannot justify a new order. In any event, whether Mr. Andrade is "litigious" (or whether he is merely responding to incorrect accusations) does not equate to violating protective orders – which he has not done – and, if anything, the presence of other cases in which access to information depends on compliance with protective orders provides an even greater check on violations than in an ordinary case. ***Second***, the Opposition asserts that Mr. Andrade "requests irrelevant discovery," but this has no apparent causal connection to protective order violations, and whether he obtains that discovery is up to the Court – which by and large has identified the problem in this case as the government's resistance to discovery rather than Mr. Andrade's requests. ***Third***, the Opposition states that Mr. Andrade has "cycled through numerous sets of defense counsel," but Mr. Andrade has not had any more changes in counsel than the government has had in this case, and all counsel have complied with the protective order. Finally, the Opposition claims that the existing protections were not "designed to protect . . . the huge scope and volume of irrelevant material in the entire cell phone," but the existing protective order has been used in cases big and small, and has served its function without incident for the huge volume of personal information that the government has already produced.

1  that would be based on material from his phone.  This gift is especially troublesome because,

2  despite the government's complaint that it seeks to protect personal family photos, health

3  information, and other sensitive information, the addendum expressly designates the entire

4  cellphone as "sensitive material," Dkt. #196-1 at 1:27-2:2, which could make everything on the

5  phone subject to the advance notice requirement even though it is exculpatory and not personal,

6  and even though much of the personal information has already been in Mr. Andrade's possession

7  for over a year.  The addendum is therefore neither needed nor reasonable, and the Court should

8  order production of the phone as promised and without the addendum.[2]

**II.    Mr. Andrade Did Not "Refuse to Meaningfully Discuss Such an Addendum" – Quite the Contrary is True**

Mr. Andrade appreciates that the Court hopes to avoid these disputes, and he has put considerable effort into doing so.  As his Opening Brief and the supporting declaration of Ms. Dent reflect – and as the government *did not dispute in its Opposition* – through his counsel he made several efforts to meet and confer with the government in advance of filing this motion, most of which were rebuffed.  Dent Decl. at ¶ 3.  At no time prior to the filing of this motion did the government ever say it wanted a different protective order and then it would produce Abramoff's phone.  Dent Decl. at ¶ 3.

Nonetheless, and without offering a supporting declaration,[3] the Opposition asserts that Mr. Andrade "refused to . . . meaningfully discuss potential protections for purely personal, private and sensitive material irrelevant to this case or Andrade's defense." Dkt. #196 at 3:7-8.  Not so.  The government first raised the need for new "rules" in a June 13 email, but it said nothing about applying the new rules to Abramoff's phone.  Rather, the government reported that

---

[2] The only apparent difference between the production of the phone over a year ago without any need for an addendum to the protective order and the government's current position is that the government has referenced statements by Abramoff's counsel (though it is not exactly clear what position he is taking).  But that does not change the fact that the addendum is unnecessary and unreasonable, or that the government promised to make the production, especially given that the Court gave Abramoff's counsel ample opportunity to intervene and he elected not to do so.  *See* April 6, 2023 Hearing Transcript at 12.

[3] *See* Criminal Local Rule 47-2(d), requiring oppositions to comply with Civil Local Rule 7-5, part (a) of which states that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record."

the AUSA in Washington, D.C. had requested that Mr. Andrade's counsel "agree to the rules provided" before that office would produce the Butina search warrant and related documents. Dent Decl. at ¶ 4.

At a June 22 meet-and-confer relating to production of discovery required by the Court's April 7 Order but not yet produced, the government announced that it was adding the Erickson search warrant materials into its proposed addendum, but again made no mention of needing to include Abramoff's phone. Dent Decl. at ¶5.

The proposed addendum to the protective order demanded by the government before it would produce the Butina and Erickson materials was even more draconian than the one it offered when it filed its Opposition to this motion; the government's initial proposal has the same flaws identified above, plus it limited Mr. Andrade's access to certain materials to times he was physically or virtually present with counsel. Given Mr. Andrade's tireless review of the mountains of government discovery, this proposal was completely unworkable and would have imposed a massive drain on CJA funds – and as to the Erickson search warrant affidavit the government's insistence on the addendum was vacuous because, as Mr. Andrade has since learned, the affidavit already had been filed publicly.[4] Dent. Decl. at ¶ 5.

It was not until June 28, 2023 – after this motion for Abramoff's phone was filed – that the government first revealed that it wanted Abramoff's phone also to be covered by the addendum. Until then, the proposed addendum was reportedly driven by the insistence of the AUSA in DC who had the Butina affidavit, and limited to the Butina and Erickson materials.[5] Despite the government's not mentioning this issue in any meet-and-confer discussion about Abramoff's phone until after this Motion was filed, Mr. Andrade's counsel discussed their

---

[4] It can be downloaded on PACER at *In the Matter of the Search Re: 18-044-04,* No. 4:18-mj-00032-VLD, (D.S.D. April 19, 2018), ECF 5. *See* Dent. Decl. at ¶ 5.

[5] The parties had discussed the addendum in a meet and confer two days earlier, on June 26, when discussing materials required by this Court's April 7 Order that the government still had not produced. Mr. Andrade's counsel said they would send a redline with changes to the addendum. On June 28, as they worked on that redline, Mr. Andrade's counsel called the government to inquire about the reason that the addendum was written so broadly. It was in response to that question that the government conceded that it planned to bring the Abramoff phone within the addendum. As promised, Mr. Andrade provided the government with a redline of that proposed addendum on June 29, 2023. Dent Decl. at ¶ 7.

objections to the addendum with the government in the June 28 call, noting, among other things, that Mr. Andrade has had an incomplete version of Mr. Abramoff's phone since May 2022 that includes personal, private, and sensitive information, but the government had never suggested that any special addendum to the protective order was necessary. Dent Decl. at ¶ 8. That Mr. Andrade did not agree to this unreasonable and unnecessary order does not mean that he "refused to meaningfully discuss it." If there was a failure to meet and confer meaningfully, it occurred when the government repeatedly declined to discuss its failure to produce the phone as promised, and when it did not raise the objection that fills its Opposition until after Mr. Andrade's Motion was filed.

### III. The Remainder of the Opposition is Equally Baseless

That the addendum is neither reasonable nor necessary, and that Mr. Andrade made numerous good faith efforts to meet and confer about the motion and the government's objections, should dispose of the Opposition's objections. While this Court therefore need not read any further, Mr. Andrade responds below to the remaining claim in the Opposition, which is mistaken.

Although offering to produce the phone if it gets its addendum, the government protests that it already produced responsive material from Abramoff's phone and that now "Andrade is asking for a tremendous amount of irrelevant material." This is false. The reason that the government agreed to produce the entire Abramoff phone is that the phone produced to Andrade in May 2022 turned out to be an *incomplete* version of the phone and did *not* include all of the responsive, exculpatory material on the phone, let alone all the material the search warrant authorized as the government now suggests. Dent Decl. at. ¶ 9. In December 2022, defense counsel showed the government that messages between Abramoff and Levin – messages that were referenced on a FBI-302 summarizing the phone's contents, and that the Court has since ruled are material to Andrade's defense – were not on the version of the phone produced to Andrade. Dent Decl. at ¶ 10.

Defense counsel did not ask for "a tremendous amount of irrelevant material" from the phone. Rather, counsel asked the government, "Could you please investigate this on your end? If there were documents removed … then please provide us with a list of what was removed from

the Cellebrite, by whom, when, and for what reason." Dent Decl. at ¶¶ 11-12. Mr. Dawson agreed to look into the matter, and he then produced some of the missing messages between Levin and Abramoff. Dent Decl. at ¶13. A few weeks later, Mr. Andrade discussed with the government that there were additional messages summarized in the FBI-302 report that were missing from the phone produced to Mr. Andrade.[6] In response, Mr. Dawson told defense counsel on March 6 that the government would produce the entire phone.[7] Dent Decl. at ¶ 14.

Producing the entire phone to Mr. Andrade was therefore not the result of some crazed demand by Mr. Andrade for family photos and other personal information, as the Opposition suggests, but rather was the solution proposed *by the government* to remedy its failure – producing a phone without material and exculpatory messages – without having to answer the questions about that failure posed by defense counsel. Mr. Andrade's current request is merely that the government comply with its repeated promise to produce the entire phone, because it was the government's chosen response to its failure of production, because Mr. Andrade's counsel took the government at its word, and because discovery has proceeded on the understanding that the phone would be produced. The Opposition carefully avoids addressing the promise it made to Mr. Andrade and the Court, and how discovery has proceeded based on that promise.

For the foregoing reasons, this Court should grant Mr. Andrade's motion and require the immediate production of the complete image of Abramoff's phone. Prompt compliance with all

---

[6] The Opposition incorrectly suggests that Andrade was uncertain whether there are additional materials missing from the Abramoff phone produced to him. On page 5 of his motion to compel production of Abramoff's phone – the very page the government cites for its claim that Andrade thought there "might" be more missing materials – Mr. Andrade states: "Based on the FBI report, it is apparent that the Levin materials were not the only material communications missing from the version of the phone produced to Mr. Andrade. For example, the phone image produced to Mr. Andrade did not include certain messages between Abramoff and two other associates, a Ukrainian businessman and a Miami businessman, even though those messages are referenced in the FBI report." Mr. Andrade then explains why the additional missing messages are material to his defense. Motion to Compel Abramoff's Phone, Dkt. #192 at 5-6.

[7] As noted in Mr. Andrade's Opening Brief at 4, AUSA Dawson wrote to Andrade's counsel on March 6, 2023: "We are [] preparing to produce a complete version of Jack Abramoff's phone, with only potentially privileged materials filtered out. As I mentioned on the phone last week, while our search warrant authority expired long ago, we have obtained consent to access the rest of the phone, and we will produce it to you." In the event that the government complies with Mr. Andrade's original request – provide what was removed from the Cellebrite that was produced to Mr. Andrade last year (except the messages between Abramoff and Levin on Levin's Ukrainian number, which were produced on January 13, 2023 after the government was informed that there were relevant communications missing from the phone produced to Mr. Andrade), along with a description of who removed that data, when it was removed, and for what reason – it can obviate the need to produce the entire phone.

outstanding discovery requests, most of which have been pending for more than a year, is more important than ever now that the government requested and has been granted a trial date in the first quarter of 2024.

DATED: July 5, 2023

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ *Michael J. Shepard*

MICHAEL J. SHEPARD
KERRIE C. DENT (*Pro Hac Vice*)
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE