ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7019
    FAX: (415) 436-7234
    christiaan.highsmith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-249 RS (LB) |
| Plaintiff, | UNITED STATES' RESPONSE TO DISCOVERY ORDER [ECF NO. 250] |
| v. | |
| MARCUS ANDRADE, | Court: Hon. Laurel Beeler, Courtroom B, 15th Fl. |
| Defendant. | |

The United States, by and through undersigned counsel, hereby responds to the Court's Discovery Order, issued December 3, 2023. Dkt. 250.

## I. Returning Mr. Levin's iPhone

The law in this District is clear: the government cannot retain or produce electronic data outside the scope of what a search warrant authorizes the government to seize and retain. *United States v. Balwani*, 18-cr-258 EJD, Order, at 8-9 (N.D. Cal. Apr. 8, 2022) (Dkt. 1393); *see also* U.S. Const. amend. IV. The government has already produced to Mr. Andrade what it seized and retained from Mr. Levin's iPhone pursuant to the applicable search warrant. Authorities in SDNY stand ready to return the iPhone to Mr. Levin or his counsel. Given the pending litigation currently before this Court concerning Mr. Levin's iPhone, however, the FBI's New York Field Office still has possession of Mr. Levin's

iPhone, has not yet returned it to Mr. Levin or his counsel and will retain the iPhone until this litigation ends.

## II. Sufficiency of the iPhone Production

Second, the Court ordered the government to respond to Mr. Andrade's contentions about the sufficiency of the government's production of material from Mr. Levin's iPhone. Andrade contends – without any citation to caselaw – that the four Excel spreadsheets the government produced "are insufficient" because columns showing "who Levin was speaking to, and their numbers, are often blank, and the content of the messages themselves if often missing." Andrade's Reply Br. in Support of Request for Prod. of Levin's Devices, at 6 n.12 (Dkt. 224). Andrade further states that the text or body of some communications as well as attachments are missing from the spreadsheets. *Id.*

The four Excel spreadsheets are what law enforcement authorities in New York identified as responsive material from Levin's iPhone, seized, and retained. Law enforcement did not identify and retain other material from Levin's iPhone as being responsive to the search warrant. Mr. Andrade may wish the government had identified and seized additional information from the Levin iPhone, but it did not. Because he deems the seized and retained material insufficient, Andrade seeks production of the entire Levin iPhone or an image of it – what Andrade calls the "Cellebrite image" – without citing any legal authority to support his contention. *Id.* Again, the law in this District is clear: the government is not entitled to retain or produce a full image of the Levin iPhone that contains material not responsive to the search warrant. *Balwani*, Order, at 8-9. The government has produced to Andrade the responsive material seized and retained from Levin's iPhone – that is the end of the matter. *Balwani*, Order, at 8-9.

## III. Mr. Levin's iPad

Regarding Mr. Levin's iPad, the government has repeatedly informed counsel for Mr. Andrade that the government never gained access to the device and never reviewed any material on the device. The issue is moot.

## IV. Subpoenaing Mr. Levin's iPhone

On November 22, 2023, the government provided counsel for Mr. Andrade with the name and address of Mr. Levin's counsel. Once the instant litigation surrounding Mr. Levin's iPhone is concluded, the government intends to return Mr. Levin's iPhone to his counsel and notify counsel for

Mr. Andrade about returning the device.

## V. List of Items to be Seized

The government is prepared to produce to counsel for Mr. Andrade the attachment to the Levin iPhone search warrant listing the items to be seized from Mr. Levin's iPhone provided that defense counsel signs an attorney's eye only protective order governing the search warrant attachment. An attorney's eyes-only protective order is appropriate given that the search warrant applies to an uncharged third-party (rather than the defendant in this case) as well as numerous additional individuals unrelated to this case, some charged and some not charged. Further, the search warrant attachment references numerous crimes and an alleged criminal scheme wholly unrelated to the instant case. Given the nature of the search warrant attachment and the sensitive information referenced in it, a protective order is an appropriate protection.

## VI. Ex Parte Motion

On November 9, 2023, Mr. Andrade moved ex parte for the Court to order that the government provide Mr. Andrade's counsel with the name, phone number, and email address for Mr. Levin's counsel and to prevent the government from returning Mr. Levin's iPhone and iPad to Mr. Levin's counsel. The government has provided Andrade's counsel with contact information for Mr. Levin's counsel. Indeed, Mr. Andrade's counsel may have already reached out to Mr. Levin's counsel. The government in no way has prevented Andrade from issuing a subpoena to Levin or his counsel. Andrade's ex parte motion is moot.

DATED:  December 7, 2023          Respectfully submitted,

                                        ISMAIL J. RAMSEY
                                        United States Attorney

                                        ____/s/_____
                                        CHRISTIAAN HIGHSMITH
                                        Assistant United States Attorney