MICHAEL J. SHEPARD (SBN 91281)
mshepard@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:  +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:  +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
cindy@cadiamond.com
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| THE UNITED STATES OF AMERICA, Plaintiff, vs. ROWLAND MARCUS ANDRADE, Defendant. | Case No. 3:20-cr-00249-RS-LB  **DEFENDANT ROWLAND MARCUS ANDRADE'S RESPONSE TO THE UNITED STATES' MOTION FOR CONTINUANCE**  Judge: Hon. Laurel Beeler, Magistrate Judge |
|---|---|

Defendant Rowland Marcus Andrade, fully appreciating the Court's desire that counsel get along and make accommodations when possible, objects to the government's motion.

1. On January 25, 2024, counsel for Defendant Andrade filed the *Defendant's Third Motion to Compel Discovery,* Dkt. 275 ("Third Motion to Compel"), seeking production of eleven categories of documents, including the four cell phones and four Trezor wallets the government seized from Mr. Andrade nearly four years ago, the production of which is required by Rule 16.[1]

2. Mr. Andrade's lawyer, Kerrie C. Dent, filed her Declaration in support of the Third Motion to Compel under seal because many of the 64 exhibits were covered by the Protective Order and were discussed in detail in the declaration.

3. On Monday morning, January 29, Ms. Dent learned that the parties (not just the public) were prevented from accessing the declaration on Pacer and that copies of the declaration and exhibits had not been provided to the AUSAs. She immediately emailed the declaration and exhibits to AUSA Highsmith and AUSA Ward and also placed a phone call to each of them, leaving voicemail messages letting them know that she had emailed the declaration and exhibits and *offering to stipulate to an extension of the due date of the government's response and the hearing back a week from February 8 to February 15, 2024.*

4. On Tuesday, January 30, AUSA Highsmith called Ms. Dent and thanked her for agreeing to push the opposition due date and hearing back. He explained that he would be traveling internationally on February 15 and February 22, and asked if it would be possible to push the date of the hearing to February 29. Ms. Dent made a counterproposal, offering to push

---

[1] Although the government complains that defense counsel did not consult with them on a date for the hearing, the government had not responded to Mr. Andrade's detailed January 12 email reminding the government that it had not produced Mr. Andrade's own devices to him. The email from K. Dent to AUSA Highsmith concludes: "Please let us know as soon as possible whether you intend to make an immediate production [of Mr. Andrade's phones], so that we can file an appropriate motion to compel production of the phones if necessary. As always, we are available for a call to discuss these issues or to answer any questions you may have."

1

the hearing to February 29, as long as the government would produce the entire Cellebrite file of Mr. Andrade's personal phone – a Motorola G7 – immediately.

5. Mr. Highsmith was appreciative and asked whether there were any additional priority items that could be produced before the hearing on the Third Motion to Compel. Ms. Dent said that she would email Mr. Highsmith with a few additional requests.

6. Ms. Dent emailed Mr. Highsmith on Wednesday, January 31, requesting that the government produce: both of Mr. Andrade's Motorola phones and the Trezor wallets that it seized from Mr. Andrade in March 2020, and the 700 pages of the Turnberry Solutions. LLC document production that are missing from the government's production to Mr. Andrade (numbered TSLLC_0001143 to TSLLC_0001866). She also requested that the government clarify whether the recording agreement signed by Ben Boyer (Purchaser 1 in the Indictment) was signed in 2018 or 2019 (both dates appear on the document, and defense counsel asked the government for clarification months ago). These are what the government calls, without describing them, "significant concessions." Dkt. # 278 at 1. But these are not concessions: they are requests for *evidence to which Mr. Andrade is entitled*. Mr. Highsmith did not deny that he was obligated to produce them, but simply ignored Ms. Dent's counterproposal altogether and filed this motion.[2]

7. On Thursday, February 1, at 2:48 Eastern Time, Ms. Dent learned *for the first time* that Mr. Highsmith had not received the emailed version of her declaration. Exactly five minutes later, she sent it again, this time in a zip file. At 3:29, Mr. Highsmith asked whether the declaration had been filed, and Ms. Dent explained (again) that it had been filed under seal but

---

[2] Notably, even in its motion for continuance, the government does not deny that it is *obligated* to produce what it calls "significant concessions." Instead, it says it has "been working diligently on this case, which requires a tremendous amount of coordination and communication with law enforcement agents and entities across multiple districts, which takes more time than in typical cases." But the government's production of Mr. Andrade's own devices to him would not require coordination with other districts. Nor would producing 700 pages missing from Turnberry's production to the grand jury or clarifying which year Purchaser 1 signed his recording agreement.

2

that it seemed like the emails were not getting through. Within 20 minutes, Ms. Dent had a paralegal split the declaration and exhibits into smaller parts, and she emailed each of them to Mr. Highsmith.

9. Ms. Dent received no response, either by email or phone. Without any attempt to call or email Ms. Dent regarding her email or the declaration, or to respond to her counter proposal, Mr. Highsmith filed his motion to continue the hearing date to February 29.

10. The extra time sought by the government is not inconsequential. With a trial six months away, Mr. Andrade's counsel should have been given his phones and Trezor wallets years ago: they were seized by the government nearly four years ago, their production is expressly required under the rules, and they were specifically requested by Mr. Andrade on March 3, 2022. The two additional requests – that the government produce the 700 missing Turnberry pages identified 7 months ago and clarify the correct date of Purchaser 1's recording agreement – also are low-hanging fruit that require no argument and minimal effort by the government. Indeed, nearly everything in Mr. Andrade's Third Motion to Compel should have been produced years ago. The government's suggestion that an additional delay is nothing to worry about fails to acknowledge the massive volume of discovery that still needs to be produced — a volume that will take substantial time to review, let alone to follow up on leads from that discovery, especially given the government's record, described in our motion, of making productions that do not include all the required information

For the foregoing reasons, Mr. Andrade submits that this Court should deny the government's Motion for Continuance of the Hearing on the Third Motion to Compel to February 29. Mr. Andrade remains willing to stipulate to a February 29 date if the government will produce Mr. Andrade's Motorola phones and Trezors, produce the 700 pages of Turnberry documents, and clarify the date of Ben Boyer's recording agreement.

In the absence of an agreement between the parties, Mr. Andrade respectfully defers to the Court on the appropriate dates for briefing and hearing of this matter.

| | |
|---|---|
| | Respectfully submitted, |
| DATED: February 1, 2024 | KING & SPALDING LLP |
| | By: /s/ Michael J. Shepard |
| | MICHAEL J. SHEPARD |
| | KERRIE C. DENT |
| | CINDY A. DIAMOND |
| | Attorneys for Defendant ROWLAND MARCUS ANDRADE |