MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
  kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:2-cr-00249-RS-LBx<br><br>**DECLARATION OF KERRIE C. DENT IN SUPPORT OF DEFENDANT ROWLAND MARCUS ANDRADE'S REPLY BRIEF IN SUPPORT OF THIRD MOTION TO COMPEL**<br><br>Judge: Hon. Laurel Beeler<br>Hearing: March 7, 2024, 10:30 a.m. |

1

Kerrie C. Dent, counsel for Defendant Marcus Andrade, states as follows:

1. I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I have personal knowledge of the discovery disputes and related correspondence between the government and defense counsel and, if called as a witness in this matter, could competently testify to the matters stated in this Declaration.

2. On January 25, 2024, Mr. Andrade filed a Third Motion to Compel (Dkt. #275) seeking, among other things, production of his own devices seized by the government three and a half years ago, access to his four Trezor wallets the government seized years ago; recordings (including some of himself); some of Jack Abramoff's devices; documents relating to the joint investigation being run by the Securities & Exchange Commission, and several other categories of documents.  This declaration supports statements made in Mr. Andrade's Reply Brief in Support of his Third Motion to Compel.

3. My colleagues and I have identified numerous recordings that the government has not produced.  The government's production of many of the recordings includes an index, but several of the recordings listed on the index do not have a corresponding audio file.  We have provided the government with a list of the recordings missing from that production several times.  In addition, discovery shows that Mr. Andrade's case agents scripted a call for Ben Boyer to have with Mr. Andrade, and informed Boyer after the call that it was recorded – and yet that recording, despite nearly two years of specific requests for it (beginning with a March 2022 discovery request), has not been produced. *See* Dkt. 275 at 8:12-18.  My colleagues and I have identified unproduced recordings for the government repeatedly, including on August 18, June 22, June 26, 2023. More recently, we learned that IRS Agent Bryan Wong recorded an interview he had with Karl Ruzicka, Mr. Andrade's accountant. In its Opposition to Mr. Andrade's Third Motion to Compel, the government agreed to produce that recording to Mr. Andrade.  We have no way of knowing how large the universe of unproduced recordings is, but the discovery

produced to date gives strong indications that the specific recordings identified here are not the only recordings the government has failed to produce.

4. My colleagues and I have been asking for the return of all 18 of Mr. Andrade's seized devices for years. We filed Mr. Andrade's first motion to compel their return on July 15, 2022, after which the government asked Mr. Andrade to withdraw the motion to compel because it would stipulate to returning the 18 devices seized from him. The government promised to return the devices – in writing – at least two more times later in 2022. Dkt. #275 at 4-5. The government asserts in its opposition to Mr. Andrade's third motion to compel that it was only able to image a "limited portion of the Motorola G7" and was "not able to successfully image" the three other cell phones, "presumably because of technological constraints." Dkt. # 283 at 5. This was the *first time* the government told us that there "presumably" were "technical constraints" interfering with the imaging of any of Mr. Andrade's devices.

5. The government concedes that it has not turned over 700 pages of the grand jury production made by Turnberry Solutions, LLC. It nevertheless claims it has nothing more to produce, but once again its record provides no basis for trust: its first production was 1,000 pages short, and when we called out the omission, the government responded six weeks later: "We have already produced all documents received from Turnberry. For your convenience, I will re-produce them to you." This "re-production for Mr. Andrade's convenience" included 300 of the 1,000 pages that were not produced the first time. The newly produced Turnberry documents included important Jack Abramoff communications with Jason Osborne of Turnberry and others. The other 700 pages from the government's production still have not been produced, despite our repeated requests for them.

6. Request #12 of Mr. Andrade's July 15, 2022 discovery letter requests: "Any search warrants, including their underlying applications and affidavits, and all subpoenas and the fruits of all subpoenas that reference Mr. Andrade, the NAC Foundation, or AML Bitcoin issued

to the following parties: Muzin Capital Partners; Ghost Management Group; Pangea LLC; Brian Darling and Darling Associates; Paul Erickson; ADI; Kroll Global; Rothschild Public Affairs; Erickson Group; Richard Naimer; Maria Butina; Global Strategic Communication Group; James George Jatras; Darren Spinck; James Kahrs; Charles Johnson; Turnberry Solutions; Dana Rohrabacher; Natko Vlahovic; Carlos Delaguardia; Chase Kroll; ICOBox; Alex Moskovsky; Daria Generalova; Anar Babayev; Nickolay Evdokimov; Michael Raitsin; Gary Baiton; Alex Prasic; Gladimir Sofrono; and/or Ricardo "Catin" Vasquez."

    7.    In its Opposition to Mr. Andrade's Third Motion to Compel, the government accuses Mr. Andrade of "inventing recordings that do not exist" (Dkt. #283 at 13) because of his suggestion that the government should produce the recording that Confidential Human Source ("CHS") David Mata made of Shalu Maheshwari and others on January 23, 2020. But Mr. Andrade did not simply dream up the existence of such a recording. My understanding is that his belief that such a recording exists is based on his careful review of documents and video recordings the government has produced in his case. For example:

- FBI-MAIN-0001036: On January 23, 2020, a team of Special Agents and an Operational Support Technician conducted surveillance of CHS Mata and three other people at the Kezar Pub in San Francisco. Mr. Andrade's attorney, Shalu Maheshwari, was one of the individuals at the pub with Mata. The surveillance lasted for about an hour and a half.

- FBI-MAIN-0001037: The government produced a video and audio recording of an FBI agent walking past Mata, Maheshwari, and two others while they were sitting at a table.

- FBI-Main-0001039: A 42-second video clip of Mata getting up to get a beer from the bar could not have been made by anyone other than Mata himself. This is clear from the angle and close distance of the recording. The government has not produced any other video or audio recordings that Mata made on January 23, 2020 at the Kezar Pub.

- FBI-MAIN-0001044: The government also produced a close-up photo of Maheshwari taken at the gathering on January 23, 2020.

Regardless of whether there are additional video and audio recordings from the meeting between

Mata and Maheshwari in January 2020, I do not agree with the government that Mr. Andrade "invented" the existence of such recordings.

8. There likely are additional unproduced undercover recordings with several individuals. For example, Dr. Michael Witte signed a recording agreement on June 18, 2019 (FBI-MAIN-0003219), and Mr. Joe Ortiz signed a recording agreement on May 10, 2018 (FBI-PHY3-0000289). Michael Witte and Joe Ortiz, both spoke multiple times with Mr. Andrade in the days and weeks following the signing of their recording agreements. Mr. Andrade appreciates that the government has agreed to produce the recording of Joe Ortiz, 1A-63 (May 16, 2018), because the folder it produced to Mr. Andrade with that identification label is empty.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 22, 2024 in McLean, Virginia.

*/s/ Kerrie C. Dent*
KERRIE C. DENT