UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 20-cr-00249-RS (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 275 |

This order memorializes the decisions at the March 7, 2024, hearing about the discovery disputes in the motion at ECF No. 275.

First, for the discovery that the court orders below or that the government said (either in its opposition or at the hearing) that it would produce (or at least, didn't resist producing), the government agreed that the FBI would provide a timeline for the remaining productions within three weeks of the March 7 hearing, meaning, by March 28. For the agreed-to (or not-resisted) discovery, this includes the recordings (Reply – ECF No. 285 at 7–8), the materials from the SEC's investigation (*id.* at 8),[1] the Turnberry Solutions documents (*id.* at 9–10), the items in the

---

[1] The court explained at the hearing the ground for its decision: it's the same analysis as it is for any discovery: Rule 16 and *Brady*. It does not involve, for example, an obligation to cull the files of any agency that might have information, at least under Rule 16. But if it is the same investigation, then the government has an obligation under Rule 16 and *Brady*, including for SEC notes (just as it does for FBI notes). The court does not delve into the case law now (though it has citations for each point here),

ORDER – No. 20-cr-00249-RS (LB)

section titled "Search Warrants, Subpoenas, and Related Materials" (*id.* at 11–12), the undercover operations (*id.* at 14–16), and the images of Mr. Andrade's devices (*id.* at 5–6). If the timeline seems unreasonable to the defense, then the parties must confer and submit a short joint statement with their respective proposals, and the court can have a hearing to work out timing. The agents should attend that hearing so that the prosecutors can consult with them.

Second, the government must produce the unminimized version of the Motorola G7 and the unminimized Cellbrite report. For the other devices, the government needs to provide information about its alleged inability to image them. That information is necessary: maybe a third-party vendor can accomplish what the government cannot. (Maybe it is not possible, but there is not a record that allows that conclusion.) (Also, this forensic process is routine: it happens all the time in litigation.)

For similar reasons, the court orders access to the Trezor wallets. At the hearing, the court explained the ground for ordering access: it's Rule 16 discovery and it implicates *Brady* and the duty to investigate. The court defined a process to address the government's interest: an expert examination at a secure location, like the process employed to review source code, or the equivalent of the SCIF process. The expert can sign the protective order. This case involves esteemed lawyers who pose no threat to the integrity of evidence (that the government can't access in any event).

Third, for the reasons stated on the record, the 404(b) issues are premature.

Fourth, the remaining issue is the Abramoff devices.

The court did say at the hearing that the government cannot produce more than it lawfully seized. There is a dispute about whether the government actually produced that. (*Id.* at 10.) The government should provide documentation to the defense — in the form of Bates ranges or letters — of its productions, or it can reproduce the discovery (and provide its timing by March 28).

And it must produce — again on a Rule 16 and *Brady* theory — the Blu-ray disc (SVE058604) provided to case agents, the Oceana thumb drive, and the images of the eight Abramoff devices in the Andrade request dated March 3, 2022 (which the court understands to be limited to lawfully

---

primarily because, as discussed below, the discovery not only is Rule 16, but also, implicates the *Brady* obligation to inquire, given Mr. Andrade's defense.

seized materials). (*Id.* at 11.) From the briefing, the court understands that the government does not resist this production on the ground that it exceeds its lawful seizure.

But here's the issue: the government has devices with data that exceeds the lawfully seized evidence. That implicates Rule 16 and *Brady*'s duty to inquire. This is not a hypothetical: there is a defense here that informs this decision and the earlier decisions in this order. Even a public-record review reveals the defense, and the under-seal submissions confirm it. (This reflects no opinion on the viability of a defense, only that there is one.) It cannot be that access to Rule 16 and *Brady* material — on devices controlled solely by the government — can evade discovery, merely because (1) Mr. Abramoff — implicated in the case in various roles — presumably has not requested return of his devices (assuming that is the situation) and (2) the government cannot lawfully access the information.

Thus, at least as a first step, the government must return a copy of his devices to Mr. Abramoff. The defense can then subpoena information. Issues of privilege and privacy can be addressed by the ordinary use of a third-party vendor. If this process does not work, then the court can work out a different process.

This result is based in part on the evidence of Mr. Andrade's defense. It is not a result that necessarily applies to any other case.

For future discovery disputes, the day after full briefing, the parties must meet by Zoom by noon to identify the disputes that they have resolved and the disputes that are pending. This cannot be a mail-in process: the parties must go through each issue. Then, that day, the parties must submit a joint statement of live issues that need addressing at any hearing. Each issue must be in a standalone section that has each parties' succinct position. The joint statement must contain the amount of time that the parties spent conferring during their Zoom meeting. The court orders this process to address the inefficiencies that have attended the current discovery process.

This resolves the issues in ECF No. 275.

**IT IS SO ORDERED.**

Dated: March 17, 2s024

LAUREL BEELER
United States Magistrate Judges