MICHAEL J. SHEPARD (SBN 91281)
mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221

KERRIE C. DENT
(admitted *pro hac vice*)
kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

**ISMAIL J. RAMSEY (CABN 189820)**
**United States Attorney**

MARTHA BOERSCH (CABN 99493)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
*christiaan.highsmith@usdoj.gov*
*david.ward@usdoj.gov*

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>  Defendant. | Case No. 3:20-cr-00249-RS-LB<br><br>**JOINT STATEMENT REGARDING TIMELINE FOR THE GOVERNMENT'S PRODUCTIONS**<br><br>Hon. Magistrate Judge Laurel Beeler |

The Court ordered on March 17, 2024 that the government must provide a timeline for producing the discovery ordered by the Court (or that the government had agreed to produce) and that "[i]f the timeline seems unreasonable to the defense, then the parties must confer and submit a short joint statement with their respective proposals, and the court can have a hearing to work out timing." Order (March 17, 2024), #292 at 2.

The March 17 order compelled the government to produce 15 categories of material. The government represents that it has made the productions required by 7 of those categories.[1] One category – the four Trezor wallets – will be brought back to the Court because the parties do not agree on the correct interpretation of the Court's March 17 Order. As to the remaining 7 categories of documents, the government has proposed the following production dates: three categories on April 19;[2] three categories on May 3;[3] and one category on June 7. The parties have met and conferred about these dates but have been unable to resolve their differences with respect to three categories. The parties' respective positions on the three disputed dates are set forth below, and Mr. Andrade requests an expedited hearing on this matter.

**1. Abramoff's Other Criminal Wrongdoing**

Mr. Andrade's Position. Given Abramoff's central role in the defense of this case, Mr. Andrade believes it unlikely that review of material about Abramoff's other wrongdoing, and follow up on leads generated by that material, can be completed in time to be ready for an August 5 trial date if he is still receiving material quantities of Rule 16 and *Brady* material in June, especially in light of all the other anticipated productions and filing requirements that are already scheduled for June and July. Although these materials should have been produced years ago,[4] given the large volume of materials the government says it will be producing in April

---

[1] The 7 categories the government represents it has produced are: 1) Motorola G7 image; 2) recording of accountant Karl Ruzicka; 3) Blu-ray disc and Oceana thumb drive; 4) Salmon documents; 5) 700 missing Turnberry documents; 6) materials relating to search warrants and subpoenas; and 7) Treasury Department investigation of Mr. Andrade's civil rights complaint.

[2] The categories promised by April 19 are: 1) the unminimized image of Mr. Andrade's Motorola G7; 2) images of devices seized from Mr. Andrade; and 3) images of Abramoff's devices.

[3] The categories promised by May 3 are: 1) SEC investigation materials; 2) forensics reports and other information about the government's inability to image Mr. Andrade's cell phones; and 3) recordings.

[4] This material should have been produced long ago. It was requested in Mr. Andrade's second motion to compel,

1  (approximately 1 TB of data, including the image and Cellebrite files of Mr. Andrade's Motorola
2  G7 and images of some of Abramoff's devices), at this point Mr. Andrade is willing to
3  compromise on a May 3 production date for materials related to Abramoff's other criminal
4  wrongdoing.

5      Government's Position.

6  The June 7 deadline is reasonable. First, the June 7 deadline leaves the multi-lawyer
7  defense team two full months to review material related to Abramoff's other criminal
8  wrongdoing. Second, the government will produce this material as soon as it is ready and will
9  not wait until the June 7 deadline to produce everything. For example, the government
10 anticipates making a production of Jack Abramoff FBI 302s the week of April 22-26 because the
11 302s are in the pipeline for production. This gives the defense more than three months to review
12 the FBI 302s. Third, contrary to Defendant's claims, the not-yet-produced evidence of
13 Abramoff's wrongdoing is not Rule 16 evidence because it does not relate to AML Bitcoin,
14 Defendant Andrade, or "the larger context of the business model for cryptocurrency, whether Mr.
15 Abramoff may have been working against Mr. Andrade, and how that affects Mr. Andrade's
16 responsibility and scienter." Discovery Order, Dkt. 165, at 12:20-22. Evidence related to
17 Abramoff's wrongdoing is discoverable as potential *Brady* and *Giglio* material. Production of
18 such *Brady* and *Giglio* material two full months before trial is reasonable and appropriate.

19 Defendant's recommended May 3 deadline is unreasonable and unworkable. The
20 government's June 7 date is not a bargaining position; it is a good faith estimate of the time
21 necessary to gather, process, Bates stamp, and produce. The government is working diligently to
22 gather and produce as quickly as possible all remaining *Brady*, *Giglio*, and, to the extent it exists,
23 Rule 16 material related to Jack Abramoff's other criminal wrongdoing. Second, the June 7
24 deadline is reasonable because the government must gather and evaluate material across multiple
25 districts and investigations.

26

27 which was filed on November 28, 2022, and then identified as the ***next priority item***. It was requested again in Mr. Andrade's letter dated May 10, 2023, and the Court ruled in Mr. Andrade's favor on this request in its order of
28 March 17, 2024.

1. Defendant's claims about discovery do not support an earlier deadline. Evidence of Abramoff's other criminal wrongdoing is not Rule 16 material that should have been produced pursuant to Defendant's Second Motion to Compel because it does not relate to the business model for cryptocurrency, Mr. Abramoff's dealings with or against Mr. Andrade, or any effects on Mr. Andrade's responsibility and scienter; the requested evidence is potential *Brady* and *Giglio*. Defendant also claims that reviewing evidence of Abramoff's other criminal wrongdoing will be unduly burdensome in the months before trial in part because he must also review voluminous material such as the image of his recently produced Motorola G7 cell phone. This argument cannot carry water – the government returned the Motorola G7 to Defendant's counsel in March 2020. His defense team has had four years to review the content of the phone. United States' Opp. to Third Mot. to Compel, Dkt. 283, at 4:20-23.

2. **Forensic Reports**

Mr. Andrade's Position. The government informed Mr. Andrade for the first time, on February 22, 2024, that it had been unable to obtain a full image of Mr. Andrade's Motorola G7 and had not been able to obtain any images of the other three cell phones for which Mr. Andrade requested images. Mr. Andrade is entitled to all forensics reports relating to the evidence, especially those relating to his own phones. He also has asked, and not received an answer to, the question which of his devices *have* been imaged. Producing forensics reports, and identifying which of the 18 devices seized from Mr. Andrade have been imaged, is not a heavy lift, especially given that the issue has been pending for many months. This information should be produced immediately.

Government's Position.

The government has already produced the vast majority of forensic reports. *See, e.g.*, FBI-MAIN-0000909 to 917; FBI-MAIN-0000920 to 940; FBI-MAIN-0000970 to 986; FBI-MAIN-0001046 to 1065; FBI-MAIN-0001103 to 1104; FBI-MAIN-0003240 to 3242; FBI-MAIN-0003445 to 3450; FBI-MAIN-0003507 to 3520; FBI-MAIN-0003852 to 3908; FBI-

PHY2-6258158 to 59.

Finally, Defendant requests that the government compile and produce to him a list delineating which of Andrade's devices have been imaged. Rule 16, *Brady*, and *Giglio* do not require the government to provide such a list. The government has returned Defendant's devices, produced images of his devices, and either produced or will soon be producing all forensic reports. This request should be denied.

The government has returned Mr. Andrade's devices (some more than four years ago) and produced forensic images of Mr. Andrade's devices. The government will produce the remaining forensic reports as soon as possible, but no later than Friday, May 3.

### 3. Recordings

<u>Mr. Andrade's Position</u>. The government has stated that it "will attempt" to produce any additional recordings that exist and that may fall within Rule 16 or *Brady*, as well as a list of recordings in the case, by May 3. While these recordings should be produced immediately and the government's failure to do so unfairly squeezes defense trial preparation, given that the government says that it will be producing a substantial volume of material over the next few weeks, Mr. Andrade will agree to a May 3 production date as long as it is a hard deadline, not a date by which the government "will attempt" to produce recordings.

*[Remainder of page intentionally left blank.]*

<u>Government's Position</u>.

The government has produced the recordings in this case. To the extent additional recordings exist the government will produce them by May 3.

Respectfully submitted,

DATED: April 19, 2024

KING & SPALDING LLP

By: */s/ Michael J. Shepard*
    MICHAEL J. SHEPARD
    KERRIE C. DENT (*PRO HAC VICE*)
    CINDY A. DIAMOND
    Attorneys for Defendant
    ROWLAND MARCUS ANDRADE

UNITED STATES

By: */s/ Christiaan Highsmith*
    CHRISTIAAN H. HIGHSMITH
    DAVID WARD
    Assistant United States Attorneys