UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROWLAND MARCUS ANDRADE,<br>Defendant. | Case No. 20-cr-00249-RS (LB)<br>**DISCOVERY ORDER**<br>Re: ECF No. 297 |

This order memorializes the decisions at the May 9, 2024, hearing about the discovery disputes in the motion at ECF No. 297.

The issue is the access to the Trezor wallets. "Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items, if the item is within the government's possession, custody, or control and . . . (iii) the item was obtained from, or belongs to, the defendant." Fed. R. Crim. P. 16(a)(1)(E). The court ordered access to them previously under Rule 16, describing at the earlier hearing ways to conduct the examination pursuant to a protective order.[1]

---

[1] Order – ECF No. 292 at 2.

ORDER – No. 20-cr-00249-RS (LB)

It is undisputed that the Trezor wallets are subject to Rule 16.[2] The government contends that it cannot provide that information without a password (but clarifies that it is not seeing to compel that password) because — essentially — the contents of an encrypted device are not within its possession, custody, or control.[3] But the language of Rule 16 conveys a right of inspection and copying. It is not discretionary.

The government cites *United States v. Young* to support its argument. No. 23-cr-208, 2024 WL 913308, at * (D. Minn. Mar. 4, 2024). There, the court held that the contents of an encrypted cellphone were not within the government's control (even though the cellphone was in its possession). *Id.* (citing and quoting *United States v. Jones*, 34 F.3d 596, 599 (8th Cir. 1994) ("*Brady* requires the prosecution to disclose to the defendant only evidence in the prosecution's control.").) But a *Brady* case about "control" — of course the government can't search encrypted information for *Brady* material — is not the same as Rule 16's requirement of inspection and copying of information "within the government's possession, custody, or control. . . ."

*Young* also cites *United States v. Case*. *Id.* (citing and quoting *Case*, 1:19-cr-00360-BLW-2, 2020 WL 4227554, at *4 (D. Idaho July 23, 2020 ("Second, the Government was not obligated to disclose the FBI's possession of the cellphone or produce its contents to the defense. Because the phone was password-protected, the Government did not have access to the records the Defendant seeks. The government could not suppress evidence they did not have access to.").) *Case also* involves *Brady*. And the phone there did not belong to the defendant. *Id.* at *3. Thus, even under Rule 16, there could have been no showing that information on it was material under Rule 16. *Id.* ("[T]he contents of the phone are unknown and were never known to the government. The possibility that the phone could contain communications between [the cell phone's user] and another suspect is merely speculative."). No Rule 16 materiality requirement applies here: the wallets are the defendant's. Fed. R. Crim. P. 16(a)(1)(E). (It is a low standard even when it applies. *United States v. Soto-Zuninga*, 837 F.3d 992, 1002–03 (9th Cir. 2016).).

---

[2] Opp'n – ECF No. 300 at 2.

[3] *Id.* at 2, 4.

The government also quotes *United States v. Sullivan*: "the defendant 'cannot both refuse to provide the passcode required to access [her] iPhone[]'s encrypted information and simultaneously claim that the information is unavailable to her."[4] CR NO. 17-00104 JMS-KJM, 2020 WL 5351030, at *1, 6 (D. Haw. Sept. 4, 2020). But *Sullivan* involved a due-process claim, not a Rule 16 analysis.

The government has its remedy: it can move to compel the password and through that process address the act-of-production issues that would attend that motion. (Again, it says that it is not moving to compel the password.[5]) And there is no prejudice to the government: the defendant must comply with his reciprocal discovery obligations for any information that he accesses. Fed. R. Civ. P. 16(b)(1).

In sum, the court is not convinced — given the plain language of Rule 16 — that the analysis in *Young* (predicated on the entirely different context of *Brady*) means that the government can deny access. To add to the point about ciphers that the court raised at the hearing, surely the drafters of the rule were aware of that possibility. It may be that suspects (for now) have the upper hand when it comes to hash-based cryptography. But like the changes made to Rule 41, Rule 16 can be altered by amendment.

The government must provide the defendant access within one week (absent stipulation of the parties or further order of the court).

This resolves the issues in ECF No. 297.

**IT IS SO ORDERED.**

Dated: May 10, 2024

_____
LAUREL BEELER
United States Magistrate Judges

---

[4] *Id.* at 4.

[5] *Id.*