ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys
MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7230
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | NO. CR 20-00249 RS (LB) <br><br> **UNITED STATES' OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR PRODUCTION OF THE LEVIN PHONE** <br><br> Hearing Date; July 18, 2024 <br> Court: Hon. Laurel Beeler, Courtroom B, 15th Fl. |

## I.    INTRODUCTION

Defendant Marcus Andrade files a motion petitioning the Court, for the fourth time, to order the government to produce two devices, and their images, seized in 2020 from an individual named Alexander Levin. Prosecutors in another district seized Levin's iPhone and iPad, pursuant to a search warrant issued in a different investigation, unrelated to this case. The government has already produced to Andrade all of the data it lawfully obtained from the image of Levin's iPhone (the government could not access any information from the iPad). Levin was never charged with a crime.

Andrade now asks the Court to order the government to turn over the full image of the Levin iPhone, despite the fact that this Court has ruled multiple times that this full image contains information and data outside of the scope of the warrant, so the government cannot lawfully possess it or produce it.

In its last ruling denying defendant's motion for access to the Levin iPhone image, the Court suggested that the government return the devices to Mr. Levin. The government did reach out to Levin's former counsel, but he stated he no longer represents Levin. Levin's whereabouts are unknown.

Defendant Andrade claims that by his actions Levin has abandoned any Fourth Amendment interest in the devices or the iPhone image. He has not met his burden to show this. But even if Levin has abandoned his devices, that finding does not then allow defendant Andrade to access the entire image of Levin's device; in effect, everything on Levin's iPhone. Andrade provides no factual or legal basis for the Court to determine that the entirety of this information and data is material to the preparation of Mr. Andrade's defense and should be turned over under Rule 16, or must be turned over by the government as part of its obligations under *Brady v. Maryland*. Absent that, there is no legal basis for the Court to order the government to turn over a full image of the contents of Levin's iPhone.

## II.   BACKGROUND

   a.   The Levin Search Warrant

In 2020, FBI agents and prosecutors in the Southern District of New York obtained a search warrant and seized an iPad and an iPhone from Mr. Levin, as part of an investigation unrelated to the AML Bitcoin fraud for which Mr. Andrade was indicted for here. After defendant Andrade was charged in this case, he filed a motion seeking discovery of material seized from Levin's devices, primarily based on evidence in discovery that Andrade's co-conspirator Jack Abramoff had conversations with Levin in June 2018 about cryptocurrency, and the two discussed (though never followed through on) creating a television show about Andrade and AML Bitcoin. *See* Dkt. 165 (Discovery Order, April 7, 2023). Nonetheless, based on these representations, the Court ruled that information on Levin's devices could be material to the preparation of the defense, and ordered the government to produce images seized from Levin's iPhone. *Id.* The government then produced all the material from the Levin phone that had been seized pursuant to the search warrant. Dkt. 212 (Joint Status Report).

Unsatisfied, defendant Andrade demanded that the government produce the entire image of

Levin's iPhone, which would presumably include troves of personal or other unrelated conversations and information, all of which fell outside of the scope of the Levin warrant, and for which the government had no legal basis to seize or review, and Andrade has no legal right to obtain under Rule 16 or *Brady*. *See United States v. Balwani*, 18-CR-258 EJD, *Dkt. 1423*.

The government objected and the Court agreed, ruling that the government could not produce the full image of the Levin iPhone because it was not legally entitled to access it or produce it. *Dkt. 213* (Discovery Order, September 9, 2023). The Court's order was clear: "For the Levin phone, the government's position is correct: it can only produce what is lawfully in its possession." *Id.*

Five days later, defendant Andrade filed a Supplemental Brief stating that he "seeks production of Levin's phone - a production that this Court expressly ordered" despite the fact that, just days earlier, the Court had expressly ordered that the government was not required to turn over the image of Levin's phone. *Id.* Following multiple additional rounds of briefing, the Court issued another order on December 16, 2023, restating what it had stated in its September 9, 2023 order, that the government had no lawfully right to accesss the information on Levin's iPhone outside the scope of the warrant, and therefore could not produce it. *Dkt. 256* ("the court reiterates what it said in earlier orders and on the record: the government cannot produce information that it cannot access lawfully. Put another way, the scope of the search warrant defines the government's ability to produce information."). The Court also rejected an argument by Andrade that, because FBI agents in New York ran a handful of search terms through an image of Levin's devices for the sole reason of trying to determine if it contained evidence material to the defense, the government had "waived" its constitutional obligation and therefore must produce the image of the entire Levin iPhone. *Id.* ("The court rejects Mr. Andrade's argument that the government waived the issue; again, for the reasons discussed at the hearing: the government cannot waive its constitutional obligations to seize only what a search warrant permits."). *Id.* In its December 16, 2023 ruling, the Court stated that a "third-party subpoena to Mr. Levin will address the issue." *Id.* The government (attorneys in the SDNY) then contacted Levin's former attorney, who said he no longer represented Levin. The government is not aware of Mr. Levin's whereabouts, but believes he may be outside the United States.

### b. Defendant's Current Motion

In his motion here, defendant Andrade yet again petitions the Court for production of the entire image of the Levin iPhone, recycling the same arguments that the Court has already rejected. *Dkt. 317* (Def. Motion). Throughout his motion, Andrade misstates the facts and the Court's ruling. The first sentence of defendant Andrade's Argument Section states: "*It is not, and cannot be, the case that the government is permitted to make Levin's devices inaccessible to the defense by claiming that it does not lawfully possess them, while at the same time continuing to possess them, using them for its own purposes, passing on its opportunities to return them to Mr. Levin, and refusing to tender them to the Court.*" *Id.* at 4:5-8. The government cannot not access Levin's devices (plural); only the iPhone. The government is not "claiming" that it does not lawfully possess them; it is relying on this Court's multiple orders to that effect. The government is not "using them for its own purposes;" the government ran three search terms on the iPhone image on one occasion; and as the Court has ruled, that does not abrogate the constitutional limit on what it can lawfully possess. The government has not "passed on opportunities to return them to Mr. Levin;" as noted above, the government contacted Levin's former counsel, and the government is unaware of Mr. Levin's whereabouts and believes he may be outside of the United States. And finally, the government is not "refusing" to tender the iPhone image or the devices to the Court. To the contrary, it has not been ordered to do so.

In his instant motion, Andrade again repeats his assertion that the Court has already ordered the government to produce the full image of the Levin iPhone to Andrade. *Dkt. 317* (Def. Motion) ("the Court ruled more than a year ago that the Levin devices are material to the preparation of the defense and that the government must produce them to Mr. Andrade.") (italics added). But again, as noted above, the Court has ruled twice that the government cannot produce the images of Levin's iPhone or his devices because it does not legally possess them.

### c. Andrade Has not Shown that Everything on Levin's iPhone is Material to his Defense

Andrade repeatedly asserts that the "Levin devices" are material to preparation of his defense, and argues that the Court has so held. But that is not what the Court held, and is not something the Court can determine based on the record, because neither the Court nor Mr. Andrade (or the government) have reviewed the contents on Levin's iPhone.

The Court has found, based on representations by defendant Andrade, that *some* information that *may be* on Levin's devices related to Levin's communications with Abramoff *could be* relevant to the defense. *Dkt. 165*. But the Court did not hold, because it could not, that the entire Levin iPhone was material to the preparation of Mr. Andrade's defense because Mr. Andrade has not presented evidence to support this. It also belies common sense to believe that everything on Levin's personal iPhone, a device like everyone's phones that will invariably contain troves of personal data, from intimate texts, to unrelated business conversations, to private financial information, even potentially privileged information, is all material to the preparation of Andrade's defense. At best, Andrade has shown that a handful of communications between Levin and Andrade's co-conspirator Jack Abramoff about an ultimately unsuccessful venture to develop a TV show about cryptocurrency may be relevant to the defense; and all of those communications were already produced to defendant Andrade. *See Dkt. 165* (April 7, 2023 Discovery Order). Defendant Andrade speculates that "only Mr. Levin's devices will have a full picture of what Mr. Levin did with the information and provide insight into what he, Mr. Abramoff, and others were doing." But this is mere speculation, and does not provide a basis for him to access and review everything on Levin's iPhone.

Defendant Andrade is charged with making false and fraudulent representations to potential investors as part of a conspiracy with Jack Abramoff and others to induce individuals to invest in AML Bitcoin, what Andrade fraudulently claimed was a revolutionary "anti-money laundering, know-your-customer" version of bitcoin. *Dkt. 1* (Indictment). As alleged in the indictment, Andrade repeatedly misrepresented the development of AML Bitcoin, its adoption and use by businesses and governments, and its future prospects. *Id.* In fact, Andrade never completed a working version of AML Bitcoin, and never had any business or government customers. *Id.* Instead, Andrade and his co-conspirators raised and then stole millions of dollars from investors, none of which was ever returned. *Id.* Andrade personally stole over a $1 million in investor funds to purchase two properties for himself in Texas. *Id.*

Alexander Levin was never a target of the government's AML Bitcoin investigation, and he was never charged with a crime as part of any federal investigation. He will not be a government witness at Andrade's trial, his statements are inadmissible hearsay and irrelevant, and as the government has repeatedly said, the government does not believe that any of his communications, other than those he

had with Abramoff are even remotely relevant or material to Andrade's defense.

        d.    *Whether Levin Has Abandoned his iPhone Does Not Entitle Defendant Andrade to the Entirety of the Contents of that Device*

Defendant Andrade argues that Mr. Levin has abandoned his devices, and cites to two cases that stand for the proposition that an individual can abandon his or her Fourth Amendment rights over devices in certain circumstances. *See United States v. Green*, 981 F.3d 945, 956 (11th Cir. 2020); *United States v. Fisher*, 56 F.4th 673, 686-87 (9th Cir. 2022). But those cases are distinguishable. In both cases, law enforcement had in fact obtained search warrants for the devices, and the only question before the court in each case was whether a defendant had standing to move to suppress the government's warrant. Nothing in those cases stands for the proposition that, even if an individual did abandon his device for purposes of the Fourth Amendment, that the government must then be compelled to turn over *everything* on that device to a defendant in a separate criminal case, absent some separate showing of materiality and relevance.

        e.    *Defendant Andrade's Inexplicable Demand that the Court Take Custody of the Devices*

Defendant Andrade suggests that the Court order the government to "submit the Levin devices that it cannot lawfully possess to the judicial branch, which gave the government its authority to seize the devices in the first place." *Dkt. 317* (Def. Motion). But defendant cites to no valid authority supporting this proposal, and from a practical standpoint, Andrade does not explain what the Court would actually do with the devices once it had them. The iPad cannot be accessed. As for the image of Levin's iPhone, turning that image over to a court does not change the Rule 16 materiality standard that the defendant must first meet in order to obtain the information. To the extent that Andrade is asking the Court to review the image of Levin's iPhone, that is not the role of the Court, and Andrade cites no legal authority for such a proposition.

## III. CONCLUSION

Defendant Andrade seeks a sweeping order from the Court, asking it to compel the government to produce to a criminal defendant, in a wholly unrelated case, the *entirety* of the data, communications, and information from the device of an individual who has never been charged with a crime and will not be a witness in this prosecution. Neither Rule 16 nor *Brady* requires such an outcome. In fact, Rule 16

specifically requires that before the defendant can copy or inspect evidence in the government's possession, custody, or control, it must show that the information is material to the preparation of the defense. Andrade has not made that showing as to the entire image of Levin's iPhone. Given this, the government respectfully asks the Court to deny defendant's motion.

DATED: July 9, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
DAVID J. WARD
CHRISTIAAN HIGHSMITH
Assistant United States Attorneys
MATTHEW CHOU
Special Assistant United States Attorney