1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          San Francisco Division

11    UNITED STATES OF AMERICA,              Case No. 20-cr-00249-RS (LB)

12                Plaintiff,
                                             **DISCOVERY ORDER**
13           v.
                                             Re: ECF No. 256
14    ROWLAND MARCUS ANDRADE,

15                Defendant.

16

17        This order addresses the parties' ongoing dispute about the production to the defense of an

18    image of Alexander Levin's phone.[1] The court previously ordered its production.[2] The

19    government then said that it could not produce information that was outside the scope of the

20    search warrant[3] even though (seemingly inconsistently) it had offered to produce an image subject

21    to an AEO designation.[4] Citing the full legal standards under *Brady v. Maryland*, 373 U.S. 83, 87

22    (1983), and its progeny, and Federal Rule of Criminal Procedure 16(a)(1)(E), the court ordered the

23

24    _____

25    [1] Mot. – ECF No. 317; *see, e.g.*, Mot. – ECF No. 215 at 2; Orders – ECF Nos. 165, 250, 256. Citations
      refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at
26    the top of documents.

      [2] Order – ECF No. 165 at 11.
27
      [3] Opp'n – ECF No. 220 at 4.

28    [4] *Id.* at 3.

1   government to produce an image of the phone.[5] Then, it reconsidered that approach in favor of a

2   third-party subpoena to Mr. Levin in order to address the government's concern that it lawfully

3   possessed only contents of the phone that were covered by the search warrant.[6]

4       That approach did not work: the government contacted Mr. Levin's former attorney, who said

5   that he no longer represents Mr. Levin. The government believes Mr. Levin "may be outside of the

6   United States."[7] The defense does not have an address to serve Mr. Levin with a subpoena for the

7   devices, despite asking the government for it.[8] The government apparently asked Mr. Levin's

8   lawyer more than eighteen months ago where it should send the devices, and the lawyer never

9   responded. The defense's investigator tried to serve Mr. Levin, but the neighbors reported that he

10  had moved.[9]

11      At this point, Mr. Levin seemingly has abandoned any interest in the contents of the phone. By

12  Friday, August 23, 2024, absent any objection by Mr. Levin, the government must produce an

13  image of the phone to the defense. The government must serve a copy of this order by email on

14  Mr. Levin's former attorney, who presumably has contact information for Mr. Levin, including an

15  email address. The court would appreciate it if that attorney would email Mr. Levin this order and

16  file proof of service (through the government or the defense, who can handle the efiling). Mr.

17  Levin's contact information must be provided to the defense, who also can serve a copy of this

18  order and a subpoena by email (if Mr. Levin is out of the country) and then file proof of service

19  (including a representation, if true, that the email did not bounce back). If Mr. Levin wants to

20  object to the production of the image, he must do so by August 22, 2024.

21      **IT IS SO ORDERED.**

22      Dated: August 1, 2024

23                          LAUREL BEELER
                        United States Magistrate Judges

24

25  [5] Order – ECF No. 165 at 11.

26  [6] Order – ECF No. 256.

27  [7] Opp'n – ECF No. 321 at 3.

    [8] Dent Decl. – ECF No. 317-1 at 2 (¶ 3).

28  [9] *Id.* at 3 (¶ 6).

United States District Court
Northern District of California