MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
  kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>  vs.<br><br>ROWLAND MARCUS ANDRADE,<br><br>          Defendant. | Case No. 3:20-cr-00249-RS-LBx<br><br>**DEFENDANT ANRADE'S MOTION TO COMPEL THE GOVERNMENT'S COMPLIANCE WITH THE COURT'S AUGUST 1, 2024 ORDER**<br><br>Date:    September 12, 2024<br>Time:   10:30 a.m.<br>Judge:  Hon. Laurel Beeler |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, September 12, 2024, at 10:30 a.m., or as soon thereafter as the matter may be heard, Defendant Rowland Marcus Andrade will bring for hearing before the Honorable Laurel Beeler, District Court Magistrate Judge, his Motion to Compel the Government's Compliance with the Court's August 1, 2024 Order. Mr. Andrade brings this motion to ask the Court to require the government to comply with its August 1, 2024 Order (Dkt. #332) by immediately producing an image of Levin's iPhone.

DATED: August 27, 2024

KING & SPALDING LLP

By: /s/ Mike J. Shepard
MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Background

More than two years ago, in July 2022, Mr. Andrade made a discovery request for Alexander Levin's iPhone and iPad. Since then, the parties have filed twenty (20) briefs on the issue,[1] the Court has ruled that Alexander Levin's devices are material to Mr. Andrade's defense,[2] and – most recently – the Court issued an order on August 1, 2024, which states in part:

> At this point, Mr. Levin seemingly has abandoned any interest in the contents of the phone. **By Friday, August 23, 2024, absent any objection by Mr. Levin, the government must produce an image of the phone to the defense**. The government must serve a copy of this order by email on Mr. Levin's former attorney, who presumably has contact information for Mr. Levin, including an email address. The court would appreciate it if that attorney would email Mr. Levin this order and file proof of service (through the government or the defense, who can handle the efiling). **Mr. Levin's contact information must be provided to the defense,** who also can serve a copy of this order and a subpoena by email (if Mr. Levin is out of the country) and then file proof of service (including a representation, if true, that the email did not bounce back). **If Mr. Levin wants to object to the production of the image, he must do so by August 22, 2024**.

Discovery Order, Dkt. #332 at 2:11-20 (Aug. 1, 2024) (emphasis added).

Mr. Andrade has not received an image of Levin's iPhone, and has not received any contact information for Levin. The government reported on the afternoon of August 23 that, earlier that day, it received an email from Mr. Buckley, who claims he no longer represents Levin, but says that he does "not understand" how Levin could have abandoned his devices "as

---

[1] *See, e.g.*, Andrade's Second Motion to Compel, Dkt. # 120 (Nov. 28, 2022); USA's Opp. to Andrade's MTC, Dkt. #124 at 7:5 (Dec. 5, 2022); Andrade's Reply iso Second MTC, Dkt. #127 (Dec. 9, 2022); Andrade's Supp. Memo iso MTC, Dkt #153 (Mar. 15, 2023); USA's Supp. Opp. to MTC, Dkt. #158 at 5:13-22 (March 22, 2023); Andrade's Supp. Reply, Dkt. #159 (Mar. 27, 2023); Joint Status Report, Dkt. #178 at 7-11 (May 26, 2023); Joint Status Report, Dkt. #212 at 4:1-4 (Sept. 15, 2023); Andrade's Supp. Brief iso Levin Phone, Dkt. #215 ( Sept. 27, 2023 ); USA's Opp. to Supp. Brief, Dkt #220 (Oct. 3, 2023); Andrade's Reply iso Levin Phone, Dkt. #224 (Oct. 10, 2023); Status Report, Dkt. #236 (Nov. 7, 2023); USA's Update on Return of Levin Phone, Dkt. #237 (Nov. 9, 2023); USA's Response to Court Order, Dkt. #251 (Dec. 7, 2023); Andrade's Reply to Govt's Response to Court's Discovery Order, Dkt. #252 at  (Dec. 11, 2023); Andrade's Motion to Compel Production of Levin Master Copy, Dkt. #317, (June 28, 2024); USA's Opp. to Andrade's MTC Production of Levin Master Copy, Dkt. #321 (July 9, 2024); Andrade's Reply iso MTC Production of Levin Master Copy, Dkt. #323 (July 15, 2024).

[2] Discovery Order, Dkt. #165 at 11:9-12 (Apr. 7, 2023); *see also* Discovery Order, Dkt. #332 at 1:21-2:1 ("Citing the full legal standards under *Brady v. Maryland,* 373 U.S. 83, 87 (1983), and its progeny, and Federal Rule of Criminal Procedure 16(a)(l)(E), the court [in its April 7, 2023 Order] ordered the government to produce an image of the phone.").

they were seized pursuant to a warrant and without the consent of Mr. Levin."[3] This does not constitute an objection by Mr. Levin, was not timely, and, most importantly, does not even try to address the authorities that establish that Mr. Levin abandoned his device; nothing about this email can relieve the government of its obligation under the August 1 Order to produce an image of Levin's iPhone to Mr. Andrade.

## II.   Argument

The August 1 Order states that, if Levin wanted to object to the production of an image of his iPhone, he had to do so by August 22. He did not. The government suggests that the email it received from Mr. Buckley on August 23 constitutes an "objection" by Levin to the production of an image of Levin's iPhone. Not so. Not only was the email written *after* the August 22 deadline imposed by the August 1 Order, but Mr. Buckley does not even represent Levin and cannot therefore raise an objection on his behalf. Mr. Buckley informed defense counsel in November 2023 that he no longer represented Levin, and he confirmed this in his August 23, 2024 email to AUSA Ward, stating: "I do not currently represent Mr. Levin, as we have discussed." *See* Dent Decl., ¶4 and Exh. A. The August Order anticipates an objection from "Mr. Levin" (Dkt. #332 at 2:19-20), and there is no reason to believe that an objection from a man who repeatedly has insisted he does not represent Levin counts as an objection from Levin.

Furthermore, even if Mr. Buckley's email had been timely, and even if Mr. Buckley *did* represent Levin, his email to AUSA Ward does not even attempt to refute the case law relied on by Mr. Andrade in his motion. *See* Dkt. #317 at 9:5-12 (June 28, 2024). In fact, one of the cases on which Mr. Andrade relied directly refutes Mr. Buckley's "belief" that property that is seized by the government cannot be abandoned by its owner. *See United States v. Green*, 981 F.3d 945, 956 (11th Cir. 2020) (defendant abandoned his cell phone after it was lawfully seized incident to his arrest for driving with a suspended license, where release of the cell phone was authorized by law enforcement about 48 hours after defendant's arrest, and there was no evidence that defendant did anything over the next four years to maintain his interest in the phone).

---

[3] *See* Declaration of Kerrie C. Dent, ¶3 and Exhibit A, Email from AUSA Ward to K. Dent (Aug. 23, 2024).

4

Nor does Mr. Buckley's email to AUSA Ward refute the factual assertions that led the Court to conclude that "Mr. Levin seemingly has abandoned any interest in the contents of the phone." Dkt. #332 at 2:4-11.  The facts on which the Court relied included: that Mr. Levin's former attorney (Mr. Buckley) had said he no longer represents Mr. Levin; that the government believes Mr. Levin "may be outside of the United States;" that the defense does not have an address to serve Mr. Levin with a subpoena for the devices, despite asking the government for it; and that "[t]he government apparently asked Mr. Levin's lawyer more than eighteen months ago where it should send the devices, and the lawyer never responded." Mr. Buckley's email takes on none of these facts.

The Court could not have been clearer in its August 1, 2024 Discovery Order: "By Friday, August 23, 2024, absent any objection by Mr. Levin, the government must produce an image of the phone to the defense." Dkt. #332 at 2:11-13.  The Court should require the government to comply with its mandate.[4]

### III.  Conclusion

For the foregoing reasons, this Court should compel the government to comply with its August 1 Order and immediately produce an image of Alexander Levin's phone.

DATED: August 27, 2024

Respectfully submitted,

KING & SPALDING LLP

By: /s/ Michael J. Shepard

MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

---

[4] The Ninth Circuit adheres to the "principle that the district court is charged with effectuating the speedy and orderly administration of justice." *United States v. W.R. Grace* ("*Grace II*"), 526 F.3d 499, 508-509 (9th Cir .2008) (en banc) ("There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter . . . discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").