1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  CHRISTIAAN HIGHSMITH (CABN 296282)
   DAVID WARD (CABN 239504)
5  Assistant United States Attorneys

6  MATTHEW CHOU (CABN 325199)
   Special Assistant United States Attorney
7
           450 Golden Gate Avenue, Box 36055
8          San Francisco, California 94102-3495
           Telephone: (415) 436-7200
9          Facsimile: (415) 436-7230
           christiaan.highsmith@usdoj.gov
10         david.ward@usdoj.gov

11 Attorneys for United States of America

12
13                       UNITED STATES DISTRICT COURT
14                      NORTHERN DISTRICT OF CALIFORNIA
15                           SAN FRANCISCO DIVISION

16 | UNITED STATES OF AMERICA,        ) NO. CR 20-00249 RS (LB)
                                      )
17 |       Plaintiff,                 )
                                      ) **UNITED STATES' RESPONSE TO**
18 |   v.                             ) **DEFENDANT'S MOTION TO COMPEL**
                                      ) **DISCOVERY (RE; LEVIN PHONE)**
19 |                                  )
   | ROWLAND MARCUS ANDRADE,          )
20 |                                  )
   |       Defendant.                 )
21 |                                  )
   |                                  )
22 |_____)

23     On June 28, 2024, defendant Marcus Andrade filed a motion with the Court seeking production

24 of the full image of an iPhone seized by the government in 2020 from an individual named Alexander

25 Levin. *Dkt. 317.* In his motion, defendant Andrade raised, for the first time, the argument that Levin

26 had abandoned any privacy interest in the phone. *Id.* After briefing by the parties, and oral argument,

27 the Court issued a Discovery Order stating that that Mr. Levin "seemingly has abandoned any interest in

28 the contents of the phone" but that Mr. Levin must be given notice and an opportunity to object. *Dkt.*

*332.* Absent an objection, the Court stated it would order the government to produce an image of the phone to defendant Andrade. *Id.* The Court ordered the government to serve a copy of the order on Mr. Levin's former attorney, and asked that the former attorney email the Court's order to Mr. Levin. *Id.*

The government spoke to Mr. Levin's former attorney by phone on August 2, 2024, the day after the Court's Order, and provided him a copy of the Court's order on the same date. *Declaration of David J. Ward in Support of Government's Response to Defendant's Motion to Compel.* ¶ 1. In that conversation, Levin's former attorney stated this was the first he had heard that defendant Andrade was claiming that Mr. Levin had abandoned an interest in his phone, and he vehemently disputed that either he or Levin had ever abandoned Levin's privacy interests in his devices seized by the government. *Id.*

On August 23, 2024, the government received a response by email from the attorney objecting to the production of the images of Levin's devices. In their most recent Motion to Compel Discovery, defendant Andrade selectively quotes from the response, but excludes Levin's former counsel's clear assertion of a continued privacy interest in Levin's phone. The email states in full:

> *Thank you, Dave. I do not currently represent Mr. Levin, as we have discussed. That said, and despite the Magistrate's order, I do not understand how these materials are "abandoned property" as they were seized pursuant to a warrant and without the consent of Mr. Levin. I believe Mr. Levin maintains a valid privacy interest in those materials given the nature of how they were taken and maintained. To be clear, while I do not represent Mr. Levin, I want to make clear that neither I nor Mr. Levin (to my knowledge) has disclaimed or waived any privacy interest in devices that were taken from him without his consent pursuant to compulsory process from the Government.*

*Id.* Ex. A.

In their Motion to Compel, defendant Andrade relies on *United States v. Green* in support of its contention that Levin has abandoned his phone. 981 F.3d 945, 956 (11th Cir. 2020). But *Green* now in fact it compels the opposite conclusion in light of Levin's former counsel's statements. In *Green*, the Court held that the defendant had abandoned his phone because its release was authorized to him, yet he failed to retrieve the phone for four years despite knowing this. *Id.* Here, Levin is in Ukraine, and the government has not been able to contact him. But immediately upon learning for the first time that defendant Andrade has filed a motion claiming that Levin had abandoned his privacy interests in his devices and seeking production of the entire contents of the devices, his former counsel disputed that characterization, and he timely asserted that Mr. Levin had never knowingly waived any privacy interest

in his phone. He writes: *"I want to make clear that neither I nor Mr. Levin (to my knowledge) has disclaimed or waived any privacy interest in devices that were taken from him without his consent."* See Ward Decl. ¶ 2.

Mr. Levin is apparently in Ukraine. Given that, the Court was correct in giving him an opportunity object and re-assert his privacy interests in his devices and all of the content on them, which he has done through his former counsel. That is a valid assertion of Levin's rights under the circumstances, and Mr. Levin should not now be required to return to the United States, or to be forced to retain and pay for U.S. counsel, to further defend valid privacy interests in personal information on devices seized from him without his consent, pursuant to a Court-order search warrant four years ago. Nor should Levin's former counsel be compelled to take on the expense of retrieving or litigating the privacy of the personal information on Levin's devices based on an abandonment claim being raised for the first time four years after the devices were seized, by a defendant in an unrelated case in a separate judicial district.

In light of the privacy assertions raised on behalf of Mr. Levin, defendant Andrade's Motion to require production of the full images of Levin's devices should be denied.

DATED: August 28, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


_/s/ David Ward_____
DAVID WARD
CHRISTIAAN HIGHSMITH
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney