ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7230
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> ROWLAND MARCUS ANDRADE, <br>     Defendant. | CASE NO. 20-CR-00249-RS <br><br> **UNITED STATES' MEMORANDUM IN SUPPORT OF PROPOSED CLASSIFIED INFORMATION PROTECTION ACT SCHEDULING ORDER; AND [PROPOSED] ORDER** |

## I. PROCEDURAL BACKGROUND

On July 13, 2024, the government filed notice that matters related to classified information have arisen in this case, and asked that the Court appoint a Classified Information Security Officer (CISO) and to set a briefing schedule related to the Classified Information Protection Act (CIPA). *Dkt. 322*. That process would begin with the government filing, *ex parte* and under seal, a CIPA Section 4 filing requesting the Court's approval to delete (i.e., not produce) classified information, or to order release of a substituted, non-classified summary or substitution. *Id.* Prior to its filing, the government provided

defense counsel with a proposed CIPA schedule, including a proposed date of October 25, 2024, for the government's initial CIPA filing. *See Declaration of David Ward in Support of the United States Memorandum in Support of Proposed CIPA Scheduling Briefing ("Ward Decl.")* ¶ 1. Defendant Andrade would not agree, instead requesting that the government file its initial CIPA Section 4 filing no later than August 14, 2024. *Id.* At a status hearing on August 7, 2024, the Court ordered the parties to further meet and confer on the government's proposed scheduling order. The parties met and conferred on August 9, 2024, and again by telephone on August 12 August 27, 2024. *Ward Decl.* ¶ 6.

Based on defense counsel's concerns, and to ensure that any CIPA-related issues may be resolved well in advance of the February 10, 2025 trial date in this case, the government obtained internal approval to move up its initial CIPA filing deadline to Oct. 1, 2024, and to move up any other filing dates if necessary. To address a separate concern raised by the defendant, the government has made clear that it does not oppose the defendant filing his own *ex parte* submission at this stage. A defendant may be permitted to file his own *ex parte* submission outlining his theory of the defense to aid the court in the review of any classified materials. *See United States v. Sedaghaty*, 728 F.3d, 885 906 n.10 (9th Cir. 2013); *see also United States v. Abdul-Latif*, CR 11-0228 JLR, *Dkt. 87* (Order Granting Government's In Camera, *Ex Parte* Motion) (W.D. Wash. 2012).

Despite the government's efforts to compromise, including by moving up its initial Section 4 CIPA filing date almost a month, defense counsel would not agree to a briefing schedule, stating by email on August 28 that "we would rather move forward with 4-pagers rather than agree to a schedule."[1] *Ward Decl.* ¶ 6.

## II. LEGAL AUTHORITY

### a. CIPA Filing Procedures

The Classified Information Protection Act (CIPA) was enacted to enable district courts to evaluate issues that may arise with potential classified information in criminal cases. *Sedaghaty,* 728 F.3d at 904; *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988).

---

[1] The Court ordered that if the parties were unable to agree to a stipulate schedule, each party could file a brief, no more than four-pages in length, outlining its position. *Dkt. 337.*

1    As relevant to this case, CIPA Section 4 allows the government to request an *ex parte* and *in camera* review of classified materials to determine whether they would otherwise be discoverable, and if determined to be otherwise discoverable, whether a government-proposed summary or substitution, would place the defendant in substantially the same position as the underlying classified information. *See*, *e.g.*, *Amawi*, 695 F.3d at 472-473 (noting that "every court that has considered this issue has held that CIPA permits *ex parte* hearings"); *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2011); *United States v.* Libby, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006), *amended by United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006).

To invoke CIPA's procedures under Section 4, the government must first establish that the information is indeed classified. *See United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *Sarkissian*, 841 F.2d at 965-66; *United States c. Mejia*, 448 F.3d 436, 456 (D.C. Cir. 2006). To do so, the government ordinarily submits a declaration executed by an official with classification review authority (1) describing the reasons for the classification of the information at issue; and (2) setting forth the potential harm to national security that could result from its disclosure. *See Libby,* 429 F. Supp. 2d at 22, *amended by Libby,* 429 F. Supp. 2d at 47.  In the Ninth Circuit, the government must provide an "actual declaration from the political head of the department invoking the privilege." *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 813 (2024).

### III.    GOVERNMENT'S PROPOSED CIPA FILING SCHEDULE

   a.    *Proposed CIPA Section 4 Filing Deadlines*

Here, the U.S. Attorney's Office for the Northern District of California consulted with the Counterintelligence and Export Control Section (CES) of the National Security Division of the Department of Justice, and CES began coordinating with the department invoking the classification privilege for a proposed briefing schedule.  The government had initially proposed that it file its initial Section 4 motion by October 25, 2024. *Dkt. 322*.  Following meet and confer discussions with defense counsel, the government renewed its coordination with the representatives of the department invoking the privilege and is now able to agree that the requirements of obtaining a classification declaration, and preparing and filing the government's CIPA Section 4 motion, can be met by October 1, 2024.

The government's CIPA motion will disclose to the Court classified information, explain the reasons for why this matter is coming to light at this stage, and provide its basis for asking that the Court hold the information is not required to be disclosed (i.e., that it be deleted).

On August 15, 2024, the Court ordered the appointment of a Classified Information Security Officer (CISO) to aid and advise the Court and the parties. *Dkt. 338.* The CISO will work with the Court to arrange the necessary security arrangements for this process, and will also guide the Court on its handling of the government's classified Section 4 briefing and classified materials.

      *b.*     *Subsequent CIPA Filing Deadlines*

In its CIPA briefing schedule, and as part of standard CIPA briefing procedures, the government includes potential placeholder deadlines for any CIPA Section 5 and Section 6 filings, were they to be necessary. In this case, the government does not believe that Section 5 or Section 6 filings will be necessary. As described in the *United States Memorandum of Law Pursuant to the Classified Information Procedures Act*, CIPA Sections 5 and 6 apply when a *defendant* who already possesses classified information seeks to disclose such information during a trial, or at pretrial proceedings, or when the government seeks to introduce classified discovery at trial. *See Sarkissian*, 841 F.2d at 965-66; *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983). In this case, the defense is not in possession of classified information, and the government does not intend to use any classified information at trial or any pretrial proceedings. Therefore, the government believes it highly unlikely and Section 5 or Section 6 hearings will be required.

**IV.  CONCLUSION**

The government is working diligently with various government entities to prepare and timely file its CIPA Section 4 motion, and believes and expects that the timeline proposed by the government gives the Court ample time to address and resolve any issues surrounding the classified information and still adhere to the February 10, 2025 trial date.

//
//
//
//

For the foregoing reasons, the government respectfully requests that the Court adopt and order the government's Proposed CIPA Briefing schedule.

DATED: August 29, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_/s/ David J. Ward_____
DAVID J. WARD
CHRISTIAAN HIGHSMITH
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney

CHANTELLE DIAL
Trial Attorney, National Security Division

**[PROPOSED] CIPA SCHEDULING ORDER**

Having considered the United States' Memorandum in Support of Proposed CIPA Scheduling Order, the Court hereby ORDERS the following proposed CIPA briefing and hearing schedule:

1. The government shall file its initial CIPA Section 4 filing no later than October 1, 2024.
2. The Court will order a CIPA Section 4 hearing if necessary.
3. CIPA Section 5 and Section 6(c) filings:  To be decided only if necessary.
4. IT IS HEREBY ORDERED that the above dates will be incorporated into the current trial scheduling order (Dkt. #313).

**IT IS SO ORDERED**.

DATED:  _____

_____
HON. RICHARD SEEBORG
Chief United States District Judge