1  MICHAEL J. SHEPARD (SBN 91281)
    *mshepard@kslaw.com*
2  **KING & SPALDING LLP**
3  50 California Street, Suite 3300
    San Francisco, California 94111
4  Telephone:    +1 415 318 1221

5  KERRIE C. DENT (admitted *pro hac vice*)
    *kdent@kslaw.com*
6  **KING & SPALDING LLP**
7  1700 Pennsylvania Avenue, NW, Suite 900
    Washington, DC 20006-4707
8  Telephone:    +1 202 626 2394

9  CINDY A. DIAMOND (SBN 124995)
    *cindy@cadiamond.com*
10  **ATTORNEY AT LAW**
11  58 West Portal Ave #350
    San Francisco, CA 94127
12  Telephone:    +1 408 981 6307

13  Attorneys for Defendant
    ROWLAND MARCUS ANDRADE
14

15

16                    **UNITED STATES DISTRICT COURT**

17                  **NORTHERN DISTRICT OF CALIFORNIA**

18                      **SAN FRANCISCO DIVISION**

19  UNITED STATES OF AMERICA,              Case No. 3:20-cr-00249-RS-LBx

20                Plaintiff,               **DECLARATION OF KERRIE C. DENT**
                                           **IN SUPPORT OF DEFENDANT MARCUS**
21        v.                               **ANDRADE'S BRIEF REGARDING CIPA**
                                           **SCHEDULING**
22  ROWLAND MARCUS ANDRADE,
                                           Judge: Hon. Richard Seeborg, Chief Judge
23                Defendant.

24

25

26

27

28
                                    1

Kerrie C. Dent, counsel for Defendant Marcus Andrade, states as follows:

1.      I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I have personal knowledge of the discovery disputes and related correspondence between the government and defense counsel and, if called as a witness in this matter, could competently testify to the matters stated in this Declaration.

2.      I handle most of the discovery communications and filings for Mr. Andrade's case.  On at least two occasions – in an email to AUSA Dawson on November 1, 2022, and an email to AUSA Highsmith on May 10, 2023 – we offered to comply with CIPA procedures if the government thought that was necessary. I attach those emails as Exhibits A and B.

3.      Throughout the discovery process, Judge Beeler repeatedly has ruled that requested discovery was required by Rule 16 (and potentially *Brady* and *Giglio*) and ordered the government to make productions.  *See, e.g*., Order dated April 7, 2023, Dkt #165 (ordering production of all 5 categories of materials identified as priority items from November 28, 2022 motion to compel); Order dated March 17, 2024, Dkt. # 292 (ordering production of 10 of the 11 categories of materials requested from January 25, 2024 motion to compel); Order dated July 13, 2023, Dkt. #198 (ordering the government to produce the Jack Abramoff's phone);  Order dated May 10, 2024 Dkt. #309 (ordering the government to provide Mr. Andrade access to his Trezor wallets).  Rather than adjust its discovery responses in light of Judge Beeler's repeated orders, the government persists in declining or ignoring our requests.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 29, 2024 in McLean, Virginia.


                                        */s/ Kerrie C. Dent*_____
                                        KERRIE C. DENT

# EXHIBIT A

| | |
|---|---|
| **From:** | Kerrie Dent |
| **To:** | Laurie Bartis-Callaghan |
| **Subject:** | FW: Marcus Andrade - motion to compel |
| **Date:** | Thursday, December 1, 2022 9:03:51 AM |

---

**From:** Dawson, Andrew (USACAN) <Andrew.Dawson@usdoj.gov>
**Sent:** Tuesday, November 8, 2022 3:35 PM
**To:** Kerrie Dent <KDent@KSLAW.com>; Weingarten, Ross (USACAN) <Ross.Weingarten@usdoj.gov>
**Cc:** Mike Shepard <mshepard@kslaw.com>
**Subject:** RE: Marcus Andrade - motion to compel

| CAUTION: **MAIL FROM OUTSIDE THE FIRM** |
|---|

Hi Kerrie —

Our responses are below.  We are preparing a large drive containing physical file discovery, which will go out either at the end of this week or the beginning of next.  The discovery ended up being too big for the drive you sent, but we obtained a drive and will provide it. (We will need it back when you are done, of course.)  The vast bulk of the discovery consists of search warrant materials that were previously produced in different formats.  So where you previously received FTK reports, this batch will contain processed images of the same content.  This may be easier to search in some ways, so we wanted to provide it to you.  But it is very voluminous.

This discovery will also contain the Texas FBI files, certain UC-related materials that you have requested, the Katz materials, and other materials from the physical file as well.

In addition, I have a drive containing the device images we previously discussed.  That drive was prepared by the FBI lab, and because the relevant SWs have already been executed I cannot review the drive myself.  But we will FedEx that to you along with the new batch of discovery.

-- Andrew

---

**From:** Kerrie Dent <KDent@KSLAW.com>
**Sent:** Tuesday, November 1, 2022 12:23 PM
**To:** Dawson, Andrew (USACAN) <adawson@usa.doj.gov>; Weingarten, Ross (USACAN) <rweingarten@usa.doj.gov>
**Cc:** Mike Shepard <mshepard@kslaw.com>
**Subject:** [EXTERNAL] Marcus Andrade - motion to compel

Dear Andrew,

Thanks for your email.  We have a few follow-up questions to clarify where things stand with respect to the government's response to our discovery requests.  It appears to us that some issues are now ripe for us to proceed on our motion, and others merit further discussion.  We note that, in some instances, you have limited your responses to documents "in this

investigation."

After offering two general comments, this letter (1) lists what we understand the government has agreed to produce; (2) identifies issues on which we need further information from you; and (3) catalogues the issues we believe are now ripe for us to bring to the Court's attention.

As our first general note, our position is that the government is required under Rule 16 to provide us with documents material to our preparation of Andrade's defense, regardless of whether a given statement, or FBI report, or other document was generated in this investigation or another investigation. Second, for those materials that you have agreed to produce, please provide a schedule for when you think you will be making the production. Andrade was indicted two years ago, and his trial is schedule for less than ten months from now.

**Agreement to Produce**

3/7/22 Letter, Request 7, prior DOJ investigations relating to Andrade. You agreed to produce the FBI investigative files, including 302s and other related materials, related to two prior investigations relating to Andrade.

- We have obtained copies of the FBI's digital investigative files for two separate investigations out of Texas. Those materials have been imported into our case file, and those materials are being processed now. I anticipate they can be produced within the week.

3/7/22 Letter, Request 7, and 7/15/22 Letter, Request 8, parallel SEC investigation and other SEC materials. With respect to your concern that our request is broad enough to cover attorney work product, please let us know if the SEC has relevant material that you or it is withholding based on privilege or work product. We believe there are substantial amounts of information from the SEC investigation that would be material to the preparation of Andrade's defense and not subject to privilege or work product claims, including but not limited to bank statements, interviews and/or testimony, and whistleblower complaints. To take just one example, Jensen had communications with Terrence Poon relating to Andrade.

- I am working with SEC counsel to get their permission to produce documents related to the parallel SEC investigation into AML Bitcoin. Once again, I do not have custody or control of such documents, but I have requested that SEC agree to make productions. I have never heard of the SEC providing a privilege log of materials withheld due to their own privilege, and I can't imagine they would do so.

3/7/22 Letter, Request 9, cooperation or plea agreements. You have agreed to produce cooperation and plea agreements. Please check for any cooperation or plea agreements that are material to preparation of Andrade's case – not just those entered into in this investigation.

- We will produce all relevant cooperation or plea agreements called for under *Giglio* or, if they apply, any other rule of discovery. We are not presently aware of any such agreements from other investigations, save for Mr. Abramoff's plea agreement from his prior prosecution. If we become aware of any such materials that are subject to production, we will produce them.

5/10/22 Letter, Discovery Request 6, Telegram and Discord channels and accounts. You stated that materials responsive to this request are being processed for production now.

- The materials in the FBI's physical file are currently being processed, and we anticipate they

will be produced next week.

5/10/22 Letter, Discovery Request 10, UC operations. You stated that the government has produced, or is in the process of producing, all discoverable materials regarding any UC operations in this investigation.  Please provide all UC operations material to the preparation of Andrade's defense.

- The physical UC subfile from this investigation is next in line to be processed, and it will be produced after the initial tranche of the physical file (which we anticipate will contain the Main, GJ, and 302 subfiles).  To the extent your request applies to other UC operations, we are not aware of any.

7/15/22 Letter, Request 11, Katz documents.  We will wait until AUSA Weingarten is finished with his trial to address the apparent gap in the production of the Katz documents.

- We have obtained a new copy of the Katz production, and it is being processed now. I anticipate it will go out late this week or early next week.

**Follow-up Questions**

3/7/22 Letter, Requests 20 and 21.  With regard to the missing attachment to Boyer's message to Dillman, please check to see if you have the attachment in materials you have received from Dillman.

- We will conduct a search.  I note what we have produced to you the seizures from Dillman's computer, so you should be equally able to search for it.

3/7/22 Letter, Request 22, mobile application recordings.  You state that you will prepare and produce a new set of all recordings from the FBI mobile application in order to ensure we are not missing anything.  To clarify, we have asked for recordings for *all* people who used the recording app in connection with this case, not just Boyer.

- We are preparing a complete set of mobile application recordings for this case.  The set is not limited to Boyer.

3/7/22 Omnibus NSA and DOJ files request. We understand that NSA materials may be classified, and that we may need to comply with CIPA for responsive documents that fall into that category.  Please let us know if you have searched for unclassified material in response to this request. The FBI is part of the Department of Justice, and—yes—we are requesting that you review the files that the FBI keeps on the individuals listed in this request for exculpatory evidence pertaining to Andrade.  Please let us know if you will do so.

- This request is grossly overbroad and without justification.  We have made, and continue to make, productions from the FBI's investigative file in this case.  We have also reviewed and conducted searches in other, tangentially related investigations when you have requested it and there has been a basis to do so.  If you believe further such targeted searches are appropriate, we would be happy to consider them.  An unexplained demand for files related to 26 individuals, some of whom with no apparent connection to this case, is an unjustified fishing expedition.

7/15/22 Letter, Request 14, CIA materials.  We understand that CIA materials may be classified, and that we may need to comply with CIPA for responsive documents that fall into that category.  Please let us know if you have searched for unclassified material in response to this request, and, if not, whether you will do so.

- I do not have access to CIA materials and have no reason to believe any such materials are relevant to this case.  If there is a factual basis I can present in order to seek such access, I

would be happy to try.  But my understanding is that the CIA does not allow AUSAs to rummage through its files without some form of justification.

7/15/22 Letter, Request 2, Levin's devices.  You state that the case agents have requested access to the case file relating to Alexander Levin and they will run searches for responsive materials.  When do you expect the agents to run their searches?  You do not address Levin's phone or ipad, which we have requested

- The agents have conducted electronic searches of a case file related to Alexander Levin for any references to Andrade or "AML Bitcoin."  There were no hits.  Given that neither "Andrade" nor "AML Bitcoin" appears in the case file, there appears to be no basis beyond sheer speculation to justify a search of any devices that may have been seized and searched in that case.

Two additional requests from the May 10 request letter that we did not discuss on October 3, but on which we want to know your position:

5/10/22 Letter, Request 5, search warrants, and subpoenas relating or directed to Andrade, NAC Foundation, Aten Coin, AML Bitcoin, and Andrade's attorney Eric Olsen.

- Are you requesting materials from other investigations, or do you believe there are materials missing from the investigation resulting in this case?  Do you really want the subpoenas themselves, or the productions in response to those subpoenas?  As to the investigation that resulted in this case, we have produced or are in the process of producing (via the physical file), all relevant materials (SWs and subpoena productions) of which we are aware.

5/10/22 Letter, Request 9, victim letters and the statements by Masiitwa, Tippett, and Whitton on their applications for financial assistance.

- I have located 302s for Masiitwas (FBI-302-001204), Tippett (FBI-302-001110), and Whitton (FBI-302-001601).  What application for financial assistance are you talking about?

**Ripe for Motion to Compel**

3/7/22 Letter, Requests 1 & 2, Abramoff criminal history.

3/7/22 Letter, Request 3 and 4, Butina and Erikson.

3/7/22, Request 5, Special Agent Saler.

5/10/22 Requests 5 and 6, re Comply Advantage and Global Visions Solutions.

5/10/22 Request 2, Privilege Log related to items removed from Abramoff's phone (as indicated on the first page of the cellebrite file).

7/15/22 Letter, Request 15, FISA materials.

7/15/22 Letter, Request 12, various search warrants and related materials.


I am available for a call any time today if you have any questions or want to discuss any of the above.


Thanks,

Kerrie

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

EXHIBIT B

# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Ave., N.W.
Suite 900
Washington, DC  20006

Kerrie Covell Dent
Tel:  +1 202 626 2394
www.kslaw.com

**Confidential**

May 10, 2023

*Via Electronic Mail*

Andrew Dawson
Christiaan Highsmith
Ross Weingarten
United States Attorney's Office
450 Golden Gate Ave, Floor 11
San Francisco, CA 94102

Re: *United States v. Andrade*, No. CR20-249 RS

Gentlemen:

In light of Judge Beeler's Order on April 7, 2023, and her subsequent minute orders on April 18 and April 26, and in an effort to resolve the remaining discovery issues expeditiously without substantial time from Judge Beeler, we have set forth in this letter a list of outstanding discovery and document production issues. All of our requests seek discovery to which Andrade is entitled under Rule 16 and *Brady*.

## A.  JUDGE BEELER'S ORDERS

On March 6, 2023, you agreed to produce the complete image of Abramoff's phone,[1] and two days later, when asked during a meet and confer about the timing of producing the phone, AUSA Dawson said it was sitting on his desk and would probably be produced within the next day or two. More than two months later, we still have not received the complete image of the phone. Please produce the complete Cellebrite files of Abramoff's phone immediately, or explain why you are not able to do so.

On April 7, 2023, Judge Beeler ordered the government to produce five categories of materials: all non-privileged Robert Abramoff communications that had been removed from

---

[1] AUSA Dawson email to King & Spalding (March 6, 2023).

May 10, 2023
Page 2

the Abramoff phone that the government agreed to produce; Levin's devices; extractions from Erickson's device or, alternatively, documents and information relating to the destuction of those extactions; documents relating to the search and seizure of the devices of Butina, Erickson, and Levin; and all statements made by Butina, Erickson, or Levin. The government has not complied with this Order. As the Order was issued more than a month ago, please produce these materials immediately, or explain why you are not able to do so.

On April 18, the Court issued a Minute Order directing the parties to file a joint status report within seven days regarding the "timing of and process for the government's production." The Order stated that "[i]f Jack Abramoff is going to do a privilege review, then that timing needs to be part of the submission." The parties filed a joint status report on April 25. You stated in that report that Abramoff's counsel had searched the phone and identified 630 chat communications and 88 instant messages that involved Robert Abramoff. You said that Abramoff's counsel had determined that none of the Robert Abramoff communications were privileged, but that he had prepared a Sensitive Family Data Log. You wrote that you would produce the Robert Abramoff materials no later than May 5, 2023.

On April 26, 2023, the Court ordered: "Because the government will produce communications by May 5, the court orders a further update after Andrade has reviewed the production about any disagreements about withheld information. In aid of that process, if the government withholds information, it must identify the withheld information with sufficient specificity (akin to the procedures in the standing order for privilege logs) so that the parties can confer meaningfully about the withheld information." Minute Order (April 26, 2023). On May 5, the date by which you were going to produce the Robert Abramoff materials, we appear to have received about 211 pages of images from extraction reports of one or more threads containing messages to and/or from Robert Abramoff. Several of the conversation records were produced multiple times, and many of the messages cannot be read because they were cut off mid-sentence. Also, despite the Court's Order, you did not produce a log of any kind, let alone one that is akin to the procedures in Judge Beeler's standing order for privilege logs. Please immediately produce the Robert Abramoff materials in a format that includes the complete text of the communications and also produce a log in the format the Court ordered.

B. MOTION TO COMPEL -NEXT PRIORTY ITEM

As Judge Beeler directed, the recent proceedings on our motion to compel were based on what we selected as our highest priority items, without prejudice to the remaining items sought in our motion. The next priority for discovery requested in our pending motion to

May 10, 2023
Page 3

compel filed on November 28, 2022 will be documents related to Abramoff's prior and current wrongdoing. Although the government has produced bits and pieces of the documents relating to Abramoff's wrongdoing, we believe there are many documents material to Andrade's defense that have not been produced, including but not limited to FBI summaries and 302s relating to or referencing Abramoff.[2]  By way of example, we have received nothing from the investigations of Abramoff in the District of Maryland, the Southern District of New York, the District of Columbia or the Southern District of Florida.  Nor have we received any materials from cases that FBI 302s cross-referenced with Andrade's case, including references to cases in Minnesota, Los Angeles, South Dakota, Tampa Bay, Fort Lauderdale, and Miami.

We have not received all of the documents relating to Abramoff's participation in illegal activity since his release from his prior prison sentence, despite Abramoff's admissions of illegal lobbying, money laundering through Andrade's company, and conversations Abramoff has had with individuals doing foreign intelligence work.  Please provide all of the draft versions and completed FBI statements, notes, or paperwork relating to Abramoff's past cooperation in, or role as an informant in, this and other criminal cases, and statements the government made to Abramoff.[3]  Please also provide all statements Abramoff made to the government regarding Andrade, his companies, his cryptocurrency, his patents, or his assets. We also ask that you produce FBI reports and other documents relating to the cross-referenced cases involving Andrade, Abramoff, or Abramoff's wire fraud or illegal lobbying activities and all reports regarding Abramoff's activities as an ongoing cooperator or informant. Finally, please produce all government-authorized payments to Abramoff, (either directly or through any of Abramoff's associated companies or representatives), any promises of future funding, or any agreements to allow Abramoff to keep the funds and assets he acquired while participating in illegal activity.

After the parties meet and confer about, and hopefully resolve, the issues above, we also have three discovery issues that remain from the November 28 motion to compel; namely, (a) documents relating to **Comply Advantage and Global Visions Solutions** (5/10/22

---

[2]  For example, we have not received 302s or other documents prepared by one of Abramoff's FBI handlers, Special Agent Saler (3/7/22, Request 5), whom Abramoff phoned as soon as the case agents appeared at his home in September 2018 (see Recording ID-39).

[3]  This includes all statements made to Abramoff and documents created by FBI agents to comply with the Attorney General's Guidelines, Chapter 3: The Attorney General's Guidelines Regarding the Use of Confidential Informants, III (A), which requies, among other things, that FBI agents evaluate and operate confidential informants during a "Suitability Inquiry Period."

May 10, 2023
Page 4

Requests 5 and 6); (b) documents relating **FISA materials** (7/15/22 Letter, Request 15); and
(c) v**arious search warrants and related materials** (7/15/22 Letter, Request 12).

(a) With respect to the Comply Advantage and Global Visions request, our
understanding is that there are documents responsive to these requests that were in
Andrade's office at the time the government seized documents from him, including
some that were kept in a binder and others that were on his desk. This request
includes statements and communications that the government had with witnesses,
UCE's, CHS's, and others regarding Comply Advantage. In addition, we ask that
you provide any videos or recordings of Andrade on Zoom meetings,
demonstrating Comply Advantage's monitor and detecting technology as well as
some of the AML features in his own technology. Such meetings occurred in early
to mid-2020, and we understand that some UCEs and CHSs were in attendance.

(b) We requested FISA applications that reference Abramoff, NAC Foundation, AML
Bitcoin, AML Token, AtenCoin, Andrade, or Andrade's companies and related
technologies. Based on our review of documents since this request was made, we
also request FISA applications that reference Landfair Capital, Blockchain
Entertainment, Blockbits Capital, Sugar Mountain Holdings, Pangea, WeSearchr,
GotNews, CCJ Strategies, or any other company with which Abramoff was
associated. Such references may confirm further criminal activity in which
Abramoff was involved duing the relevant time period, often using Andrade's
companies and/or patented technology, but which took place without Andrade's
knowledge or involvement. For example, Erickson and Butina had documents
relating to membership in the FSB. Their FISA applications would shed light on
the illegal activities in which they and Abramoff (and others with a connection to
AML Bitcoin) were engaged behind Andrade's back and with intent that was
contrary to what he was trying to achieve with his cryptocurrency and techonology.

(c) We requested search warrants, subpoenas, and fruits of subpoenas that reference
AML or Andrade. The government stated in its August 9, 2022 letter that many of
the names listed in the request are not relevant to this case. We disagree and think
that all of the people and entities on the list have either direct or indirect
connections to AML Bitcoin. In any event, the government should produce
responsive documents for those individuals it knows *are* relevant to the case, and
then we can have a meet and confer regarding the remaining individuals so that we
can explain their materiality to Andrade's defense.

May 10, 2023
Page 5

C. **DISCOVERY THE GOVERNMENT AGREED TO PRODUCE**

Several issues were *not* included in the Motion to Compel because the government had agreed to produce them following the October 3 meet and confer and our October 14 letter. *See* November 1 Email. However, the requests below require additional follow-up by the government.

1. **FBI investigative files, including 302s and other related materials, related to two prior investigations relating to Andrade** (3/7/22 Letter, Request 7). We have received only about 30 pages of documents relating to each of the Texas FBI investigation and the Texas SEC investigation. Please provide any additional materials from those investigations. According to FBI-TX-000360, "[s]ufficient personnel and financial resources were expended on conducting the investigation. Logical and reasonable investigation was completed and all investigative methods/techniques initiated have been completed. All leads set have been completed." Nonetheless, we have received nothing, for example, related to the multisignature technology for Aten Coin that was investigated in these two investigations.

2. **Documents from parallel SEC investigation and other SEC materials** (3/7/22 Letter, Request 7, and 7/15/22 Letter, Request 8). The government responded to this request by stating that it was working with the SEC counsel to get their permission to produce documents related to the parallel SEC investigation into AML Bitcoin. We have not received anything from the SEC investigation despite the fact that the investigations were conducted jointly, with Alice Jensen attending the interviews.

3. **Cooperation or plea agreements** (3/7/22 Letter, Request 9). Please produce any cooperation, proffer, or plea agreements that have not yet been produced, including those of David Mata, John Bryan, Ben Boyer, and Abramoff.

4. **Telegram and Discord channels and accounts** (5/10/22 Letter, Request 6). The materials produced since November 2022 included only the Telegram and Discord messages we already had received. Please produce all of the Telegram and Discord messages and group chats, and those from any other social media or digital messaging platform, that the government's UCEs participated in, including messages that UCEs/online covert agents sent and received that Andrade was not part of, if they related to AML Bitcoin, to the proper functioning of the underlying AML Bitcoin technology, or to other criminal acivity of Abramoff, other government witnesses,

May 10, 2023
Page 6

Butina, Erickson, Levin, Mata or Dillman. Please also disclose all UCEs (by number, not name) and other government agents who were actively monitoring the development and the public beta testing through the AML Bitcoin public telegramaccounts and NAC Foundation's Chainbook account. We also still do not have the email notifications that members of the group -- including the UCEs, Boyer, and Musiitwa -- receive each time someone writes in a group chat. *See* FBI-GJ-0006067, FBI-GJ-0006073, and FBI-GJ-0006074.

5. **UC operations** (5/10/22 Letter, Discovery Request 10). We have not received all of the reports, recordings, or evidence of the relevant UC operations. By way of example, we have not received data related to undercover operations that involved John McAfee, Bruce Heidelberg, Joe Ortiz, Pillsbury lawyer Shalu Maheshwari, David Mata, and/or John Bryan, and any documents relating to the approval of such operations.

6. **Recordings.** The government has indicated that it would produce all recordings relating to Andrade's case; however, we are still missing some. By way of example, there are recordings with Michael Witte, Ben Boyer, and David Mata that have not been produced. The government has not provided us with a copy of the recording that took place during the search of Andrade's office in Houston, Texas on March 12, 2020 or the recordings taken during the interviews of Paul Erickson, Maria Butina, Paul Behrends, Charles Johnson, and others. In addition, an April 2018 recording agreement states that it is to be used for Boyer to record his conversations with Dillman, Mata, and Hudson, but we have not received any of those recordings or any 302s relating to recordings made pursuant to that agreement. We have not received all the recordings of conversations involving Mata, Abramoff, Boyer, Dillman, Daniel Aharanoff, Andrade, and others. Nor have we received the recordings the government had with Michael Witte regarding Andrade's patented technology. (*See* FBI-302-006855)

D. DISCOVERY REQUESTS UNDER DISCUSSION

The discovery issues below were *not* included in the Motion to Compel because the parties were still in negotiations regarding the requests. For your reference, we attach our email correspondence with AUSA Dawson, dated November 1 and 8, 2022, relating to these issues ("November Email").

1. **Missing attachment to Boyer's message to Dillman** (3/3/22 Letter, Requests 20 and 21). The documents we are looking for are FBI-GJ-0009659

and FBI-GJ-0009660. The documents were produced to us, but the attachments referenced as "texts" have not been produced. In response to this request, the government agreed to do a search and noted that they have produced the seizures from Dillman's computer. However, the only Dillman emails we have been able to identify in the government productions are his emails with Boyer, which the government seized through a subpoena to Boyer.

2. **FBI Mobile application recordings** for *all* people who used the recording application in connection with this case, not just Boyer. (3/3/22 Letter, Request 22). You responded in November 2022 that you were in the process of preparing a complete set of mobile application recordings, but we have not received them all.

3. **NSA and DOJ files** (3/7/22) and **CIA materials** (7/15/22, Request 14). In March 2022, we provided you with a list of 26 individuals for whom counter-intelligence agencies may have documents material to Andrade's defense. We have requested that you reach out to the DOJ (National Security and Counter Intelligence Divisions) and NSA to see whether there are files for any of the 26 individuals (all of whom are associated with Jack Abramoff) that contain exculpatory documents and/or information that is required to be disclosed under Brady and Rule-16. Although you have claimed not to know of any connection between some of these individuals and Andrade's case, you have stated that you would "be happy to consider" searching for NSA documents if we provide a basis for doing so. (November Email).

The individuals on the list— many of whom are foreigners— worked with and on behalf of Abramoff in connection with illegal schemes that involved soliciting money for a wide range of purposes, including but not limited to: influencing Congress; interfering with U.S. presidential elections; removing the former U.S. Ambassador to Ukraine; and removing the Ukrainian government. Some of Abramoff's fellow miscreants were directly involved with the marketing of AML Bitcoin as they perpetrated their wrongdoing. The schemes in which the individuals participated with Abramoff sometimes involved money laundering and other crimes and often involved the use of shell companies like

May 10, 2023
Page 8

Blockchain Entertainment and Landfair Capital.[4]  Documents related to these schemes are material to Andrade's defense that Abramoff was scheming with others — behind Andrade's back and without his knowledge or participation — to use Andrade's company and patented technology for Mr. Abramoff's own purposes.  The discovery will refute the government's accusation that Andrade acted with criminal intent.

Andrade is not required to reveal his trial strategy to the government in order to obtain discovery to which he is entitled, and it would be unfair and unnecessary for us to identify for you all of the numerous documents that support his request for exculpatory documents and information from NSA and DOJ counter-intelligence files.  Nonetheless, we have set forth below some examples of documents – already produced by the government – that support Andrade's request:

o   FBI-302-005432 is a summary of Abramoff's proffer on February 27, 2020.  During his interview, Abramoff discussed almost every individual on the list in our discovery request.  For example,  Abramoff said that he spoke to Gennadiy Bogolyubov about cryptocurrency and that he met with Igor Kolomoisky in Geneva and gave him some sort of proposal.[5] *See* FBI-302-005432 at 6.  He also said he spoke with Alexander Levin about AML Bitcoin.  Abramoff "could not explain why" he invoiced Levin from Landfair Capital for $750,000 in "cryptocurrency consulting," a dissembling answer that calls for further inquiry. FBI-302-005432 at 16.  Abramoff also denied any recollection of to whom he sent his Call to Arms recording that was on his iphone. Agent Wynar played the recording during Abramoff's proffer interview, referring to it as a "lobbying pitch." FBI-302-005432 at 22.  The lobbying pitch supported a campaign to raise money from wealthy Russians to support a grass roots campaign in America to elect pro-Putin Senators and Members of Congress.  In the process of trying to get pro-Putin people elected in the United States, Abramoff worked with foreign nationals to conceal the source of the funds.  To get the money from the oligarchs to the intended pro-Putin recipients, Abramoff and his fellow

---

[4] And there were many more such companies.  *See, e.g.,* FBI-MAIN-00080221 (draft letter from Eye to Eye Strategies, a company Abramoff used to do so-called lobbying for Dmitri Firtash).

[5] Please provide us with a copy of the proposal mentioned on page 6 of Abramoff's proffer interview 302.

May 10, 2023
Page 9

miscreants used Andrade's company, his digital currency, the Landfair Capital account, Blockchain Entertainment, and other Abramoff-associated companies. All of this was done without Andrade's involvement or knowledge. In sum, the lengthy 302 summarizing Abramoff's proffer is full of indicators that the NSA and/or DOJ's counter-intelligence divisions may be in possession of exculpatory information or documents that are material to Andrade's defense. If necessary, we will provide Judge Beeler with additional evidence, in camera, supporting our contention that counter-intelligence agencies may have exculpatory evidence in their files.

o  FBI-Main-0001066 and FBI-Main-0001067 are FBI reports in which Abramoff is referenced in foreign intelligence collection operations with foreign nationals, including the DOJ's national security division, counterintelligence division, and NSA. (*See* FBI-Main-0001066 and FBI-Main-0001067). This foreign intelligence report also cross-references Andrade's case (labeled a Sensitive Investigative Matter) with Washington, D.C., case 813C-HQ-3178392, a matter that involves the collection of foreign intelligence relating to Ukraine. These documents include references to Kolomoisky, Rohrabacher, Johnson, Vanetik, and Abramoff.

o  FBI-MAIN-0003242, which cross-refrences Andrade's case ID, is an analysis of Abramoff's pro-Russian lobbying efforts and his links to Ukrainian gas tycoon Dmytri Firtash. Firtash's NSA file likely contains information about his relationship with Abramoff, including Abramoff's connection to Landfair Capital, Blockchain Entertainment, the reality TV show, and Andrade.

If the CIA similarly has collected information on foreign nationals regarding Abramoff's criminal activity, including money laundering or other crimes that may have been committed using Andrade's companies, cryptocurrency, or technology, then the reports generated by the CIA would be material to Andrade's defense.

May 10, 2023
Page 10

E.  ADDITIONAL OUTSTANDING REQUESTS

There are a few additional requests from our discovery letters that are not included in our most recent motion to compel but that have not been fully addressed by the government:

1.  **Search warrants and documents produced pursuant to subpoenas relating or directed to Andrade, NAC Foundation, Aten Coin, AML Bitcoin, and Andrade's attorney Eric Olsen.** (5/10/22 Letter, Request 5).  Please double-check to ensure that all of the documents pursuant to this request have been produced.  Although you have stated that you produced all of these in the physical file, we believe there are more.  For example, we are aware that the government issued a search warrant against Attorney David Salmon, who represented NAC and Andrade. Additionally, a UCE covertly started emailing Salmon while the UCE claimed he was a purchaser of AML Bitcoin. We also know that the government performed surveillance on Andrade's and NAC's other civil attorney, Eric Olsen, who represented Andrade in his lawsuit against Musiitwa, Tippet, and Whitton. Additionally the government recorded a conversation with Andrade and his attorney Christina Ponig while she was at DLA Piper. (*See* ID-25 and ID-47).[6]

2.  **Victim letters and the statements by Musiitwa, Tippett, and Whitton on their applications for financial assistance** (5/10/22 Letter, Request 9).  Please provide the statements made by these individuals on financial assistance applications that were filed in connection with their victim assistance letters.  On March 8, 2022, Musiitwa attached his victim assistance letter to his opposition to NAC's motion for summary judgment in a related civil case and stated that he, Tippet, and Whitton all received victim assistance letters. Jennifer Wang was Musiitwa's victim specialist with the Victim Assistance Department.  According to the government's website, a person in that role would have taken statements from the alleged victims and conducted interviews. Please produce any statements from the victim assistance files of Musiitwa, Tippet, Whitton, and any other individuals who received victim assistance letters.

---

[6] ID-25 is a recording in which the FBI conducted surveillance on the office of Andrade's attorney, Eric Olsen, on May 16, 2018.  In ID-47, FBI agents met Mata in Houston, Texas, on November 13, 2018. Agents placed audio and video recording devices on Mata, and Mata then had a meeting with Andrade and his lawyer, Christina Ponig.  ID-48 is the video recording of the meeting.

May 10, 2023
Page 11

3. **Personal devices collected from Jack Abramoff** (3/3/22 Letter, Request 13). The discovery suggests that that there may be other devices collected from Abramoff than have not been produced. These items may include but are not limited to "l. SVE056535 (1B13) - Oceana USB Thumbdrive." (FBI-302-005431) The devices likely include more evidence of Abramoff's criminal conduct. Please confirm that you have produced all Abramoff devices in your possession, custody or control, or produce any that are missing.

4. **Communications with Andrade's Lawyers**. One of the Proton messages you produced shows that the government communicated with Andrade's attorney, David Salmon. All communications with any of Andrade's attorneys should be produced, whether they were in emails or on a social media platform.

5. **Emails Witte sent to the government**. (*See* FBI-302-006855.) This 302 reflects that Michael Witte sent the government a copy of a communication he had with Andrade. There is no cover letter with this 302. Please produce any additional materials Witte sent to the government.

6. **Andrade's WhatsApp and Telegram Messages.** In our October 14, 2022 letter to you, we informed you that the government had not produced the full Cellebrite file that contains WhatsApp and Telegram messages from Andrade's phones. His phones also contain the Skype communications between Andrade and Ms. Foteh involving the AML Bitcoin Super Bowl advertisement. It is our understanding that at least one of the phones containing WhatsApp and Telegram messages was imaged while the agents were at Andrade's house. Please produce that Cellebrite along with any others the government has in its possession.

7. **Unredacted Chat History of UCE 8148 / UCE 8149.** In March 2022, we requested the chat history of UCE 8148, UCE 8149, and others as referenced in FBI-00046181 & FBI-00034119. We have not received all of the bitcointalk and protonmail communications to or from UCE 8148 / 8149 as referenced in FBI-UC-000001, nor have we received all of the bitcointalk and protonmail email communications to or from UCE-8148 / 8149 as referenced in FBI-UC-000035 and FBI-UC-000036. We received only some screenshots of some of the messages, and some of the Discord messages are redacted.

May 10, 2023
Page 12

8. **John Bryan**.  On March 3, 2022, we requested but have not received the contents of a DVD and related files for jbryan@watley.com, as referenced in FBI-302-007326.  We also have not received copies of all subpoenas and the fruits of all subpoenas issued to AppRiver or John Bryan regarding the email account of jbryan@watley.com, as referenced in FBI-GJ-0004907. We acknowledge that we received some emails seized from jbryan@watley.com with the government's June 28, 2022 production (FBI-PHY-099062 – FBI-PHY-108799).

9. **UCE Texts**.  On March 3, we also requested contents of a DVD containing January 25, 2018 texts between Andrade and UCE-8026-SAC, as referenced in FBI-MAIN-0000946. Please produce the DVD and texts and confirm whether a recording exists from any phone call between Andrade and the UCE.

10. **Andrade's Personal Devices.**  We are still missing most of the WhatsApp and Telegram messages that were on Andrade's personal devices taken by the government.

11. **July 15, 2022 Discovery Letter.**  Several of the requests we reminded you of in our July 15 letter, which had been requested in earlier letters, still have not been produced, including the following:  (a) Recording of the August 19, 2019 phone call between Agent Quinn and Andrade, as referenced in FBI-302-005032, (b) electronic records relating to Andrade's income and digital transaction records (from the devices that were seized from Andrade and never returned), (c) documents or 302s relating to Peter Mirijanian, and (d) skype communications between Andrade and Ms. Foteh relating to the AML Bitcoin Super Bowl advertisement.

## F.  DISCOVERY PRODUCTION ISSUES

As we discussed with AUSA Highsmith at the end of our most recent meet and confer, there have been numerous irregularities with the document productions that the government has made in this case.  We have spent considerable time and incurred great expense addressing the various production issues. We will provide under separate cover a more detailed explanation of the issues and a proposal for addressing them.

Please respond promptly with a schedule for producing the documents and materials that Judge Beeler has ordered the government to produce as well as those that the government already has agreed to produce but has not.  Please also let us know whether you plan to produce the remaining categories of documents discussed above and provide a timeline for

May 10, 2023
Page 13

your production.  If any information is missing from any devices or from other produced documents and recordings, kindly provide us with a copy of the destruction records or a log setting forth the reasons for any removal. Finally, you have indicated that documents responsive to some of our requests (including, for example, NSA materials and Butina statements) are classified. As we have discussed, we would be willing to engage in communications regarding CIPA so that those materials can be produced.

We are available to meet and confer about any of the above requests if you think it is necessary or would be helpful.

Don't hesitate to call or email me with any questions.

Sincerely,

*/s/ Kerrie C. Dent*

Kerrie C. Dent