MICHAEL J. SHEPARD (SBN 91281)
 mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:    +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:    +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>   vs.<br>ROWLAND MARCUS ANDRADE,<br>            Defendant. | Case No. 3:20-cr-00249-RS-LBx<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL GOVERNMENT'S COMPLIANCE WITH THE COURT'S AUGUST 1, 2024 ORDER**<br><br>Judge: Hon. Laurel Beeler |

The Court ordered on August 1, 2024 that if Alexander Levin did not object to production of an image of his iPhone by August 22, then the government must produce the image to Mr. Andrade no later than August 23. Discovery Order, Dkt # 332 at 2:19-20 (Aug. 1, 2024). Levin did not object to production of his iPhone before August 22, nor has he since made such an objection, and the evidence shows that Levin abandoned his phone. Nothing in the government's opposition undermines any of these three propositions, any of one which justifies the requested order.

*First,* the August 23 email from Levin's former counsel Sean Buckley that forms the centerpiece of the Opposition was untimely. The Court gave Levin three full weeks to object. He didn't. The Opposition has nothing to say about this failure.

*Second*, the August 23 email was not from Levin or anyone authorized to speak on his behalf, and does not satisfy the Court's August 1 Order. That order requires the government to produce an image of Levin's iPhone on August 23 unless *Mr. Levin* objects. Order at 2:11-13 (emphasis added). Not only is Mr. Buckley not Levin or his counsel, but he has repeatedly denied representing Levin,[1] both when addressing this very issue – on which he told the government he was "*not authorized to receive or do anything on behalf of Mr. Levin*"[2] – and especially when asked to take some responsibility to assist the Court.[3]

*Third*, other than relying on Mr. Buckley's opinion that "to his knowledge," Levin has not abandoned his privacy interests in his iPhone,[4] Gov't Opp., Dkt. #340 at 3:1-3, the government's one brief effort to question the evidence of abandonment that led this Court to

---

[1] Most recently, in his August 23 email to the government, before providing his opinion about whether Levin has abandoned his iPhone, Mr. Buckley protested that "I do not represent Mr. Levin." See Declaration of D. Ward at 2:7-9 (Dkt. #340-1) (quoting Mr. Buckley's email in full).

[2] Declaration of K. Dent at ¶4 (quoting email exchange with the government on August 5, 2024).

[3] Mr. Buckley declined to accept service when defense counsel sought to serve a subpoena for Levin's phone on November 22, 2023, and he declined even to respond to the government's efforts in 2022 to return Levin's devices. Dent Decl. at ¶2-3.

1

ANDRADE'S REPLY ISO MOTION TO COMPEL GOVERNMENT'S COMPLIANCE WITH THE COURT'S AUGUST 1, 2024 ORDER       CASE NO. 3:20-cr-00249-RS-LB

state that Levin "seemingly has abandoned any interest in the contents of the phone" buries the lede.  That is, the government claims that *Green* is distinguishable "because the defendant had abandoned his phone because its release was authorized to him, yet he failed to retrieve the phone for years despite knowing this,"[5] but ignores the fact that while the government viewed Mr. Buckley as representing Levin, in 2022, "prosecutors in the Southern District of New York asked Mr. Levin's counsel where counsel wanted Mr. Levin's physical property to be sent, or whether defense counsel wanted to pick up Mr. Levin's devices from the FBI [and] Mr. Levin's counsel never responded to the Government."  USA's Response to Court Order, Dkt. #237 at 1:27-28 and 2:1-2 (Nov. 9, 2023) (emphasis added).  As in *Green*, Levin had years to seek return of his property and did not. The government even offered to return his devices and he ignored the offer, choosing to flee the jurisdiction instead.

Twenty-three briefs on Levin's phone are more than enough.  The Court should order the government to comply with its August 1 Order by immediately producing an image of Levin's iPhone, as it was required to do on August 23, 2024.

Respectfully submitted,

DATED: August 30, 2024                    KING & SPALDING LLP


By:  */s/ Michael J. Shepard*
     MICHAEL J. SHEPARD
     KERRIE C. DENT
     CINDY A. DIAMOND

     Attorneys for Defendant
     ROWLAND MARCUS ANDRADE

---

[5] Not that it matters, but *Green* does not appear to support the government's insertion of the phrase "despite [the defendant] knowing this [that the release of the phone had been authorized]."  Opp. at 2:24, citing 981 F.3d at 956. At the cited page, *Green* says merely that "about 48 hours after Nathaniel's arrest, law enforcement authorized release of the phone." It appears to say nothing one way or the other about whether Nathaniel was so informed.

2

ANDRADE'S REPLY ISO MOTION TO COMPEL GOVERNMENT'S                    CASE NO. 3:20-cr-00249-RS-LB
COMPLIANCE WITH THE COURT'S AUGUST 1, 2024 ORDER