1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                           San Francisco Division
11    UNITED STATES OF AMERICA,              Case No. 20-cr-00249-RS (LB)
12              Plaintiff,
13        v.                                 **DISCOVERY ORDER**
                                             Re: ECF No. 256
14    ROWLAND MARCUS ANDRADE,
15              Defendant.
16

17        This order addresses the parties' ongoing dispute about the production to the defense of an

18    image of Alexander Levin's phone.[1] The court previously ordered its production.[2] The

19    government then said that it could not produce information that was outside the scope of the

20    search warrant[3] even though (seemingly inconsistently) it had offered to produce an image subject

21    to an AEO designation.[4] Citing the full legal standards under *Brady v. Maryland*, 373 U.S. 83, 87

22    (1983), and its progeny, and Federal Rule of Criminal Procedure 16(a)(1)(E), the court ordered the

23

24    _____

25    [1] Mot. – ECF No. 317; *see, e.g.*, Mot. – ECF No. 215 at 2; Orders – ECF Nos. 165, 250, 256, 339, 332.
      Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page
26    numbers at the top of documents.

      [2] Order – ECF No. 165 at 11.
27
      [3] Opp'n – ECF No. 220 at 4.
28
      [4] *Id.* at 3.

United States District Court
Northern District of California

government to produce an image of the phone.[5] Then, it reconsidered that approach in favor of a third-party subpoena to Mr. Levin in order to address the government's concern that it lawfully possessed only the contents of the phone that were authorized by the search warrant.[6]

That approach did not work: the government contacted Mr. Levin's former attorney, who said that he no longer represents Mr. Levin. The government believes Mr. Levin "may be outside of the United States."[7] The defense does not have an address to serve Mr. Levin with a subpoena for the devices, despite asking the government for it.[8] The government apparently asked Mr. Levin's lawyer more than eighteen months ago where it should send the devices, and the lawyer never responded. The defense's investigator tried to serve Mr. Levin, but the neighbors reported that he had moved.[9]

The issue is whether at this point, Mr. Levin has abandoned any interest in the contents of the phone.[10] In its last order, the court set out a process to notify him of the request for information on his phone: the government must serve a copy of this order by email on Mr. Levin's former attorney, who presumably has contact information for Mr. Levin, including an email address. The court asked the attorney to email Mr. Levin a copy of this order and to file proof of service (through the government or the defense, who could handle the efiling). The court also ordered that Mr. Levin's contact information must be provided to the defense, who then could serve a copy of this order and a subpoena and then file proof of service (including a representation, if true, that the email did not bounce back).[11]

Apparently, no one complied with the order to provide Mr. Levin's contact information. The government contacted Mr. Levin's attorney, who no longer represents him but said that he would

---

[5] Order – ECF No. 165 at 11.

[6] Order – ECF No. 256.

[7] Opp'n – ECF No. 321 at 3.

[8] Dent Decl. – ECF No. 317-1 at 2 (¶ 3).

[9] *Id.* at 3 (¶ 6).

[10] Order – ECF No. 132 at 2 (making this point).

[11] *Id.*

United States District Court
Northern District of California

discuss it with him.[12] Presumably that means that he has email or other contact information. Then, that attorney said that Mr. Levin had not waived any privacy interest because the government seized the phone pursuant to a search warrant.[13] That is not helpful or dispositive, in part because — absent a record of abandonment — it is demonstrably true, and, more fundamentally, because the point of this process is to provide notice to Mr. Levin. That is why the court ordered the production of Mr. Levin's contact information. Moreover, by providing notice, the court's intent was to thereafter set up a process to provide relevant information while preserving Mr. Levin's other interests, such as non-disclosure of non-relevant or privileged information.

The threshold issue is providing notice to Mr. Levin about what the defendant wants from his device. Probably the right process is the equivalent of a subpoena because the defense does not have a right to all contents of Mr. Levin's device. The court's earlier orders and this order are authorization for a Rule 17(c) subpoena. Then the issue is service: right now, there is no information about where Mr. Levin is. Also, unlike the classic Rule 17(c) subpoena, Mr. Levin does not have possession of the device. The court's thought had been to return an image to his attorney and then allow the ordinary Rule 17(c) process. That apparently cannot happen.

At least initially, the court expects that Mr. Levin's email is in the discovery, and if that is true, then as described in the next paragraph, the defendant can provide notice by email.

At least in civil cases, California allows for five basic methods of service (including personal delivery), Cal. Civ. Proc. Code §§ 415.10–.50, and it also provides that a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party served," *id.* § 413.30. Courts in this district have authorized service by email under California Civil Procedure Code § 413.30. *See, e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June 25, 2018); *GSV Futures LLC v. Casmain, LP*, No. 22-cv-05449-LB, 2022 WL 16856361, at *3 (N.D. Cal. Nov. 10, 2022) (also have allowed service by social media, including LinkedIn and Twitter, "where there was evidence that the parties being

---

[12] 8/5/2024 Email, Ex. A to Dent. Decl. – ECF No. 346-1.

[13] Ward Decl. – ECF No. 340-1 at 2 (¶ 2).

served regularly used those means to communicate") (collecting cases); *Twitch Interactive, Inc. v. FishwoodCo GMBH dba Loots*, No. 22-cv-03218-VKD, 2022 WL 16953640, at *3 (N.D. Cal. Nov. 15, 2022) (authorizing service by email and allowing additional service via LinkedIn and Twitter accounts because it was "likely to enhance Twitch's efforts to 'apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'").

To flush out the issue of abandonment, the next step is notice by email. (The court has not done independent research — beyond that in the criminal and civil rules — about service.) If the defendants have Mr. Levin's email, then they must email the subpoena, the court's orders on this issue (including this order), and notice of the hearing date and time (including the Zoom information that will allow him to connect remotely because the court has authorized a hybrid proceeding). Then, they must file proof of service on the docket (including a representation, if it is accurate, that the email did not bounce back). The defendants must cc Mr. Levin's former attorney on the email. The government must provide this order by email to Mr. Levin's former attorney and file an acknowledgement that it has done so. Also, people do not change their basic contact information: Mr. Levin's former attorney apparently was able to contact him. People communicate by different means, especially if they have a presence in the United States and abroad, and sometimes those are linked to their phone numbers (e.g., WhatsApp). The court is confident that the defense team can identify a means of communicating with Mr. Levin.

After the concern about notice is addressed, the court does not intend to allow a wholesale turnover of the image to the defense. For one, the record is not developed sufficiently to reach the conclusion that Mr. Levin has abandoned any interest. Instead, the court can put in place a process — assuming notice — that protects Mr. Levin's interest in guarding against the production of irrelevant or privileged information and still allows the production of information to the defense that the court's earlier orders authorized. An approach may be akin to that used by the government when it employs a taint team to identify only responsive information and to eliminate any information that is privileged. A similar approach is to employ a third-party vendor who can identify responsive information and review that information for privilege. A party responding to a subpoena can undertake a privilege review too.

1    This is a surmountable problem.

2    To aid in the solving of that problem, the court orders the notice and proof of service reflected

3    above by September 5, 2024, assuming that contact information is available already to the defense.

4    If it is not, then the defense must let the court know by September 5. By that date, the court also

5    wants to see the government's taint-team procedures, which are in every white-collar warrant that

6    the court has seen over the past years and might be available in this case if there were search

7    warrants. If the defense has access to that information, it can file the excerpt instead of the

8    government. By September 5, the parties can provide suggestions about the court's proposed taint-

9    team/highly confidential review procedures. If the parties need more time, they must ask for it by

10   September 5. Mr. Levin can submit something to the court by email to lbcrd@cand.uscourts.gov,

11   and the court can file it if that is appropriate.

12   The matter remains calendared for September 12, 2024, at 10:30 a.m. The court will provide a

13   Zoom option. Parties appearing remotely may access the webinar at http://www.cand.uscourts.gov/lb.

14   Zoom guidance and setup information are at https://www.cand.uscourts.gov/zoom/.

15   **IT IS SO ORDERED.**

16   Dated: September 2, 2024

17   _____
     LAUREL BEELER
     United States Magistrate Judges