MICHAEL J. SHEPARD (SBN 91281)
*mshepard@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
*kdent@kslaw.com*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
*cindy@cadiamond.com*
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>ROWLAND MARCUS ANDRADE,<br>    Defendant. | Case No. 3:20-cr-00249-RS-LBx<br>**DEFENDANT MARCUS ANDRADE'S NOTICE OF MOTION AND FOURTH MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br>Judge: Hon. Laurel Beeler<br>Hearing Date: November 7, 2024<br>Time: 10:30 am |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, November 7, 2024, at 10:30 a.m., or as soon thereafter as the matter may be heard, pursuant to Criminal Local Rule 16-2, Federal Rule of Criminal Procedure 16(a)(1)(E), and *Brady v. Maryland*, 373 U.S. 83 (1963), Defendant Rowland Marcus Andrade will bring for hearing before the Honorable Laurel Beeler, Magistrate Judge, his Fourth Motion to Compel Discovery.

Mr. Andrade brings this Fourth Motion to Compel Discovery, seeking two categories of materials, both of which have been requested in two previous motions to compel discovery. The parties have met and conferred on these and other discovery issues numerous times, but the government has neither produced the requested materials nor provided an anticipated date for production. In support of his motion, Mr. Andrade submits the declaration of Kerrie C. Dent and exhibits attached to it, filed under seal. Defense counsel will serve an unredacted copy of the declaration and exhibits on the government.

DATED: October 23, 2024                              KING & SPALDING LLP


                                                     By: */s/ Michael J. Shepard*
                                                         MICHAEL J. SHEPARD
                                                         KERRIE C. DENT
                                                         CINDY A DIAMOND

                                                         Attorneys for Defendant
                                                         ROWLAND MARCUS ANDRADE

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The government indicted Mr. Andrade more than four years ago, but it still has not produced some significant categories of discovery, two of which Mr. Andrade seeks here, in his fourth motion to compel discovery. The unproduced discovery – materials relating to Jack Abramoff's status as an informant and/or reflecting his relationship with the government in this case, and materials relating to subpoenas and search warrants issued to some of Abramoff's fellow miscreants and other individuals and entities – was requested more than two years ago, in meet-and-confer calls, correspondence, and briefs.

*First*, after at least nine requests for materials from Abramoff's informant file, the government has not denied that Abramoff is an informant or that it has an informant file for Abramoff. Declaration of Kerrie C. Dent ("Dent Decl."), ¶ 3. If he *is* an informant, then documents in his informant file (such as documents relating to Abramoff's authority to engage in otherwise illegal activity) would fall within the core of Rule 16: the documents would be material to the preparation of Mr. Andrade's defense, and would open the door to affirmative defenses, which Mr. Andrade would need ***now*** in order to comply with Rule 12.3 notice requirements. In addition, if Abramoff has an informant file, then it may contain exculpatory *Brady* material such as admissions by Abramoff or statements made by Abramoff that are favorable to Mr. Andrade.[1]

*Second*, with only very small exceptions, the government has declined to produce documents relating to subpoenas and search warrants for a list of approximately thirty individuals, requested in July 2022. The government claims it has complied with its obligations under Rule 16 and *Brady* because it "searched the case file" and found no other subpoena and

---

[1] Still other documents – those reflecting Abramoff's unauthorized illegal activity, payments, and any plea bargain or immunity agreement – not only could inform Mr. Andrade's defense strategy, but also could be used to impeach Mr. Abramoff if he testifies.

search warrant materials relating to the names on the list.[2] But the government's discovery obligations do not stop with a review of the case file. The government's obligations extend to materials in the possession of any federal agency participating in the same investigation of the defendant, to some agencies not participating in the investigation, and also to materials in the possession of other federal districts. *See United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989).

The Court should order the government to look for and produce immediately all the documents and other materials described above (and in more detail below) to permit Mr. Andrade to prepare for his trial, scheduled for February 10, 2025.

## II.   ARGUMENT

### A.   The Government Should Be Required to Confirm Abramoff's Informant Status and Immediately Produce All Rule 16 And *Brady* Material from Abramoff's Informant File

Abramoff's status as an informant, and, if he is an informant, information in his informant file, is material to the preparation of Mr. Andrade's defense. Among other reasons, if Abramoff worked as an informant, this case presents the possibility of various Rule 12.3 defenses that Mr. Andrade should evaluate.

To evaluate these affirmative defenses and provide any required timely notice pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure, Mr. Andrade needs more information. Specifically, Mr. Andrade needs to know whether Abramoff is an informant[3] and, if so, he needs documents that reflect any instructions given to Abramoff, documents relating to Abramoff's

---

[2] Dent Decl. at ¶9, Exh. K.

[3] It is no secret that Abramoff – notorious twice-convicted felon, alleged co-schemer, and alleged co-conspirator – has been cooperating with the government in its case against Mr. Andrade. According to the DOJ's website, Abramoff filed a notice of his intent to plead guilty and enter into plea agreement on the day he was indicted, June 25, 2020. DOJ Press Release, *Lobbyist Jack Abramoff And CEO Rowland Marcus Andrade Charged With Fraud In Connection With $5 Million Initial Coin Offering Of Cryptocurrency AML Bitcoin* (June 25, 2020). Abramoff's July 13, 2024, guilty plea was widely publicized. *See, e.g.*, *Disgraced Lobbyist Jack Abramoff Pleads Guilty to Fraud in Crypto Case,* COINDESK (July 15, 2024); *Abramoff Pleads Guilty To Lobbying Violation, Crypto Fraud*, LAW360 (July 14, 2024).

authority to engage in otherwise illegal activity, and documents relating to any unauthorized illegal activity (*e.g.*, Did the FBI authorize Abramoff to engage in conduct that Abramoff then encouraged Mr. Andrade to engage in?). There is evidence suggesting that Abramoff is an informant, including that his identity was protected by Special Agent Leanna Saler in 2013 when she spoke with Abramoff about his activities, including those in which he engaged with the government of Gabon. Abramoff did FBI speech training with Special Agent Saler in 2016, and he apparently was still working with Agent Saler in September 2018, when his house was searched by the FBI.[4] If there is *not* an informant file – either because Abramoff is not an informant or for some other reason – then the government should provide that information as well because that, too, might impact Mr. Andrade's choice of defenses. *See United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir. 1995) (evidence is "material" under Rule 16 where it is helpful to the development of a possible defense or even abandoning a potential defense).

The government cannot avoid disclosure based on an informant's privilege. That privilege is not without limits. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000), citing *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957). Mr. Andrade already knows of Abramoff's identity, and there is no question that an answer to the question of whether Mr. Abramoff is a government informant will prove "relevant and helpful" to his defense and be essential to a fair trial, which is more than sufficient to overcome any privilege. *Henderson*, 241 F.3d at 645 (citations omitted).[5] The Court agreed with defense counsel, in granting Mr.

---

[4] Dent Decl. at ¶6. Abramoff told the agents in September 2018 that Saler was "on his case." *See* Recording 1D-39 (2:20-4:00). *Id.*

[5] This case would satisfy the requirements for disclosure even if the defendant did not already know the identity of the potential informant. In those cases, the Ninth Circuit considers three factors: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in protecting the safety of the informant. *United States v. Becerra*, Case No. CR 12-1108-DMG, 4 (C.D. Cal. Oct. 16, 2013), citing *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir.1990). Abramoff's safety is not in jeopardy, and the other factors weigh strongly in favor of requiring the government to disclose Abramoff's status. Furthermore, where the informant was a "percipient witness" to the acts alleged or to events that directly preceded them, *Roviaro* almost certainly requires disclosure. *See United States v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1975) (en banc); *United States v. Barnes*, 486 F.2d 776, 779 (8th Cir. 1973) ("where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense").

Andrade's request for production of Abramoff's wrongdoing (including any informant file), that this information is "a Rule 16 and *Brady* request," not a request that can be complied with closer to trial:

> **MR. SHEPARD:** Jack Abramoff's criminal wrongdoing. The government treats this request as if it is a *Giglio* request. It is not a *Giglio* request. . . .
>
> **THE COURT:** No, I understand - it's a Rule 16 and *Brady* request.
>
> **MR. SHEPARD:** Yes, it's a -- it is at the center of the defense.

Tr., Dkt #290 at 43:15-22 (March 7, 2024).

Apart from its assistance in evaluating Rule 12.3 defenses, production of information about Abramoff's informant status and any informant file can also constitute *Brady* material. Among other things, the file may contain debriefings of Abramoff, initial and continuing suitability reviews, reports, and recommendations; payment requests and government-approved payments to Abramoff; instances of misconduct by Abramoff; psychiatric reports bearing on the Abramoff's credibility and competency; and offers or statements made by Abramoff while negotiating a cooperation agreement with the government.

### B. The Government Should Be Ordered to Produce the Requested Subpoena and Search Warrant Materials

Mr. Andrade requested search warrants, subpoenas, and related materials from a list of approximately thirty entities and individuals on July 15, 2022.[6] In response to Mr. Andrade's second motion to compel, the government said that the identities and relevance of some of the names "remain a mystery," that the request should be denied because it "reflects Defendant's longstanding view that he is caught up in a larger conspiracy," and that "**the agents on this**

---

[6] The letter requests "search warrants, including their underlying applications and affidavits, and all subpoenas and the fruits of all subpoenas that reference Mr. Andrade, the NAC Foundation, or AML Bitcoin issued to the following parties: Muzin Capital Partners; Ghost Management Group; Pangea LLC; Brian Darling and Darling Associates; Paul Erickson; ADI; Kroll Global; Rothschild Public Affairs; Erickson Group; Richard Naimer (has a trial subpoena); Maria Butina; Global Strategic Communication Group; James George Jatras; Darren Spinck; James Kahrs; Charles Johnson; Turnberry Solutions; Dana Rohrabacher; Natko Vlahovic; Carlos Delaguardia; Chase Kroll; ICOBox; Alex Moskovski; Daria Generalova; Anar Babaev; Nickolay Evdokimov; Michael Raitsin (or Raitsyn); Gary Baiton; Alex Prasiev; Vladimir Sofrono; and/or Catin Vasquez." Dent Decl, ¶7, Exh. J, Req. #12.

*investigation have no idea who many of these individuals are*." Gov't Opp. to Second MTC (#124, 9:13-15 and 9:28-10:5) (emphasis added).[7] This is not true. The case agents interviewed most of the people on the list and wrote reports summarizing their interviews, and many of the names appear in the affidavit of probable cause to search Abramoff's house.  Although some of the founders and executives of ICOBox – the company that ran the AML Bitcoin initial coin offering and assisted with marketing efforts – were not interviewed by the case agents, those individuals were discussed during the agents' interviews of key witnesses.[8]

On March 17, 2024, the Court ordered the government to provide a timeline for producing documents responsive to Mr. Andrade's request for subpoena and search warrant materials  (Discovery Order, Dkt. #292 at 1:19-24 and 2:1).  In its proposed timeline for production, the government wrote that, based on its "recent search of the casefile," it has determined that it already produced all Rule 16 and *Brady* information responsive to the request.[9] But Ninth Circuit law is clear that a "search of the casefile" is not enough.  The prosecutorial team is "deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant," *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989), and is obligated to produce all the documents of any agency participating in the investigation that fall within Rule 16 and/or *Brady*.  *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).  *See also United States v. Blanco*, 392 F.3d 382, 393-94 (9th Cir. 2004) ("The obligation under *Brady* and *Giglio* is the obligation of the government, not merely the obligation of the prosecutor"); *United States v. Zuno-Arce,* 44 F.3d 1420, 1427 (9th Cir. 1995) ("Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating

---

[7] Dent Decl. at ¶ 7.

[8] Dent Decl. at ¶¶ 8 (a) i-viii and 8(b) i-iv.

[9] Dent Decl. at ¶9.

6

ANDRADE'S FOURTH MOTION TO COMPEL DISCOVERY                    Case Number:  3:20-cr-00249-RS-LBx

agency does.").[10]  In fact, the government's obligation goes even beyond agencies participating in the investigation. "The prosecution is in possession of information held by any government agency provided the prosecution has knowledge of and access to the information. This is so regardless of whether the agency holding the information participated in the investigation" *U.S. v. W.R. Grace*, 401 F. Supp. 2d 1069, 1078 (D. Mont. 2005), citing *Santiago*, 46 F.3d at 893-94 (rejecting the district court's finding that the government only has "possession and control" over files of agencies that participated in the investigation).  Information held by federal agencies not directly involved with the investigation is therefore discoverable under Rule 16(a)(1)(E); the touchstone remains whether the prosecution has knowledge of and access to the information and the requirements of the rule are otherwise met.  *Id*., citing *Bryan*, 868 F. 2d at 1037.

      Similarly, if a federal prosecutor has knowledge of and access to documents that are material to the preparation of the defense under Rule 16, or that constitute exculpatory information as defined in *Brady* and its progeny, but the material is outside the district, the prosecution team must disclose it to the defense. *Bryan*, 868 F.2d at 1037 (rejecting government's argument that Rule 16 and *Brady* material need not be disclosed if located outside of the district in which the prosecution was pending).  The government could look in the case file of a former Congressman whose investigation in the Central District of California was sometimes cross-referenced with Mr. Andrade's case on the agents' 302 reports.[11]  In addition, as the government knows, there is a related investigation in the Southern District of New York. Mr. Andrade and the government have litigated extensively over the devices of Alexander Levin, which were seized in the related case in that district, and the two offices have worked together on the investigation, most notably in the search of Levin's device – the search that violated *Balwani* – by the US Attorney's Office for the SDNY, at the request of the prosecutors in this case.  The government also is aware that the Dillman and Mata cases are related to this one, and are even

---

[10] *See also* Discovery Order, Dkt. #292 at 1:23-28 (Mar. 17, 2024) ("if it is the same investigation, then the government has an obligation under Rule 16 and *Brady*, including for SEC notes (just as it does for FBI notes)").

[11] Dent Decl. at ¶10.

7

handled by some of the same prosecutors and case agents. The government should search those case files for documents responsive to Mr. Andrade's request. While the defense has far less knowledge than the prosecutors of where additional information would be, another place to check for warrants and subpoenas is with prosecutors in the Central District of California, where the SEC filed a complaint against ICO Box and its CEO Nick Evdokimov (both of whom are included in Mr. Andrade's discovery request) on October 18, 2019.[12]

Although defense counsel can provide examples of where the government is obligated to look for responsive documents, ultimately it is the government's obligation, and not Mr. Andrade's, to determine what documents exist, and to produce them. *United States v. Andrade*, Discovery Order, Dkt. #165 at 12:7-8 (Apr. 7, 2023) ("prosecutors have 'a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case'"), quoting *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). The government has a duty to ask, and the government's own policies make clear that the prosecutors' "search duty" applies not only to their *Brady* obligations, but "also extends to information prosecutors are required to disclose under [Rule]16."[13] The Court should order the government to search for and produce all responsive subpoenas, search warrants, and related materials immediately.

                                                        Respectfully submitted,

DATED: October 23, 2024                         KING & SPALDING LLP

---

[12] Dent Decl. at ¶10.

[13] *See* JM, 9-5.002(A) (The duty to search for discovery includes information to be disclosed under Rule 16).

8


By: */s/ Michael J. Shepard*
MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE