MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:     +1 415 318 1200

KERRIE C. DENT (Admitted *pro hac vice*)
 *kdent@kslaw.com*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
58 West Portal Ave #350
San Francisco, CA 94127
408.981.6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>ROWLAND MARCUS ANDRADE,<br>Defendant. | Case No. 3:20-cr-00249-RS<br><br>**DEFENDANT'S MOTION FOR ORDER REGARDING DEFENSE WITNESS LIST AND EXHIBITS DISCLOSURES**<br><br>No. 3:20-cr-00249-RS<br><br>Judge: Hon. Richard Seeborg |

This brief is submitted, pursuant to this Court's Stipulated Scheduling Order of December 20, 2024, in support of Mr. Andrade's request that the due date for his witness disclosure be the start of jury voir dire, and that the due date for his exhibit disclosure be the close of the government's case.

In the Ninth Circuit, district courts do not have the authority to order pretrial disclosure of a list of defendant's witnesses or exhibits. *United States v. Hicks*, 103 F.3d 837, 841 (9th Cir. 2008) (holding that district courts cannot compel pretrial disclosure of witness or exhibit lists from the government or the defense), *overruled in part, United States v. W.R. Grace*, 526 F.3d 499, 509, 509 n.7, 513 (9th Cir. 2008) (en banc) (holding that district courts can compel pretrial disclosure of witness lists *from the government* and declining to address whether the defense can be compelled to disclose its witnesses pre-trial).

Several other circuits have similarly avoided ordering pretrial disclosure of witness lists from the defense, *see, e.g., United States v. Cannone*, 528 F.2d 296, 299 (2d Cir. 1975) (finding that district courts have the authority to order government witness lists while not commenting on similar authority for defense witness lists); *United States v Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (upholding order for production of a government witness list while silent on any reciprocal defense production), *United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984) (finding court authority to order disclosure of government witnesses while silent on reciprocal authority for defense disclosures), likely in light of the constitutional and other sensitivities of requiring the defendant to "tip its hand as to its defense prior to trial." *United States v. Wells*, No. 3:13-cr-008-RRB-JDR, 2014 U.S. Dist. LEXIS 200819, at *5 (D. Alaska, March 14, 2014) (denying a government request for early witness statements from the defendant).

These principles are especially applicable to exhibit lists. While Mr. Andrade appreciates that the Court needs to know the names of potential defense witnesses for voir dire to screen out jurors who may know those witnesses, no similar reason exists for advance disclosure of exhibit lists. To the contrary, there is no basis for requiring the defendant to disclose exhibits before the government rests its case in chief and the defendant decides whether to present a defense. *See generally United States v. Fratello*, 44 F.R.D. 444, 449 (S.D.N.Y. 1968) (rejecting government request for order conditioning certain of its disclosures on disclosure by defendants of documents that defendants intend to offer at the trial, reasoning based on the Fifth Amendment and other principles that such disclosure of defense exhibits cannot be ordered prior to close of government

2

case).[1] *See generally Bell v. Wolfish,* 441 U.S. 520, 533 (1979) (presumption of innocence assures the accused the right to "remain inactive and secure, until the prosecutor has taken up its burden and produced evidence and effected persuasion"). To hold otherwise would not only be inconsistent with *Hicks* and other authorities, but requiring disclosure of defense exhibits would effectively neutralize the defendant's right to effective cross examination by eliminating the element of surprise that would, without advance disclosure of exhibits, exist when exhibits first appear on cross examination of government witnesses. As in many cases, the defense expects that in this case, many, if not all, of its non-expert exhibits will first appear on cross examination.

Respectfully submitted,

DATED:  January 3, 2025

KING & SPALDING LLP

By:  */s/ Michael J. Shepard*

MICHAEL J. SHEPARD
KERRIE C. DENT
CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

---

[1] *Cf. United States v. Davis*, 639 F.2d 239, 243 (5th Cir. 1981) ("compulsory process clause . . . forbids exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants")

DEFENDANT'S MOTION REGARDING DEFENSE
WITNESS LIST AND EXHIBITS DISCLOSURES

Case Number:  3:20-cr-00249-RS