MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:   +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 *kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:   +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:   +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | Case No. 3:20-cr-00249-RS <br><br> **DECLARATION IN RESPONSE TO THE COURT'S EMAIL OF JANUARY 2, 2018, REGARDING DEFENDANT ANDRADE'S SUBMISSION OF AN EX PARTE DECLARATION** <br><br> Judge: Hon. Richard Seeborg, Chief Judge |

Declaration in Response to the Court's Email of January 2, 2018, regarding Defendant Andrade's Submission of an Ex Parte Declaration

Case Number:  3:20-cr-00249-RS

1

1       Michael J. Shepard, counsel for defendant Rowland Marcus Andrade, states as follows: This declaration is respectfully submitted in response to the Court's request by email on January 2, 2025, that Mr. Andrade explain how the government can be expected to respond to Defendant Marcus Andrade's Motion in Limine to Exclude Allegations and Evidence of Uncharged Bad Acts without disclosure of Mr. Stefan's declaration.

      As the party with the burden of proof,[1] the government can respond to Mr. Andrade's brief as it would have responded had Mr. Andrade submitted the same Motion in Limine, with the same assertion that the defense would contest the government's claim that AML Bitcoin was similar to Biogreen and AtenCoin, but without Mr. Stefan's declaration. The purpose of Mr. Stefan's Declaration was to provide the Court with the assurance that there is evidence behind Mr. Andrade's statement of his intention to contest the claims. The declaration has no impact on the government's ability to contest Mr. Andrade's first argument in his Motion in Limine that neither Biogreen nor AtenCoin is inextricably intertwined with AML Bitcoin, or his second argument that its 404(b) evidence is just propensity evidence; all the facts in support of each of these arguments are contained within those respective sections of the Motion.

      For Mr. Andrade's third and fourth arguments, which do depend in part upon the fact section of the brief, there is no reason the government cannot respond to most of Mr. Andrade's factual assertions, which appear at 6:25-9:16, and 10:10-12:3 in Part II of the Motion itself. As to the four government assertions about the similarity between Biogreen and AML Bitcoin at page 10, and the four government assertions about the similarity between AtenCoin and AML

---

[1] The proponent of any evidence bears the burden of its admissibility. *See United States v. Chang*, 207 F.3d 1169, 1176-77 (9th Cir. 2000) (stating that the proponent of evidence has the burden of proving the foundational requirements for its admission by a preponderance of the evidence); *United States v. Orozco-Viveros,* No. 95-50045, 1996 U.S. App. LEXIS 35766, at *5 (9th Cir. Feb 12, 1996) ("the federal rules as they now stand . . . place the burden of demonstrating admissibility on the proponent of the evidence at trial."); *Berry v. Gates,* No. 90-55887, 1992 U.S. App. LEXIS 4012, at, *2 (9th Cir. Feb 28, 1992) ("An offering party has the burden of showing the relevance and probative value of the proffered evidence in order to permit the weight process required under Rule 403."); *see also* Stephen A. Saltzburg et al., *Federal Rules of Evidence Manual* § 104.02[9] (13th ed. 2024) ("the moving party has the burden of proving admissibility requirements . . . by a preponderance of the evidence."). This is true for Rule 404(b) evidence as well: "The [proponent] has the burden of proving that the evidence meets all of the [Rule 404(b) and Rule 403] requirements." *United States v. Arambula-Ruiz*, 987 F.2d 599, 602-603 (9th Cir. 1993).

2

Declaration in Response to the Court's Email of January 2, 2018, regarding Defendant Andrade's Submission of an Ex Parte Declaration       Case Number:  3:20-cr-00249-RS

Bitcoin at page 12, Mr. Andrade went as far in his brief as laying out with specificity what he expects to contest at trial. With all the contested similarities identified, the government can explain how it will prove the challenged similarities (and how it will do so without bogging down the trial – for example, does it have admissions or judgments to prove the assertions Mr. Andrade says he will be contesting, or will it be offering witnesses and documents?). In so doing, it can write the same brief it would have written had Mr. Andrade merely identified the similarities he plans to contest and not included Mr. Stefan's Declaration. The Court can then use the briefs and supporting declarations of the parties as it sees fit, with the recognition that it need not use the submissions of the parties to resolve the factual disputes as if it were the finder of fact on the contested issues, but rather only to determine whether the government has met its burden.[2] In making that judgement, if it so chooses, the Court can look at the government's proposed proof of similarity and compare it to the way the defense plans to contest the claims of similarity. It undertook a similar process when it reviewed ex parte statements from both parties in deciding the government's Motion for an Order Pursuant to Section Four of CIPA.

    To take the liberty of going one step further to respond to the Court's inquiry, especially given that the government bears the burden of proof and persuasion and has no barriers to contesting the vast bulk of the arguments in the brief, Mr. Andrade should not be required to reveal his defense to the charges in the indictment in order contest the government's effort to materially expand the trial with what he has demonstrated to be propensity evidence.[3] The material that is in Mr. Stefan's Declaration but not also in the brief is material that shows AML Bitcoin is different from Biogreen and AtenCoin because it does not share the allegedly fraudulent characteristics that the government claims was present in those two other ventures. It

---

[2] "'Although district courts have broad discretion in ruling on motions in limine, courts must be careful not to use them to resolve factual disputes or to weigh evidence.'" *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2020 U.S. Dist. LEXIS 7883, at *12-13 (N.D. Cal. Jan. 15, 2020) (quoting *Mims v. Fed. Express Corp.*, No. CV 13-03947-AB (SSx), 2015 U.S. Dist. LEXIS 192586, at *2 (C.D. Cal. Jan. 15, 2015)).

[3] Revelations to the government present within Mr. Stefan's Declaration would include powerful lines of cross-examination for anticipated government witnesses and documentary evidence central to Mr. Andrade's defense to the charged offenses.

3

Declaration in Response to the Court's Email of January 2, 2018, regarding Defendant Andrade's Submission of an Ex Parte Declaration

Case Number:  3:20-cr-00249-RS

therefore goes to the essence of what Mr. Andrade would present in defense to the fraud charges for which he will be on trial.

Requiring Mr. Andrade to lay out the specifics of his defense and his cross examinations in order to resist the government's effort to introduce Rule 404(b) would go well beyond requiring merely "tip[ping] its hand as to its defense," which the court did not require the defendant to do in *United States v. Wells*, No. 3:13-cr-008-RRB-JDR, 2014 U.S. Dist. LEXIS 200819, at *5 (D. Alaska March 14, 2014) (denying request for early production of defense Jenks material), and beyond requiring the disclosure of some of the defense trial strategy, which the court did not require the defendant to do in *United States v. Solano*, 3:21-cr-00263-VC (N.D.Cal. 2021), ECF #27, Minute Entry (Nov. 17. 2021) (granting defendant's request for an ex parte hearing on motion to compel discovery). Exercising a defendant's right to resist the introduction of Rule 404(b) evidence should not exact such a high price.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 6, 2025 in San Francisco, CA.

*/s/ Michael J. Shepard*
Michael J. Shepard

---

4

Declaration in Response to the Court's Email of January 2, 2018, regarding Defendant Andrade's Submission of an Ex Parte Declaration

Case Number: 3:20-cr-00249-RS