1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  CHRISTIAAN HIGHSMITH (CABN 296282)
   DAVID WARD (CABN 239504)
5  Assistant United States Attorneys

6  MATTHEW CHOU (CABN 325199)
   Special Assistant United States Attorney
7
           450 Golden Gate Avenue, Box 36055
8          San Francisco, California 94102-3495
           Telephone: (415) 436-7200
9          FAX: (415) 436-7230
           christiann.highsmith@usdoj.gov
10         david.ward@usdoj.gov
           matthew.chou2@usdoj.gov
11
   Attorneys for United States of America
12

13                     UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                         SAN FRANCISCO DIVISION

16  UNITED STATES OF AMERICA,           ) NO. CR 20-00249 RS-1
                                        )
17         Plaintiff,                   ) **UNITED STATES' OPPOSITION TO**
                                        ) **DEFENDANT'S MOTION TO FILE EX PARTE**
18     v.                               ) **DECLARATION OF DAINIC STEFAN**
                                        )
19                                      ) Dept.:    Courtroom 3 – 17th Floor
    ROWLAND MARCUS ANDRADE              ) Judge:    Hon. Richard Seeborg
20                                      )
           Defendant.                   ) Trial Date: February 11, 2025
21                                      )
                                        )
22  _____)

23  **I.    BACKGROUND**

24         On December 27, 2024, defendant Marcus Andrade filed a Motion In Limine to Exclude

25  Evidence of Uncharged Bad Acts. *Dkt. 425*. In his motion, Andrade gave notice that he had filed an *ex*

26  *parte,* under seal a *Declaration of Dainic Stefan*, apparently with dozens of exhibits. *See Dkt. 425*

27  (Def.'s Motion to Exclude Evidence of Uncharged Bad Acts).[1]

28
---
[1] In footnotes in his Motion to Exclude, Andrade cites to the *Ex Parte* Declaration 43 times, and

1    Defendant claims that his *ex parte* Declaration contains argument and evidence that would rebut the government's rationale and evidence for admitting at trial the noticed 404(b) and inextricably-intertwined evidence it seeks to introduce, evidence related to 1) defendant Andrade's marketing and sale of a cryptocurrency called AtenCoin, and 2) investment shares in a company called Biogreen. *See Dkt. 425* (Def.'s Motion to Exclude Evidence of Uncharged Bad Acts).

Andrade claims he cannot allow the government to know what this evidence is because to do so would require him to "disclose witnesses pretrial" and "tip [his] hand as to [his] defense prior to trial." *Id*. Andrade provides no explanation or proper legal authority in his Motion to Exclude for why and how this evidence and argument would force him to improperly "tip his hand" as to his trial strategy. For the reasons outlined below, the government believes that this is an improper *ex parte* filing.

First, the cases cited by the defendant, at least in his publicly-filed Motion to Exclude, do not stand for the authority that an *ex parte* filing in the context of opposing a 404(b) motion is proper. Second, and more fundamentally, a secret, *ex parte*, filing prevents the government from addressing and disputing defendant's arguments, and denies the Court the benefit of both parties' positions. Apparently, the Court shares this concern. *See Dkt. 432* (Declaration in Response to the Court's Email of January 2, 2018 [sic]) (asking "that Mr. Andrade explain how the government can be expected to respond to [defendant's motion] without disclosure of Mr. Stefan's declaration.").

Under Local Criminal Rule 47-3, which governs the filing of *ex parte* motions, a defendant must include a memorandum of points and authorities containing a citation to the rule or order which permits at the use of an *ex parte* motion to obtain the relief sought, along with affidavits or declarations setting forth specific facts which support granting the requested relief without notice or with limited notice to the opposing party. *Local. Crim. Rule 47-3*. (Ex Parte Motion in a Criminal Case).

The Court should deny defendant's motion to file an *ex parte* declaration and require defendant to file a Reply to his Motion to Exclude, publicly laying out his arguments to exclude the government's proposed other act evidence, allowing the government opportunity to respond. Absent that, the Court should simply not rely on any of the arguments or evidence he lays out in secret.

---

cites to Exhibits A to at ZZ. *Id.*

U.S.' OPP. TO DEF. MOTION TO FILE EX PARTE    2
CR 20-00249 RS

## II. ARGUMENT

While *ex parte* filings have a limited place in litigation, in an adversarial legal setting such as a trial, it remains a fundamental principle that the Court must be given the benefit of both parties' arguments and evidence. "Absent [some] compelling justification" set forth at common law or by statute, "ex parte proceedings are anathema in our system of justice." *United States v. Thompson*, 827 F.2d 1254, 1258–59 (9th Cir. 1987). Indeed, courts have rejected criminal defendants' attempts to litigate in secret in situations similar to this.

In *United States v. Schulte*, the district court denied a defense motion to assert an advice of counsel defense in *ex parte* filings, holding that "in the criminal context, 'fairness can rarely be obtained by secret, one-sided determinations of facts decisive of rights." 2020 WL 133620 (S.D.N.Y), *quoting United States v. Abuhambra*, 389 F.3d 309, 322, 23 (2d. Cir. 2014). As the Second Circuit in *Abuhambra* explained its rationale: "due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other." *Id.*

Similarly, in *United States v. McDonnell,* the Fourth Circuit upheld the district court's decision to deny the defendant the right to introduce evidence *ex parte* in support of his motion to sever, explaining that in evaluating a motion that 'requires a fact-intensive, multi-factored analysis for which there is a need for well-informed advocacy" that is not served by *ex parte* filings. 792 F.3d. 478 (4th Cir. 2015); *see also Thompson*, 827 F.2d at 1257 ("adversary proceedings are the norm in our system of criminal justice . . . and ex parte proceedings the disfavored exception"), *citing United States v. Bagley,* 473 U.S. 667, 675 (1985)*; see also United States v. Nixon*, 418 U.S. 683, 709 (1974) ("We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts.").

Defendant Andrade claims that revealing his evidence and argument refuting the government's assertion that evidence of uncharged conduct is admissible would improperly force him to reveal his defense trial strategy. *Id.* In support of this contention, defendant cites, in his Motion to Exclude, three

Ninth Circuit cases. But none of the cases address disclosure of evidence or argument in opposition to the admission of 404(b) evidence. Defendant incorrectly cites to *United States v. W.R. Grace* for the proposition that "the Ninth Circuit has carefully avoided approval of courts requiring the defense to disclose witnesses pretrial." *Id.* citing *United States v.[W.R] Grace*, 526 F.3d 499, 513 (9th Cir. 2008). In fact, *W.R. Grace* took no position on defendant's obligation to disclose witness lists: "[w]e do not decide whether or to what extent the defense can be compelled to disclose a list of its witnesses before trial, and do not address those issues here." *W.R. Grace*, 526 F.3d at fn. 7. Crucially, *W.R. Grace* says nothing about the disclosure of information to rebut a 404(b) motion, or anything related.

Defendant cites to two other district court cases, one related to the disclosure of defense witnesses pretrial, and a second related to a redacted declaration in a pretrial discovery dispute related to the review of evidence. But neither of these cases are on-point or controlling, and neither case is related to a defense motion to preclude the government from offering evidence at trial.

Andrade's claims belie his true intent – to prevent the government from fully responding to his 404(b) arguments. For example, Andrade claims he is missing critical information about AtenCoin because of gaps in the production of evidence from one of the government's cooperating witnesses, Jack Abramoff. *Dkt. 425*. Andrade claims that he has only received "a handful" of Abramoff's communications related to AtenCoin, and declares, without evidence, that this "suggests that a considerable amount of exculpatory information is missing." *Id.* But these claims are only laid out in defendant's *ex parte*, under seal filing. The government vigorously disagrees with Andrade's serious implication that it is withholding exculpatory evidence, but cannot adequately respond because it does not know what evidence "suggests" the government is withholding exculpatory discovery.[2]

Andrade next attacks the government's claims about the similarities between AML Bitcoin and Biogreen and AtenCoin, including 1) that Andrade used boiler room sales tactics to raise funds from investors, 2) that Andrade used frivolous and malicious legal tactics to deflect blame for the fraud, and

---

[2] In any event, the issue of disclosures related to Abramoff have been extensively litigated before the magistrate in this case, and the government has already produced all of the evidence regarding Abramoff required by Rule 16, *Brady*, and *Giglio*. *See e.g. Dkt. 413* (Order Denying Fourth Motion for Discovery) ("the government confirmed that it has produced all discovery [related to Abramoff]. The court accepts that representation.").

U.S.' OPP. TO DEF. MOTION TO FILE EX PARTE   4
CR 20-00249 RS

that 3) Andrade falsely assured investors they could easily and at any time receive their investments back. *Id.* The government, which has ample evidence to support its claims, should be allowed to confront and counter any evidence defendant uses in his 404(b) motion to exclude.

Finally, there are mischaracterizations in Andrade's Motion to Exclude that highlight the importance of allowing the government to see all of his arguments and evidence so that the government can correct the record when necessary. For example, Andrade misstates the government's 404(b) notice, writing that the government asserts that "Mr. Andrade *falsely* claimed to have patents for Biogreen and AML Bitcoin." Dkt. 425. The government said no such thing. The government's 404(b) notice stated that an investor in Biogreen "stated that he was told by Andrade that Andrade had a patent on the equipment used to extract a rare chemical from algae. Andrade would use similar claims about patents to pitch AML Bitcoin." The government agrees that Andrade had patents. The government's claim, supported by the evidence, is different. The government's claim is that Andrade falsely represented to investors that he had in fact developed and implemented the underlying patented technology—for algae extraction, AtenCoin cryptocurrency, and AML Bitcoin cryptocurrency— and that would help assure the investment's success. In truth, the patents helped conceal Andrade's consistent failure to deliver on promises and build anything of substance.

Defendant states that "the purpose of Mr. Stefan's Declaration was to provide the Court with the assurance that there is evidence behind Mr. Andrade's statement of his intention to contest the claims." *Dkt. 432* (Defendant's Response to Court's Email). That goes without saying: of course the defendant's claims must be backed by evidence. But defendant Andrade is attempting something truly unique: he seeks to make legal claims and hide the evidence to support his claims from the government so that the government cannot respond. The government has the right to contest any "assurances" the defendant seeks to provide to the Court in secret. Defendant next states that the government can respond "to *most* of Mr. Andrade's factual assertions" (italics added) by simply relying on the public brief. *Id.* The government is entitled to respond to *all* of Mr. Andrade's arguments.

Defendant also claims that "the Court can then use the briefs and the supporting declarations of the parties *as it sees fit*" (italics added) and that the Court "need not use the submissions of the parties to resolve the factual disputes as it were the finder of fact on the contested issues, but rather only to

U.S.' OPP. TO DEF. MOTION TO FILE EX PARTE     5
CR 20-00249 RS

determine whether the government has met its burden." *Dkt. 432* (Defendant's Response to Court's Email).  This argument is meaningless.  The purpose of the 404(b) motion is not to resolve the contested issues alleged in the indictment, but it is to resolve the contested issues in defendant's Motion to Exclude.  And to resolve those contested issues, the Court should be able to rely on the fully briefed arguments and evidence of both parties.

**III.   CONCLUSION**

      Trial is 30 days away.  Defendant Andrade's attempt to present his evidence to the Court *ex parte* – in secret – is improper.  It delays the Court in determining key issues of admissibility at trial, and denies and delays any government response.  The government respectfully requests that the Court deny defendant Andrade's Motion to File an *Ex Parte* declaration.  If Mr. Andrade wishes the Court to rely on his representations, he can file a public Declaration to which the government can respond.

DATED:  January 7, 2025                                                       Respectfully submitted,

                                                                                 ISMAIL J. RAMSEY
                                                                                United States Attorney

                                                                                __/s/ *David Ward*_____
                                                                                CHRISTIAAN HIGHSMITH
                                                                                DAVID J. WARD
                                                                                Assistant United States Attorneys

                                                                                MATTHEW CHOU
                                                                                Special Assistant United States Attorney