ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7230
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CR-00249 RS |
| Plaintiff, | UNITED STATES' EX PARTE APPLICATION AND [PROPOSED] ORDER PERMITTING DISCLOSURE OF GRAND JURY TRANSCRIPTS |
| v. | |
| ROWLAND MARCUS ANDRADE, | |
| Defendant. | |

    The United States respectfully requests an Order under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) authorizing the government to provide defendant's counsel transcripts of the grand jury testimony of three civilian witnesses. The trial in this matter is scheduled to begin on February 11, 2025.

    The secrecy provisions of Federal Rule of Criminal Procedure 6(e) provide in part that: "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . (i) preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). In *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir.), *cert. denied*,

382 U.S. 814 (1965), the Ninth Circuit held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." *Id.* at 21. The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* at 22 (quoting *United States v. Amazon Ind. Chem. Corp.*, 55 F.2d 254 (D. Md. 1931)).

In this case, the policy considerations requiring secrecy over the transcripts apply with diminished force. The matter is set soon to proceed to trial. *See In re William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464, 470 (E.D. Penn. Oct. 14, 1971) (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle"). At trial, disclosing the testimony of three civilian witnesses presented to the grand jury would not implicate these policy concerns. Moreover, disclosure of the grand jury testimony is in the interest of justice because it will permit defendant's counsel to have potential Jencks Act materials before trial pursuant to 18 U.S.C. § 3500.

DATED: January 7, 2025

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

  /s/
CHRISTIAAN HIGHSMITH
DAVID WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney

1

2                                          **[PROPOSED] ORDER**

3     Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), the United States may supply

4  counsel for the defendant in this case with three transcripts of the grand jury testimony of civilian

5  witnesses presented to the grand jury in the investigation that led to this case.

6     **IT IS SO ORDERED**.

7

8  DATED: _____          _____
                                            HON. RICHARD SEEBORG
9                                           Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28