MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:    +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
  kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:    +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:20-cr-00249-RS<br><br>**REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO FILE EX PARTE DECLARATION OF DAINEC STEFAN**<br><br>Judge: Hon. Richard Seeborg, Chief Judge |

1

Reply to United States' Opposition to Defendant's        Case Number:  3:20-cr-00249-RS
Motion to File Ex Parte Declaration of Dainec Stefan

Defendant Rowland Marcus Andrade files this Reply to the government's Opposition to Defendant's Motion to File Ex Parte Declaration of Dainec Stefan.

The government correctly notes that the defense has not found a case addressing ex parte submissions in the Rule 404(b) context. Neither has the government. The cases cited by the government, when fully digested, lend more support to the defendant's position than the government's, and do not contest the proposition that there are circumstances in which defendants should be allowed to contest issues without revealing their defense.

*United States v. Abuhambra*, 389 F.3d 309, 322 (2d Cir. 2014), disapproved of the government's submission in a bail proceeding of an "ex parte and in camera agent affidavit demonstrating Abuhambra's "dangerousness," in light of the defendant's due process rights. Similarly, *United States v Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987), disapproved of a government ex parte submission to rebut a prima facie Batson challenge. This ex parte submission, like the one in *Abuhambra*, "impair[ed] a defendant's right to due process or his other rights guaranteed by the constitution." The Ninth Circuit added that "situations where the court acts with the benefit of only one side's presentation are uneasy compromises with some overriding necessity, such as the need to act quickly *or to keep sensitive information from the opposing party.*" *Id.* (emphasis added). Needless to say, no constitutional rights are lost by considering Mr. Andrade's sensitive information in an ex parte submission.

When the Fourth Circuit in *United States v. McDonnell*, 792 F.3d 478 (4th Cir. 2015) found it not to be an abuse of discretion for the district court to have declined to accept an ex parte defense submission on severance, it emphasized that the defendant was required to make an initial showing, which the government was unable to contest when that showing was made ex parte. *Id.* at 495. It explained that the district court had not abused its discretion because it "was reluctant to assume the role of an advocate when evaluating 'a motion to sever [, which] requires a fact-intensive, multi-factored analysis for which there is a heightened need for well-informed advocacy.'" *Id.* By contrast, in this case, for the reasons noted in Mr. Andrade's Motion to Exclude and his Declaration in Response to the Court's Email of January 2, 2018, Regarding

2

Defendant Andrade's Submission of an Ex Parte Declaration, not only is the defendant not required to make any showing, but his ex parte submission was focused on demonstrating that the defense would be able to offer facts to contest government statements that were expressly identified in the defense's Motion. Whether the defendant has offered facts that could contest the government's statements does not require a "fact-intensive, multi-factored analysis."

For the same reasons, *United States v. Schulte*, 2020 U.S. Dist. LEXIS 5652 (S.D.N.Y. Jan. 13, 2020) does not advance the government's position. In *Schulte*, the court ultimately ordered the defendant to disclose certain ex parte letters his counsel had written to the court, but it did so only after the court had accepted multiple ex parte filings, the defendant had invoked his right to call those same lawyers to testify on his behalf at trial, the court found that the defendant had "*relie[d]* on privileged communications as an element of a claim or defense," *id.* at *14 (quoting *In re County of Erie*, 546 F.3d 222, 228 (2d Cir. 2008)), and the defendant filed motions for which he had the burden of proof and on which his counsels' letters depended, namely, a (third) severance motion[1] (which, as noted above, is a "fact-intensive multi-factored analysis") and a motion for disqualification of the entire Federal Defenders office.[2] *Id.* at *11-*17. It therefore should have little bearing on Mr. Andrade's filing, most of which is public, and the remainder of which is focused on illustrating that the government's proffered evidence to meet its burden of proof will be the subject of substantial dispute – a far more simple analysis.

The language quoted in the government's brief from *United States v. Nixon*, 418 U.S. 683, 709 (1974), was directed to establishing nothing more than that compulsory process must be available both to the prosecution and the defense. As a result, the closest case – in both senses of the word – is Judge Chhabria's decision to allow the defendant to keep his theory of defense secret from the prosecution by allowing an ex parte discussion of the defendant's need for

---

[1] ". . . in order to prevail [on a severance motion], the defendant must show not simply some prejudice but substantial prejudice." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004.

[2] "In order to succeed on a motion seeking disqualification, the *moving party must demonstrate* the necessity of the testimony as well as a substantial likelihood of prejudice to the defendant." *United States v. Locascio*, 357 F. Supp. 2d 536, 554 (E.D.N.Y. 2004) (emphasis added).

3

Reply to United States' Opposition to Defendant's       Case Number: 3:20-cr-00249-RS
Motion to File Ex Parte Declaration of Dainec Stefan

1  contested discovery.  *United States v Solano*, No. 3:21-CR-00263-VC (N.D. Cal. 2021) ECF
2  #27, Minute Entry (Nov. 17, 2021).

3       Although the government accuses Mr. Andrade of incorrectly citing to *United States v.*
4  *W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), what it writes shows the citation was accurate.
5  Addressing the Ninth Circuit's decision in *United States v Hicks*, 103 F.3d 837 (9th Cir. 1996),
6  which held that district courts could not require witness or exhibit lists from either party, the
7  *Grace* court overruled the part of *Hicks* that held the government could not be required to
8  produce those lists, but avoided saying anything about whether the defense could be required to
9  produce those lists.  Like the other circuits cited in the Motion to Exclude and ignored in the
10  government's Opposition, the Ninth Circuit has carefully avoided that issue.  The Ninth Circuit's
11  caution in avoiding granting authority to district courts to order defense disclosure of witness and
12  exhibit lists has been reflected in recent pretrial orders in this district. *See, e.g., United States v.*
13  *Bulazo*, Case No. 3:22-cr-00281-WHO (N.D. Cal. 2025), ECF #53 (Nov. 27, 2024)[3] (limiting
14  defense disclosure obligations in paragraphs 2 and 5(a) of the court's pretrial order to what the
15  defense can do "to the extent consistent with defendant's right to an effective defense").

16       The rest of the Opposition primarily addresses the merits of the Rule 404(b) argument
17  and/or addresses points in the nineteen pages of facts and argument presented and served on the
18  government in Mr. Andrade's Motion, and can be answered in Mr. Andrade's Reply in support
19  of that Motion.[4]  We pause only briefly to note that, at least in this Motion, there was no
20  allegation that the government suppressed evidence; rather, the focus of the Motion on the loss of
21  evidence was that "due to the age of this evidence, much of the data and testimony Mr. Andrade
22  would need to respond to these allegations is unavailable."  Motion at 23:23-25; see id. at 8:1-13;
23  8:15-20; 11:1-11.

---

[3] *See* Appendix A, ¶¶2 & 5(a).

[4] The government in its Opposition did note Local Criminal Rule 47-3 and its requirements for the filing of ex parte motions. Pursuant to that rule, defense counsel accompanied its under seal, ex parte filing with an administrative motion containing a memorandum of points and authorities along with a supporting declaration from Ms. Cindy Diamond.

4

Reply to United States' Opposition to Defendant's    Case Number: 3:20-cr-00249-RS
Motion to File Ex Parte Declaration of Dainec Stefan

Respectfully submitted,

DATED: January 8, 2025

KING & SPALDING LLP

By: */s/ Michael J. Shepard*
    MICHAEL J. SHEPARD
    KERRIE C. DENT
    CINDY A. DIAMOND

Attorneys for Defendant
ROWLAND MARCUS ANDRADE