**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:     +1 415 318 1200
Facsimile:     +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
  kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394
Facsimile:     +1 202 626 3737

CINDY A. DIAMOND (CA SBN 124995)
ATTORNEY AT LAW
58 West Portal Ave, # 350
San Francisco, CA 94127
408.981.6307
cindy@cadiamond.com

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, </br></br>Plaintiff,</br></br>vs.</br></br>ROWLAND MARCUS ANDRADE,</br></br>Defendant. | Case No.: 20-CR-00249-RS </br></br>**MOTION *IN LIMINE* OBJECTING TO GOVERNMENT EXPERTS** |

INTRODUCTION

Mr. Andrade brings this motion to present his objections to experts disclosed as witnesses in the government's case in chief. Without waiving any cross-examination rights, nor the right to object to testimony offered during trial, Mr. Andrade presents these objections for this Court's in limine review:

1. Objections to the proffered opinion testimony of Agent James Carfora under the Federal Rules of Evidence.

2. Mr. Andrade has no objection under *Daubert* or Rule 702 to the proffered expert opinion from government's disclosed expert Brandon Tabbal, beyond one objection raised below.

3. Mr. Andrade has no objection under *Daubert* or Rule 702 to the proffered expert opinion from government's disclosed expert Theresa Chiu.

**1. OBJECTIONS TO SPECIAL AGENT CARFOLA'S TESTIMONY**

Three portions of Special Agent Carfora's testimony are impermissible under Federal Rule of Evidence 704(b) and settled Ninth Circuit law.

*First*, the government's notice proffers that SA Carfora will testify that Mr. Andrade "layered and commingled funds raised from investors in AML Bitcoin *in order to conceal their source, and then to further conceal their integration, or use*, for Andrade's personal benefit" (emphasis added). ECF 420 at 3:16-17. This testimony that Mr. Andrade acted "in order to conceal" is expressly prohibited by Rule 704(b), which reserves the decision about Mr. Andrade's intent "for the trier of fact alone," and declares that "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."

In accord with Rule 704(b), the Ninth Circuit and other courts allow experts to say that behavior "might be consistent with" or "indicative of" criminal behavior, *United States v. Alonzo*, 48 F.3d 1536, 1541 (9th Cir. 2005), but prohibit "testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir.

1997) (en banc). Applying those principles to cases like this one, courts have not allowed government experts to testify in a money laundering case that the defendant engaged in financial transactions *with the specific intent to conceal or disguise the source of funds,*," *United States v. Babichenko*, 2021 U.S. Dist. LEXIS 108476 (D. Idaho 2021), (emphasis added), or to testify "'that the conduct underlying the money-laundering counts was . . . money laundering.'" *United States v. Reulet*, 2015 U.S. Dist. LEXIS 161540 (D. Ks 2014).

*Second,* SA Carfora proposes testimony that Mr. Andrade's transfer and use of funds to buy two properties was "accomplished through the layering and comingling of funds Andrade *raised from AML Bitcoins through fraudulent misrepresentations."* ECF 420 at 3:24-25. This opinion includes a conclusion that Mr. Andrade acted with fraudulent intent, and that he is guilty of Count One – conclusions delegated to the jury based on proof beyond a reasonable doubt, rather than to FBI agents. Both of these conclusions are impermissible. *See, e.g., United States v. Reulet*, 2015 U.S. Dist. LEXIS 161540, at *25 (D. Ks. 2014) (government's expert was prevented from testifying about "criminally derived property," because such a phrase "presupposes the commission of a criminal offense")

*Third,* SA Carfora offers to testify that Andrade's purchase of a $600,000 cashier's check on March 7, 2018, his deposit of that check into his personal account, and his use of the money to buy personal properties "is indicative of concealment and promotional money laundering." ECF 420 at 3:25-28. This testimony goes beyond the authorization in *Alonzo*, 48 F.3d 1536 at 1541, which limits the testimony to what "may be" rather than "is" indicative of concealment and money laundering.

In addition to this impermissible testimony, SA Carfora has failed to provide fully the bases and reasons for his opinion, in that he purports to rely on a "model to help describe the general methodology of money laundering," ECF 420 at 2:24-25, but the model is not provided or validated under Federal Rule 702(c). Since SA Carfora purports to testify based on his use of a model, as proponent of the evidence the government is

obligated to establish that the model is "the product of reliable principles and methods. " Fed R. Ev. 702(c).

**2. OBJECTIONS TO EXPERT OPINION FROM BRANDON TABBAL**

Mr. Andrade has no objection to Tabbal's proffered educational testimony under Rule 702 and *Daubert*, but the government's disclosures about Mr. Tabbal do not reflect any specific expert opinions.

Mr. Andrade does object to one small portion of Tabbal's proffer: Tabbal proposes to say that he has provided trainings explaining "how to identify if a [cryptocurrency] wallet is used for the sale of child sexual abuse material (child pornography)." *See* ECF 419 at 2:22. The use of cryptocurrency and/or wallets in the sale of child pornography is irrelevant to this case, and testimony of this nature would be unduly prejudicial due the inflammatory nature of the subject matter. Fed. Rule of Ev., Rule 403.

**3. OBJECTIONS TO EXPERT OPINION FROM THERESA CHIU**

Mr. Andrade has no objection to Chiu's proffered testimony under Rule 702 and Daubert.

DATED: January 8, 2025                    Respectfully Submitted,

/s/
_____
KING & SPALDING LLP, by:
   MICHAEL J. SHEPARD
   KERRIE C. DENT
   DAINEC STEFAN,
and by CINDY A. DIAMOND
Attorneys for Defendant
ROWLAND MARCUS ANDRADE