ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7230
    christiann.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 20-00249 RS-1 |
|---|---|
| Plaintiff, | ) |
| v. | ) **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR ORDER REGARDING DEFENSE WITNESS LIST AND EXHIBITS DISCLOSURE** |
| ROWLAND MARCUS ANDRADE | ) Dept.: Courtroom 3 – 17th Floor |
| Defendant. | ) Judge: Hon. Richard Seeborg |
|  | ) Trial Date: February 10, 2025 |
|  | ) Pretrial Conf: January 22, 2025 |

    Defendant Marcus Andrade seeks an Order from the Court that he not be required to disclose his witness list until jury *voir dire*, and not be required to disclose his exhibit list until the end of the government's case-in-chief. Andrade claims that "district courts do not have the authority to order pretrial disclosures of a list of defendants or exhibits." *Dkt. 431 (*Motion for Order Regarding Defense Witness List and Exhibits Disclosures).

1   As an initial matter, district courts have broad authority to control and manage their dockets, including the issuing of discovery and disclosure orders. *See W.R. Grace*, 526 F.3d 499, 508-509 (9th Cir. 2008) ("There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

More specifically, Federal Rule of Criminal Procedure 16(b) requires a criminal defendant to provide reciprocal discovery of any evidence he intends to use in his case-in-chief at trial. *Fed. R. Crim. P. 16(b)(1)*. While Rule 16 does not specify a specific disclosure date, the local criminal rules do contemplate disclosure deadlines. Criminal Local Rule 17.1 (b) requires the parties to file a statement ahead of the pretrial conference addressing, among other things, "the pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify, except those who may be called only for impeachment or rebuttal." *See also United States v. Nubla & Ku*, 21-CR-00139 RS, 2023 WL 2457448 at * 5 (N.D. Cal. March 9, 2023), *citing United States v. Aiyaswamy*, 15-CR-00658 LHK, 2017 WL 1365228 *5 (N.D. Cal. April 14, 2017).

Defendant Andrade argues that the rule applies only to disclosure of exhibits used in defendant's case-in-chief, and that most if not all of his exhibits will first appear on cross-examination. *Dkt. 431*. But that is not the proper definition of defendant's case-in-chief as it is increasingly being adopted by courts. The term case-in-chief is increasingly seen as referring to evidence that will be used to challenge the substance of the charges, or the elements of the offense, as opposed to evidence that will simply be used to impeach a witnesses' statement or refresh his memory. The Fourth Circuit, the D.C. Circuit, as well as district courts here, as well as the District of Oregon, W. Dist. of Idaho, and elsewhere have all adopted this proposed definition of case-in-chief.

In *United States v. Hsia*, the court defined case-in-chief as "the part of the trial in which party presents evidence to support its claim or defense." 2020 WL 195067 *2 (D.D.C. Jan. 21, 2020). The court in *Hsia* held that the cross-examination of government witnesses "is properly seen as part of defendant's case in chief if it buttresses her theory of the case." *Id*.

1    Multiple other courts have reached the same conclusion. *See United States v. Holden*, 2015 WL
2    1514569 *3 (D. Or. 2015) ("The Court concludes Rule 16(b)(1)(A) does require Defendant to disclose
3    to the government all substantive, non-privileged evidence that Defendant plans to introduce at trial,
4    regardless whether Defendant intends to introduce the evidence through a witness he calls at trial or
5    through cross-examination of a government witness."); *United States v. Young*, 248 F.3d 260, 269 (4th
6    Cir. 2001) (holding that even though defendant sought to admit a tape recording in cross-examination,
7    its purpose was as part of his evidence-in-chief that the crime was committed by someone else, and
8    therefore the tape should have been disclosed pretrial).

9    As the *Aiyaswamy* court in this district correctly noted, "[i]f Rule 16(b) applied only to evidence
10   introduced after the Government rested its case, Rule 16(b) would 'effectively [be] render[ed] . . . a
11   nullity unless a defendant asserted an affirmative defense or planned to put on his or her case after the
12   government rested." *Aiyaswamy*, 2017 WL 1365228 *5, *citing United States v. Swenson*, 298 F.R.D.
13   474, 476 (D. Idaho 2014).

14   Defendant cites to three out of circuit cases, *United States v. Cannone, United States v.*
15   *Kendricks*, and *United States v White,* in support of his contention that he cannot be required to disclose
16   pretrial either a witness or exhibit list, but those cases simply state that the Court can order the
17   government to disclose a *witness list.*  The cases say nothing about whether a court can order a
18   defendant to disclose a witness list *Dkt. 431*.  More significant, the cases do not address at all the timing
19   for either party to disclose exhibit lists.   The cases defendant cites have no probative value to this
20   analysis. The defendant's citation to *W.R. Grace*, a Ninth Circuit case, is similarly not helpful. *Dkt. 431,*
21   *citing W.R. Grace*, 526 F.3d at 513. *W.R. Grace* simply states that the Court can order the government
22   to disclose its witness list prior to trial; the court specifically holds that it takes no position on whether
23   defendant can similarly be ordered to disclose a *witness* list. *Id.*, n. 7. And *W.R. Grace* does not address
24   at all when or whether either a defendant or the government can be required to disclose exhibit lists.

25   The defendant has already indicated that he has evidence and exhibits that go directly to his case-
26   in-chief.  In his Motion to Exclude 404(b) evidence, Andrade filed a Declaration, *ex parte* and under
27   seal, claiming that to reveal to the government the evidence in his declaration, including exhibits, would
28   impermissibly require him to reveal his "theory of the case." *See Dkt. 425*  (Def. Motion *In Limine* to

Exclude Allegations and Evidence of Uncharged Bad Acts).  In his response to the Court's email inquiring about the filing, Andrade is even more explicit, explaining that his *ex parte* and under seal filed evidence shows that AML Bitcoin does not share the fraudulent characteristics that the government claims is in its related 404(b) evidence, and "therefore goes to the essence of what Mr. Andrade would present in defense to the fraud charges for which he will be on trial." *Dkt. 432* (Defendant's Response to Court's Email).  This is quintessential case-in-chief evidence, and exactly the type of evidence that Courts in this district and elsewhere have ordered must be produced pretrial. There is undoubtedly more.

This case is complex and the evidence is voluminous.  The government has met extensive discovery demands by the defendant, and has voluntarily produced millions of pages of discovery.

The government has agreed to disclose its witness and exhibit lists by January 15, 2025.  Dkt. 417 at 3.  Fed. R. Crim. P. 16, and the fairness inherent in its reciprocal discovery requirements, demand that defendant do the same.

The government respectfully asks the Court to order defendant to produce all exhibits and witness lists, other than evidence that is purely for cross-examination, by no later than the pretrial conference on January 22, 2025.

DATED:  January 10, 2025

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

\_\_/s/ David Ward_____
CHRISTIAAN HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney