**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221
Facsimile:      +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
  kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394
Facsimile:      +1 202 626 3737

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>          Defendant. | CASE NO.: 3:20-CR-00249-RS<br><br>**DECLARATION OF KERRIE C. DENT IN SUPPORT OF DEFENDANT ROWLAND MARCUS ANDRADE'S MOTIONS IN LIMINE ##1-7** |

1

# DECLARATION OF KERRIE C. DENT

Kerrie C. Dent, counsel for Defendant Marcus Andrade, states as follows:

1. I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I have personal knowledge of the discovery disputes and related correspondence between the government and defense counsel and, if called as a witness in this matter, could competently testify to the matters stated in this Declaration.

2. The government stated in its Rule 404(b) Notice that Mr. Andrade used "frivolous and malicious legal tactics to deflect blame for [his] fraud." 404(b) Notice at 5. Although I have no way of identifying which litigation the government will seek to introduce at trial, I do know that several of the civil lawsuits Mr. Andrade filed at or around the time period of the indictment were resolved in Mr. Andrade's favor.   For example:

   a. Mr. Andrade prevailed by default judgment in a lawsuit he and his company NAC Foundation LLC filed against Japheth Dillman, Defendants Japheth Dillman; Block Bits Capital, LLC; Block Bits Capital, GP; and Block Bits AML Holdings, LLC, declaring that: "No contract or business relationship between NAC Foundation, LLC or Marcus Andrade on one hand, and Japheth Dillman; Block Bits Capital, LLC; Block Bits Capital, GP; or Block Bits AML Holdings, LLC ("the Dillman Defendants") on the other hand, creates a duty or imposes liability on NAC Foundation, LLC or Marcus Andrade for the Dillman Defendants' obligations. *Marcus Andrade v. Japheth Dillman, et al.*, Case no. 2:20-cv-01021-JAD, Dkt. #50 (D. Nev. Sept. 24, 2021).

   b. Mr. Andrade's company, NAC Foundation, LLC, prevailed by default judgment in a lawsuit against Maurice Musiitwa based on Musiitwa's posting statements that were false, malicious, and/or disparaging – communications specifically targeted at AML token holders and those interested in AML tokens. *NAC Foundation, LLC v. Musiitwa, et al.,* Case no. A-18-774269-C (D. Nev. July 8, 2022).

3. Although the Indictment alleges that statements made about a Super Bowl advertisement were "false" because the NAC Foundation, the entity that developed and managed AML Bitcoin, "did not have the funds to purchase the advertising time, and the advertisement was never reviewed or rejected by the network or the NFL," witnesses disagree about whether

2

the so-called "rejection campaign" was misleading. I have seen documents in the voluminous database for this case that some witnesses thought doing a Super Bowl ad meant the company was well-funded. For example, at least one alleged victim has told the government that he was misled by the AML Bitcoin's statements that its advertisement, which it sought to air during the Super Bowl, was rejected by NBC and/or the NFL. Based on the company's statement that the advertisement was rejected, according to the government's reports, this alleged victim (BB) was led to believe that AML Bitcoin had a lot of money. Other witnesses, however, told the government that the ad was "a good idea," that "additional exposure for AML Bitcoin should increase the values," and that it was simply "a public relations stunt." (*e.g.*, JB, SM, and AW).

4. The FBI's 302 reports and other evidence in the case reflects that the agents often asked witnesses questions about promises Mr. Andrade has made and not kept, financial obligations he has not fulfilled, and statements he has made to others about how he made a living before he began his cryptocurrency company. For example, he apparently promised MF a new car, failed to pay a few of his consultants, and told WC and JD that he made money in the oil and gas industry.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 10, 2025 in McLean, Virginia.

DATED: January 10, 2025                    KING & SPALDING, LLP

                                           By: /s/ Kerrie C. Dent
                                               KERRIE C. DENT (*Pro Hac Vice*)

                                               Attorney for Defendant
                                               ROWLAND MARCUS ANDRADE