**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
 mshepard@kslaw.com
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:     +1 415 318 1200
Facsimile:     +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
 kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394
Facsimile:     +1 202 626 3737

CINDY A. DIAMOND (CA SBN 124995)
ATTORNEY AT LAW
58 West Portal Ave, # 350
San Francisco, CA 94127
408.981.6307
cindy@cadiamond.com

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No.: 20-CR-00249-RS<br><br>**DEFENDANT'S REQUEST FOR EXTENSION OF TIME OF ONE WEEK TO COMPLY WITH, OR FOR RECONSIDERATION OF, COURT ORDER 456** |

Since this Court's Order 456 of January 15, 2023 (and for a long time before), the defense counsel had been working to prepare and to be ready to produce defense exhibits.

Despite its best efforts, the defense's best estimate is that it will not be ready to produce all its potential exhibits on January 22, 2025. Mr. Andrade therefore respectfully requests that this Court allow him a one-week extension to comply with the Court's Order on Defendant's Witness and Exhibit List Disclosures (ECF 456), and/or allow reconsideration of its Order, which was entered while the defense was finishing (but had not yet finished and filed) Mr. Andrade's Reply brief on Defense Witness List and Exhibit Disclosures, on the schedule established in this case's Stipulated Scheduling Order [ECF 417]. )[1], In the alternative, Mr. Andrade asks the Court to reconsider that Order.[2]

This request is based on the fact that since this Court entered its Order on January 15, 2025, despite its continued best efforts, the following circumstances render it unlikely that the defense will be ready to comply on January 22: First, the defense needs to digest the 1014 exhibits the government disclosed on January 15, in order to see if they raise issues not previously anticipated, not to mention the 42 witnesses identified by the government – all of which suggest a longer government case than the government previously identified and the defense previously contemplated. Second, the breadth and magnitude of this case swamps available CJA resources (despite considerable contributions by King & Spalding), and the

---

[1] "The parties agree that the defendant will file a short motion for a pretrial defense witness and exhibit list disclosure order no later than January 3, 2025, The government will file an opposition no later than January 10, 2025, and the defendant may file a reply by January 15, 2025." ECF 417 at 3:6-9.

[2] While not favored, motions for reconsideration are permitted in the Ninth Circuit.
> While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed. R. Civ. P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)); *United States v. Clark,* 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed. R. Civ. P. 59(e)).

*United States v. Tolmosoff,* 2024 U.S. Dist. LEXIS 85298 (E.D. CA 2024).

Court's Order allowing one week for compliance (one day of which is a holiday, at least for staff) came during a week in which attorney resources also needed to be devoted to filing approximately 10 briefs, and paralegal resources also needed to be devoted to uploading the government's exhibits.  Third, the process of making exhibits ready for production to the government in this case has proven to be unusually time-consuming, because the government's discovery (of over 6 million documents) was produced without traditionally organized Bates stamp numbers.[3]  Once documents are identified, it takes at least 5 minutes to prepare each document for disclosure.  As a result, in the remaining time allowed, Mr. Andrade cannot thoughtfully complete his efforts to curate through the many potential (and voluminous) exhibits in time to complete the task prior to the pretrial conference on January 22, 2025.

Mr. Andrade therefore requests an extension of time of one week.

DATED:  January 17, 2025          Respectfully Submitted,

/s/
_____
KING & SPALDING LLP, by:
    MICHAEL J. SHEPARD
    KERRIE C. DENT
    DAINEC STEFAN,
and by CINDY A. DIAMOND
Attorneys for Defendant
ROWLAND MARCUS ANDRADE

---

[3] In addition, the discovery was produced on an ongoing basis, with many documents in response to orders by Judge Beeler, and with the last three discovery tranches was delivered defense counsel on or about December 18, 2024, January 7,  January 14, 2025.