1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  CHRISTIAAN HIGHSMITH (CABN 296282)
   DAVID WARD (CABN 239504)
5  Assistant United States Attorneys

6  MATTHEW CHOU (CABN 325199)
   Special Assistant United States Attorney
7
           450 Golden Gate Avenue, Box 36055
8          San Francisco, California 94102-3495
           Telephone: (415) 436-7200
9          FAX: (415) 436-7230
           christiann.highsmith@usdoj.gov
10         david.ward@usdoj.gov
           matthew.chou2@usdoj.gov
11
   Attorneys for United States of America

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 20-00249 RS |
|---|---|
| Plaintiff, | ) **JOINT PRETRIAL CONFERENCE** |
| v. | ) **STATEMENT** |
| | ) Dept.:         Courtroom 3 – 17th Floor |
| | ) Judge:         Hon. Richard Seeborg |
| ROWLAND MARCUS ANDRADE, | ) Trial Date:    February 10, 2025 |
| Defendant. | ) Pretrial Conference: January 22, 2025 |

Pursuant to Criminal Local Rule 17.1-1(b), the United States of America ("United States") and Defendant Rowland Marcus Andrade ("Defendant"), by and through undersigned counsel, hereby respectfully submit the following Joint Pretrial Conference Statement. Andrade is charged with one count of wire fraud and aiding and abetting wire fraud, for violating 18 U.S.C. §§ 1341, 2, and with one count of money laundering and aiding and abetting the same, for violating §§ 1956(a)(1)(A)(i), (a)(B)(i),

JOINT PRETRIAL CONFERENCE STATEMENT     1
CR 20-00249 RS

and 2. The case is set for trial on February 10, 2025, with a pretrial conference scheduled for January 22, 2025 at 9:30 a.m.

**(1)  Disclosure and contemplated use of statements or reports of witnesses under the *Jencks* Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

The United States represents that it has disclosed and produced to Defendant statements and reports of witnesses it intends to call at trial under the *Jencks* Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence. To the extent that the government obtains or identifies new transcripts, reports, and information, they will be provided to Defendant in compliance with the government's discovery obligations.

**(2)  Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial**

The United States moved the Court for authorization to disclose grand jury testimony to the defense. The Court signed the Order, and the government will produce those materials within a matter of days.

**(3)  Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment**

The government represents that it has disclosed all exculpatory or other evidence in its possession favorable to the defendant on the issue of guilt or punishment. In preparing for trial, the government is continuing to interview witnesses and to obtain and review evidence. The government recognizes its obligation to continue to provide any exculpatory or impeachment materials within its possession, custody, or control. The United States understands its continuing duty to comply with Rule 16 and will do so.

**(4)  Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses**

The parties met and conferred on January 9, 2025, and discussed stipulations. At that meeting the parties discussed, but did not reach an agreement about, the stipulations below, but will continue to discuss them:

a. financial and bank records marked as exhibits on the Exhibit List are admissible.

b. All text messages, emails, social media, and documents seized from digital devices in the investigation that led to this case are authentic.

c. All witnesses under government subpoena should be treated as being under defense subpoena.

d. With respect to Count One, the January 12, 2018 wire transfer of $730,000 was transmitted in interstate commerce by means of a wire communication.

**(5) Appointment by the Court of interpreters under Fed. R. Crim. P. 28**

This trial does not require an interpreter.

**(6) Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations**

Other than potential evidentiary or factual stipulations, the United States is unaware of any issues that can be eliminated prior to trial outside of any issues that will be resolved through the litigation of motions *in limine*, Fed. R. Evid. 404(b), disputes regarding expert witness testimony, and the government's Rule 15 motion concerning deposition testimony of Jack Abramoff.

Defendant has already noticed expert evidence of a mental condition under Fed. R. Crim. P. 12.2(b)(2).  The United States does not anticipate, and therefore seeks to exclude, Defendant raising any additional issues regarding insanity, alibi, duress, justification, or any other related issues, as Defendant has not made any disclosures of such.

**(7) Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

There are no outstanding joinder or severance issues.

**(8) Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

This trial does not involve the use of lineup or other identification evidence.  This case does, however, involve cooperating defendant witnesses Jack Abramoff, David Mata, and Brian Darrow (should the Court permit the admission of noticed Rule 404(b) evidence), each of whom is listed on the government's witness list. Dkt. 466.  This case also involves witness testimony by one FBI agent who worked undercover during the investigation that led to this case but who will be testifying under his true

name at trial.

**(9) Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

The United States has already filed its witness list, dkt. 466.. The government anticipates receiving a witness list from the defense on the day of the pretrial conference, January 22, 2025, per the Court's order. Dkt. 456. Both parties respectfully reserve the right to revise and amend their respective witness lists prior to and during the trial, if necessary. The government seeks leave of the Court to obtain deposition testimony of Jack Abramoff at trial. Dkt. 460.

**(10) Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

The United States has filed its exhibit list. The government anticipates receiving an exhibit list from the defense the day of the pretrial conference, January 22, 2025. Dkt. 456. Both parties respectfully reserve the right to revise and amend their respective exhibit lists prior to and during the trial, if necessary. The United States has provided summary exhibits to the defense that summarize voluminous financial and bank records in this case. Should the Court grant the government's Motion *in Limine* No. 6, dkt. 444, the government likely would remove several hundred exhibits from its exhibit list. Further, the government continues to prepare diagrams and demonstrative aids and exhibits in anticipation of trial and will share them with defense counsel as they are completed.

The parties have met and conferred regarding evidentiary stipulations and have not yet reached any agreements, but will continue to work toward an agreement. Defense counsel have not yet indicated whether they have individualized objections to exhibits on the preliminary exhibit list, although more time is needed for such a discussion as the government filed its exhibit list on January 15, 2025. Dkt. 465. The defense has objected more generally and thematically to government evidence via defense motions *in limine* and objections to the government's motions *in limine*, expert witness litigation, and Fed. R. Evid. 404(b) litigation. *See, e.g.*, dkts. 432, 440, 452.

**(11) Pretrial resolution of objections to exhibits or testimony to be offered at trial**

The parties continue to discuss the possibility of entering into stipulations that would streamline the presentation of evidence and shorten the trial, although no agreements have yet been reached.

1    The parties have filed motions *in limine* and have objected to each other's experts. To the extent that any additional objections arise after the resolution of the motions *in limine*, the parties will work to resolve the objections and, if necessary, will bring them to the attention of the Court.

**(12)    Preparation of trial briefs on controverted points of law likely to arise at trial**

The United States will separately file a trial brief on or before February 3, 2025, in accordance with the Court's pretrial order. Dkt. 417.

**(13)    Scheduling of the trial and of witnesses**

The United States' case-in-chief will take no more than 15 trial days, including time dedicated to jury selection and opening arguments. Until the government's case proceeds, the defense is unable to estimate the length of its case.

**(14)    Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, *voir dire* questions, exercise of peremptory and cause challenges and jury instructions.**

The parties will file proposed questions for prospective jurors in addition to the standard questions available on the Court's website no later than January 17, 2025. Dkt. 417. The parties will file jury instructions and a verdict form concurrently with this pretrial statement on January 17, 2025, under separate covers. *Id.*

*[Remainder of page intentionally left blank.]*

**(15)  Any other matter which may tend to promote a fair and expeditious trial**

The United States is unaware of any other matters to raise at this juncture that would promote a fair and expeditious trial. To the extent such matters arise after the filing of this pretrial conference statement, the United States will bring them to the Court's attention at the pretrial conference.

DATED: January 17, 2025

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

____/s/_____
CHRISTIAAN HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney

____/s/_____
MICHAEL SHEPARD
KERRIE DENT
CINDY DIAMOND
DAINEC STEFAN

Attorneys for Defendant ROWLAND MARCUS ANDRADE

Case 3:20-cr-00249-RS    Document 477    Filed 01/17/25    Page 7 of 7