1   ISMAIL J. RAMSEY (CABN 189820)
    United States Attorney
2
    MARTHA BOERSCH (CABN 126569)
3   Chief, Criminal Division

4   CHRISTIAAN HIGHSMITH (CABN 296282)
    DAVID WARD (CABN 239504)
5   Assistant United States Attorneys

6   MATTHEW CHOU (CABN 325199)
    Special Assistant United States Attorney
7
        450 Golden Gate Avenue, Box 36055
8       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
9       christiaan.highsmith@usdoj.gov
        david.ward@usdoj.gov
10      matthew.chou2@usdoj.gov

11  Attorneys for United States of America

12                     UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16  UNITED STATES OF AMERICA,              )  CASE NO. 3:20-CR-00249-RS
                                           )
17          Plaintiff,                      )  **JOINT PROPOSED JURY INSTRUCTIONS
                                           )  AND PARTIES' OBJECTIONS**
18      v.                                  )
                                           )  Pretrial Conference:  Jan. 22, 2025 | 9:30 a.m.
19  ROWLAND MARCUS ANDRADE,                )  Trial:              Feb. 10, 2025 | 9:00 a.m.
                                           )  Court:              Courtroom 3 | 17th Floor
20          Defendant.                      )  Judge:              Hon. Richard Seeborg
                                           )
21  _____ )

22

23

24

25

26

27

28

1    The parties jointly submit the following proposed jury instructions after exchanging objections

2    under the stipulated scheduling order. *See* Dkt. 417. The parties obtained these instructions from the

3    Ninth Circuit's Manual of Model Criminal Jury Instructions (last updated Sept. 2024). The number

4    beginning the header of each instruction (for example, "1.1 Duty of Jury") denotes the Model Instruction

5    corresponding to the proposed instruction. Any deviations from those model instructions are noted in the

6    instructions themselves, with strikethroughs and either **blue text** (jointly proposed edits) or red text

7    (disagreements).

8    The parties agree (and indicate below) that some instructions may be required depending on the

9    Court's rulings on pretrial motions and the development of evidence at trial. The final language of some

10   of these instructions, such as limiting instructions regarding certain evidence the jury may have heard,

11   cannot be determined until the close of evidence. The parties will meet and confer prior to the charge

12   conference regarding proposed language for such instructions and reserve their respective rights to

13   present joint or disputed versions of these instructions to the Court.

14   The United States makes this submission with defense counsel's consent.

15

16   DATED:        January 17, 2025            Respectfully submitted,

17                                            ISMAIL J. RAMSEY
18                                            United States Attorney

19                                            _____/s/_____
20                                            CHRISTIAAN HIGHSMITH
                                              DAVID WARD
21                                            Assistant United States Attorneys

22                                            MATTHEW CHOU
                                              Special Assistant United States Attorney
23

24                                            _____/s/_____
25                                            MICHAEL J. SHEPARD
                                              KERRIE C. DENT
26                                            CINDY A. DIAMOND
                                              Attorneys for Defendant
27                                            ROWLAND MARCUS ANDRADE

28

1

# **TABLE OF CONTENTS**

2   PRELIMINARY INSTRUCTIONS ...........................................................................................6

3       1.1 Duty of Jury ...........................................................................................................6

4       1.2 The Charge—Presumption Of Innocence [*Disputed Instruction*] .............................7

5       1.2 The Charge—Presumption Of Innocence – COMMENTS ........................................9

6       1.3 What Is Evidence .....................................................................................................10

7       1.4 What Is Not Evidence ..............................................................................................11

8       1.5 Direct And Circumstantial Evidence .......................................................................12

9       1.6 Ruling On Objections ..............................................................................................13

10      1.7 Credibility Of Witnesses ........................................................................................14

11      1.8 Conduct Of The Jury ...............................................................................................15

12      1.9 No Transcript Available To Jury .............................................................................17

13      1.10 Taking Notes .........................................................................................................18

14      1.11 Outline Of Trial .....................................................................................................19

15      1.14 Questions To Witnesses By Jurors During Trial ....................................................20

16      1.16 Bench Conferences And Recesses ..........................................................................21

17  INSTRUCTIONS DURING COURSE OF TRIAL ............................................................22

18      2.1 Cautionary Instruction—First Recess .....................................................................22

19      2.3 Stipulations Of Fact ................................................................................................23

20      2.4 Judicial Notice ........................................................................................................24

21      2.5 Deposition as Substantive Evidence ........................................................................25

22      2.6 Transcript of Recording in English..........................................................................26

23      2.10 Other-Crimes, Wrongs, Or Acts Of Defendant [*if applicable*] ............................27

24      2.10 Other-Crimes, Wrongs, Or Acts Of Defendant [*if applicable*] – COMMENTS ...28

25      2.12 Evidence for Limited Purpose ...............................................................................29

26  CONSIDERATION OF PARTICULAR EVIDENCE...........................................................30

27      3.1 Statements By Defendant.........................................................................................30

28      3.3 Other Crimes, Wrongs, Or Acts Of Defendant [*if applicable*] ..............................31

3.3 Other Crimes, Wrongs, Or Acts Of Defendant [*if applicable*] – COMMENTS ..................31

3.8 Impeachment Evidence—Witness .................................................................................32

3.9 Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea ..............................................................................................................33

3.10 Government's Use of Undercover Agents and Informants [*if applicable*]..........................34

3.10 Government's Use of Undercover Agents and Informants – COMMENTS ........................34

3.14 Opinion Evidence, Expert Witness ............................................................................35

3.16 Charts And Summaries Not Admitted Into Evidence ..................................................36

3.17 Charts and Summaries Admitted into Evidence ..........................................................37

RESPONSIBILITY.........................................................................................................38

4.1 Aiding and Abetting (18 U.S.C. § 2(a)) ......................................................................38

4.9 Deliberate Ignorance [*Disputed Instruction*] ...........................................................40

4.9 Deliberate Ignorance - COMMENTS ..........................................................................40

5.11 Diminished Capacity [*Disputed Instruction*] ...........................................................41

5.11 Diminished Capacity – COMMENTS .........................................................................41

SUBSTANTIVE INSTRUCTIONS ....................................................................................42

15.33 Scheme to Defraud—Vicarious Liability ..................................................................42

Multiple Schemes [*Entirely Disputed Instruction*] ...........................................................43

Multiple Schemes – COMMENTS ....................................................................................43

15.35 Wire Fraud (18 U.S.C. § 1343) [*Disputed Instruction*] ..........................................45

15.35 Wire Fraud (18 U.S.C. § 1343) – COMMENTS ........................................................46

18.3 Financial Transaction or Attempted Transaction to Promote Unlawful Activity (18 U.S.C. § 1956(a)(1)(A)) and 18.4 Laundering or Attempting to Launder Monetary Instruments (18 U.S.C. § 1956(a)(1)(B)).................................................................................49

18.3 Money Laundering (Promotion or Concealment) – COMMENTS ..................................51

JURY DELIBERATIONS ................................................................................................55

6.1 Duties Of Jury To Find Facts And Follow Law ............................................................55

6.2 Charge Against Defendant Not Evidence—Presumption Of Innocence—Burden Of Proof ........................................................................................................................56

6.3 Defendant's Decision Not To Testify [*if applicable*] ...................................................57

6.4 Defendant's Decision To Testify [*if applicable*] ................................................................58

6.5 Reasonable Doubt—Defined ................................................................................................59

6.6 What Is Evidence ................................................................................................................60

6.7 What Is Not Evidence ..........................................................................................................61

6.8 Direct And Circumstantial Evidence ..................................................................................62

6.9 Credibility Of Witnesses .....................................................................................................63

6.10 Activities Not Charged .......................................................................................................64

6.11 Separate Consideration of Multiple Counts—Single Defendant ......................................65

6.18 On Or About—Defined ......................................................................................................66

6.19 Duty To Deliberate .............................................................................................................67

6.20 Consideration Of Evidence—Conduct Of The Jury .........................................................68

6.21 Use Of Notes ......................................................................................................................69

6.22 Jury Consideration Of Punishment ...................................................................................70

6.23 Verdict Form .......................................................................................................................71

6.24 Communication With Court ................................................................................................72

6.25 Deadlocked Jury [*Option 1*] [*if applicable*] ...............................................................73

6.31 Post-Discharge Information ................................................................................................74

Defense Objection to Any Instruction Lacking Evidentiary Basis ...........................................75

# PRELIMINARY INSTRUCTIONS

## 1.1 Duty of Jury

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

## 1.2 The Charge—Presumption Of Innocence [*Disputed Instruction*]

This is a criminal case brought by the United States government. The government charges the defendant with wire fraud and money laundering. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crime that the government must prove to make its case:

There are two charges against the defendant. Count One of the indictment charges the defendant with wire fraud, and aiding and abetting wire fraud, in violation of Sections 1343 and 2 of Title 18 of the United States Code. To convict the defendant of wire fraud, the government must prove four elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers'

actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

Count Two of the indictment charges the defendant with either conducting and attempting to conduct a financial transaction to promote wire fraud in violation of Section 1956(a)(1)(A) of Title 18 of the United States Code, or laundering and attempting to launder money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code, and aiding and abetting the same in violation of Section 2 of Title 18 of the United States Code. We call this second charge "money laundering" for short. To convict the defendant of money laundering, the government must prove four elements beyond a reasonable doubt:

First, the defendant conducted or intended to conduct a financial transaction [involving property that represented the proceeds of wire fraud]; *[disputed element; please see the comment section below and analysis under the section for the money laundering instruction, No. 18.3.*

*Government's proposed language*: "involving property that represented the proceeds of wire fraud."

*Defense's proposed language*: "involving property that represented the proceeds of the wire fraud charged in Count One."

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant either:

    A) acted with the intent to promote the carrying on of wire fraud; or

    B) knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds; and

Fourth, the defendant did something that was a substantial step toward committing the crime.

Finally, a defendant may be found guilty of wire fraud (as charged in Count One of the Indictment) and/or money laundering (as charged in Count Two of the Indictment) even if the defendant

personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. At the end of the case, I will instruct you on the elements of aiding and abetting, which the government must prove beyond a reasonable doubt.

\* \* \*

### 1.2 The Charge—Presumption Of Innocence – COMMENTS

**Government's Comment:** The government objects to the defense's wording of the first element of the money laundering charge. The defense would constructively narrow the indictment. Please see the parties' detailed analysis below in the money laundering instruction (No. 18.3) section.

**Defense's Comment:** Please see below, under the money laundering instruction (No. 18.3) for the defense's reasoning regarding the first element of money laundering.

1

### 1.3 What Is Evidence

2    The evidence you are to consider in deciding what the facts are consists of:

3    First, the sworn testimony of any witness;

4    Second, the exhibits that are received in evidence; and

5    Third, any facts to which the parties agree.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.4 What Is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**1.5 Direct And Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1

**1.6 Ruling On Objections**

2    There are rules of evidence that control what can be received in evidence. When a lawyer asks a

3  question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by

4  the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered

5  or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot

6  be received. Whenever I sustain an objection to a question, you must ignore the question and must not

7  guess what the answer would have been.

8    Sometimes I may order that evidence be stricken from the record and that you disregard or

9  ignore the evidence. That means that when you are deciding the case, you must not consider the

10  evidence that I told you to disregard.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.7 Credibility Of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

1

### 1.8 Conduct Of The Jury

2    I will now say a few words about your conduct as jurors.

3    First, keep an open mind throughout the trial, and do not decide what the verdict should be until

4    you and your fellow jurors have completed your deliberations at the end of the case.

5    **Second, if you have a smartphone or smartwatch, please turn it to airplane mode and**

6    **silence any alerts or alarms.**

7    **Third,** ~~Second,~~ because you must decide this case based only on the evidence received in the

8    case and on my instructions as to the law that applies, you must not be exposed to any other information

9    about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the

10    case or unless I tell you otherwise:

11    Do not communicate with anyone in any way and do not let anyone else communicate

12    with you in any way about the merits of the case or anything to do with it. This restriction

13    includes discussing the case in person, in writing, by phone, tablet, or computer, or any other

14    means, via email, via text messaging, or any Internet chat room, blog, website or application,

15    including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok,

16    or any other forms of social media. This restriction also applies to communicating with your

17    fellow jurors until I give you the case for deliberation, and it applies to communicating with

18    everyone else including your family members, your employer, the media or press, and the people

19    involved in the trial, although you may notify your family and your employer that you have been

20    seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or

21    approached in any way about your jury service or anything about this case, you must respond

22    that you have been ordered not to discuss the matter. In addition, you must report the contact to

23    the court.

24    Because you will receive all the evidence and legal instruction you properly may consider

25    to return a verdict: do not read, watch, or listen to any news or media accounts or commentary

26    about the case or anything to do with it; do not do any research, such as consulting dictionaries,

27    searching the Internet or using other reference materials; and do not make any investigation or in

28    any other way try to learn about the case on your own. Do not visit or view any place discussed

in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

### 1.9 No Transcript Available To Jury

2       At the end of the trial, you will have to make your decision based on what you recall of the

3 evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the

4 testimony as it is given.

1                                **1.10 Taking Notes**

2          If you wish, you may take notes to help you remember the evidence. If you do take notes, please

3   keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let

4   note-taking distract you from being attentive. When you leave court for recesses, your notes should be

5   left in the jury room. No one will read your notes.

6          Whether or not you take notes, you should rely on your own memory of the evidence. Notes are

7   only to assist your memory. You should not be overly influenced by your notes or those of your fellow

8   jurors.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.11 Outline Of Trial

2      The next phase of the trial will now begin. First, each side may make an opening statement. An

3  opening statement is not evidence. It is simply an outline to help you understand what that party expects

4  the evidence will show. A party is not required to make an opening statement.

5      The government will then present evidence and counsel for the defendant may cross-examine.

6  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

7      After the evidence has been presented, the attorneys will make closing arguments and I will

8  instruct you on the law that applies to the case.

9      After that, you will go to the jury room to deliberate on your verdict.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.14 Questions To Witnesses By Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

1

**1.16 Bench Conferences And Recesses**

2      During the trial, I may need to take up legal matters with the attorneys privately, either by having

3 a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please

4 understand that while you are waiting, we are working. The purpose of these conferences is not to keep

5 relevant information from you, but to decide how certain evidence is to be treated under the rules of

6 evidence and to avoid confusion and error.

7      Of course, we will do what we can to keep the number and length of these conferences to a

8 minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or

9 denying a request for a conference as any indication of my opinion of the case or what your verdict

10 should be.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INSTRUCTIONS DURING COURSE OF TRIAL

## 2.1 Cautionary Instruction—First Recess

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case [*Alternative 1*]:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

1

**2.3 Stipulations Of Fact**

2     The parties have agreed to certain facts that have been stated to you. Those facts are now

3     conclusively established.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.4 Judicial Notice

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge].  You may accept this fact as true, but you are not required to do so.

* * *

**Government's Comment:** The defense has requested this instruction. The government has no objection to its form, which tracks Ninth Circuit Model Instruction No. 2.4. But the need for this instruction is unclear. The defense has not stated what it seeks to judicially notice. The government respectfully reserves its right "to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e).

**Defense's Comment:** The court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d). The defense has no specific requests for judicial notice to make at this time, but should it make such a request, the defense concurs that the government has the right to be heard.

**2.5 Deposition as Substantive Evidence**

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of Jack Abramoff, which was taken on [*date*], is about to be presented to you. You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.

**2.6 Transcript of Recording in English**

You are about to [hear][watch] a recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you hear is controlling.  After the recording has been played, the transcript will be taken from you.

## 2.10 Other-Crimes, Wrongs, Or Acts Of Defendant [*if applicable*]

You are about to hear testimony that the defendant may have [[*placeholder pending Rule 404(b) litigation, e.g., defrauded investors in his previous projects, which included BioGreen and AtenCoin*]]. This evidence of other acts will be admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant:

- had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; *or*
- had a motive or the opportunity to commit the acts charged in the indictment; *or*
- was preparing or planning to commit the acts charged in the indictment; *or*
- acted with a method of operation as evidenced by a unique pattern—that is, [[*placeholder*]]; *or*
- did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for wire fraud and money laundering, as alleged in Count One and Count Two of the indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

\* \* \*

//

//

//

//

1  //

2  * * *

3  **2.10 Other-Crimes, Wrongs, Or Acts Of Defendant [*if applicable*] – COMMENTS**

4

5  **Government's Comment:** The government agrees with the defense that the Court should tailor

6  this instruction to its ruling on the Rule 404(b) evidence. If, for example, the Court were to find that the

7  Rule 404(b) evidence is admissible to prove only some of the purposes set forth in the model instruction,

8  then the jury instruction should contain only those purposes.

9

10  **Defense's Comment:** Mr. Andrade objects to the draft instruction as written, with respect to the

11  language between "whether the defendant:" and "Do not consider this evidence for any other purpose,"

12  in that the jury must be instructed only about the *specific* purpose(s) for which the evidence has been

13  deemed admissible, not all possible bases on which Rule 404(b) may be admitted. *See United States v.*

14  *Bradshaw,* 690 F.2d 704, 709-710 (9th Cir. 1982) ("Once the evidence of other crimes has been admitted

15  under Rule 404(b), it is important that the trial judge caution the jury regarding the reasons why it was

16  admitted."); *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1979 ("Should the court give [a

17  Rule 404(b) limiting] instruction, either on request or on its own motion, the court must be careful to

18  instruct the jury correctly as to the *limited purpose* for which the evidence is admitted." (emphasis

19  added)). Model Instruction 2.10 lists each potential basis of admissibility in brackets, separated by the

20  disjunct "or," suggesting – as the caselaw directs – that the instruction is to be specific.

21

22

23

24

25

26

27

28

**2.12 Evidence for Limited Purpose**

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

# CONSIDERATION OF PARTICULAR EVIDENCE

## 3.1 Statements By Defendant

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

### 3.3 Other Crimes, Wrongs, Or Acts Of Defendant [*if applicable*]

You have heard evidence that the defendant committed other crimes, wrongs, or acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, and absence of accident and for no other purpose.

**\* \* \***

### 3.3 Other Crimes, Wrongs, Or Acts Of Defendant [*if applicable*] – COMMENTS

**Government's Comment:** As stated above in the comment section for Instruction No. 2.10, the government agrees with the defense that the Court should tailor this instruction to its ruling on the Rule 404(b) evidence.

The defense also objects that this instruction unnecessarily duplicates No. 2.10. The government has no objection to the Court reading just one of the two instructions.

**Defense's Comment:** Mr. Andrade objects to provision of this instruction as written on the same basis as that articulated for 2.10 Other-Crimes, Wrongs, Or Acts Of Defendant, and for it's unnecessary duplication of that instruction.

1

3.8 Impeachment Evidence—Witness

2

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You

3

may consider this evidence in deciding whether or not to believe this witness and how much weight to

4

give to the testimony of this witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.9 Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea

You have heard testimony from [*placeholder; the government will fill in names and the appropriate prongs of the instruction below depending on which witnesses are called at trial*], a witness who

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent to which or whether his testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine the testimony of [*Jack Abramoff / David Mata / Brian Darrow*] with greater caution than that of other witnesses.

* * *

1    **3.10 Government's Use of Undercover Agents and Informants [*if applicable*]**

2        You have heard testimony from an undercover agent who was involved in the government's

3    investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the

4    use of informants and undercover agents, to investigate criminal activities.  Undercover agents and

5    informants may use false names and appearances and assume the roles of members in criminal

6    organizations.

7                                 \* \* \*

8    **3.10 Government's Use of Undercover Agents and Informants – COMMENTS**

9

10       **Government's Comment:** The Court should read this instruction if, at trial, the defense

11   "insinuat[es] that the government and [undercover agent] acted improperly." *United States v. Winslow*,

12   962 F.2d 845, 848 (9th Cir. 1992), *as amended* (May 14, 1992). This "undercover agent instruction" is

13   warranted even if the defendant does not request an entrapment instruction and, unlike in *United States*

14   *v. Hoyt*, properly preserved his objections. *Id.*

15

16       **Defense's Comment:** Mr. Andrade objects to provision of this instruction absent defense

17   assertion of an entrapment defense. *See* Model Crim. Jury Instr. 9th Cir. 3.10, Comment (2024) ("This

18   instruction should be given when the entrapment defense is being asserted.") Defense acknowledges that

19   the Ninth Circuit has found it was not plain error to give the instruction in the absence of an entrapment

20   defense when the defendant contended that government agents acted improperly. *United States v. Hoyt*,

21   879 F.2d 505, 510 (9th Cir. 1989). However, (1) Hoyt failed to object, resulting in only plain error

22   review, and (2) the Ninth Circuit's determination on plain error was a fact-dependent one reached in

23   view of Hoyt's "persistent insinuation" that a government informant acted improperly. *Id.* at 510-11. In

24   *Winslow*, cited by the government, the undercover operative was an informant, not an agent, and the

25   Ninth Circuit's finding of no abuse of discretion was made in view of the district court's cautionary

26   instruction that the informant's testimony was to be examined with "greater caution than that of ordinary

27   witnesses." 962 F.2d at 848. Mr. Andrade will continue to preserve his objection to this instruction.  If

28   Mr. Andrade employs an entrapment defense, the instruction can be given.

### 3.14 Opinion Evidence, Expert Witness

You are about to hear testimony from [*placeholder; the government will fill in names depending on which witnesses are called at trial*] who will testify about [her / his] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**3.16 Charts And Summaries Not Admitted Into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

### 3.17 Charts and Summaries Admitted into Evidence

2    Certain charts and summaries have been admitted into evidence.  Charts and summaries are only

3    as good as the underlying supporting material.  You should, therefore, give them only such weight as

4    you think the underlying material deserves.

5    * * *

6    **Government's Comment:** The government may seek to admit summary exhibits under Federal

7    Rule of Evidence 1006. The government will provide those summary exhibits to the defense—along

8    with citations to the underlying voluminous records—at soon as practicable. The government will file its

9    exhibit list by January 15, 2025, per the parties' stipulated scheduling order.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# RESPONSIBILITY

## 4.1 Aiding and Abetting (18 U.S.C. § 2(a))

A defendant may be found guilty of (1) wire fraud (as charged in Count One of the Indictment) and/or (2) money laundering (as charged in Count Two of the Indictment) even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

To prove a defendant guilty of wire fraud (as charged in Count One of the Indictment) by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the wire fraud charged in Count One;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of wire fraud;

Third, the defendant acted with the intent to facilitate wire fraud as charged in Count One; and

Fourth, the defendant acted before the crime was completed.

To prove a defendant guilty of money laundering (as charged in Count Two of the Indictment) by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed money laundering, as charged in Count Two;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of money laundering;

Third, the defendant acted with the intent to facilitate money laundering; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud **(as charged in Count One) or** money laundering **(as charged in Count Two).**

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

1     The government is not required to prove precisely which defendant actually committed the crime

2 and which defendant aided and abetted.

### 4.9 Deliberate Ignorance [*Disputed Instruction*]

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that:

First, the defendant was aware of a high probability that wire fraud or money laundering was occurring, and

Second, the defendant deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that no wire fraud or money laundering was occurring, or if you find that the defendant was simply negligent, careless, or foolish.

\* \* \*

### 4.9 Deliberate Ignorance - COMMENTS

**Government's Comment:** The defense's objection lacks merit. As the Ninth Circuit has held repeatedly about the "deliberate ignorance" instruction, "the government has no way of knowing which version of the facts the jury will believe, and it is entitled (like any other litigant) to have the jury instructed in conformity with different rational possibilities." *United States v. Hong*, 938 F.3d 1040, 1047 (9th Cir. 2019) (original alterations omitted). Thus, to give the instruction, the Court need only find that—taking the evidence in the light most favorable to the government—"the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc); *accord United States v. Walter-Eze*, 869 F.3d 891, 909 (9th Cir. 2017) ("It follows that, if the record contains evidence to support a deliberate ignorance instruction, it does not matter that the government primarily relied upon a theory of actual knowledge.").

**Defense's Comment:** Mr. Andrade objects to provision of this instruction absent the Court making a specific determination that "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." *United States v. Heredia*, 483 F.3d 913,922 (9th Cir. 2007) ("The deliberate ignorance instruction only comes into play, therefore, if the jury rejects the government's case as to actual knowledge.").

## 5.11 Diminished Capacity [*Disputed Instruction*]

Evidence has been admitted that the defendant may have suffered from diminished capacity at the time that the crime charged was committed. You may consider evidence of the defendant's diminished capacity in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required to commit wire fraud, as charged in Count One, and money laundering, as charged in Count Two.

\* \* \*

## 5.11 Diminished Capacity – COMMENTS

**Government's Comment:** The government has no objection to the form of this instruction, which tracks Model Instruction No. 5.11. The government disputes, however, that the defense has proffered enough evidence that Andrade was unable to attain the specific intent to defraud or launder money.

As the Ninth Circuit has explained, "[e]vidence that the defendant suffers from some mental illness is insufficient by itself to require a diminished capacity instruction." Ninth Circuit Model Instruction No. 5.11, cmt. (citing *United States v. Christian*, 749 F.3d 806, 815 (9th Cir. 2014), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (2020) (en banc)). There must be at least some evidence that defendant's condition would have negated his ability to form specific intent at the time of the offenses. *Id.* A defendant's childhood head injury and poor language skills, for example, are not necessarily enough to support a diminished capacity instruction. *See United States v. Somee*, 584 F. App'x 829, 830 (9th Cir. 2014). Thus, whether this instruction is ultimately appropriate depends on the defense's evidence at trial.

**Defense's Comment:** The defense concurs that the appropriateness of this instruction ultimately depends on the evidence admitted at trial.

1

## SUBSTANTIVE INSTRUCTIONS

2

### 15.33 Scheme to Defraud—Vicarious Liability

3       If you decide that the defendant was a member of a scheme to defraud and that the defendant had

4   the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course

5   of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said

6   or did.

7       For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the

8   scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural

9   consequence of the scheme to defraud.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Multiple Schemes [*Entirely Disputed Instruction*]**

You must decide whether the scheme charged in the indictment existed, and, if it did, whether the defendant was one of its members.  If you find that the scheme charged did not exist, then you must return a not guilty verdict, even though you may find that some other scheme existed.  Similarly, if you find that the defendant was not a member of the charged scheme, then you must find that defendant not guilty, even though that defendant may have been a member of some other scheme.

\* \* \*

**Multiple Schemes – COMMENTS**

**Government's Comment:** The defense proposes this new, non-model instruction. The government objects to the entire instruction. There is no instructional error or constructive amendment of the indictment where, as here, the government's proposed jury instructions—which hew closely to the Ninth Circuit models—already "requir[e] the jury to find the conduct charged in the indictment before it may convict." *United States v. Lindell*, 766 F. App'x 525, 529 (9th Cir. 2019); *see also infra* Comments to No. 15.35 (Wire Fraud) (explaining why precedent forecloses specific unanimity instruction as to theory of scheme).

To the extent any non-model curative instruction on "multiple schemes" is necessary, the Court may so determine at the close of evidence. The Court should also consider giving the jury a copy of the indictment, which would help cure any possible variance or constructive amendment. *See, e.g.*, *United States v. Lemusu*, 135 F. App'x 52, 53 (9th Cir. 2005); *United States v. Steele*, 595 F. App'x 208, 212 (4th Cir. 2014).

**Defense's Comment:** The government has alleged that Mr. Andrade operated in this case with co-conspirators. *See* Dkt. 449, United States' Motion to Admit Co-Conspirator Statements. Evidence at trial may raise the possibility that Mr. Andrade's alleged co-conspirators were engaged in one or more separate schemes to which Mr. Andrade was not a party, therefore, it is appropriate to instruct the jury concerning what to do if they find that more than one scheme existed. *See United States v. Morse*, 785 F.2d 771, 776–77 (9th Cir. 1986) ("In a mail fraud case in which a defendant contends that a variance

1   has occurred between the single scheme charged in each count of the indictment and the proof at trial,

2   the jury must be instructed that, to return a guilty verdict, each of the jurors must find the defendant

3   guilty of participation in the same single scheme to defraud alleged in the indictment."). An instruction

4   for multiple schemes was provided in *Morse*, *see id.* at 777, and have been provided in other cases as

5   well.  *See United States v. White*, 737 F.3d 1121, 1138 (7th Cir. 2013) (finding it appropriate for the

6   district court to instruct the jury regarding what to do if it found the government had proven a scheme

7   other than the wire fraud scheme charged in the indictment).

8           The defense's proposed "multiple schemes" instruction hews closely to Model Instruction 11.3

9   for Multiple Conspiracies. Patterning jury instructions for "scheme to defraud" on model jury

10  instructions for conspiracy is appropriate. *United States v. Lothian*, 976 F.2d 1257, 1262-63 (9th Cir.

11  1992).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**15.35 Wire Fraud (18 U.S.C. § 1343) [*Disputed Instruction*]**

The defendant is charged in Count One of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, on or about January 12, 2018, the defendant used, or caused to be used, an interstate or foreign wire communication, specifically, a wire transfer in the amount of $730,000 originating from a bank account in the Northern District of California, to carry out or attempt to carry out an essential part of the scheme, as charged in Count One.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

To convict a defendant of wire fraud, the false or fraudulent pretenses, representations, or promises must directly or indirectly deceive the victim about the nature of the bargain. A misrepresentation will go to the nature of the bargain if it goes to price or quality, or otherwise to essential aspects of the transaction. Whether a misrepresentation goes to the nature of the bargain may depend on the specific transaction at issue.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and the interstate or foreign wire communication charged in Count One must have actually occurred in furtherance of the

1    scheme. [*After the above text, the defense proposes adding disputed text that the parties discuss below.*]

2    * * *

3    **15.35 Wire Fraud (18 U.S.C. § 1343) – COMMENTS**

4    **Government's Comment:** The government objects to the defense's proposal of additional, non-

5    Model text. The defense's added text contains (1) an unnecessary repetition of the third element ("intent

6    to defraud is an intent to deceive and cheat"); (2) a redundant and confusing instruction on "good faith";

7    and (3) a novel fifth element for wire fraud: that the jury "must unanimously agree as to the type of

8    scheme defendant devised." The first requested addition is simply redundant. And controlling precedent

9    forecloses the need for the latter two additions.

10    First, a defendant is not entitled to a good faith instruction, nor should one be given, when the

11    jury was properly instructed on the intent element. *See, e.g.*, *United States v. Shipsey*, 363 F.3d 962, 967

12    (9th Cir. 2004) ("Our case law is well settled that a criminal defendant has 'no right' to *any* good faith

13    instruction when the jury has been adequately instructed with regard to the intent required to be found

14    guilty of the crime charged, notwithstanding the normal rules governing 'theory of defense' requests."

15    (emphasis in original)); *United States v. Belcher*, 857 F. App'x 390, 392 (9th Cir. 2021) ("There was no

16    abuse of discretion in the district court's refusal to give the defendants' requested instructions on good

17    faith, because the jury instructions adequately laid out the crimes' intent requirements."). This rule holds

18    true even if Andrade argues good faith at trial. No good faith instruction would be required, for example,

19    if Andrade argued he was merely "puffing" rather than committing fraud. *United States v. Harkonen*,

20    510 F. App'x 633, 638 (9th Cir. 2013) (affirming wire fraud conviction for fraudulent press release).

21    Second, Andrade's specific unanimity request is wrong in two independent ways. For one thing,

22    "jurors need not be unanimous as to a particular theory of liability so long as they are unanimous that the

23    defendant has committed the underlying substantive offense." *United States v. Lyons*, 472 F.3d 1055,

24    1069 (9th Cir. 2007) (interpreting mail fraud statute, which is *in pari materia* with wire fraud statute).[1]

25

26    [1] Government Comment: Westlaw erroneously marks *Lyons* with a red flag. The case that
      purportedly recognizes *Lyon*'s negative treatment is *Tamosaitis v. URS Inc.*, 781 F.3d 468, 489 n.11 (9th
27    Cir. 2015). But *Tamosaitis* merely recognized the overruling on other grounds of a case cited by *Lyons*
      for an unrelated Guidelines-related proposition. *Id. Lyons* is still a leading authority on fraud cases;
28    indeed, the comment to the Model Instruction on mail fraud (No. 15.32) cites it.

1   Thus, in *Lyons*, the Ninth Circuit rejected the defense's argument that the jury needed specific unanimity

2   on either a "'scheme or plan to defraud' [or] 'scheme or plan for obtaining money or property by means

3   of false or fraudulent pretenses.'" *Id.* Other circuits are in accord. *See, e.g.*, *United States v. Daniel*, 749

4   F.3d 608, 614 (7th Cir. 2014) (agreeing with *Lyons* and collecting cases). The Court should hold the

5   same here. Like the *Lyons* defendants, Andrade erroneously requests specific unanimity as to "whether

6   defendant devised or engaged in a scheme or plan to defraud" or "a scheme or plan for obtaining money

7   or property by means of false or fraudulent pretenses, representations, or promises."

8        In addition, the Model Jury Instruction for wire fraud already requires the government to show a

9   unifying scheme or plan. Element One requires finding "a scheme or plan to defraud for the purpose of

10  obtaining money or property by means of false or fraudulent pretenses, representations, or promises."

11  And Element Two refers to "the scheme." This is substantially the same language and reasoning that led

12  the *Lyons* Court to conclude the same as to the mail fraud statute. *See Lyons*, 472 F.3d at 1068. And it is

13  presumably why the Model Instruction for wire fraud—which the Ninth Circuit vets carefully and

14  often—does not contain the defense's proposed language.

15

16       **Defense's Comment:** The defense proposes the following addition to the end of the

17  government's proposed instruction:

18  **1.  An intent to defraud is an intent to deceive and cheat.**

19       This is Model Instruction 4.13.

20  **2.  If the defendant acted in good faith, then he lacked the intent to defraud required to prove**

21       **the offense of wire fraud as charged in Count One. The defendant acted in good faith if, at**

22       **the time, he honestly believed in the truth of the representations or promises that the**

23       **government has charged as being false or fraudulent.**

24            **The defendant does not have to prove his good faith. Rather, the government must**

25       **prove beyond a reasonable doubt that the defendant acted with intent to defraud, as**

26       **charged in Count One.**

27  Good faith instructions in wire fraud cases have been deemed appropriate in the Ninth Circuit

28  and elsewhere. *See, e.g.*, Model Instruction No. 4.13 (Intent to Defraud) cmt, citing to *United States v.*

*Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993), as an example of a good faith instruction approved in a bank fraud case ("You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud."). *See also United States v. Jennings*, 434 Fed. Appx. 670, at *671 (9th Cir. May 25, 2011) (unpubl.) (upholding jury instruction in mail fraud, wire fraud and securities fraud case that "a defendant's good faith in the truth of the misrepresentations . . . may be considered by [the jury] in determining whether he acted with an intend to defraud"); Pattern Crim. Jury Instr. Of the Seventh Cir. No. 6.10 (proposes good faith instruction for cases involving fraud/false statements/misrepresentations).

The government cites *Shipsey* to affirmatively state that a good faith instruction should *not* be given, however, *Shipsey*, while finding no abuse of discretion in failing to give a good faith instruction when the jury "has been adequately instructed with regard to the intent required to be found guilty of the crime charged," contains no admonition *against* such instructions. 363 F.3d 962, 967 (9th Cir. 2004). The same is true of *Belcher*. *See* 857 F. App'x 390, 392 (9th Cir. 2021). Model Instruction 4.13's inclusion of *Molinaro*'s good faith instruction is illustrative of the fact that the Court is certainly acting within its authority in giving the instruction if requested.

**3. In order for the defendant to be guilty of the offense wire fraud, as charged in Count One, you must unanimously agree as to the type of scheme defendant devised or participated in, specifically, whether defendant devised or engaged in a scheme or plan to defraud; a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; or both.**

The defense acknowledges that this instruction is disfavored under Ninth Circuit precedent, *see United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir. 2007), but proposes the instruction for purposes of preserving the issue. In addition, at least one appellate court outside of the Ninth Circuit appears to be open to the giving of such an instruction. *See, e.g., United States v. Woodard*, 459 F.3d 1078, 1084 & n. 2 (11th Cir. 2006) (district court did not err in giving specific unanimity instruction in mail fraud conspiracy case).

**18.3 Financial Transaction or Attempted Transaction to Promote Unlawful Activity (18 U.S.C. § 1956(a)(1)(A)) and 18.4 Laundering or Attempting to Launder Monetary Instruments (18 U.S.C. § 1956(a)(1)(B))**

The defendant is charged in Count Two of the indictment with **either** conducting and attempting to conduct a financial transaction to promote wire fraud in violation of Section 1956(a)(1)(A) of Title 18 of the United States Code**, or** laundering and attempting to launder money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of [wire fraud]; [*disputed element; please see comment section below.*

*Government's proposed language*: "First, the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of wire fraud[.]"

*Defense's proposed language*: "First, the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of proceeds of the wire fraud charged in Count One, that is, the purchase of a cashier's check drawn on an account held in the name of Fintech Fund Family LP involving $600,000 in United States Currency later deposited in an account in the name of Marcus Andrade[.]"]

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, **either:**

   A)  the defendant acted with the intent to promote the carrying on of wire fraud**; or**

   B)  the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds; and

Fourth, the defendant did something that was a substantial step toward committing the crime.

[*Defense proposes additional text, to which the government objects as redundant*: "The government must prove that the defendant knew that the form of activity, from which the property representing the proceeds was derived, was an unlawful activity."]

[*The parties jointly propose the following specific unanimity instruction*:] **In order for the defendant to be guilty of the offense of money laundering, as charged in Count Two, you must**

JOINT [PROPOSED] JURY INSTRUCTIONS
3:20-CR-00249-RS                            49

1  **unanimously agree whether the defendant acted with the intent to promote the carrying on of wire**

2  **fraud; or knew that the transaction was designed in whole or in part to conceal or disguise the**

3  **nature, location, source, ownership or control of the proceeds; or both.**

4      A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the

5  crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that

6  the crime will take place unless interrupted by independent circumstances.  Mere preparation is not a

7  substantial step toward committing the crime.

8      Jurors do not need to agree unanimously as to which particular act or actions constituted a

9  substantial step toward the commission of a crime.

10      A financial transaction is a transaction involving one or more monetary instruments that affect

11  interstate or foreign commerce in any way.

12      The phrase "knew that the property represented the proceeds of some form of unlawful activity"

13  means that the defendant knew that the property involved in the transaction represented proceeds from

14  some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that

15  wire fraud is a felony.

16                                      * * *[2]

17

18

19

20      [2] The indictment charges both concealment and promotion prongs of money laundering in one
count, and the jointly proposed instruction combines those prongs into one instruction. The Ninth Circuit

21  has "explicitly held that a jury may convict on any of the elements of a disjunctively defined offense,
even if the indictment charges the offense using conjunctive language." *United States v. Bertolo*, 55 F.

22  App'x 406, 409 (9th Cir. 2002) (citing *United States v. Booth*, 309 F.3d 566, 571–72 (9th Cir. 2002)).
Indeed, in *Booth*, the Ninth Circuit affirmed a money laundering instruction that—like the proposed one

23  here—disjunctively instructed the jury on both the promotion and concealment prongs of 18 U.S.C.
§ 1956(a)(1). *See Booth*, 309 F.3d at 571–72. The *Booth* trial court instructed the jury that, as to the third

24  element: "Third, either the defendant acted with the intent to promote the carrying on of wire fraud or
the defendant knew that the transaction was designed in whole or in part to conceal or disguise the

25  location, source, ownership, or control of the proceeds of wire fraud." Instructions as Given By the
Court, *United States v. Booth*, Nos. CR-99-0018-EFS, CR-99-0019-EFS (E.D. Wash. Aug. 23, 2020),

26  ECF No. 173 at 20 (Instruction No. 19). Analogously, Judge Breyer read an analogous disjunctive

27  money laundering instruction in *United States v. Kwok Cheung Chow, a/k/a "Shrimpboy"*, 2016 WL
11597673 (N.D. Cal., Jan. 5, 2016), *aff'd*, 772 F. App'x 429 (9th Cir. 2019).

28

### 18.3 Money Laundering (Promotion or Concealment) – COMMENTS

**Government's Comment:** The defense proposes two ill-advised changes to the Model Instruction. First, the defense seeks to narrow the scope and wording of the money laundering charge. Second, the defense asks the Court to read the following additional text after the elements. Neither proposal has merit.

1. **The Court should not limit money laundering to Count One's specific wire fraud and wire.**

   The defense effectively seeks to merge the money laundering charge (Count Two) with the wire fraud charge (Count One) by restricting the first money laundering element to Count One proceeds. The defense's proposal would constructively narrow the indictment. The defense's proposed wording for that first element is as follows: "the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds *of the wire fraud charged in Count One, that is, the purchase of a cashier's check drawn on an account held in the name of Fintech Fund Family LP involving $600,000 in United States Currency later deposited in an account in the name of Marcus Andrade.*" (Emphasis added.) The government's proposed wording is "the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of wire fraud."

   The defense's proposal constructively narrows the indictment and contravenes precedent. Count Two did not limit the specified unlawful activity (SUA) to *Count One*'s specific wire fraud; rather, the grand jury found probable cause that the SUA was simply "wire fraud in violation of Title 18, United States Code, Section 1343." Dkt. 1 at 6. This deliberate charging language permits any wire fraud, not just Count One, to satisfy the first money laundering element. Where, as here, "the money laundering count[] do[es] not define 'specified unlawful activity' in terms of the [] fraud activities described in [other counts of the indictment], this court is not limited to considering only those activities." *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003) (quoting *United States v. Tencer*, 107 F.3d 1120, 1131 (5th Cir. 1997)) (mail fraud and money laundering case). Andrade need only have known that the property involved "represent[ed] the proceeds of some form of unlawful activity." 18 U.S.C. § 1956(a)(1).

1    Indeed, "[i]t is by now abundantly clear that in a money laundering case (or in a money

2    laundering conspiracy case), the defendant need not actually commit the alleged specified unlawful

3    activity." *United States v. Yagman*, No. CR 06-227(A) SVW, 2007 WL 9724388, at \*20 (C.D. Cal. May

4    3, 2007) (quoting *United States v. Martinelli*, 454 F.3d 1300, 1312 (11th Cir. 2006) and collecting cases).

5    The jury could acquit Andrade of wire fraud while properly convicting him of money laundering. *See,*

6    *e.g.*, *United States v. Lazarenko*, 564 F.3d 1026, 1037 (9th Cir. 2009) (upholding money laundering

7    convictions despite reversal of underlying wire fraud counts and government's reliance on those counts

8    in closing argument); *Tencer*, 107 F.3d at 1130–31 (similar after acquittals at trial). Or the government

9    could have not charged Andrade with wire fraud at all. *See, e.g.*, *United States v. McGauley*, 279 F.3d

10   62, 70 (1st Cir. 2002) (affirming money laundering conviction based on uncharged SUA). Thus, the

11   Court should adopt the government's proposed instruction—which tracks the language of the

12   indictment—and instruct the jury that the first element of money laundering is that "the defendant

13   conducted or intended to conduct a financial transaction involving property that represented the

14   proceeds of wire fraud."

15      **2.  The Court should not add redundant text on the second element of money laundering.**

16        Second, the defense asks the Court to read the following additional text after the elements: "The

17   government must prove that the defendant knew that the form of activity, from which the property

18   representing the proceeds was derived, was an unlawful activity." This non-Model addition merely

19   repeats what's already in Element Two and the concluding paragraph of the instruction, which defines

20   the phrase "knew that the property represented the proceeds of some form of unlawful activity" to mean

21   knowledge of felony unlawfulness.

22

23      **Defense's Comment:**

24      1.  The defense proposes that the first element of the money laundering instruction specify

25          Count One of the indictment, so that the element reads as follows:

26      **"First, the defendant conducted or intended to conduct a financial transaction involving**

27   **property that represented the proceeds of proceeds of the wire fraud charged in Count One, that**

28   **is, the purchase of a cashier's check drawn on an account held in the name of Fintech Fund**

1   **Family LP involving $600,000 in United States Currency later deposited in an account in the name**
2   **of Marcus Andrade[.]"**

3         The defense acknowledges that the caselaw in the Ninth Circuit does not mandate that the
4   government prove the predicate offense of "specified unlawful activity" (SUA), and the bulk of caselaw
5   in other circuits comports with this approach to money laundering.

6         However, the charged statute and subpart, 18 U.S.C. § 1956(a)(1), clearly requires that the
7   charged financial transaction must involve "the proceeds of *specified* unlawful activity," not just any
8   form of unlawful activity. 18 U.S.C. § 1956(c)(7) defines "specified unlawful activity" to generally
9   include "any act or activity constituting an offense listed in section 1961(1) of this title," and 18 U.S.C.
10  § 1961(1) covers acts indictable under 18 U.S.C. § 1343 (wire fraud). The defense asks the Court to
11  consider Supreme Court precedent mandating findings of proof beyond a reasonable doubt on each fact
12  necessary to constitute the crime, the bedrock of which was stated in *United States v. Winship*: "The Due
13  Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of
14  *every fact* necessary to constitute the crime with which he is charged." 397 U.S. 358, 364 (1970)
15  (emphasis added). The Supreme Court has referred back to the principle espoused in *Winship* in multiple
16  contexts, including evidentiary presumptions, *see Francis v. Franklin*, 471 U.S. 307, 325 (1985) (finding
17  jury instruction creating a presumption of intent unconstitutional), sentencing factors, *see, e.g., Apprendi*
18  *v. New Jersey*, 530 U.S. 466, 476 (2000) (finding increase of a maximum penalty via judge findings
19  unconstitutional); *Ring v. Arizona*, 536 U.S. 584 (2002) (finding imposition of death penalty based on
20  judicial factfinding unconstitutional); *Alleyne v. United States*, 570 U.S. 99 (2013) (finding increase of
21  mandatory minimum sentences via judge findings unconstitutional); *Erlinger v. United States,* 602 U.S.
22  821 (2024) (defendant entitled to unanimous jury decision beyond a reasonable doubt whether past
23  offenses were committed on separate occasions for purpose of the Armed Career Criminal Act), and
24  "legal" determinations within criminal elements, *see United States v. Gaudin*, 515 U.S. 506 (1995)
25  (materiality of false statements charged under 18 U.S.C. § 1001 must be determined by jury beyond a
26  reasonable doubt). Wire fraud, as an offense under 18 U.S.C. § 1343, contains a series of facts which the
27  government must meet for conviction (those articulated for Count One of the indictment). It follows that
28  to prove Mr. Andrade "conducted or intended to conduct a financial transaction involving property that

1  represented the proceeds of wire fraud," each part of the wire fraud statute must also determined by the

2  jury beyond a reasonable doubt

3      Moreover, there have been cases finding that while "proof of a specific, individual, underlying

4  offense . . . is not necessary," proof of a predicate offense beyond a reasonable doubt is necessary. *See,*

5  *e.g., United States v. Carucci,* 364 F.3d 339, 344–45 (1st Cir. 2004) ("This circuit and other have held

6  that § 1957 convictions necessitate proof beyond a reasonable doubt of the predicate crime."); *United*

7  *States v. Burgos,* 254 F.3d 8, 14 (1st Cir. 2001) (1029, 1041–42 (10th Cir.1992) (stating that in order to

8  convict the defendant of money-laundering, "the government had to prove that he had attempted to

9  distribute cocaine to satisfy the specified unlawful activity element of the crime" (internal quotation

10  marks omitted)); *United States v. Lovett*, 964 F. 2d 1029, 1041–42 (10th Cir.1992) ("the elements of the

11  particular 'specified unlawful activity' ... are essential elements that the prosecution must prove in order

12  to establish a violation of § 1957"); *United States v. Cherry,* 330 F.3d 658, 668 (4th Cir. 2003)  (jury

13  adequately instructed on essential elements of § 1957 where it was instructed that monetary transaction

14  funds must have been derived from bank embezzlement and also instructed on essential elements of

15  bank embezzlement); *United States v. Lalley*, 257 F.3d 751,756 (8th Cir. 2001) (instructions sufficient

16  where they included instructions "on... the law applicable to [the SUA] violations"); *United States v.*

17  *Zanghi*, 189 F.3d 71, 77-78 (lst Cir. 1999) (money laundering requires proof of elements of SUA

18  statutory offense), *cert.* denied, 528 U.S. 1097 (2000); *United States v. Miller*, 22 F.3d 1075, 1079 (11th

19  Cir. 1994) (flawed instruction on SUA elements harmless where other portions of charge stated elements

20  of SUA offenses charged).

21

22      2.   The defense proposes that, following the reading of the elements, the judge instruct the jury

23  as follows with respect to the second element:

24      **The government must prove that the defendant knew that the form of activity, from which**

25  **the property representing the proceeds was derived, was an unlawful activity.**

26      This language more clearly articulates that the jury must find the defendant's had knowledge of

27  unlawfulness.

28

# JURY DELIBERATIONS

## 6.1 Duties Of Jury To Find Facts And Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**6.2 Charge Against Defendant Not Evidence—Presumption Of Innocence—Burden Of Proof**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**6.3 Defendant's Decision Not To Testify [*if applicable*]**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**6.4 Defendant's Decision To Testify [*if applicable*]**

      The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

1

### 6.5 Reasonable Doubt—Defined

2    Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

3  guilty. It is not required that the government prove guilt beyond all possible doubt.

4    A reasonable doubt is a doubt based upon reason and common sense and is not based purely on

5  speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of

6  evidence.

7    If after a careful and impartial consideration of all the evidence, you are not convinced beyond a

8  reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other

9  hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a

10  reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 6.6 What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

**6.7 What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

**6.8 Direct And Circumstantial Evidence**

2      Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

3 testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence

4 is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

5      You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.

6 The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

7 It is for you to decide how much weight to give to any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 6.9 Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**6.10 Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**6.11 Separate Consideration of Multiple Counts—Single Defendant**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**6.18 On Or About—Defined**

The indictment charges that the offenses alleged in Count One **and Count Two** were committed "on or about" ~~a~~ certain date**s**.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count One **and Count Two** of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**6.19 Duty To Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

### 6.20 Consideration Of Evidence—Conduct Of The Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**6.21 Use Of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 6.22 Jury Consideration Of Punishment

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

1

**6.23 Verdict Form**

2     A verdict form has been prepared for you. After you have reached unanimous agreement on a

3     verdict, your foreperson should complete the verdict form according to your deliberations, sign and date

4     it, and advise the [clerk] [bailiff] **courtroom deputy** that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6.24 Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff] **courtroom deputy**, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**6.25 Deadlocked Jury [*Option 1*] [*if applicable*]**

Members of the jury, you have reported that you have been unable to reach a unanimous verdict in this case. I have decided to suggest a few additional thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. You should not, however, change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

I also remind you that in your deliberations you are to consider the instructions that I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

What I have just said is not meant to rush you or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I ask that you now return to the jury room and continue your deliberations with these additional comments in mind.

**6.31 Post-Discharge Information**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

~~Finally,~~ Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

**Defense Objection to Any Instruction Lacking Evidentiary Basis**

\* \* \*

**Government's Comment:** The government agrees with the defense that jury instructions must have a basis in evidence. The government likewise preserves its objections.

**Defense's Comment:** Jury instructions should be drawn with reference to particular facts of the case on trial, not as boilerplate abstractions, and "Instructions to the jury should always be adjusted to opposing contentions as to the facts shown by evidence in the case." *Peterson v. Mountain States Tel. & Tel. Co.,* 349 F.2d 934, 937 (9th Cir. 1965). Instructing a jury on an issue not properly part of the case is error. *Id.* (citing *Brown v. Chapman,* 304 F.2d 149 (9th Cir. 1962); *see also United States v. Holley,* 502 F.2d 273, 276 (4th Cir. 1974) ("Jury instructions 'should be drawn with reference to the particular facts of the case on trial . . ."); *United States v. Lozaw*, 427 F.2d 911, 916 (2d Cir. 1970) (Jury instructions "ought not be conveyed merely in boilerplate abstractions."). Mr. Andrade preserves objections to any instructions not properly raised by the evidence introduced during trial.