**KING & SPALDING LLP**
MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:    +1 415 318 1200
Facsimile:    +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
  kdent@kslaw.com
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394
Facsimile:    +1 202 626 3737

CINDY A. DIAMOND (CA SBN 124995)
ATTORNEY AT LAW
58 West Portal Ave, # 350
San Francisco, CA 94127
408.981.6307
cindy@cadiamond.com

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>ROWLAND MARCUS ANDRADE,<br><br>  Defendant. | Case No.: 20-CR-00249-RS<br><br>**ANDRADE'S OPPOSITION TO GOVERNMENT'S MOTION FOR RULE 16 DISCLOSURES FROM PROPOSED EXPERT KATHY JOHNSON** |

## I. SUMMARY

The government's motion (ECF #462) devotes half of its length to casting false aspersions, with the other half demanding that the defense's forensic accountant, Kathy Johnson, form and express an expert opinion that she does not yet have. She does not yet have opinions because the government's forensic accountant to whom Ms. Johnson will respond has not offered any expert opinions;[1] because the report of the government's forensic accountant showed that the government was working with more accounts than Ms. Johnson, so Ms. Johnson recently expanded her work; and because some material important to Ms. Johnson's work had not been produced by the government until recently. In any event, depending on the course of events at trial, Ms. Johnson may never form or provide an expert opinion: Ms. Johnson may be utilized only to testify as a summary witness, much like the government's accountant is anticipated to testify, or she may be utilized to assist the defense in cross examining the government's expert; for either of these uses, no Rule 16 disclosure is required. Whether Ms. Johnson would have an expert opinion to provide is dependent on completion of her own review and/or the testimony of the government's forensic accountant, and should she form such an opinion, Mr. Andrade will amend his disclosure immediately in compliance.

The government's pleading misconstrues Mr. Andrade's purpose in having Ms. Johnson available either to explain any tracing of account information not covered by the government's expert, or in offering any yet-to-be-formed opinions as an expert. They review her disclosures as if the defense has a need for "expert testimony to explain to the jury the financial transactions underlying the money laundering charges."[2] That might be one way to defend those charges, but there are many others, and the defense can always call no witnesses, and rely on cross examinations and the presumption of innocence.

---

[1] As Mr. Andrade noted in responding to the disclosures of Ms. Chiu, the government's forensic accountant, her preliminary report contains many pie charts displaying her categorizations of various business and personal expenses, but does not document the methodology or opinions for how she arrived at her categorizations.
[2] Dkt.# 462 at 4:16-17

Also included in the government's pleading are baseless accusations about the unfinished nature of Ms. Johnson's review. This is not KPMG working on a case for a multi-billion-dollar corporate client of Cravath, Swaine & Moore. Ms. Johnson, working at CJA rates, has been proceeding diligently, but must get approval for all fees, and cannot justify adding additional staff without the experience with the case needed to work most efficiently – such as when she learns of new accounts she should review based on the government's expert disclosures, or when the government produces additional material.

Even though defense counsel made it clear in their Rule 16 disclosure that Ms. Johnson's disclosure was preliminary and that her work was not yet finished, the government concluded its brief with the baseless suggestion that "defendant should not be allowed to sandbag the government with complex, important testimony from a key defense witness, designated as an expert, without meeting his required disclosure obligations." Govt. Motion for Rule 16 Compliant Disclosures, Dkt. #462 at 6:6-8. The implication that the defense was planning to sandbag the government is particularly unsavory given that the indictment was four and a half years ago, and that the government produced to Mr. Andrade yesterday afternoon, apparently for the first time, 4.8 GB of financial data – hundreds of thousands of pages.

## II.   FACTUAL BACKGROUND

This Court is aware that Ms. Johnson was first appointed on September 15, 2024, for a limited number of hours, to do a preliminary review of the accounts provided in discovery, and that the defense needed to show progress and request approval for additional hours of work before Ms. Johnson could proceed beyond the initial funding request. It was only on December 5, 2024, that enough hours were approved for Ms. Johnson's team for her to assign her financial analyst employees to work on the full set of initial eleven accounts that the defendant thought were most significant for defense purposes.

The government's expert disclosure for its forensic accountant, Ms. Theresa Chiu, was filed on December 23, 2024.[3] It included a list of accounts Ms. Chiu reviewed, a list she did not review, and a "Preliminary Financial Report" documenting the expert's findings.[4] The report contains many pie charts displaying what may have been Ms. Chiu's categorizations of various business and personal expenses, but does not document the methodology for how the forensic accountant arrived at her categorizations. The disclosure similarly did not document the expert's rationale in reaching her categorization conclusions. The defense view of the lack of expertise offered in Ms. Chiu's testimony is not a ruse to avoid making disclosures about Ms. Johnson; rather, in light of Ms. Chiu providing what appeared to be merely summary testimony, as opposed to providing expert opinions, the defense did not object to her testimony under Rule 702 or *Daubert*.[5]

The defense has provided the government with a list of all the sets of account records which Ms. Johnson has been provided for review, all but one of which the government provided to the defense. Yesterday afternoon, the government produced 4.8 GB of financial data – hundreds of thousands of pages -- to Mr. Andrade. *See* Declaration of Kerrie C. Dent.

## II.     ARGUMENT

### A. Mr. Andrade Is Not Required to Produce Additional Information Under Rule 16 At This Time

Rule 16(b)(1)(C) requires defendant to disclose of certain information to the government "for any testimony that the defendant intends to use" at trial. But Mr. Andrade does not yet have any intent to use Ms. Johnson as an expert witness at trial: As defense counsel has made clear to the government, Ms. Johnson has not yet completed her work in reviewing and analyzing financial records in this case, due in substantial part to lack of expert opinions from the government, or lack of data from the government. If defense counsel determines that Ms.

---

[3] Dkt. 421.
[4] Appendix A.
[5] Dkt. 440 at 4:14-16.

ANDRADE'S OPPOSITION TO GOVERNMENT'S MOTION FOR RULE 16 DISCLOSURES FROM PROPOSED EXPERT KATHY JOHNSON

*UNITED STATES v. ANDRADE*, Case # 20-CR-00249-RS - Page 4

Johnson will testify as an expert, additional information will be promptly provided to the government in compliance with Rule 16's requirements.

The government protests that Ms. Johnson, "despite her expertise,"[6] is remiss for not having reached any expert opinion to date. Mr. Andrade agrees that Ms. Johnson is an expert under the strictures of Rule 702 given her "knowledge, skill, experience, training, or education;" however, the fact that she is qualified to present an expert opinion does not mean that the defense will use her to do so. It is possible that Ms. Johnson will testify as a rebuttal witness to the government's summary witness Ms. Chiu. Until defense counsel is informed of any expert conclusions (and the bases for them) Ms. Chiu's testimony, it is difficult if not impossible for defense counsel to determine what Ms. Johnson's rebuttal testimony will be.

It is also possible that Ms. Johnson will testify as a summary witness instead, which she is permitted to do under Federal Rule of Evidence 1006. Summary charts of data reviewed by a witness are admissible in the Ninth Circuit when the basis material on which the summaries are presented are provided to the opposing side. *United States v. Larkin*, 2017 U.S. Dist. LEXIS 33164 (D. Nevada 2017). "A proponent of summary evidence must establish that the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection," *id.* at *4-5, citing *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011), *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996), and FRE 1006. "The purpose of the rule is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury." *Larkin*, *id.* at *5, citing *Rizk*, 660 F.3d at 1130. If, after Ms. Johnson completes her review, Mr. Andrade decides to call her as a summary witness, defense counsel will provide disclosures of any of her summary materials as required under Rule 1006.

---

[6] Dkt. 462 at 3:1

ANDRADE'S OPPOSITION TO GOVERNMENT'S MOTION FOR RULE 16 DISCLOSURES FROM PROPOSED EXPERT KATHY JOHNSON

*UNITED STATES v. ANDRADE*, Case # 20-CR-00249-RS - Page 5

### III. Conclusion

Because the defense does not and cannot know at this juncture whether Ms. Johnson will testify, and if she does, whether she will do so to present expert opinions or summary testimony, there is no basis for the government to demand additional information concerning her not-yet-determined expert opinion. When Ms. Johnson has completed her review, if defense counsel decides to use her as an expert witness, then defense counsel will fully comply with any additional requirements of Rule 16(b)(1)(C)(iii) or Rule 1006.

            /s/ Michael J. Shepard
KING & SPALDING LLP
    MICHAEL J. SHEPARD
    KERRIE C. DENT
    DAINEC STEFAN

and by CINDY A. DIAMOND
Attorneys for Defendant
ROWLAND MARCUS ANDRADE