MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:	+1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
  kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:	+1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:	+1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>　　　　　Defendant. | Case No. 3:20-cr-00249-RS<br><br>**DECLARATION OF DAINEC P. STEFAN IN SUPPORT OF DEFENDANT ANDRADE'S MOTION IN LIMINE TO EXCLUDE USE OF ATENCOIN RELATED FINANCIAL DATA FROM 2014 TO 2017, OR IN THE ALTERNATIVE, FOR CONTINUANCE**<br><br>Judge: Hon. Richard Seeborg, Chief Judge |

Declaration of Dainec P. Stefan ISO Defendant Andrade's Motion in Limine to Exclude Use of AtenCoin Related Financial Data     Case Number:  3:20-cr-00249-RS - Page 1

## DECLARATION OF DAINEC P. STEFAN

Dainec P. Stefan, counsel for Defendant Marcus Andrade, states as follows:

1. I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I have personal knowledge of the factual matters contained herein based upon my review of the evidence and, if called as a witness in this matter, could competently testify to the matters stated in this Declaration.

2. On Friday, January 17, 2025, at 4:48 PM, the government sent the defense an email granting online file sharing access to a production of discovery from the government. The file was 12.4 gigabytes in size and contained a total of 9,584 files, all but 161 of which were financial records. The records primarily cover the period during which AtenCoin was in existence. This production of documents was not accompanied by any discovery letter or index detailing the contents provided, specifically, their origins, the means of their collection, or the degree, to any, their production was duplicative of prior productions. The government concedes that it obtained these documents in 2020 but did not produce them until January 17, 2025.

3. Mr. Andrade provided the records to defense forensic accountant Kathy Johnson for review. Within the production, Ms. Johnson found 9,367 documents comprised of bank statements and excerpts from internal financial statements, such as bank reconciliation detail, general ledger account activity, profit and loss statements, and company miscellaneous documents. She believes about one-third of these documents are duplicative. The financial records include pdfs, electronic communications and word documents plus over 175 Excel Workbooks of various sizes. She performed an initial review of approximately 100 documents to get an understanding of whether, and to what degree, the produced documents were duplicative of documents already within her possession (which included all financial records previously provided by the government) and to what degree they would be helpful. Of the four bank accounts reviewed as part of her sample of 100 documents, three were not within documents previously provided to Ms. Johnson. She opined that the provided profit and loss statements may be helpful for her in comparing her categorization of records to the company's internal

Declaration of Dainec P. Stefan ISO Defendant Andrade's Motion in Limine to Exclude Use of AtenCoin Related Financial Data

Case Number: 3:20-cr-00249-RS - Page 2

categorizations, and that some of the miscellaneous company documents may also prove helpful, but that she would need more time to make this determination. Her initial review of approximately 100 documents took approximately three hours to complete.

4. Ms. Johnson further opined that, due to the production files not containing text filenames in their native form, and due to the absence of any index or letter detailing the source of the produced documents, there is no efficient way to determine the extent of duplication within the production, and no way to determine whether the production duplicates material from any prior production. Review to make these determinations will require a document-by-document visual check of the newly produced records against previously produced documents, like that which she performed on the first 100 document sample she reviewed.

5. Preliminary review indicates that some records from the production are comprised of accounting records from one of Mr. Andrade's accountants, Karl Ruzicka. The majority of the records appear to be from 2014 to 2016, a period which includes the AtenCoin project (2014-2017), which the government intends to introduce as Rule 404(b) evidence in Mr. Andrade's case. My colleagues and I sought and obtained from Mr. Ruzicka what he represented to be all of Mr. Andrade's financial records in his possession, and which he believed were a copy of the documents he provided to the government in February 2020; he was unable to verify his belief because he did not have the precise copy that he delivered to the IRS in response to a subpoena, to compare. The records delivered to us amounted to over 1.3 gigabytes of uncompressed data. Several of the filenames identified in the defense motion as part of the government's new discovery, i.e. the material the government indicated it had failed to produce to defense counsel on any earlier occasion, were within Mr. Ruzicka's material provided to the defense.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 29, 2025 in San Francisco, CA.

/s/ Dainec P. Stefan
Dainec P. Stefan

Declaration of Dainec P. Stefan ISO Defendant Andrade's Motion in Limine to Exclude Use of AtenCoin Related Financial Data

Case Number: 3:20-cr-00249-RS - Page 3