UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROWLAND MARCUS ANDRADE,

Defendant.

Case No. 20-cr-00249-RS-1

**ORDER GRANTING IN PART AND DENYING IN PART MOTION *IN LIMINE* TO ADMIT CO-CONSPIRATOR STATEMENTS**

## I. INTRODUCTION

The government seeks to introduce the attached statements of alleged co-conspirators Jack Abramoff, Japheth Dillman, and David Mata, including emails, text messages, WhatsApp messages, and documents. The government argues this entire body of evidence qualifies as non-hearsay co-conspirator statements and should be admitted under Federal Rule of Evidence 801(d)(2)(E), or alternatively under the residual exception of Rule 807. The government has established the admissibility of these statements under Rule 801(d)(2)(E), excepting one instant message from Japheth Dillman to an investor, Ben Boyer (Dkt. 449-2, No. 334). Therefore, the government's motion is granted, save for that message.

## II. LEGAL STANDARD

A statement by a co-conspirator is admissible if the government establishes by a preponderance of the evidence that 1) a conspiracy existed at the time the statement was made; 2) the defendant had knowledge of and participated in the conspiracy; and 3) the statement was made in furtherance of the conspiracy. *United States v. Larson*, 460 F.3d 1200, 1211 (9th Cir. 2006).

United States District Court
Northern District of California

United States District Court
Northern District of California

First, as to a conspiracy existing, "the question is merely whether there was proof of a sufficient concert of action to show the individuals to have been engaged in a joint venture." *United States v. Chen*, 548 F. Supp. 3d 904, 906 (N.D. Cal. 2021) (quoting *United States v. Layton*, 855 F.2d 1388, 1399 (9th Cir. 1988), *overruled on other grounds as recognized by Guam v. Ignacio*, 10 F.3d 608 (9th Cir. 1993)). And one may infer the existence of such an agreement "from circumstantial evidence, such as the defendant's conduct" or "coordination between conspirators." *United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009) (citation and quotation omitted). Although insufficient on their own, the "district court may consider the coconspirator's statements themselves in determining whether the preliminary fact of a conspiracy has been proven by a preponderance of the evidence." *United States v. Knigge*, 832 F.2d 1100, 1103 (9th Cir. 1987), *amended by* 846 F.2d 591 (9th Cir. 1988) (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)). "Once the conspiracy has been proven under these standards, only 'slight evidence' is necessary to connect a coconspirator to the conspiracy." *See United States v. Perez*, 658 F.2d 654, 658 (9th Cir. 1981).

An "expansive" set of statements can further a conspiracy under Rule 801(d)(2)(E). *Chen*, 548 F. Supp. 3d at 908 (citing *United States v. Nazemian*, 948 F.2d 522 (9th Cir. 1991) and *United States v. Lischewski*, No. 18-CR-00203-EMC-1, 2019 WL 2716614, at *4 (N.D. Cal. June 28, 2019)). In short, "[w]hen inquiring whether a statement was made 'in furtherance of' a conspiracy, we do not focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement." *Id*. (quoting *Nazemian*, 948 F.2d at 529).

### III. DISCUSSION

Here, with one exception, the government's motion has presented sufficient foundational evidence to conclude that the statements it seeks to introduce are conditionally admissible, subject to being stricken if necessary. *See United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980) ("[T]he order of proof is within the sound discretion of the trial court.... The procedure of conditionally admitting co-conspirator's statements subject to later motions to strike is well within the court's discretion."); *see also id*. at 1169 n.13 ("In light of consistent Ninth Circuit precedent allowing conditional admission, we reject [the] argument for a mandatory pretrial determination.").

United States District Court
Northern District of California

Defendant first argues the government has not met its burden in establishing the existence of a conspiracy by a preponderance of the evidence. The defense is correct that co-conspirator statements are presumptively unreliable, and the government cannot rely only on Abramoff and Mata's out-of-court statements to establish a conspiracy. *See United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988) (citing *Bourjaily*, 483 U.S. at 175). However, such statements can be bolstered by evidence consistent with the substance of the statements, including the behavior of the defendant. *See id.* at 579. The government has provided emails, messages, and other evidence of Andrade's own behavior, consistent with a conspiracy. Therefore, the government has met the standard for establishing a conspiracy and Andrade's knowledge of it.

Andrade specifically objects to one statement as outside the scope of any potential conspiracy. The government seeks to admit Dillman's statement, via instant message, to Ben Boyer, an investor in AML Bitcoin. When the FBI interviewed Boyer about the AML Bitcoin scheme, Boyer informed Dillman of the FBI's allegations and accused Dillman and Mata of lying to him. Dillman denied culpability, saying "[e]verything I've stated I repeated directly from Marcus." Dkt. 449-2, No. 334. This statement will not be ruled admissible at this time because such a statement appears to be in Dillman's self-interest. The government seems to argue this statement is in furtherance of the objectives of the conspiracy because it was meant to mollify an investor. While other messages in this thread, including where Dillman promises to repay Boyer, might further the objective of the conspiracy by ensuring Boyer did not dig deeper into the NAC Foundation, Dillman's disclaimer of responsibility appears to serve only his own ends. Therefore, this statement is not ruled admissible.

Defendant also raises completion concerns with the government's excerpts from lengthy communications. These issues will be addressed as they arise.

## IV. CONCLUSION

The government's motion is granted as to all statements and evidence, excepting Dillman's instant message to Boyer (Dkt. 449-2, No. 334). The other statements are conditionally admissible.

<< SHORT ORDER TITLE >>
CASE NO. 20-cr-00249-RS-1

United States District Court
Northern District of California

1    **IT IS SO ORDERED**.

2

3    Dated: January 30, 2025

4    _____

5    RICHARD SEEBORG
     Chief United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<< Short Order Title >>
Case No. 20-cr-00249-RS-1