UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>            Plaintiff,<br><br>    v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>            Defendant. | Case No. 20-cr-00249-RS-1<br><br>**ORDER ON MOTION FOR ADDITONAL DISCLOSURES** |

The government moves for an order requiring Defendant to provide additional disclosures with respect to expert Erik Min. *See* Dkt. No. 503-3. Min is expected to testify about the technology at issue in this case. According to the government, Defendant has not provided certain materials relevant to Min's Rule 16 disclosure.

As it pertains to a defendant's expert witness, Rule 16 requires disclosing, among other things, "the bases and reasons" for all opinions that the defendant will elicit from the witness during his case-in-chief. Fed. R. Crim. Pro. 16(b)(1)(C)(iii). Rule 16 further requires disclosing additional evidence or material if "the other party previously requested, or the court ordered, its production." Fed. R. Crim. Pro. 16(c)(2).

One item the government seeks to receive is a copy of Min's curriculum vitae ("CV"). Defendant represents that the copy has been shared. As a result, the motion for an order to compel production of the CV is denied as moot.

Another item the government seeks is information about Min's compensation in

connection with this case. Defendant is ordered to provide information only regarding the amount of money Min has received to date and the anticipated total.

The government also seeks materials that Min reviewed or attempted to review but which Defendant says Min neither used nor relied upon in developing his expert opinions. Some of these materials derived from an Amazon Web Services Server, including: an Excel document containing 5 elastic IP addresses; another Excel document containing EC2 key pairs; 1 PEM file; 1 CSV file; 20 Amazon machine images; 3 EBS storages that Min could not access; and 21 elastic block storage snapshots that Min also could not access. *See* Stefan Decl., Dkt. No. 509-1 at 2. Defendant's counsel represents that this data is approximately 6.7 terabytes in size, too big to transfer via file sharing services. *Id.* As a result, Defendant's counsel represents that it would take additional Criminal Justice Act funds and at least one or two weeks to archive all the files into a large hard drive and physically deliver it to the government. *Id.* at 2–3. Although the government is correct that this additional material could show that the defense has cherry-picked materials and/or ignored materials he lacked the expertise to review, the fact remains that the relevant part of Rule 16 requires expert disclosure of only the bases and reasons for the expert's opinions—not disclosure of all materials the expert reviewed or attempted to review. As a result, the motion to order Min to disclose these additional materials is denied.

For the same reason, the government's motion to compel further disclosure about discussions Min had with software developers who worked on AML Bitcoin is likewise denied. As Min's disclosure makes clear, "his analysis and conclusions are limited to" his firm's "detailed review of the source code, log files, and databases themselves." Rule 16 Disclosures re: Expert Erik Min, Dkt. No. 448 at 4. The discussions he had with software developers therefore do not amount to bases for his opinion as the government alleges.

The final requested disclosure topic concerns Min's expected testimony regarding AtenCoin. Defendant represented that he would supplement his disclosures regarding that testimony if the Court denied his motion to have AtenCoin-related evidence excluded from trial. *Id.* at 6, n.2. That motion was denied. *See* Dkt. No. 496. Defendant has now represented that Min

will supplement his disclosures accordingly. Dkt. No. 509 at 3. The supplemented disclosure must be shared by February 5, 2025.

At the conclusion of its motion, the government suggests that Min's testimony is inadmissible unless and until the defense authenticates the source code that he relied on in reaching his opinions. It also reserved the right to introduce evidence at trial that Defendant's company failed to produce any source code in response to a grand jury subpoena—a failure which, according to the government, demonstrates the lack of weight that Min's testimony merits. Defendant responds by citing to Rule 703 of the Federal Rules of Evidence, which provides that, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." These include data that the expert "has been made aware of or personally observed." Fed. R. Evid. 703. If Min testifies, Defendant has represented his testimony will include that the source code he reviewed would be reasonably relied upon by others in his field. Dkt. No. 509 at 7. It certainly seems reasonable that technological experts would rely on a technology's underlying code. *See Wi-Lan Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1376 (Fed. Cir. 2021) (characterizing the argument that "experts typically rely on material like source code[] in reaching opinions" as "obviously correct"). Whereas the unauthenticated printouts of source code in that case contained numerous inconsistencies, *id.* at 1373, the unauthenticated source code Min reviewed does not appear to lack trustworthiness such that an expert could not rely on it to provide the sort of opinions he intends to share.

Because Min has personally observed the source code data that he relied on in reaching his opinions, and because he will testify that such reliance is standard in his field, those opinions are not inadmissible. It bears mentioning that Defendant has represented to the court that Min will not introduce the source code data itself—only "present expert opinions" about it. Dkt. No. 509 at 7. To the extent the government notices a rebuttal expert, that expert can likewise expect to present opinions about the code.

**IT IS SO ORDERED**.

Dated: January 31, 2025

_____
RICHARD SEEBORG
Chief United States District Judge