MICHAEL J. SHEPARD (SBN 91281)
  mshepard@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:    +1 415 318 1200
Facsimile:    +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
  kdent@kslaw.com
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:    +1 202 626 2394
Facsimile:    +1 202 626 3737

CINDY A. DIAMOND (SBN 124995)
  cindy@cadiamond.com
**ATTORNEY AT LAW**
58 West Portal Avenue, #350
San Francisco, CA 94127
Telephone:    +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>ROWLAND MARCUS ANDRADE,<br>    Defendant. | Case No. 3:20-CR-00249-RS<br><br>**DECLARATION OF KERRIE C. DENT IN SUPPORT OF ANDRADE'S REPLY BRIEF IN SUPPORT OF MOTION FOR AN EVIDENTIARY HEARING TO ADDRESS GOVERNMENT MISCONDUCT AND TO SEEK SANCTIONS, INCLUDING POTENTIALLY DISMISSAL OF THE INDICTMENT**<br><br>Judge: Hon. Richard Seeborg |

Kerrie C. Dent, counsel for Defendant Marcus Andrade, states as follows:

1. I am one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I file this declaration in support of Mr. Andrade's Reply Brief in Support of his Motion for an Evidentiary Hearing to Address Government Misconduct and to Seek Sanctions, Including Potential Dismissal of the Indictment ("Misconduct Motion").

2. I have reviewed the evidence cited in the Reply Brief and have personal knowledge of the related correspondence between the government and defense counsel. If called as a witness in this matter, I could competently testify about these matters.

3. In my declaration in support of Mr. Andrade's Misconduct Motion, which was filed under seal, I referenced two witnesses who could testify about the government's systematic suppression of evidence relating to Jack Abramoff if the Court holds an evidentiary hearing. One of those witnesses provided a declaration just as Mr. Andrade's Reply brief was being filed this afternoon. I attach the declaration here as Exhibit A. She told me that she did not want to file a declaration with our opening brief because she was on probation and wanted to wait until today, when her probation expired.

4. As set forth in more detail in my declaration in support of our opening brief, at paragraphs 17 and 18, the government has rewritten the history of the discovery process in this case, mostly by omitting crucial aspects of the narrative. We have filed four motions to compel discovery on behalf of Mr. Andrade, including requests for at least 15 different categories of documents, and we were successful on the vast majority of those. We also have won separate discovery motions for the production of Abramoff's phone and the right to access our client's Trezor wallets. There have been times when we have had to relitigate discovery questions after Judge Beeler has ruled. For example, after Judge Beeler ruled on April 7, 2023, that the government must produce Alexander Levin's devices (Dkt. # 165), many more briefs were filed because the government continued to make excuses for not producing the phone. In all, approximately 25 briefs and status reports were filed by the parties before the government produced the Levin devices.

5. The government complained in its opposition brief that it did not have the Bates numbers for the exhibits to the declaration I filed in support of Mr. Andrade's motion for an evidentiary hearing. In the same email in which I provided Mr. Highsmith and Mr. Ward with a copy of my under seal declaration, I also provided a detailed chart/index of every exhibit, a description of the exhibit, and the corresponding Bates number. I will resend the index to them.

6. I have reviewed some of the invoices that the DP Law Firm issued to Mr. Andrade and NAC Foundation. The records make clear that Lawyer CP was representing Mr. Andrade in connection with the DOJ's criminal investigation beginning as early as September 14, 2018. One of the 10/12/18 time entries states in part: "Telephone conference with FBI Agent [EQ] regarding seizure of records in Las Vegas, the process for getting copies or getting the original hard drives after imaging and potential for privileged materials. Inquire as to agent's taint team and segregation of privileged communications. Draft summary of the conversation and circulate to team."

7. This CJA case is complex and has required an incredible amount of work. In or around August 2024, I became concerned about my inability to focus or to even understand what I was reading. The symptoms became debilitating at times by September and October, and I was unsure whether it was from the stress of this case or something more serious. In November, I learned that the townhome I was living in was full of toxic black mold – Stachybotrys – with levels as much as 1,000 times the level considered safe in a home. I moved out of the house in November and have been living in a hotel ever since. Currently, I am staying at a hotel in San Francisco assisting Mr. Shepard with getting ready for trial. My symptoms have been gradually improving since I moved out of the house. Throughout this time, one of my responsibilities was to prepare the misconduct motion that was not filed until January 23, 2025. It was a challenge, and the lateness of our filing the motion for an evidentiary hearing to address government misconduct was due in large part to this medical issue.

2
DECLARATION ISO ANDRADE'S MISCONDUCT REPLY                    Case Number: 3:20-cr-00249-RS

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 3, 2025, in San Francisco, California.

                                          /s/ *Kerrie C. Dent*
                                          Kerrie C. Dent

# DECLARATION OF KERRIE C. DENT

# EXHIBIT A

MICHAEL J. SHEPARD (SBN 91281)
*mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:   +1 415 318 1200
Facsimile:   +1 415 318 1300

KERRIE C. DENT (Admitted *pro hac vice*)
*kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:   +1 202 626 2394
Facsimile:   +1 202 626 3737

CINDY A. DIAMOND (SBN 124995)
*cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Avenue, #350
San Francisco, CA 94127
Telephone:   +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. 3:20-CR-00249-RS |
|---|---|
| Plaintiff, | **DECLARATION OF NATALIE MAYFLOWER SOURS EDWARDS IN SUPPORT OF ANDRADE'S MOTION FOR AN EVIDENTIARY HEARING TO ADDRESS GOVERNMENT MISCONDUCT** |
| v. | |
| ROWLAND MARCUS ANDRADE, | |
| Defendant. | Judge:   Hon. Richard Seeborg<br>Trial Date: February 11, 2025 |

1

DECLARATION OF NATALIE MAYFLOWER SOURS EDWARDS             CASE NO. 3:20-CR-00249-RS
ISO MOTION FOR AN EVIDENTIARY HEARING TO ADDRESS
GOVERNMENT MISCONDUCT

# DECLARATION OF DR. MAY EDWARDS

Natalie Mayflower Sours Edwards (May Edwards) states as follows:

Background

1. I am a former employee of the United States government and a United States government whistleblower who filed the official whistleblower paperwork with the Office of Special Counsel (OSC). The OSC issued me an Independent Right of Action to file my case with the Merit System Protection Board for actions taken against me by the United States Treasury Department, Department of Justice, and Financial Crimes Enforcement Network (FinCEN) for protected disclosures I made about the information in this declaration and other politically driven enforcement actions occurring from 2016 through 2018 encompassing data dating as far back to 2001 that infringed on individuals "constitutionally protected rights" by using the "Federal Government against American people," undermining "democracy and public trust" as stated in Section 3(a) Presidential Executive Order "Ending The Weaponization of The Federal Government." These infringements continue to this day.

2. I served as the Senior Advisor of Tradecraft and Process with the Intelligence Division, employed in the FinCEN, U.S. Treasury Department (Treasury), from 2014-2018. I was inspired to work for the federal government after the 9-11 terrorist attacks in 2001. Before taking on my role at Treasury, I served in the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the CIA, and the Office of the Director of National Intelligence.

Suppression of Information at FinCEN

3. In my official duties at FinCEN, one of my responsibilities as the Senior Advisor of Tradecraft and Process was to review Congressional Request Letters (CRLs) sent to FinCEN, specifically, the Intelligence Division, from Congress. The CRLs were specific to the Senate or the House and each committee and subcommittee, respectively. Within the requests, suspicious activity reports made by financial institutions about suspicious or potentially suspicious activity as required under laws designed to counter international money laundering, financing of terrorism, and other financial crimes would be requested on specific entities or individuals.

2

DECLARATION OF NATALIE MAYFLOWER SOURS EDWARDS            CASE NO. 3:20-CR-00249-RS
ISO MOTION FOR AN EVIDENTIARY HEARING TO ADDRESS
GOVERNMENT MISCONDUCT

4. In my official duties from 2017 to 2018, I was made aware that specific CRLs the Intelligence Division had reviewed, confirmed, and sent to legislative affairs for legal review/approval were not received by Congress when congressional staff contacted me, inquiring when the CRLs would be ready. Treasury was deliberately stonewalling Congress. I made the congressional staff aware we had completed the CRLs, and as a government employee, I blew the whistle on Treasury and FinCEN.

5. High-level employees at FinCEN and Treasury concealed vital information and suspicious banking transactions from Congress regarding politically motivated individuals and entities—such as those made by Russian diplomats—rather than investigate, for which I blew the whistle as a government employee.

6. The systematic suppression of information relating to specific individuals and entities that I witnessed at Treasury in 2016 through 2018 included information about potential international money laundering by Jack Abramoff, often using a shell company called Landfair Capital Consulting, LLC, to hide the transactions.

<u>The Prosecutors' Failure to Act</u>

7. The Department of Justice, Federal Bureau of Investigation, and Treasury Department "engaged in an unprecedented, third-world weaponization of prosecutorial power to upend the democratic process," charging a whistleblower working in my official duties, coordinating, facilitating, and collaborating with the nonpartisan Congressional body crossing the House and Senate floors when they made a warrantless arrest on October 16, 2018.

8. At that time, the presentence conditions of my bond explicitly prohibited me from interacting with anyone involved with the case, including Congress, further silencing my rights as a whistleblower violating the LaFollette Act of 1912 ("the right of employees... to furnish information to either House of Congress or a committee or Member thereof, may not be interfered with or denied." 5 U.S.C. § 7211) and the Whistleblower Protection Act.

9. After I was arrested, during the discovery process, the prosecutors at the Southern District of New York (SDNY) collected data from my work computers relating to the work that

3

DECLARATION OF NATALIE MAYFLOWER SOURS EDWARDS             CASE NO. 3:20-CR-00249-RS
ISO MOTION FOR AN EVIDENTIARY HEARING TO ADDRESS
GOVERNMENT MISCONDUCT

resulted in my role as a whistleblower, including the information about specific individuals and entities whose information was suppressed by the Treasury from 2016 through 2018, involving international money laundering and shell companies used to hide the transactions. I believe the prosecutors at the Department of Justice and SDNY have engaged in systemic suppression, non-investigation, and non-action. I am unaware that SDNY has acted on any information or data to prosecute anyone for the wrongdoing I reported.

10.     On June 27, 2024, in the 248th year of the Commonwealth of Virginia, given under Governor Glenn Youngkin's hand and under the Lesser Seal of the Commonwealth at Richmond, Virginia, my civil rights were restored, rectifying partial injustices committed against me as a former government employee and whistleblower.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 3, 2025, in the Commonwealth of Virginia.

    /s/ *Natalie Mayflower Sours Edwards*
        Dr. Natalie "May" Edwards