1  **KING & SPALDING LLP**
   MICHAEL J. SHEPARD (SBN 91281)
2    mshepard@kslaw.com
   50 California Street, Suite 3300
3  San Francisco, CA  94111
   Telephone:    +1 415 318 1200
4  Facsimile:    +1 415 318 1300

5
   KERRIE C. DENT (Admitted *pro hac vice*)
6    kdent@kslaw.com
   1700 Pennsylvania Avenue, NW, Suite 900
7  Washington, DC 20006-4707
   Telephone:    +1 202 626 2394
8  Facsimile:    +1 202 626 3737

9
   CINDY A. DIAMOND (CA SBN 124995)
10 ATTORNEY AT LAW
   58 West Portal Ave, # 350
11 San Francisco, CA 94127
   408.981.6307
12 cindy@cadiamond.com
13
14 Attorneys for Defendant
   ROWLAND MARCUS ANDRADE
15

16
                IN THE UNITED STATES DISTRICT COURT
17
              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
18
                          SAN FRANCISCO DIVISION
19

20 THE UNITED STATES OF AMERICA,              ) Case No.: 3:20-CR-00249-RS
                                              )
21         Plaintiff,                         )
                                              ) **SUPPLEMENTAL DECLARATION OF**
22   vs.                                      ) **CINDY A. DIAMOND IN SUPPORT OF**
                                              ) **DEFENDANT'S REPLY TO**
23                                            ) **GOVERNMENT'S OPPOSITION TO**
   ROWLAND MARCUS ANDRADE,                    ) **DEFENDANT'S AMENDED MOTION TO**
24                                            ) **EXCLUDE OR CONTINUE (ECF-523 and**
           Defendant.                         ) **ECF-511) REGARDING THE RUZICKA**
25                                            ) **DOCUMENTS**
                                              ) **REDACTED**
26                                            )
                                              )
27

28        I, Cindy A. Diamond, hereby state and declare:

SUPPLEMENTAL DECLARATION OF CINDY A. DIAMOND IN SUPPORT OF DEFENDANT'S REPLY
TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S AMENDED MOTION TO EXCLUDE OR
CONTINUE (ECF-523 and ECF-511) REGARDING THE RUZICKA DOCUMENTS
**REDACTED**
*UNITED STATES v. ANDRADE*, Case # 20-CR-00249-RS - Page 1

1.    1.  I am an attorney, duly licensed to practice law in the State of California and before
2. this Court, and I write this declaration based on my personal knowledge obtained in my work as
3. defendant Rowland Marcus Andrade's attorney in the above-entitled case.
4.    2.  This declaration presents and explains the chronology of my dealings with Mr.
5. Andrade's former business accountant, Karl Ruzicka, ████████████████████████
6. ████████████████████████████████████████████████████
7. ████████████. The defense disclosed in its initial filing seeking exclusion of evidence or a
8. continuance that it had previously met with and gathered data from Mr. Ruzicka.
9.    3.  ████████████████████████████████████
10. ████████████████████████████████████████████████████
11. ████████████████████████████████████████████████████
12. ████████████████████████████████████████████████████
13. ████████████████████████████████████████████████████
14. ████████████████████████████████████████████████████
15. ████████████████████████████████████████████████████
16. ████████████████████████████████████████████████████
17. ████████████████████████████████████████████████████
18. ████████
19.    4.  ████████████████████████████████████
20. ████████████████████████████████████████████████████
21. ████████████████████████████████████████████████████
22. ████████████████████████████████████████████████████
23. ████████████████████████████████████████████████████
24. ████████████████████████████████████████████████████
25. ████████████████████████████████████████████████████
26. ████████████████████████████████████████████████████
27. ████████████████████████████████████████████████████
28. ████████████████████████████████

5. After the Thanksgiving holiday, Mr. Ruzicka and I had our first substantive call on December 5, 2024.  It was then that I first learned that Mr. Ruzicka had given federal agents his files on Mr. Andrade.  Mr. Ruzicka told me that agents had come to serve a grand jury subpoena on him in February 2020, a fact about which I was previously unaware.  He mentioned that the officers told him he would have to come to San Francisco (during tax season) unless he gave them his files on Mr. Andrade at that time; by agreement he provided the files to the agents via a copy shipped (physically on a portable thumb-drive) to them within the week.  Mr. Ruzicka told me it took about five hours to assemble all the electronic data he sent to the agents in February 2020.

6. Mr. Ruzicka sent me his data in a zip-file on December 5, 2024.  I transmitted it to King & Spalding's paralegal, who tried to upload it to Mr. Johnson's team through King & Spalding's data portal, but the transmission failed.  Ms. Johnson's team provided a link to receive the data on their portal, and I was told the upload had been done.  At the time, Ms. Johnson had other urgent tasks on Mr. Andrade's case before her that required all of her attention.

7. On January 29, 2025, I found out that most of the data, as produced by Ruzicka, had not transmitted to King & Spalding (hence, also to Johnson's portal).  I re-produced Mr. Ruzicka's data to King & Spalding as separate files in one folder, not in the folder-structure provided by Mr. Ruzicka originally.  I separately uploaded files to Ms. Johnson's portal, on January 29, 2025, and on February 3, 2025, I confirmed she received that data.  To my knowledge, she and her team continue to work at the tracing tasks and comparing the government's new production to the bank statements we had originally asked her team to summarize for us.

8. I learned last Friday January 31, after receiving the government's list of new files on January 30, 2025, that Mr. Ruzicka also had paper files that were not duplicates of his electronic files, including a carbon-backed checkbook kept in his office, which were taken by the agents who talked to him on February 20, 2020. Mr. Ruzicka told us that he asked for copies of those documents back but never received them from the government.  On February 3, 2025, via an

email, Mr. Highsmith indicated the documents that were seized as hard copies from Mr. Ruzicka had been located, were being copied for defense counsel, and yesterday we downloaded one pdf file 275-pages long that appear to be physical documents related to Mr. Ruzicka's work.

9. Some of the factual assertions in the government's Response, ECF-534, are incorrect. After incorrectly suggesting the defense had the Ruzicka documents - implying they had been received in a useable form before the defense received the government's production, which is not true as stated in paragraphs 6 and 7 above, the government asserts, "essentially the only new files at issue are 273 pages of hard-copy Ruzicka documents that the government found and produced yesterday." ECF-534 at 4:7-8, Gov. Motion at 2:7-8. This statement is incorrect, as is the vague summary statement the government made, to wit: "The government has produced much of the content within the Ruzicka documents elsewhere." ECF-534 at 4:22; motion at 2:22. While our review is ongoing, I believe there is a significant amount of information that had not been produced elsewhere, that our forensic accounting team has not yet had the chance to review. It is true that the government produced some bank account statements that were also produced by Ruzicka, and some emails from Ruzicka (with and without Bates-numbers, usually in email threads pertaining with any of a number of contractors who worked for Mr. Andrade on the AML Token sale project, some of whom are on the government's witness list).[1] I believe what we saw of Mr. Ruzicka's communications completely lacked context, meaning, or utility to the defense forensic team's analysis.

10. Based on my initial review of Mr. Ruzicka's material that was not produced by the government, the newly produced documents will help the defense exonerate Mr. Andrade; Ruzicka's meticulous accounting documentation will help prove that Mr. Andrade conducted his AML Token sales without any intent to deceive and cheat. In addition to having already found in the new production numerous specific documents that I believe are exculpatory on their own, the

---

[1] One of the problems with the bank account disclosures is that several months of bank statements for one account were produced in a file, and other files contained other months of bank statements, and without hand-reconciliation, there was no way to tell which bank account files were complete, nor what dates and volume of material was within them.

materials as a whole also show Mr. Ruzicka monitoring transactions and expenditures in a manner consistent with a desire of the owner of the business to be proceeding lawfully. Ruzicka's electronic files appear to include all his notes and communications he preserved as a role of an outside agent hired to check and monitor the financial movement of money through Mr. Andrade's businesses. Ruzicka saved invoices that - by arrangement - were sent to Mr. Ruzicka rather than to Mr. Andrade, and other invoices sent to him upon his request. He saved client notes, his own communications with vendors, and communications with contractors working for Mr. Andrade's businesses who reported sales information to Ruzicka. Ruzicka worked closely in conjunction with attorney David Salmon, the attorney who held the IOLTA account designated to receive the funds for AML Token purchasers after Mr. Andrade replaced the first attorney who worked on the AML Token sales, starting in January 2018. Ruzicka also reviewed material provided by Andrade's outside bookkeeping service and stored their communications. He prepared weekly reports, quarterly reports, monthly reports, Profit and Loss statements, and Balance Sheets, organized yearly. Mr. Ruzicka's own work product was not included in the discovery and his files are not duplicative, even though his copies of some bank account statements that Ruzicka relied upon to prepare his work product was disclosed by the government. All in all, there is a substantial amount of significant data that the defense has not yet had the opportunity to review.

     I declare under penalty of perjury that the foregoing is true and correct. Executed under the laws of the United States on February 5, 2025, in San Francisco, California.

/s/
_____
CINDY A. DIAMOND
Declarant