UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 20-cr-00249-RS-1<br><br>**ORDER DENYING MOTION TO EXCLUDE FINANCIAL EVIDENCE OR CONTINUE TRIAL** |

## I. INTRODUCTION

Defendant Andrade has filed a motion *in limine* to exclude any of his financial data through 2019 or, in the alternative, to continue his upcoming trial by 30 to 45 days. Andrade contends the government's tardy disclosures of documents obtained from his former accountant, Karl Ruzicka, violate discovery requirements imposed by Federal Rule of Criminal Procedure 16 and the Constitution, laid out in *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government argues because the evidence is not material and was in any event provided in time for the defense to make use of it at trial, neither exclusion nor continuance is justified. For the following reasons, Defendant's motion is denied.

## II. BACKGROUND

The government made two untimely disclosures of Andrade's financial data. First, on January 17, 2025, after a pretrial audit of its discovery logs, the government produced 12.4 GB or 9,584 files to Defendant. These financial records were obtained from Andrade's former accountant, Karl Ruzicka, by the IRS. After Defendant filed his Motion *in Limine* to Exclude Use

of AtenCoin Related Financial Data, Dkt. 511, where he noted the lack of a discovery index, the government provided one on January 30. With the help of that index, the government clarified its January 17 production contained multiple file formats for the same unique file. Thus, the government estimates there are about 1,497 unique files of digital content obtained from Ruzicka in the January 17 production. Defendant's first motion requested the exclusion of all financial evidence related to AtenCoin or, in the alternative, a continuance of trial by 60 days.

Defendant then moved on February 2, 2025 to amend his earlier motion, Dkt. 523, claiming some files were dated as recently as 2019 and mentioned AML Bitcoin, not just AtenCoin. Therefore, Defendant now requests exclusion of all financial data related to Andrade. The amended motion also stated Ruzicka provided the government with invoices and checkbooks in physical forms, which were not returned to Ruzicka nor provided to the defense. In response, on February 3, 2025, the government provided 273 physical documents it found in the papers of the IRS agent responsible for the investigation into Andrade.

The government explains the first omission of digital documents arose because of a technical snafu, which meant the Ruzicka folder was never Bates-stamped nor produced. The government further explains the IRS agent responsible for the investigation into Andrade passed away due to cancer in January 2023 after permanently retiring in August 2022. Only after Defendant's amended motion on February 2 did the government find and produce these physical records in a 275-page PDF document. Although these circumstances are certainly tragic and very well may be atypical, the government necessarily accepts responsibility for these oversights.

The records at issue are Ruzicka's file pertaining to Andrade, spanning from 2014 to 2019. Ruzicka worked as an outside bookkeeper for Andrade and NAC Foundation intermittently throughout that time. Ruzicka's files consist of bank statements, financial statements such as balance sheets and profit-and-loss statements, schedules showing numbers of shares sold and checks paid, emails between Andrade and Ruzicka, copies of purchase agreements, and electronic notes with accounting questions presumably written by Ruzicka to Andrade. The physical documents largely comprise printed emails between Ruzicka and Andrade, some invoices attached

to those emails, carbon copies of cancelled checks, UPS shipping receipts, and a check register for a bank account documented in the digital files.

At least some of the digital and physical documents were previously produced to or otherwise available to the defense. The emails between Ruzicka and Andrade were seized from Andrade and thereafter produced. The government independently subpoenaed the banks with relevant accounts and previously produced those records. The purchase agreements were previously produced by Andrade himself in response to a grand jury subpoena. Ruzicka has also made himself available to the defense.

### III. LEGAL STANDARD

#### A. Rule 16

As a general matter, "[t]he requirement of materiality when seeking discovery under Rule 16(b) signifies that the pre-trial disclosure of the evidence in question must enable the accused to substantially alter the quantum of proof in his favor." *United States v. Marshall*, 532 F.2d 1279, 1285 (9th Cir. 1976). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Under Federal Rule of Criminal Procedure 16(d)(2), where discovery orders have been violated, the court is empowered to grant a continuance, prohibit that party from introducing the undisclosed evidence, or "enter any other order that is just under the circumstance." Fed. R. Crim. P. 16(d)(2).

#### B. Suppression of Evidence

In *Brady v. Maryland*, the Supreme Court held, "suppression by the prosecution of evidence favorable to an accused…violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. To establish a *Brady* claim, a defendant must show that: "(1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, regardless of whether the suppression was willful or inadvertent;

and (3) the evidence is material to the guilt or innocence of the defendant." *Sanders v. Cullen*, 873 F.3d 778, 802 (9th Cir. 2017) (quoting *United States v. Sedaghaty*, 728 F.3d 885, 899 (9th Cir. 2013)). "Evidence that is merely cumulative is not material." *United States v. Strifler,* 851 F.2d 1197, 1202 (9th Cir. 1988); *see also Barker v. Fleming,* 423 F.3d 1085, 1099 (9th Cir. 2005) (new evidence that "very nearly replicated evidence already admitted" into evidence is not "material" under *Brady*).

The actual disclosure of evidence alters the *Brady* inquiry. When the relevant information is disclosed to the defense before the close of trial, the question becomes "whether the *lateness* of the disclosure so prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial. *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 828 (9th Cir. 2024), *cert. denied*, No. 24-125, 2024 WL 5011718 (U.S. Dec. 9, 2024) (quoting *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976) (emphasis added)). "If the defendant is presented with a substantial opportunity to use the belatedly disclosed evidence, there is no prejudice." *Id.* (relying on *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988)). In other words, the Defendant has no *Brady* claim if the evidence, when disclosed, is still of value to him. *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991); *United States v. Purry*, 702 Fed. Appx. 511, 514 (9th Cir. 2017) (unpublished).

## IV. DISCUSSION

The Defendant objects to the late production of a "mountain" of "potentially exculpatory" evidence. *E.g.*, Dkt. 523, at 3. The government challenges the scope and materiality of the evidence, contending this mountain is merely a molehill of cumulative documents already available to the defense. Additionally, the government contends its disclosures, despite their tardiness, still allow Andrade time to use these documents in his defense. The government prevails on both arguments.

### A. Lack of Materiality

As a threshold matter, Defendant has not adequately demonstrated the evidence disclosed

is exculpatory or otherwise material. Defendant argues records showing proper accounting and payments can rebut the government's claims Andrade was a "pump-and-dump artist without a legitimate business." Dkt. 523, at 4. The government is not contesting whether Andrade and the NAC Foundation received or made payments. Instead, the government is focused on misrepresentations Andrade made to investors and Andrade's concealment of funds for his personal use. Ruzicka's filings do not get at the core of the misrepresentations relied on by AML Bitcoin's investors nor the transactions laid out in the indictment.

Moreover, any relevant information from Ruzicka's files is merely cumulative. The government has demonstrated the defense has access to these documents or the facts within them by other means. The emails between Andrade and Ruzicka, the invoices emailed to Andrade, bank records previously produced, and notes sent from Ruzicka to Andrade are accessible to Defendant. Even if some of the unique documents have not been previously produced, the facts contained or statements made within these documents are cumulative of financial information Andrade likely already has. *See United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011) (facts laid out in note were merely cumulative of facts contained in previously released police reports available to defendant). While the defense argues these records are necessary to establish the full financial picture for the jury, this potential relevance does not rise to the level of materiality, given Ruzicka's mere intermittent work for Andrade. *See id.* (failure to disclose evidence "substantially similar to…more powerful evidence" already in defense's possession was not a *Brady* violation). Two weeks after the digital production, Defendant makes conclusory statements about the exculpatory nature of the disclosures but is still unable to identify material evidence with any specificity.

**B. Lack of Prejudice**

The defense leans on the mere possibility some documents could be material but emphasizes the impossibility of incorporating said documents into Defendant's case. However, even on the slim chance something contained within the evidence is exculpatory and not cumulative, Defendant has a substantial opportunity to make use of these documents. Defendant makes much of the time it would take to review these files and the prejudice it would suffer

without a continuance. However, given the nature of the documents, it is unclear why the defense would need 30–45 days to review these likely duplicative files.

Additionally, Defendant has not adequately shown why these documents lack any value without a continuance. The Ninth Circuit has noted evidence can still have value even when disclosed quite close to trial. *See, e.g.*, *Houston*, 648 F.3d at 813 (government turned over witness's notes during trial but while cross-examination was ongoing, so the notes still had value) *Purry*, 702 Fed. Appx. at 514 (no *Brady* violation where potentially exculpatory evidence was disclosed two days before trial, *see also Purry*, 2016 WL 3215643, at *7); *Alahmedalabdaloklah*, 94 F.4th at 828 (*Brady* disclosure made two weeks into the government's case was still of value to the defense, *see also Alahmedalabdaloklah*, 2022 WL 609826, at *11).

Andrade has not demonstrated prejudice based on disclosures made three weeks and one week, respectively, before trial. While the first disclosure contained a substantial number of files, the defense has had ample time at the very least to review the materials and identify duplicates. The defense so far has not offered even one example from that production that would arguably be "exculpatory." As to the second disclosure, the defense has not explained why 275 pages is an insurmountable burden given Defendant's summary witness is already familiar with his financial history.

Other factors further mitigate any prejudice to Defendant. Ruzicka has made himself available to the defense, consulting on these motions and potentially testifying at trial. Additionally, the documents in question are familiar to both Ruzicka and likely Andrade himself. Finally, the government has maintained it has not and will not rely on anything contained in the tardy disclosures.

Defendant highlights the government's alleged misrepresentations and intentional concealment of the Ruzicka materials. He indicates the IRS agent did not reference the seizure of physical documents or the subpoena of Ruzicka's electronic files in the agent's memorandum of interview (MOI). He also calls attention to the government's repeated assurances during the discovery process that it had already produced any and all of Andrade's financial records in its possession. Although these critiques underscore the government's oversights, they are far from

showing any actual prejudice. The late disclosure of this evidence, particularly given the absence of an indication of materiality, has not hampered Andrade's defense.

### V. CONCLUSION

The government's discovery conduct, while far from exemplary, does not warrant the drastic remedies sought. This is not a situation where the defendant is surprised at the eleventh hour with strategically concealed, novel, and exculpatory material. Defendant's own records, held by his own accountant and accessible to him for the four years leading up to this trial, do not justify yet a further continuance in this oft-continued case, nor the exclusion of all financial evidence. Because Defendant has not shown the materiality of, nor any prejudice wrought, by the government's late disclosures of evidence, the motion is denied.

**IT IS SO ORDERED**.

Dated: February 6, 2025

_____
RICHARD SEEBORG
Chief United States District Judge