MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 *kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone: +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>            Defendant. | Case No. 3:20-cr-00249-RS<br><br>**DEFENDANT ANDRADE'S BRIEF REGARDING ADMISSION OF DEFENSE EXHIBIT 3202**<br><br>Judge: Hon. Richard Seeborg, Chief Judge |

        Mr. Andrade appreciates the opportunity to brief the question of the admissibility of

Defense Exhibit 3202, which was authenticated during the testimony of Special Agent Ablett, but

which the Court excluded based on a hearsay objection by the government. For the reasons set

1    forth below, the Court's ruling is contrary to settled law and Def. Ex. 3202 should be admitted.

2            Def. Ex. 3202 contains an email forwarded to Mr. Andrade that provided him an update

3    on the development of AML Bitcoin's biometric identification technology. This email, and others

4    like it, are central to Mr. Andrade's defense, as Mr. Andrade's belief about the progress of the

5    development of AML Bitcoin's technology is a critical element of his defense, as established by

6    the information he had received.  As the Court has heard, one of the government's core

7    accusations is that AML Bitcoin lacked the technology that it (according to the government) was

8    claiming to have, and that Mr. Andrade had no reason to believe the technology would be

9    completed anytime soon. As Mr. Ward said in opening, "The technology didn't work . . .and, you

10   know, Marcus Andrade's cryptocurrency, AML Bitcoin, it was never what he said it was."

11   Transcript of Jury Trial Proceedings, 2-11-2025, 202:25-206:3. This theme of the lack of

12   technology and progress in technology development has featured heavily in the government's

13   presentation of its case.[1]

14           During this trial, the Court has permitted introduction of evidence offered by the

15   government that would have been hearsay had it been offered for the truth of the matter asserted,

16   but that was admitted for the impact of the statement on the listener.  What has been introduced

17   includes evidence the government seeks to use to show that Mr. Andrade was aware of facts

18   purportedly alerting him to problems with his business and its technology, even where there was

19   no evidence of him taking direct steps in response to the out-of-court statements.[2] In introducing

20

21   [1] *See* e.g. Transcript, 2-18-25, 986:8-19 (Government counsel inquired of Ms. Bernadette Tran
     what Mr. Andrade said about AML Bitcoin [milestones] and how frequently he said things like, "It's
22   coming soon."); Transcript, 2-13-2025, 627:10-14 (Government counsel inquires of Dr. Rene
     Acuna his understanding of whether AtenCoin technology was finalized, to which he responded
23   his understanding it was in the process of being finalized); Transcript, 2-20-2025, 1412:9-13
     (Government counsel elicited Mr. Hung Tran's guess that at the time he visited the Cross Verify
24   team in London, they were 9 to 12 months away from being able to sell the product).
     [2] *See* Transcript, 2-18-2025 at 1025:22-1026:13 (The government was permitted to introduce Ms.
25   Tran's out-of-court statements to Mr. Andrade regarding negative comments about AML Bitcoin
     on a Telegram chat, despite Mr. Andrade not reacting to or taking any steps regarding Ms. Tran's
26   statements to her about the chats); Transcript, 2-20-2025 at 1329:21-1333:8 (The government was
     permitted to introduce Exhibit 221, an email to Mr. Andrade regarding overdue payment, over
27   Defense hearsay objection, despite Mr. Andrade not having responded to the email directly and
     despite lack of evidence of any steps taken directly pursuant to that email).
28

DEFENDANT ANDRADE'S BRIEF REGARDING                    CASE NO. 3:20-CR-00249-RS
ADMISSION OF DEFENSE EXHIBIT 3202

1  evidence like Def. Exhibit 3202, the Defense is seeking to achieve the opposite effect through the

2  same means by providing evidence that tends to demonstrate that Mr. Andrade was told things

3  about the development of his technology that would reasonably inform him of the legitimacy of

4  his representations about it.

5        Mr. Naimer was in charge of the development of that technology, and his email in Def.

6  Ex. 3302 provides important evidence showing Mr. Andrade did have a reasonable belief that the

7  technology was progressing as predicted: Mr. Naimer wrote that "the product is developing nicely

8  and on time."  Needless to say, Mr. Andrade's intent in making statements the government

9  attributes to him about the AML Bitcoin technology is a "critical element" of the wire fraud

10  charge in Count One.  *See, e.g.*, *United States v. Henny*, 527 F.2d 479, 484 (9th Cir. 1975) (intent

11  is a "critical element[]" of wire fraud); *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 437

12  (1978) ("[T]raditional legal concepts . . . render intent a critical factor"). Without the requisite

13  intent, there can be no crime.  *Elonis v. United States*, 135 S. Ct. 2001, 2009 (2015) ("wrongdoing

14  must be conscious to be criminal") (quoting *Morissette v. United States*, 342 U.S. 246, 252

15  (1952)).

16        Admission of Def. Ex. 3202 falls easily within the principle that "an out-of-court

17  statement is *not* hearsay if offered for any purpose other than the truth of whatever the statement

18  asserts." *United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019); *United States v. Lin*, No. 15-

19  cr-00065-BLF-1, 2018 U.S. Dist. LEXIS 68194, *17 (N.D. Cal. April 23, 2018); VI Wigmore on

20  Evidence (3d edition), section 1789, at 235 ("Whenever an utterance is offered to evidence the

21  state of mind which ensued in another person in consequence of the utterance, it is obvious that

22  no assertive or testimonial use is sought to be made of it, and the utterance is therefore

23  admissible, so far as the Hearsay rule is concerned"); 2 McCormick on Evidence § 249 (7th ed.

24  2016) (providing examples); *see People v. Roberson*, 167 Cal.App.2d 429, 431 (1959) (finding

25  reversible error in failing to admit a statement made to the defendant that the person who later

26  sold him drugs was an undercover police officer; court determined this evidence should have

27  been admitted to corroborate the defendant's state of mind and his testimony that he would not

28

1   have sold drugs to that person).

2       There is no question that this principle applies to statements impacting the defendant's state

3   of mind.  *See*, *e.g.*, *United States v. Lin*, No. 15-cr-00065-BLF-1, 2018 U.S. Dist. LEXIS 68194,

4   *17 (N.D. Cal. April 23, 2018); *United States v. Corona*, 41 F. App'x 33, 33 (9th Cir. 2002).  Nor

5   is there any question that that this principle applies to evidence offered by the defendant. *See id*

6   (reversing conviction due to exclusion of statements offered by defendant that were "probative on

7   the issue of government inducement, not for the truth of the out-of-court statements but to show the

8   effect they had on Corona's state of mind"); *United States v. Sanchez-Estrada*, 394 F. App'x 428,

9   429 (9th Cir. 2010) (finding error, determined to be harmless, in excluding statement offered by

10  defendant showing that he was seeking out official restraint by calling the federal agent over to him

11  and starting a discussion).  Equally beyond question is that Def. Ex. 3202 is relevant:  it "has any

12  tendency to make a fact [here Mr. Andrade's intent to deceive or cheat] more or less probable than

13  it would be without the evidence . . . [and] the fact is of consequence in determining the action."

14  Fed. R. Evid. 401. The erroneous exclusion of non-hearsay testimony requires reversal where its

15  exclusion is prejudicial, *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013), as it

16  would be in this case, given that Def. Ex. 3202 provides exculpatory evidence on a central

17  government allegation and is key to Mr. Andrade's defense. *See also Sherman v. Gittere*, 92 F.4th

18  868, 878-879 (9th Cir. 2024) ("The constitutional right to 'a meaningful opportunity to present a

19  complete defense' is rooted in both the Due Process Clause and the Sixth Amendment").

20                                                          Respectfully submitted,

21

22  Dated: February 24, 2025                     **KING & SPALDING LLP**

23

24                                              By: */s/ Michael J. Shepard*
                                                    MICHAEL J. SHEPARD
25                                                  KERRIE C. DENT
                                                    CINDY A. DIAMOND
26

27                                                  Attorneys for Defendant
                                                    ROWLAND MARCUS ANDRADE
28

DEFENDANT ANDRADE'S BRIEF REGARDING                    CASE NO. 3:20-CR-00249-RS
ADMISSION OF DEFENSE EXHIBIT 3202