MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone:     +1 415 318 1221

KERRIE C. DENT (admitted *pro hac vice*)
 *kdent@kslaw.com*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone:     +1 202 626 2394

CINDY A. DIAMOND (SBN 124995)
 *cindy@cadiamond.com*
**ATTORNEY AT LAW**
58 West Portal Ave #350
San Francisco, CA 94127
Telephone:     +1 408 981 6307

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:20-cr-00249-RS<br><br>**MOTION TO EXCLUDE RECORDING OF AGENT QUINN AND DEFENDANT ANDRADE**<br><br>Judge: Hon. Richard Seeborg, Chief Judge |

Defendant Andrade requests that the Court exclude the recording of Special Agent Quinn and Mr. Andrade that was created on March 12, 2020, during the FBI's search of Mr. Andrade's family home. The government has informed the Court and the defense that, during its direct examination of Special Agent Quinn, it intends to play for the jury 14 minutes of excerpts from the recording, which was made *after* Mr. Andrade requested to call his lawyer but *before* he was permitted to do so.

The Questioning of Mr. Andrade After He Requested Permission to Call His Lawyer

The Court will recall[1] that Quinn questioned Mr. Andrade for more than 35 minutes at his home after Mr. Andrade requested to call his lawyer and asked to have his phone returned so he could retrieve his lawyer's phone number. Quinn did not give Mr. Andrade his phone or assist him in any way in getting his lawyer's phone number, but instead proceeded to question Mr. Andrade about his failure to pay taxes, the money he used to purchase his home, the marketing of AML Bitcoin, and the timing of the development of his technology – all topics directly related to the allegations in the indictment. Quinn did so with full knowledge that Mr. Andrade was represented in the investigation.[2] In addition, the conversation jumped around, so that playing an excerpt about a topic such as technology at one point does not capture what Mr. Andrade may have said about it later in the conversation. The questions did not stop until more than a half hour later, when Special Agent Wynar walked into the room and asked Mr. Andrade whether he had been given an opportunity to call his lawyer. Motion for Evidentiary Hearing on Government's Misconduct, Dkt. #499 at 21:1-8 (Jan. 23, 2025). Under these circumstances, the government should not be permitted to play any parts of the recording for the jury.

The Rule of Completeness

If the Court permits the government to play its strategically selected excerpts of the recording, then, under the rule of completeness, it should require the government to play the

---

[1] Andrade's Motion for Evidentiary Hearing on Government's Misconduct Dkt. #499 at 20:9 to 21:8 (Jan. 23, 2025).
[2] In fact, Agents Wynar and Ablett had wired up Confidential Human Source David Mata in November 2018 and recorded an entire meeting with Mr. Andrade, his lawyer, and Mata. *See* Dkt. # 499 at 17:23 to 19:9.

Andrade's Motion to Exclude Recording                    Case Number:  3:20-cr-00249-RS

1   entire recording. The government argues that defendants in a criminal case cannot introduce their

2   own statements because they are self-serving hearsay, but this oversimplifies the law. When a

3   party seeks to introduce only an excerpted portion of a statement, the rule of completeness

4   requires that other parts of a statement be admitted when, in fairness, those parts ought to be

5   considered at the same time. Fed. R. Evid. 106.  The rule of completeness applies when

6   admitting only an excerpt of a statement would create a misleading impression about what the

7   full statement conveys. *United States v. Lopez*, 4 F.4th 706, 715-17 (9th Cir. 2021). As a result,

8   where admitting an excerpt would create a factual distortion, the party proffering that cherry-

9   picked evidence cannot rely on hearsay objections to exclude clarifying parts from the full

10  statement. Fed. R. Evid. 106 advisory committee's note.

11      A defendant can admit his own statements if they qualify as hearsay exceptions or non-

12  hearsay. Nothing in the Federal Rules of Evidence precludes a criminal defendant from invoking

13  the hearsay exceptions listed in Rules 803 and 805 through 807. Moreover, courts regularly

14  apply hearsay exceptions to a defendant's statement, or, at the very least, undertake that analysis,

15  which assumes that those exceptions are applicable to a defendant in a criminal case. *See e.g.*,

16  *United States v. Canales-Fuentes*, 176 Fed. Appx. 873, 875-76 (9th Cir. 2006) (analyzing

17  whether several hearsay exceptions under Rule 803 applied to a defendant's out-of-court

18  statements in a criminal case); *United States v. Hayes*, 561 F. Supp. 3d 154, 159-60 (D.N.H.

19  2019) (as correctional officers escorted defendant inmate away from scene of the assault he was

20  charged with committing, defendant's unprompted statement that he "had no choice" to commit

21  the assault was admissible as an excited utterance, and "[t]he apparently self-serving nature of

22  [his] statement may affect its weight as evidence, but does not preclude its admission").

23      Admitting the entire conversation between Quinn and Mr. Andrade is not barred by

24  hearsay rules. As the Ninth Circuit has explained, "[t]here is no conflict between evidence

25  introduced under the rule of completeness and the bar on inadmissible hearsay because the

26  former serves the purpose of correcting a distortion created by an opposing party's misleading

27  proffer of part of a document or recording, while the latter serves the purpose of barring

28

Andrade's Motion to Exclude Recording                    Case Number:  3:20-cr-00249-RS

introduction of hearsay evidence proffered for its truth." *Lopez*, 4 F.4th at 715. *See also United States v. Castro-Cabrera,* 534 F. Supp.2d 1156, 1159 (C.D. Cal. 2008) (explaining that the rule of completeness "was designed to prevent the Government from offering a 'misleadingly-tailored snippet," and finding that the government must offer defendant's sworn statement "in its entirety if at all").

The government should not be permitted to select portions of the recording it thinks support its case against Mr. Andrade – a recording chock full of statements by Mr. Andrade – without permitting Mr. Andrade to play the rest of the recording to provide more context and avoid having selective excerpts create misleading impressions. The *Castro-Cabrera* Court explained that, although the rule of completeness "cannot be used in a general sense as an end run around the usual rules of admissibility, each analysis must be done on a case-by-case basis in order to avoid the injustice of having the meaning of a defendant's statement distorted by its lack of context."  In this case, there was no formal interview, there was no lawyer present, and chaos reigned as FBI agents made their way through Mr. Andrade's home as his wife breastfed their baby in another room.  The conversation was wide-ranging, skipping from topic to topic and back again. Here, as in *Castro-Cabrera*, the Court should permit the government to play the Quinn-Andrade recording only "in its entirety if at all." *Castro-Cabrera*, 534 F. Supp.2d at 1159.

The Ninth Circuit's pattern jury instruction #3.1 also supports this result.  Jury Instruction #3.1, *Statements by Defendant or Codefendant*, revised in June 2024, leaves it to the jury to decide how much weight to give a statement made by the defendant and encourages the jurors to consider all of the evidence about the statement, including the "circumstances under which the defendant may have made it."[3] The comments to the jury instruction include that "[w]hen voluntariness of a confession is an issue, the instruction is required by 18 U.S.C. § 3501(a),

---

[3] Instruction #3.1 states: "You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it." Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit. Rev. June 2024 https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2024_11.pdf

Andrade's Motion to Exclude Recording                          Case Number:  3:20-cr-00249-RS

1  providing that after a trial judge has determined a confession to be admissible, the judge 'shall

2  permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury

3  to give such weight to the confession as the jury feels it deserves under all the circumstances.'"

4  (citations omitted).

5    Mr. Andrade requests that the Court exclude the Quinn-Andrade recording from

6  evidence. If the Court permits the government to play its 14 minutes of excerpts from the

7  recording, then it should require the government to play the entire Quinn-Andrade recording.  At

8  the very least, Mr. Andrade should be permitted to play the parts at the beginning and end of the

9  recording, where he is heard requesting to call his lawyer, asking for his phone to call his lawyer,

10 and explaining again later that he still had not been given an opportunity to call his lawyer.

11

12        Respectfully submitted,

13

14 DATED: February 27, 2025    KING & SPALDING LLP

15         By:  */s/ Michael J. Shepard*

16          MICHAEL J. SHEPARD

         KERRIE C. DENT

17          CINDY A. DIAMOND

         DAINEC STEFAN

18

19          Attorneys for Defendant

         ROWLAND MARCUS ANDRADE

20

21

22

23

24

25

26

27

28

Andrade's Motion to Exclude Recording      Case Number:  3:20-cr-00249-RS