

November 12, 2014

<u>Via U.S. Mail & Email</u>
Mr. Marcus Andrade
Managing Member
NAC Foundation, LLC
564 Wedge Lane
Fernley, NV 89408

    Re:    *Opinion Concerning Aten "Black Gold" Coin Virtual Currency*

Dear Mr. Andrade,

You have requested that I render an opinion with respect to the applicability of the statutes, regulations and rules of the United States governing the issuance, transfer of, and settlement of securities to the Aten "Black Gold" Coin virtual currency. I am an attorney licensed to practice before the Supreme Court of Illinois, various United States District Courts and the United States Tax Court. Moreover, I have been not prohibited or otherwise enjoined from practicing before the Securities and Exchange Commission or any other national securities regulator.

*Virtual Currency and Cryptocurrency*

A virtual currency is a digital representation of value that can be digitally traded and functions as: (a) a medium of exchange; and/or (b) a unit of account; and/or (c) a store of value, but does not have status as legal tender. No government body causes a virtual currency to be issued or otherwise guaranty any such issuance. Rather, the function of virtual currency as a means of trade is accomplished by implied agreement among the users of such virtual currency.

Every virtual currency can be defined by in terms of the *de facto* ability of its users to exchange units of the virtual currency for real currency. That is, a virtual currency is deemed "convertible" when a unit of the virtual currency has an equivalent value in real currency and can be exchanged back-and-both for real currency, whereas a "closed" or "non-convertible" virtual currency only offers equivalent value within a particular domain and cannot be exchange for fiat currency. Common examples of convertible virtual currency include Bitcoin, Liberty Reserve (now defunct) and WebMoney.

A "cryptocurrency," on the other hand, is defined as a math-based, decentralized convertible virtual currency that is protected by cryptography – e.g., it incorporates principles of cryptography

O: 888.978.9901 • F: 630.689.9471 • www.IBankAttorneys.com

CHICAGO OFFICE
800 W. 5TH AVENUE
SUITE 201A
NAPERVILLE, ILLINOIS 60563

LOS ANGELES OFFICE
9107 WILSHIRE BLVD.
SUITE 450
BEVERLY HILLS, CA 90210

to implement a distributed, decentralized, secure information economy. Virtual currency is deemed "decentralized" when there exists no central administrating authority and no central monitoring or oversight. Rather, cryptocurrency relies on public and private keys to transfer value between users, the veracity of such ledger balances being left to a community of parties who act as *de facto* network administrators (or, "miners" in Bitcoin parlance) in exchange for a randomly assigned fee.

*Legal Definition of a "Security"*

15 U.S.C. §77(b) of the United States Code defines a "security" as "any note, stock, treasury stock, security future, security-based swap, bond … [or] investment contract …" Under the holding in the seminal case, *Securities and Exchange Commission v. W. J. Howey Co.* 328 U.S. 293, 298-299 (1946), an investment contract is defined as any contract, transaction or scheme involving; (a) an investment of money; (b) in a common enterprise; and (c) with the expectation that profits will be derived from the efforts of the promoter or a third party. Subsequent decisions would rely on the "risk capital test" for determining the existence of a security. *See, Securities and Exchange Commission v. Glen W. Turner,* 348 F.Supp. 767 (D. Or. 1972). The test looks at whether an investor subjects his money to the risk of an enterprise over which he exercises no managerial control. *Id.* The Court in *Turner* would go on to further define an "investment contract" as an investment in a common enterprise with the expectation of profits from the efforts of another.

*Description of Aten "Black Gold" Coin*

The Aten "Black Gold" Coin refers to a proprietary source software used to create the virtual currency as well as the peer-to-peer exchange network developed by NAC (the "Coin"). The Coin operates as a medium of exchange and as unit of account, but if tendered to a creditor, is not a valid and legal offer of payment. As such, the Coin is neither issued nor regulated by any government body. In fact, the Coin is decentralized in the sense that no single administrating authority controls the Coin.

Each Coin is coded to offer *de facto* convertibility into, among other denominations, United States currency. The Coin does not offer an *ex officio* convertibility, nor is it secured or otherwise backed or insured by any asset of any type. The Coin relies on a cryptographic hash function for transfer between users. The integrity of Coin ledger balances are anticipated to be ensured by "miners" who shall receive a randomly distributed fee in exchange for such service.

*Basis for Opinion*

In connection with the opinion contained herein, I have reviewed applicable federal laws, rules and regulations, including, specifically, the Securities Act of 1933 (the "Act"). Moreover, I have examined originals or copies, certified or otherwise identified to my satisfaction, of such documents, certificates or records provided to me by NAC as I have deemed necessary or appropriate as bases for the opinion set forth herein. In my examination, I have assumed the legal capacity of all natural persons, the genuineness of all signatures, the authenticity of all documents submitted to me as originals, the conformity to original documents of all documents submitted to me as certified or photostatic copies and the authenticity of the originals of such copies.

EX2814-002

**1B050-JAVA COIN-000005**

*Legal Opinion*

Specifically, in reliance upon NAC's representations, and in conjunction with my own due diligence, I have determined that the Coin is not a "security" within the meaning of 15 U.S.C §77(b) or any other application statute, rule or regulation of the United States. Specifically, in arriving at my opinion, I have found that the Coin is not based off a monetary investment. The holders of the Coin carry no expectation of profit by and through the efforts of any third from mere possession of the Coin. Moreover, the administration of the Coin is not subject to the specific administrative direction and control of a single entity or governing body.

The opinion provided herein is subject to the assumptions and conditions contained in this letter and is necessarily based on the information made available to me, as of the date of this letter. I assume no responsibility, and do not intend to update or revise this opinion based on circumstances or events occurring after the date of this letter. This letter is intended to be used by whom it is addressed only. Only the party to whom this letter is addressed may produce, publish or quote this letter, or portions thereof, as reasonably necessary to ensure such party's compliance with applicable laws and regulations.

Yours very truly,

Adam S. Tracy, Esq.