1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney

2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  CHRISTIAAN HIGHSMITH (CABN 296282)
   DAVID WARD (CABN 239504)
5  Assistant United States Attorneys

6  MATTHEW CHOU (CABN 325199)
   Special Assistant United States Attorney
7
        450 Golden Gate Avenue, Box 36055
8       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
9       christiaan.highsmith@usdoj.gov
        david.ward@usdoj.gov
10      matthew.chou2@usdoj.gov

11 Attorneys for United States of America

12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14
                      SAN FRANCISCO DIVISION
15

16 UNITED STATES OF AMERICA,            )  CASE NO. 3:20-cr-00249-RS
                                        )
17       Plaintiff,                     )  **UNITED STATES' OPPOSITION TO**
                                        )  **DEFENDANT'S MOTION TO IMPEACH**
18    v.                                )  **UNCHARGED GOVERNMENT WITNESSES**
                                        )  **BY LISTING THEM IN JURY INSTRUCTION**
19 ROWLAND MARCUS ANDRADE,              )  **NO. 3.8**
                                        )
20       Defendant.                     )  Jury Trial:   8:30 a.m. thru ~Mar. 10, 2025
                                        )  Court:        Courtroom 3 | 17th Floor
21 _____ )  Judge:        Hon. Richard Seeborg

22       At the charge conference today, Andrade's defense counsel moved to expand the scope of Model

23 Ninth Circuit Jury Instruction No. 3.8 beyond what this Court (and undersigned counsel) have ever seen

24 before. The government opposes Andrade's motion. For context, the entirety of Model No. 3.8 and its

25 Comment (revised March 2018) is:

26       **3.8 Impeachment Evidence—Witness**

27       You have heard evidence that [*name of witness*], a witness, [*specify basis
         for impeachment*].  You may consider this evidence in deciding whether or
28       not to believe this witness and how much weight to give to the testimony
         of this witness.

USA OPP'N TO DEF. MOT TO IMPEACH UNCHARGED WITNESSES BY LISTING THEM IN JURY INSTRUCTION
3:20-CR-00249 RS                              1

**Comment**

Fed. R. Evid. 608 (A Witness's Character for Truthfulness or Untruthfulness) and 609 (Impeachment by Evidence of a Criminal Conviction) place restrictions on the use of instances of past conduct and convictions to impeach a witness, and Fed. R. Evid. 105 (Limiting Evidence That Is Not Admissible Against Other Parties or for Other Purposes) gives a defendant the right to request a limiting instruction explaining that the use of this evidence is limited to credibility of the witness.

As its comment notes, Model Instruction No. 3.8 governs impeachment in three defined situations: (1) impeachment with testimony on a witness's general character for truthfulness or untruthfulness under Rule 608; (2) impeachment with prior criminal convictions that meet the strictures of Rule 609; and (3) and a defendant's *protections* from unbounded impeachment, under Rule 105, in certain circumstances. *See, e.g.*, *Dipple v. United States*, 403 F.2d 966, 967 (9th Cir. 1968) (affirming similar instruction when *defendant* was impeached by his prior felony convictions after he testified).

Andrade seeks to turn Model Instruction No. 3.8 from a shield into a sword. He asks the Court to name nine government witnesses in the jury instruction: Brandi Jodoin (AtenCoin employee and investor-victim); John Szeder (Chief Technical Officer); Evan Carlsen (developer offered CTO job); Melanie Cowan (AML Bitcoin office employee); Bernadette Tran (AML Bitcoin office employee); John Bryan ("market making" / Super Bowl ad); Brian Darrow (salesperson; convicted felon testifying under plea agreement arising from same investigation); Jack Abramoff (lobbyist; admitted co-conspirator testifying under plea agreement); and Carlos De La Guardia (AML Bitcoin advisor in Panama). Only Abramoff and Darrow should be mentioned in Instruction No. 3.8, because only they were impeached under any of the rules mentioned in the Comment to the Model. Specifically, both Abramoff and Darrow have criminal convictions that are admissible under Rule 609. There was no evidence under Rule 608 and 609 regarding the other seven witnesses that the Andrade seeks to name in the instruction.

The Court should not name anyone in Instruction 3.8 except for Abramoff and Darrow for three reasons. *First*, "[t]o instruct the jury as Movant proposes would constitute comment on the evidence by the trial court. Moreover, the trial court would invade the province of the jury in that the issue was whether witnesses [*X*] and [*Y*] lied in their trial testimony. It is the jury's *exclusive function,* i.e. to the exclusion of the trial court, to (1) determine witness credibility; (2) resolve evidentiary conflicts, and (3)

draw reasonable inferences from proven facts." *See United States v. Singh*, No. CR-03-540-PHX-DGC, 2009 WL 1028179, at *11 (D. Ariz. Apr. 16, 2009) (emphasis in original) (disapproving defendant's change to impeachment instruction to state that certain witnesses lied under oath during trial) (collecting cases). Here, if the Chief Judge of the District were to instruct the jury that a witness was impeached, it is the jury would likely be strongly swayed. This is why Instruction No. 3.8's ambit is limited to evidence, such as criminal convictions, which are circumscribed by specific rules.

*Second*, naming uncharged individuals as "impeached" under oath in a jury instruction may inflict collateral consequences. In the government's view, most of the witnesses listed by the defense are blameless in this case and were not impeached on the stand. Suggesting that they were, in a judicial jury instruction memorialized on the record and in public, needlessly poses a risk to their reputations. That again highlights why Instruction 3.8 is best read as applying only to criminal convictions and character testimony—and even then, usually as a *defensive* tool that shields a defense witness from unbounded impeachment. Indeed, the relative dearth of caselaw suggests that courts use this instruction rarely and do so in circumstances where the defendant has little reason to challenge or appeal it.

*Third*, [t]he omission of an instruction is 'less likely to be prejudicial than a misstatement of the law.'" *Walker v. Endell*, 850 F.2d 470, 475 (9th Cir. 1987) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)). If the Court views the scope of this instruction as a close call, the Court should err on the side of omitting witness names or giving "an incomplete instruction." *Kibbe*, 431 U.S. at 155.

In sum, the Court should name no more than Jack Abramoff and Brian Darrow in Instruction No. 3.8 (Impeachment Evidence—Witness).

DATED: March 4, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

_____/s/_____
CHRISTIAAN H. HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney