1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  CHRISTIAAN HIGHSMITH (CABN 296282)
   DAVID WARD (CABN 239504)
5  Assistant United States Attorneys

6  MATTHEW CHOU (CABN 325199)
   Special Assistant United States Attorney
7
         450 Golden Gate Avenue, Box 36055
8        San Francisco, California 94102-3495
         Telephone: (415) 436-7200
9        christiaan.highsmith@usdoj.gov
         david.ward@usdoj.gov
10       matthew.chou2@usdoj.gov

11 Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-cr-00249-RS |
| Plaintiff, | **UNITED STATES' MOTION TO ALLOW JURY TO USE DEMONSTRATIVE PHOTOS OF WITNESSES TO AID DELIBERATIONS** |
| v. | |
| ROWLAND MARCUS ANDRADE, | Jury Trial: 8:30 a.m. thru ~Mar. 14, 2025<br>Court: Courtroom 3 \| 17th Floor |
| Defendant. | Judge: Hon. Richard Seeborg |

The United States moves to allow the jury to use, during deliberations, a demonstrative that contains photos of who testified on each trial day. The defense opposes after a meet-and-confer today. The government will email the proposed demonstrative to the Court for its review.

The government has cleared the low bar for providing this helpful demonstrative. Under recently enacted Rule 107, the Court need only find "good cause" to provide the jury with a demonstrative (which the rule calls "illustrative aids") during deliberations. Fed. R. Evid. 107(b). "This rule requires the court to assess the value of the illustrative aid in assisting the trier of fact to understand the evidence

or argument," and the rule's purpose is expressly to give trial courts "some discretion to allow the jury to consider an illustrative aid during deliberations." *Id.* at Advisory Committee Note to 2024 Enactment.

Here, there is good cause because photos of the witnesses, divided by day, will greatly help the jury recall the evidence in this five-week trial. *See, e.g.*, Hon. Robert M. Parker, Chief Judge of E.D. Texas (1990–1994) and Fifth Circuit Judge (1994–2002), *Streamlining Complex Cases*, 10 Rev. Litig. 547, 555 (1991) ("One way the court can upgrade the quality of deliberations is by taking a photograph of each witness on the witness stand during actual testimony and then providing these photographs in a notebook for the jury at the conclusion of the trial. The photographs should have the witness' name and date of testimony to aid the jury in connecting the witness to their notes. It has been reported that this procedure greatly enhances the jury's powers of recall."). And witness photos would be especially helpful here. There have been several time gaps in this five-week trial and 35 witnesses across the government's case-in-chief, the defense's case, and the government's rebuttal case.

There is also ample precedent for allowing the jury to review photos of testifying witnesses to aid deliberations. The government's understanding is that the Court has provided such photos to the jury before. *See, e.g.*, *United States v. Kelly et al.*, No. 3:21-cr-00402-RS (*Kelly* and *Makras* trials). So have other courts, even before the clarifying enactment of Rule 107. *See, e.g.*, *United States v. Johnson*, 362 F. Supp. 2d 1043, 1062–63 (N.D. Iowa 2005) ("It is perhaps during deliberations that jurors would be most assisted in recalling the testimony of particular witnesses by having the opportunity to see photographs of those witnesses."), *aff'd in part*, 495 F.3d 951 (8th Cir. 2007) (no appellate discussion of photos); *United States v. Heppner*, No. CRIM. 05-94JRTFLN, 2006 WL 2228972, at *2 (D. Minn. Aug. 3, 2006) ("The Court provides the jury with names and photographs of testifying witnesses to aid the jury in deliberations."), *aff'd sub nom. United States v. Heppner*, 519 F.3d 744 (8th Cir. 2008).

Accordingly, the United States respectfully asks that the Court:

1. Permit the jury to use, as an illustrative aid that is not evidence, photographs and names of the witnesses. Concurrent with the filing of this motion, the government will email the Court a copy of its proposed demonstrative, which separates the photos and names by trial day.
2. Instruct the jury that "the illustrative aid is not evidence and cannot be considered as proof of any fact." Fed. R. Evid. 107, Advisory Committee Note to 2024 Enactment.

3.  Mark the illustrative aid as an exhibit to make it part of the record. *See id.*

DATED: March 10, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

/s/
CHRISTIAAN H. HIGHSMITH
DAVID J. WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney