# *United States v. Marcus Rowland Andrade*

Case No. 20-cr-249-RS-1

<u>Final Jury Instructions</u>

3/10/2025

**1.**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy for each of you of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**2.**

      The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**3.**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**4.**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**5.**

The evidence you are to consider in deciding what the facts are consists of:

> First, the sworn testimony of any witness;
>
> Second, the exhibits received in evidence; and
>
> Third, any facts to which the parties have agreed.

**6.**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**7.**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**8.**

You have heard evidence that the defendant committed other wrongs or acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, opportunity, preparation, plan, knowledge, absence of mistake, and absence of accident and for no other purpose.

**9.**

You have heard evidence that witnesses Jack Abramoff and Brian Darrow were convicted of crimes unrelated to this case. You may consider this evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

**10.**

You have heard testimony from Jack Abramoff, a witness who received benefits from the government in connection with this case, and admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.

Mr. Abramoff pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Jack Abramoff, you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Jack Abramoff with greater caution than that of other witnesses.

You have heard testimony from Brian Darrow, a witness who received benefits from the government in connection with this case, and pleaded guilty to a crime arising out of the same investigation for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Brian Darrow, you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Brian Darrow with greater caution than that of other witnesses.

**11.**

You have heard testimony from James Carfora, Theresa Chiu, Erik Min, Levi Armstrong, and Amanda Gregory, who testified about his or her opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**12.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**13.**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. Certain of these charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**14.**

Certain other charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**15.**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**16.**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**17.**

The indictment charges that the offenses alleged in Count One and Count Two were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count One and Count Two of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**18.**

You have heard testimony that the defendant made statements. For each statement, it is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

# 19.

I will now instruct you on the elements of the crimes charged, beginning with Count One. The defendant is charged in Count One of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, on or about January 12, 2018, the defendant used, or caused to be used, an interstate or foreign wire communication, specifically, a wire transfer in the amount of $730,000 originating from a bank account in the Northern District of California, to carry out or attempt to carry out an essential part of the scheme, as charged in Count One.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

To convict a defendant of wire fraud, the false or fraudulent pretenses, representations, or promises must directly or indirectly deceive the victim about the nature of the bargain. A misrepresentation will go to the nature of the bargain if it goes to price or quality, or otherwise to essential aspects of the transaction. Whether a misrepresentation goes to the nature of the bargain may depend on the specific transaction at issue.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and the interstate or foreign wire communication charged in Count One must have

actually occurred in furtherance of the scheme.

   If the defendant acted in good faith, then he lacked the intent to defraud required to prove the offense of wire fraud as charged in Count One. The defendant acted in good faith if, at the time, he honestly believed in the truth of the representations or promises that the government has charged as being false or fraudulent. However, a defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is not a defense to the crime.

**20.**

The defendant is charged in Count Two of the indictment with laundering and attempting to launder money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of wire fraud;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity;

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds; and

Fourth, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

A financial transaction is a transaction involving one or more monetary instruments that affect interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony. I instruct you that wire fraud is a felony.

**21.**

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what the other co-schemers said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

A defendant may be found guilty of (1) wire fraud (as charged in Count One of the Indictment) and/or (2) money laundering (as charged in Count Two of the Indictment) even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

To prove a defendant guilty of wire fraud (as charged in Count One of the Indictment) by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the wire fraud charged in Count One;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of wire fraud;

Third, the defendant acted with the intent to facilitate wire fraud as charged in Count One; and

Fourth, the defendant acted before the crime was completed.

To prove a defendant guilty of money laundering (as charged in Count Two of the Indictment) by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed money laundering, as charged in Count Two;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of money laundering;

Third, the defendant acted with the intent to facilitate money laundering; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit wire fraud as charged in Count One or money laundering as charged in Count Two.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**23.**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that:

First, the defendant was aware of a high probability that wire fraud or money laundering was occurring, and

Second, the defendant deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that no wire fraud or money laundering was occurring, or if you find that the defendant was simply negligent, careless, or foolish.

**24.**

Evidence has been admitted that the defendant may have suffered from diminished capacity at the time that the crime charged was committed. You may consider evidence of the defendant's diminished capacity in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with the intent required to commit wire fraud, as charged in Count One, and money laundering, as charged in Count Two.

# INSTRUCTIONS FOLLOWING CLOSING ARGUMENTS

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**26.**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**27.**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**28.**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**29.**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

**30.**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.