PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
DAVID WARD (CABN 239504)
Assistant United States Attorneys

MATTHEW CHOU (CABN 325199)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    christiaan.highsmith@usdoj.gov
    david.ward@usdoj.gov
    matthew.chou2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:20-CR-00249 RS |
| Plaintiff, | UNITED STATES' EX PARTE MOTION FOR ALTERNATIVE VICTIM NOTIFICATION PURSUANT TO 18 U.S.C. § 3771(D)(2) |
| v. | |
| ROWLAND MARCUS ANDRADE, | |
| Defendant. | |

Pursuant to 18 U.S.C. § 3771(d)(2), the United States of America respectfully moves for authorization to use alternative victim notification procedures — namely, publication on a Federal Bureau of Investigation website, email notification to victims whose email addresses can be identified, and a press release directing victims to the website— because it believes that there are a large number of potential crime victims in this case, making it impracticable to notify them on an individualized basis. In support of its motion, the Government states the following:

MOT. FOR ALT. NOTIFICATION           1
3:20-CR-00249 RS

1.     On June 22, 2020, 2020, defendant Andrade was charged in an Indictment with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of money laundering in violation of 18 U.S. § 1956. *Dkt. 1* The Indictment alleged that, beginning no later than July 2017, and continuing through no later than December 2018, the defendant and his co-schemers fraudulently marketed and sold what they claimed was a revolutionary new cryptocurrency, AML Bitcoin. *Id*. Andrade and his co-schemers represented to potential purchasers that AML Bitcoin had groundbreaking patented security features that would allow it to comply with anti-money laundering and know your customer laws, and falsely stated and implied that they had reached or were about to finalize agreements with government agencies, companies, and other prospective users of the cryptocurrency, and that this widespread adoption would cause the value of AML Bitcoin to soar. *Id*. In fact, the defendant and his co-schemers never developed a working AML-compliant bitcoin, and investors who purchased AML Bitcoin tokens (a placeholder precursor to the promised AML Bitcoin) lost their entire investment. After a five-week trial, a jury convicted defendant Andrade of both counts of the indictment - wire fraud and money laundering. *Dkt. 615.* At trial, the government introduced evidence, including ledgers and spreadsheets seized from defendant Andrade's offices, that identified over 4,000 individuals who may have invested in AML Bitcoin; some of those victim entries had email addresses. The evidence at trial established that these purchasers were defrauded, and that their investment funds were never repaid or returned.

2.     The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). In a case involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in 18 U.S.C. § 3771(a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

3.     The evidence at trial established that defendant Andrade's fraud scheme affected thousands of market participants—all potential victims—that purchased AML Bitcoin during the time

period alleged in the Indictment. Given the number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and provide individualized notice to each potential crime victim pursuant to 18 U.S.C. § 3771(a).

4. As an alternative procedure to notify the potential victims in this case, the Government proposes that it take two steps: 1) the government will send email notification to every victim whose email can be identified from the trial evidence. The government has over 4,000 email addresses that may be those of victims who purchased AML Bitcoin, and; 2) the government will create and maintain a public Federal Bureau of Investigation website. The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents. The website will also contain an email address and phone number for a Victim Assistance Line through which individual potential victims can contact the FBI and the U.S. Attorney's Office with questions regarding the case. The government will publicize the website through a press release.

5. Courts have authorized the use of a website by the Government to notify potential crime victims under the CVRA in other complex fraud cases that involved numerous potential victims, including cases with potential victims of conduct similar to that in this case. *See United States v. Ginster*, 22-CR-374 JSC, Dkts. 39, 40 (N.D. Cal. Oct. 2022); *see also United States v. Elbaz,* 18-CR-157-TDC, Dkt. 89 (D. Md. Nov. 5, 2018) (granting motion to permit victim notification through the use of a website in a case involving an alleged conspiracy to defraud investors in binary options); *United States v. Babich*, No. CR 16-10343-ADB, 2017 WL 8180771, at *3 (D. Mass. Aug. 8, 2017) (finding alternative victim notification procedures appropriate, including the use of websites, in a fraud case involving a four-and-a-half year conspiracy where the government "had positively identified approximately 30 victims and potentially there were thousands of victims"); *United States v. Citicorp*, No. 3:15-cv-78 (SRU), 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (permitting victim notification through a Department of Justice website and through letters to lead counsel for plaintiffs in private civil litigations); *United States v. Madoff*, No. 08 Mag. 2735, slip op. at 1-3 (S.D.N.Y. Mar. 6, 2009) (permitting the government to satisfy the CVRA by posting notices about scheduled public

proceedings on the U.S. Attorney's Office website and by having the court-appointed trustee include a link to the U.S. Attorney's Office website on the trustee's own website); *United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) ("Given the large number of potential alleged crime victims, notification by publication [on the U.S. Attorney's Office website or a Department of Justice website] is a reasonable procedure that will both give effect to the [statute] and will not unduly complicate or prolong the proceedings.").

THEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to use email notification where available, along with an FBI-created website, publicized through a press release, as a reasonable alternative procedure for notifying potential crime victims in this case.

Dated: May 2, 2025

PATRICK D. ROBBINS
Acting United States Attorney

     /s/
CHRISTIAAN HIGHSMITH
DAVID WARD
Assistant United States Attorneys

MATTHEW CHOU
Special Assistant United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-CR-00249 RS |
| Plaintiff, | [PROPOSED] ORDER AUTHORIZING ALTERNATIVE VICTIM NOTIFICATION PURSUANT TO 18 U.S.C. § 3771(d)(2) |
| v. | |
| ROWLAND MARCUS ANDRADE, | |
| Defendant. | |

Upon the United States' *Ex Parte* Motion for Alternative Victim Notification Pursuant to 18 U.S.C. § 3771(d)(2), and for good cause shown, the Court finds that:

1. This case falls within the "multiple crime victims" provision of § 3771(d)(2);

2. It is impracticable, based on the number of potential crime victims, to individually identify all the victims in this case and accord them the notice and the rights described in § 3771(a);

3. The plan of the United States to send emails where victim email addresses can be identified, and to employ a Federal Bureau of Investigation website for victim notification to provide notice to the large number of potential victims in this case is a reasonable procedure to give effect to the provisions of § 3771.

1  Accordingly, the Court hereby ORDERS that the United States is authorized to employ a Federal
2  Bureau of Investigation website for large cases in order to provide notice to the large number of
3  potential victims in this case as described in the United States' *Ex Parte* Motion for Alternative Victim
4  Notification Pursuant to 18 U.S.C. § 3771(d)(2).

5  **IT IS SO ORDERED**.

7  Dated: May ____, 2025

_____
HONORABLE RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE