CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KAREN BEAUSEY (CABN 155258)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: 415-436-6598
    Fax: 415-436-7234
    Email: Karen.Beausey@usdoj.gov

Attorneys for United States of America

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROWLAND MARCUS ANDRADE, <br><br> Defendant. | Case No. 20-CR-00249 RS <br><br> **UNITED STATES REPLY TO DEFENDANT ANDRADE'S OPPOSITION TO APPLICATION OF THE UNITED STATES FOR ORDER ISSUING FORFEITURE MONEY JUDGMENT** |

    Defendant Andrade has filed an Opposition to the United States' Application for an Order Issuing a Forfeiture Money Judgment (Dkt. 780), objecting to imposition of a Forfeiture Money Judgment on the same grounds already considered and rejected by the Court. His objections should be rejected, and the Order should issue.[1]

    On July 23, 2025, prior to first sentencing hearing in this matter, the United States filed a Motion

---

[1] Defendant also requested an extension of time to file his opposition. Dkt. 773. One reason for the requested extension: that the government has not yet provided the defendant's new counsel with exhibits filed under seal (Dkts. 732-2 and 732-3). *See also* Dkt. 780. As the government previously communicated to counsel via email, the government will provide Dkts. 732-2 and 732-3 as soon as counsel signs the protective order in this case. *See, e.g.*, Dkts. 24, 208, 271, 357 (Protective Orders). Counsel may have filed Personal Identifying Information and other discovery material in violation of the Protective Orders. *See, e.g.*, Dkt. 777-9.

for Forfeiture Money Judgment.  Dkt. 711.  Following the first sentencing hearing, on July 21, 2025, the Court issued an Initial Order of Forfeiture, noting that the Forfeiture Money Judgment would be in an amount equal to the proceeds the defendant obtained, directly or indirectly, as the result of the commission of the offenses of conviction, and any property traceable thereto, which amount would be determined by the Court at or following the Restitution Hearing.  Dkt. 721.

Following the initial sentencing hearing, the defendant filed an Opening Brief Objecting to Government's Proposed Forfeiture and Restitution Orders (Dkt. 728) and, subsequently, a Reply Regarding Restitution and Forfeiture (Dkt. 728).  In those filings the defendant raised and extensively briefed the same claims and issues identified in the defendant's instant Opposition, including complaints about the calculations made by the IRS agent, arguments that the IRS agent impermissibly included certain amounts, arguments regarding the calculation of the forfeiture amount, challenges regarding the amount of criminal proceeds he believes should be attributed to him, arguments regarding whether amounts he attributes to other individuals (such as Mata, Abramoff, etc.) should be included, arguments regarding whether funds he alleges he invested in the business should be included, etc.

On September 16, 2025, the Court heard argument on these points at the second sentencing hearing. The Court considered each of the defendant's arguments, agreed with some, and on the same date issued an Order Granting in Part Request for Forfeiture and Restitution, granting the government's request for a forfeiture money judgment in the amount of $8,374,609.  Dkt. 740.

Because the Court's September 16, 2025 Order did not specifically address the language necessary to ensure the government's ability to enforce the forfeiture order, and to meet the requirements of F.R.C.P. 32(b)(2)(A), on September 24, 2025, the United States filed an Application for an Order Issuing a Forfeiture Money Judgment (Dkt. 762).  The proposed Order memorialized the forfeiture order already made by the Court in Dkt. 740, and included the language necessary for the government to seek satisfaction of the judgment from the defendant.  The defendant has not identified any basis to object either to memorialization of the Court's order or to inclusion of language necessary for its enforcement.  Rather, he seeks to relitigate the very claims and arguments already raised him in multiple filings and over the course of two sentencing hearings.  Those arguments have already been

///

considered and rejected by the Court, and the [Proposed] Order Issuing Forfeiture Money Judgment should be issued.

Dated: September 24, 2025                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____
KAREN BEAUSEY
Assistant United States Attorney