IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant | CASE No. 3:20-cr-00249-RS-1<br><br>**DECLARATION OF JOHN PEARCE IN SUPPORT OF MOTION OF ADMINISTRATIVE RELIEF TO EXTEND SURRENDER DATE AND NINTH CIRCUIT UPDATE**<br><br>Judge: Hon. Richard Seeborg |

# EXHIBIT - B

## DECLARATION OF JOHN M. PEARCE

John M. Pierce (Bar No. 250443)
jpierce@johnpiercelaw.com
**JOHN PIERCE LAW P.C.**
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 961-1848

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:20-CR-00249-RS<br><br>**DECLARATION OF JOHN PIERCE IN SUPPORT OF ADMINISTRATIVE RELIEF TO EXTEND SELF-SURRENDER DATE**<br><br>Judge:   Hon. Richard Seeborg |

DECLARATION OF JOHN M. PIERCE IN SUPPORT OF ADMINISTRATIVE RELIEF TO EXTEND SELF-SURRENDER DATE MOTION

   This declaration incorporates by reference all the facts set forth in the previous declaration as set forth in docket number 788-1. I John M. Pierce declare as follows:

1. I am counsel of record for Defendant Rowland Marcus Andrade in the above-entitled action and submit this declaration based on personal knowledge obtained through my direct representation of Mr. Andrade, review of relevant case materials, and communications with him and his medical providers. If called as a witness, I could

- 1 -

DEFENDANT MARCUS ANDRADE'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND SURRENDER DATE AND 9TH CIRCUIT UPDATE.                         CASE NO. 3:20-CR-00249-RS

and would testify competently thereto.

2. Mr. Andrade's left ankle surgery is a Dwyer osteotomy with anterior capsulotomy and osteophyte excision to correct a high-arched (cavovarus) foot deformity and address associated structural problems.

3. With the help of his endocrinologist, Mr. Andrade was able to lower his A1C from 8.7 to 6.9 and has now been given a surgery date of January 26, 2026.

4. I reviewed documentation confirming that his doctors believe he suffers from a chronic case of Angina Pectoris, and I was informed that he underwent a 2D echocardiogram. Mr. Andrade is currently awaiting the test results.

5. I have provided the government and the probation department with Mr. Andrade's medical records relating to the planned Dwyer osteotomy with anterior capsulotomy and osteophyte excision surgery appointment on January 26, 2026, as well as records addressing his other ankle conditions and report surrounding the Angina Pectoris issue which was determined from a Chart Review. The medical report included the results of a drug test where Andrade came back negative.

6. Mr. Andrade made multiple attempts to schedule his left-ankle surgery in November but was unable to do so because his A1C level was not yet low enough, as confirmed by the medical records provided to the government. The doctors allowed Mr. Andrade to take multiple A1C tests within a 45-day period in order to meet the medical criteria necessary to schedule his surgery. While A1C tests are typically performed every 90 to 120 days, the doctors made an exception due to the urgency of his situation, ensuring that his blood sugar levels were sufficiently controlled so that he could

proceed with scheduling his surgery as soon as possible. December was also unavailable because the surgical schedule was already full; at the Veterans Administration (VA), orthopedic surgeons operate only on Wednesdays, as they spend the remainder of their time at other hospitals.

7. Newly retained counsel will require sufficient time to review the extensive record, assess prior work product, and work closely with Mr. Andrade to understand the factual, technical, constitutional, forfeiture, and financial issues in this case. Mr. Andrade's active participation is essential to interpreting trial evidence, coded witness communications, and voluminous financial and technical records, including the forfeiture and restitution materials contained in the docket.

8. By way of example, a government witness connected to Count One of the wire fraud charges gave inconsistent accounts of how he learned about BlockBits Capital—testifying at trial that the information came through his firm, Tenaya Capital, while previously telling the FBI that he learned of it during a chance meeting on an airplane. Similar complexities arise in the forfeiture proceedings, where understanding which entities operated as Abramoff proxy companies and how funds moved among related parties—including entities such as Watley Group, Landfair Capital, Sugar Mountain Holding, and Worldwide Financial—requires Mr. Andrade's firsthand knowledge.

9. Premature surrender would significantly impair counsel's ability to prepare appellate and forfeiture filings, create procedural inefficiencies, and prejudice Mr. Andrade's appellate rights. Without his direct involvement, newly retained counsel would be forced to reconstruct intricate relationships and financial transactions in a compressed

- 3 -

timeframe, increasing the likelihood of delay, added expense, and ineffective representation.

10. Mr. Andrade is not a flight risk. The Probation Office determined that Mr. Andrade was not a flight risk and recommended that he be allowed to self-surrender (which of course would occur after both his conviction and sentencing). *See* ECF 706 at 45. Mr. Andrade was indicted in June 2020 and has appeared at all judicial proceedings requiring his appearance since that date and still continues actively working on his case on a day to day basis.

11. Mr. Andrade even had communications with the probation department in trying to plan his self-surrender—further exhibiting self-initiative and compliance with the Court's orders. Mr. Andrade always has fully complied with the terms of his pretrial and post-sentencing release and when in doubt about anything, he seeks written guidance from attorneys and if still not sure, he seeks permission from the Court. For example, he asked the 9th circuit for permission to sell stock while requesting to place monies with the Court pending his appeal. A person whose is a flight risk or danger, just does not do that.

12. Andrade holds an ownership interest in his home, jointly with his wife, as well as joint-stock in biometric-based, patent-protected intellectual property he developed in 2015. These assets have the potential joint value in the tens of millions, if not hundreds of millions, of dollars. Individually, these assets could be sufficient to satisfy the full amount of the forfeiture judgment.

13. If Mr. Andrade were to flee — which he will not — he would risk losing his interest in

- 4 -

DEFENDANT MARCUS ANDRADE'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND SURRENDER DATE AND 9TH CIRCUIT UPDATE.   CASE NO. 3:20-CR-00249-RS

all of his assets, including those jointly held with his wife and children. Such an action would have devastating consequences for his family. Not only financially, but his two young daughters, ages 6 and 10, would endure significant emotional strain and would be further traumatized by either his incarceration or flight. Mr. Andrade is deeply committed to his family and would never take any action that would endanger their mental state or their well-being.

14. Given his irreplaceable role as a father, the significant financial stake he would forfeit if he fled, his non-dangerous status, and his continued active engagement in his defense, the Court should recognize that these factors—among many others—strongly support Mr. Andrade will not flee and isn't a threat to society.

15. Andrade continues to meet all supervision and reporting obligations. Mr. Andrade also consents to reasonable temporary conditions of release during the extension period, including GPS or home-detention monitoring if the Court or Probation deems it necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 16, 2025.

/s/ John M. Pearce