John M. Pierce (Bar No. 250443)
jpierce@johnpiercelaw.com
JOHN PIERCE LAW
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel (321) 961-1848
Attorneys for Defendant
ROWLAND MARCUS ANDRADE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Case No. 3:20-CR-00249-RS |
|---|---|
| Plaintiff, | **DEFENDANT'S REPLY TO GOV. OPP. MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND SURRENDER DATE AND NINTH CIRCUIT UPDATE** |
| v. | |
| ROWLAND MARCUS ANDRADE | |
| Defendant. | Judge:      Hon. Richard Seeborg |

DEFENDANT'S REPLY TO GOVERNMENT OPPOSITION FOR ADMINISTRATIVE
RELIEF TO EXTEND SELF-SURRENDER DATE AND NINTH CIRCUIT UPDATE

## I. **Introduction**

In the interest of justice, Mr. Andrade requested an extension of his current self-surrender date of January 9, 2026, either for 45 days after specialized counsel has formally joined the Ninth Circuit case, or until the due date for his appellate opening brief. If the Court is inclined to grant the extension while keeping his self-surrender date in place, then given that everyone is off for the Christmas holidays until January 6, 2026, we ask that we be allowed to push off the surrender date for 21 days after that date so that Andrade can file an emergency appeal with the Ninth Circuit.[1] Andrade has demonstrated a substantial likelihood of success on appeal. *See* Fn. 6.

---

[1] Ninth Circuit Rule 9-1.2 expressly recognizes that a defendant may file a motion to stay a self-surrender date pending the court's ruling on a motion for release pending appeal. Ninth Circuit Rule 9-1.2 and its accompanying official commentary expressly direct parties to use the court's existing emergency motions procedures, found in Circuit Rule 27-3, whenever relief is needed within 21 days. Counsel will need time to locate specialized counsel in order to assist with the filing of an appeal of the potential denial of this motion to extend his self-surrender date. (**Ex. A**, Pierce Decl. ¶¶ 2-3).

- 1 -

Defendant's Reply to Government Opposition to Motion for
Administrative Relief to Extend Surrender Date & Ninth Circuit
Update

CASE NO. 3:20-CR-00249-RS

In this Reply, because the Court limited counsel's response, counsel does not seek to re-argue issues already substantiated in the motion. Instead, counsel highlights the parallel limitations between counsel and Mr. Highsmith: counsel lacks expertise in FISA, CIPA, CIA, and NSA-related documents, policies, procedures, and related criminal matters, while Mr. Highsmith lacks the necessary skillset to accurately interpret medical records, as his opposition demonstrates (Dkt. 810 at 10:3–6). Highsmith is also aware that Andrade needs surgery on both of his ankles but the left one is causing way more pain.

This case raises serious and ongoing issues that merit congressional and Senate testimony, under oath, from all current and former parties involved. As to the prosecutors, they have admitted they are not the ones making the decisions in this case, which clearly places a significant burden on them, a burden that I would not wish on any government attorney. This case involves *Bitcoin-related operations linked to the Russian Election Interference Scandal* and exposes deliberate and unlawful actions by the government to destroy, suppress, and conceal critical evidence, while also attempting to *silence anyone with knowledge of it*.

## II. Ninth Circuit: Existing and Pending Orders

As the Court is aware, the Ninth Circuit has already entered an order granting Mr. Andrade 90 days to locate specialized appellate counsel (Dkt. 808 at Fn. 2; 9th Cir. No. 25-5095 at Dkt. 28). In addition, Mr. Andrade's pending Ninth Circuit motion—*Appellant's Motion to Use Stock Assets and Conduct a Public Fundraiser for Specialized Counsel and Family Support* (9th Cir. No. 25-5095, Dkt. 33), attached to the opening motion (Dkt. 808-1, Ex. A)—sets forth with specificity why specialized counsel is required. *Notably, prosecutors were barred from opposing these Ninth Circuit motions presumably by the government's compliance attorney, whose authority is limited to the Circuit Court.* That pending motion also seeks a Ninth Circuit order

Defendant Marcus Andrade's Motion for Administrative Relief to Extend Surrender Date & Ninth Circuit Update

CASE NO. 3:20-CR-00249-RS

preventing further government interference with Mr. Andrade's efforts to retain specialized

appellate counsel (see Ninth Cir. Dkt. 35). *The evidentiary basis for such review and the need for*

*specialized counsel is substantial, supported by the record and is not conclusory*.[2] *See also* Fn. 6

### III. Govt.'s Efforts to Block CIPA-Related Appellate Review

The government is determined to prevent the Ninth Circuit from reviewing the underlying

classified materials to verify whether the classified declarations previously considered by this

Court were accurately summarized.[3] The Ninth Circuit cannot meaningfully assess these issues

without a properly framed motion, prepared by specialized counsel and informed by Mr.

Andrade's firsthand knowledge of the record.[4]

The government is fully aware that preventing Mr. Andrade from obtaining specialized

counsel not only threatens his appellate rights but also jeopardizes the integrity of the appellate

process and infringes upon his Sixth Amendment right to effective assistance of counsel. Counsel

respectfully submits that compelling his immediate incarceration would effectively prevent

Andrade from complying with the Ninth Circuit's existing order—and its pending follow-up—by

rendering those appellate protections meaningless.

### IV. Request for Medical Surgery and Testing & BOP

Counsel made repeated, good-faith efforts to resolve this matter without Court

---

[2] The District Court record similarly contains substantial evidence demonstrating the need for specialized counsel, including materials previously filed at Exhibits J-1 and J-2 the Corrected Defendant's Reply of Motion for Bond Pending Appeal (Dkt. 777). Those exhibits are attached to this Reply for the Court's convenience. **See Ex. B** (Request for Informant File) and **Ex. C** (Abramoff-Russia Recording).
[3] The District Court authorized the government to withhold classified evidence on October 4, 2024, citing national security concerns and referencing the government's submission of classified declarations (D.C. Dkt. 367 at 2:8–11).
[4] Non-specialized counsel, including myself, do not know where to recommend that the Circuit Court compel the government to look in order to identify and search the appropriate departments, records, or locations, or to ascertain the existence of other reports that may contain this critical evidence. Let alone, we don't know the policies and procedures within those agencies when dealing with matters like this. Mr. Andrade's appeal will involve extensive pre-briefing litigation, including anticipated motions to supplement the record, in what is expected to be a highly contested appellate proceeding arising from the government's *cloak-and-dagger operations*.

Defendant Marcus Andrade's Motion for Administrative Relief to                    CASE NO. 3:20-CR-00249-RS
Extend Surrender Date & Ninth Circuit Update

intervention, including asking the government to propose a mutually agreeable stipulation date. *See* Ex. A, Pierce Decl. ¶¶ 4–7. Mr. Highsmith claims that surgery was suddenly requested after Mr. Andrade's motion to remain on bond was denied. However, the medical records he relies on, when properly interpreted by someone with a clear understanding of medical terminology, would confirm that Mr. Andrade:

> underwent surgery (on 10/6/2021) and subsequent hardware removal (11/22/2022), and that X-rays reveal calcification, likely prior deltoid ligament injury, and varus angulation of the left tibiotalar joint. **Non-surgical treatment has failed**, making him a **candidate for a Dwyer osteotomy to correct the deformity**. Surgery has not yet occurred because Mr. Andrade is high-risk due to poorly controlled diabetes (A1C 8.7). Weight-bearing X-rays have been ordered, and the plan is to reevaluate once his A1C is below 7 to minimize surgical risk and improve healing. *See* Dkt. 810-2 at p. 1–4 (Ex. 1 of Highsmith Decl.).

The government also overlooked that Probation agreed Mr. Andrade's colonoscopy, scheduled last October 2025, could not be performed at the BOP and would require a lengthy process through private care. Counsel understands this was also supported by the pre-sentencing expert retained by CJA counsel. The medical burden of Andrade's surgeries and his **Angina Pectoris** would overwhelm the BOP, and he is working diligently with doctors to address these issues. All claims in counsel's and Andrade's declarations are fully supported by the medical records provided to the government, some of which are attached for the Court's review. *See* Ex. A, Pierce Decl. ¶ 7. The government has made a lot of serious misrepresentations in this case, but it is surely not too late to make things right.[5]

---

[5] *See* Ex. D (Highsmith email regarding misrepresentations in Andrade's September 16, 2025, forfeiture hearing); **Ex. E** (misrepresentations in Abramoff Presentence Report and sentencing hearing); **Ex. F** (withholding exculpatory recordings involving Foteh and Andrade); **Ex. G** (recordings involving a CHS, UCE, and collusion between Andrade's attorney and the CHS). Counsel cannot seek sanctions or a new trial until specialized appellate counsel is retained and has had time to review these issues. Current counsel lacks full discovery access, with Highsmith providing less than 5% of over seven terabytes of material. Efforts to obtain complete discovery are further complicated by the departure of Andrade's former counsel at King & Spalding, which it is believed is the result of government's actions in this case. Without full access, counsel cannot verify the completeness or meaningfully review the record.

Defendant Marcus Andrade's Motion for Administrative Relief to Extend Surrender Date & Ninth Circuit Update

CASE NO. 3:20-CR-00249-RS

1

## IV. Government's Interference in Mr. Andrade's Ability to Retain Specialized Counsel

2

3

Mr. Highsmith *did not* attack BGC at any point *before* counsel entered this case. Counsel

4

filed a notice of appearance in Mr. Andrade's appellate matter on September 22, 2025 (Ninth Cir.

5

No. 25-5025, Dkt. 17), and in this case on September 23, 2025 (Dkt. 760). Immediately

6

thereafter, Highsmith sought to interfere with Mr. Andrade's private representation by attacking

7

BGC—a patent only related company, knowing this was the only means by which current and

8

prospective specialized counsel could be deterred or forced to withdraw (Dkt. 761). That effort

9

succeeded: specialized counsel did not join the case, and current counsel was compelled to seek

10

withdrawal from the appellate matter after advising the Ninth Circuit, consistent with ethical

11

obligations, that counsel lacked the specialized expertise required. The Ninth Circuit later

12

appointed counsel on a temporary basis (9th Cir. No. 25-5095 at ECF No. 28).

13

14

On October 7, 2025, the District Court previously stated that the government had provided

15

no evidence to support their conclusion that BGC was fraudulent. (Dkt. 781 at 4:1–4). The BGC

16

associated with Mr. Andrade is solely a patent-related business, and the government had

17

previously acknowledged its value and was aware that its CHS had created a similarly named

18

entity that was involved in cryptocurrency activity shortly before Andrade's trial, apparently to

19

falsely implicate Mr. Andrade and the patent-related BGC. **See Ex. H** (Dent Decl.). In a desperate

20

attempt to incarcerate Andrade, the government made false claims about the events involving

21

CJA appellate attorneys, hoping to provoke the Court. There was, at a minimum, an appearance

22

of a conflict with CJA counsel and a need for specialized representation. *See* Ex. I (Andrade

23

Decl.).

24

25

## V. Conclusion

26

Mr. Andrade, a first-time offender, has remained law-abiding and has faced no allegations

27

28

Defendant Marcus Andrade's Motion for Administrative Relief to Extend Surrender Date & Ninth Circuit Update    CASE NO. 3:20-CR-00249-RS

since the period of his indictment in 2017–2018, nearly 8 years ago. In the interest of justice, he

respectfully requests an extension of his self-surrender date of January 9, 2026, for either 45 days

after retaining appellate specialized counsel or until his appellate opening brief is due. Andrade

will provide all updated medical records to the probation department once his surgeries are

completed. (*See* Ex. I (Andrade)). Furthermore, Andrade raises substantial questions of law and

fact in this case that merit appellate review.[6]

Dated: December 24, 2025

/s/ John M. Pierce
John M. Pierce (Bar No. 250443)
JOHN PIERCE LAW P.C.
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 961-1848
jpierce@johnpiercelaw.com
Attorney for Appellant Rowland Marcus Andrade

---

[6] Specifically, the district court's reliance on classified declarations without examining the underlying evidence raises serious concerns under the Classified Information Procedures Act (CIPA), FISA, and other national security-related statutes. The defense believes that the Court committed a reversable error and needs this Courts assistance in so that the Ninth Circuit can conduct their own in camera review. *See United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013) (remanding where the district court failed to conduct meaningful review of classified materials for *Brady* content). Additionally, counsel lacks the specialized expertise required to navigate issues involving classified information, counterintelligence, and government informants, which directly impacts Andrade's Sixth Amendment right to effective assistance of counsel. These issues are complex, fact-intensive, and intertwined with foreign intelligence matters, and they are likely to materially affect the outcome of his appeal. Courts have recognized that a stay of self-surrender or release pending appeal may be appropriate where the appeal raises "a substantial question of law or fact likely to result in reversal or an order for a new trial" (18 U.S.C. § 3143(b)(1)(B); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985), and where the legal questions are "fairly debatable" or demonstrate a "likelihood of success" on appeal (*id.*; *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)). In this case, the failure to provide counsel with the requisite expertise, combined with the government's withholding of classified materials, presents multiple substantial and fairly debatable legal questions that directly implicate his constitutional rights.

Defendant Marcus Andrade's Motion for Administrative Relief to
Extend Surrender Date & Ninth Circuit Update

CASE NO. 3:20-CR-00249-RS

1

2                           **CERTIFICATE OF SERVICE**

3          The undersigned hereby certifies that on December 24, 2025, a true and accurate copy of

4    the above and foregoing was filed on the above date with the Clerk of Court, using the Court's

5    CM/ECF system, which will automatically provide notice and a copy of said filing to all parties

6    or attorneys of record registered therein.

7

8                                              /s/ John M. Pierce
                                               _____
9                                              John M. Pierce, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          - 7 -

28   Defendant Marcus Andrade's Motion for Administrative Relief to          CASE NO. 3:20-CR-00249-RS
     Extend Surrender Date & Ninth Circuit Update