IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant | CASE No. 3:20-cr-00249-RS-1<br><br>**DEFENDANT'S REPLY TO GOV. OPP. MOTION FOR ADMIN RELIEF TO EXTEND SURRENDER DATE AND NINTH CIRCUIT UPDATE**<br><br>Judge: Hon. Richard Seeborg |

# EXHIBIT - H

## Declaration of Attorney Kerrie C. Dent, which includes email correspondence with the government. *See* ¶¶ 3–5.

**Originally produced at Dkt. 777, p. 9, fn. 1, and further supported by Exhibit I (Dkt. 777-3).**

John M. Pierce (Bar No. 250443)
*jpierce@johnpiercelaw.com*
JOHN PIERCE LAW P.C.
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 961-1848
*Attorney for Defendant
Rowland Marcus Andrade*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>    *Defendant.* | Case No. 20-cr-00249-RS<br><br>**DECLARATION OF KERRIE C. DENT**<br><br>*In Support of Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Bond Pending Appeal and Related Relief* |

### DECLARATION OF KERRIE C. DENT

Kerrie C. Dent, former counsel for Defendant Marcus Andrade, states as follows:

1.  From June 2022 to June 2025, I was one of the lawyers representing Defendant Marcus Andrade in the above-captioned matter. I am providing this declaration in support of Mr. Andrade's Motion to Remain on Bond Pending Appeal ("Bond Motion").

2.  I have observed firsthand that Mr. Andrade is deeply attached to his two young daughters, who are financially and emotionally dependent on him. During the course of my representation, he frequently spoke about his daughters' aspirations, including that one hopes to become a lawyer and the other an artist. During the time that I represented Mr. Andrade, I spoke with him almost every day, including weekends. His daughters were often with him or nearby if we were discussing his case when he was at home. We also spoke frequently when he was in the car with them because he drove them to school in the mornings, to and from ballet classes on Thursday afternoons, and to birthday parties of their classmates on the weekends. Based on my

1

interactions with Mr. Andrade and his wife, I know that his incarceration will cause significant and lasting hardship to his two daughters.

3. I also have personal knowledge of related correspondence between the prosecutors and defense counsel in Mr. Andrade's case. The November 29, 2022, email chain attached as an exhibit to Mr. Andrade's reply brief in support of his Bond Motion is a true and accurate copy of my email communications with AUSA Dawson, wherein he confirmed that Mr. Andrade's patents were not subject to a forfeiture claim by the government. Prior to the email exchange, I had raised the issue with AUSA Dawson in a couple of phone conversations because, if Mr. Andrade had been able to sell his patent portfolio before trial, he wanted to put the funds in escrow so that any money raised by a sale of the patents would be available to pay any future forfeiture claims. The intent was to use the money from the patent sale to avoid having to sell the Andrades' family home, which would have displaced his wife and two young daughters.

4. AUSA Dawson's November 29, 2022, email was followed by an email from AUSA Kaltsas to me dated December 2, 2022, which is also part of the exhibit to Mr. Andrade's reply brief in support of his Bond Motion. AUSA Kaltsas stated in his email that he was handling the forfeiture issues in Mr. Andrade's case, and he confirmed that the government had no claim or lien on Mr. Andrade's patents. AUSA Kaltsas offered that, if Mr. Andrade was able to raise funds from the sale of his patents, then we should let him know so that he could assist with the process of holding in escrow the amount of the market value of Mr. Andrade's house, pending the result of any forfeiture litigation, to obviate the need to sell the house. The exhibit attached to the reply brief in support of Mr. Andrade's Bond Motion is a true and correct copy of AUSA Kaltsas's December 2, 2022, email. I do not recall having any other communications with AUSA Kaltsas.

5. On May 14, 2025, after reviewing the government's online restitution questionnaire, I contacted AUSA Highsmith by e-mail and informed him that "Black Gold Coin" was never a cryptocurrency marketed or sold by Mr. Andrade. I explained that in 2015, Aten Coin was briefly branded "Aten Black Gold Coin," but that designation was discontinued the same

2

year. I also informed AUSA Highsmith that a separate entity, "Black Gold Coin, Inc.," appeared to have marketed its own digital currency online, but that Mr. Andrade had no affiliation with that company.  This company had no relationship with the Black Gold Coin entity that holds Mr. Andrade's patents.  AUSA Highsmith agreed to, and did, remove all references to Black Gold Coin from the restitution questionnaire. The May 24, 2025, email attached to Mr. Andrade's reply brief in support of his Bond Motion is a true and correct copy of the email I sent to AUSA Highsmith.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. If called as a witness in this matter, I could competently testify about these matters.

    Executed on October 2, 2025, in the Commonwealth of Massachusetts.

/s/ *Kerrie C. Dent*
Kerrie C. Dent

3

DECLARATION ISO DEFENDANT'S REPLY				Case Number: 3:20-cr-00249-RS

# Fwd: Patents

| | |
|---|---|
| From | Kerrie Dent <KDent@KSLAW.com> |
| To | ███████████ |
| CC | Mike Shepard<mshepard@kslaw.com> |
| Date | Friday, December 2nd, 2022 at 3:19 PM |

Marcus,

Please see below my email to the AUSAs and their response, which I think is helpful.

Have a good weekend.

Kerrie

**From:** Kaltsas, Chris (USACAN) <Chris.Kaltsas2@usdoj.gov>

**Sent:** Friday, December 2, 2022 3:59 PM

**To:** Kerrie Dent <KDent@KSLAW.com>; Dawson, Andrew (USACAN) <Andrew.Dawson@usdoj.gov>

**Cc:** Mike Shepard <mshepard@kslaw.com>; Weingarten, Ross (USACAN) <Ross.Weingarten@usdoj.gov>

**Subject:** RE: Patents

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Good afternoon, Kerrie,

I don't believe we've met—my name is Chris Kaltsas, and I am the AUSA handling the forfeiture aspects of this case, as well as the parallel civil forfeiture action (which is currently stayed).

I can answer these questions for you. The government can confirm that, at this time, it has no claim or lien on Mr. Andrade's patents.

With respect to your question concerning Mr. Andrade's home, it is encumbered by a lis pendens, so there's no lien on it exactly. But, if Mr. Andrade is able to raise funds, there is a procedure in which we can hold funds representing the market value of Mr. Andrade's home in escrow pending the outcome of any forfeiture litigation in lieu of forfeiting the real property itself. If Mr. Andrade raises those funds, please let us know and we can get that process started.

Thanks, and have a wonderful weekend.

Chris Kaltsas
Assistant United States Attorney
Northern District of California
(415) 436-6915

**From:** Kerrie Dent <KDent@KSLAW.com>
**Sent:** Friday, December 2, 2022 12:32 PM
**To:** Dawson, Andrew (USACAN) <adawson@usa.doj.gov>
**Cc:** Mike Shepard <mshepard@kslaw.com>; Weingarten, Ross (USACAN) <rweingarten@usa.doj.gov>; Kaltsas, Chris (USACAN) <CKaltsas1@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Patents

Thanks, Andrew.   To confirm, the government agrees that it has no hold or claim on Mr. Andrade's patents, correct?

In the event that Mr. Andrade is able to raise any funds, we seek clarification on the dollar amount of the government's claim, which we understand is currently secured by a lien on his home.  We would seek to place the amount of such claim in an escrow account.  This would ensure that, if there is a successful forfeiture claim against Mr. Andrade, then there would be liquid funds to satisfy the claim, and Mr. Andrade's family would not be displaced.  Such an approach would also serve the government's interest in not having to seize and sell real property in the event of a forfeiture order.

Thanks,
Kerrie

---

**From:** Dawson, Andrew (USACAN) <Andrew.Dawson@usdoj.gov>
**Sent:** Tuesday, November 29, 2022 2:25 PM
**To:** Kerrie Dent <KDent@KSLAW.com>
**Cc:** Mike Shepard <mshepard@kslaw.com>; Weingarten, Ross (USACAN) <Ross.Weingarten@usdoj.gov>; Kaltsas, Chris (USACAN) <Chris.Kaltsas2@usdoj.gov>
**Subject:** Patents

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Hi Kerrie –

Just following up on our conversation yesterday.  As you know, the indictment in this case pursues forfeiture of real property in Missouri City, Texas.   As you know, we do not consent to any sale or conversation of that property.

As to property not currently subject to a forfeiture claim, such as Mr. Andrade's patents, we take no position on Mr. Andrade's intent to sell them.

Please let me know if you have any questions.

-- Andrew

------------------------------------------

**Andrew F. Dawson**

Assistant United States Attorney

450 Golden Gate Ave., 11th Floor

San Francisco, CA 94102

Telephone: (415) 436-7019

Fax: (415) 436-7234

[Andrew.Dawson@usdoj.gov](mailto:Andrew.Dawson@usdoj.gov)

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

## FW: Black Gold Coin

| | |
|---|---|
| From | Kerrie Dent <KDent@KSLAW.com> |
| To | ███████████████ |
| Date | Wednesday, May 14th, 2025 at 8:30 AM |

---

**From:** Kerrie Dent
**Sent:** Wednesday, May 14, 2025 9:20 AM
**To:** Highsmith, Christiaan (USACAN) <christiaan.highsmith@usdoj.gov>
**Cc:** Ward, David (USACAN) <david.ward@usdoj.gov>; Mike Shepard <mshepard@kslaw.com>; Dainec Stefan <DStefan@kslaw.com>; Laurie Bartis-Callaghan <LBartis-Callaghan@KSLAW.com>; Cindy Diamond <cindy@cadiamond.com>
**Subject:** Black Gold Coin

Chris-

You did not get back to us on our request to review the FBI website language for accuracy before it went out, and it turns out there is an inaccuracy that needs to be addressed. The FBI website and the victim forms that can be accessed from the website both incorrectly include Black Gold Coin as one of the "cryptocurrency products" Mr. Andrade marketed and sold. But Mr. Andrade never sold or marketed a cryptocurrency called Black Gold Coin. For a short time from approximately late 2014 to mid-2015, Mr. Andrade sold a cryptocurrency called ATEN Black Gold Coin, which then became simply ATEN Coin.

The distinction between ATEN Black Gold Coin and Black Gold Coin is important because it appears that, in January 2025, ███████ ████████ and ██████████ created a cryptocurrency called Black Gold Coin. *See* http://blackgoldcoin.org/ Mr. Andrade was not ever affiliated with that cryptocurrency, and the FBI website and victim forms should be corrected immediately.

If the government has reason to believe that Mr. Andrade has any connection to Black Gold Coin cryptocurrency, please let us know. Also please also let us know immediately if you are unwilling to make the requested corrections.

Thanks for your prompt attention to this matter.

Kerrie

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.