UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br>v.<br>ROWLAND MARCUS ANDRADE,<br><br>Defendant-Appellant. | Case Nos. 25-5095; 25-6056; 25-6507<br><br>D.C. No. 3:20-cr-00249-RS-1<br><br>Northern District of California,<br>San Francisco<br><br>**EMERGENCY MOTION FOR TEMPORARY RELIEF PENDING RULING ON APPELLANT'S MOTION FOR MISC. RELIEF (DKT. 33)** |

## EMERGENCY MOTION FOR TEMPORARY RELIEF PENDING RULING ON APPELLANT'S MOTION FOR MISCELLANEOUS RELIEF (DKT. 33)

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rule 27-3, Appellant respectfully moves for temporary emergency relief to preserve the status quo pending this Court's ruling on his fully briefed *Motion for Miscellaneous Relief: Motion to Use Stock Assets and Conduct Public Fundraiser for Specialized Counsel and Family Support* (Dkt. 33) that was filed on November 30, 2025. Immediate relief is necessary to prevent irreparable harm and to protect this Court's authority over the pending motion. The motion and all accompanying exhibits are part of the district court record (D.C. Dkt. 808-1), and a stamped copy is attached to this emergency motion. In the interest of justice, prompt Court action is required to prevent irreparable harm and preserve the Court's authority. Andrade has demonstrated a substantial likelihood of success on appeal.[1]

---

[1] Mr. Andrade's pending Ninth Circuit motion—*Appellant's Motion to Use Stock Assets and Conduct a Public Fundraiser for Specialized Counsel and Family Support* (9th Cir. No. 25-5095, Dkt. 33), sets forth with specificity why specialized counsel is required. Notably, prosecutors did not oppose this motion. The evidentiary basis for such review and the need for specialized counsel is substantial, supported by the record and is not conclusory. The district court's reliance on classified declarations without examining the underlying evidence raises serious concerns under the Classified Information Procedures Act (CIPA), FISA, and other national security-related statutes. The defense believes that the District Court committed a reversable error and needs the Ninth Courts assistance in so that this Court can conduct their own *in camera* review. *See United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013)

I.  **<u>Background</u>**

On November 30, 2025, Appellant, through counsel, respectfully requested that the Court authorize the release of a portion of the joint stock associated with his 2015–2016 patent assets to cover necessary expenses. Appellant explained that retaining privately funded counsel with specialized expertise in national security, counterintelligence, classified information, and government informants was essential, and that access to these funds was also necessary to meet basic family-support and living expenses during the pendency of the appeal.

The Appellant further proposed that ten percent of any funds obtained be placed in escrow or deposited with the Court in connection with the forfeiture money judgment entered on October 14, 2025 (D.C. Dkt. 789), pending resolution of the appeal or a motion under 28 U.S.C. § 2255 (Dkt. 33 at 1). The government filed its response on December 5, 2025, stating, "*The government does not support his request; nor does the government oppose it*" (Dkt. 34 at 2 ¶ 2). Appellant timely filed his reply the same day (Dkt. 35).[2] The motion is therefore fully briefed and ripe for decision.

---

(remanding where the district court failed to conduct meaningful review of classified materials for *Brady* content). Additionally, counsel lacks the specialized expertise required to navigate issues involving classified information, counterintelligence, and government informants, which directly impacts Andrade's Sixth Amendment right to effective assistance of counsel.

These issues are complex, fact-intensive, and intertwined with foreign intelligence matters, and they are likely to materially affect the outcome of his appeal. Courts have recognized that a stay of self-surrender or release pending appeal may be appropriate where the appeal raises "a substantial question of law or fact likely to result in reversal or an order for a new trial" (18 U.S.C. § 3143(b)(1)(B); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); and where the legal questions are "fairly debatable" or demonstrate a "likelihood of success" on appeal (*id.*; *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)). In our case, the District Court's failure to provide counsel with the requisite expertise, combined with the government's withholding of classified materials, presents multiple substantial and fairly debatable legal questions that directly implicate his constitutional rights. Then there is the suppression of evidence, two government agents forbidden to testify at an evidentiary hearing, the capturing of communications between Andrade and his counsel prior to trial, and the constitutional violation list goes on and on.

[2] The Reply also requested, "*Protection from Government Interference: The Government shall not interfere with Andrade's fundraising efforts, nor take any action against Andrade during this process without prior permission from this Court.*" (See Dkt. 35 at p.3)

## II. The Emergency

On December 22, 2025, Appellant received a letter from the government dated December 17, 2025, demanding **immediate payment of $2,204,120.29**. The letter states:

> "If you fail to make payment in full within 10 calendar days from the date of this letter, we will seek to collect this judgment as fully permitted under the law, including but not limited to garnishing your wages, offsetting against retirement accounts, executing on your personal properties, and foreclosing on your real properties." (See Ex. A, Andrade Decl.)

This demand was issued after the filing of the pending Ninth Circuit motion and while it remains undecided, and notably the day after counsel filed in the District Court *Defendant Marcus Andrade's Motion for Administrative Relief to Extend Surrender Date and Ninth Circuit Update* on December 16, 2025. That motion sought an extension of Appellant's self-surrender date for medically necessary surgeries and testing, to comply with the time frame for obtaining specialized counsel as provided by the Ninth Circuit's prior order (Dkt. 28), and to allow specialized counsel sufficient time to understand this complex case.[3] The government's letter further indicated that correspondence had been sent to Appellant's counsel. The ten-day deadline imposed by the government now **expires in just four days.**

## III. Irreparable Harm

Absent immediate temporary relief, the government's threatened enforcement actions will cause irreparable harm by:

1. Mooting or materially undermining the relief sought in Dkt. 33 before this Court rules;

---

[3] See **Ex. B** (Motion for Administrative Relief to Extend Surrender Date, D.C. Dkt. 808); **Ex. C** (Dkt. 33, Motion for Miscellaneous Relief at D.C. Dkt. 808-1); **Ex. D** (Decl. of Pierce at D.C. Dkt. 808-2); and **Ex. E** (Decl. of Andrade at D.C. Dkt. 808-3). See **Ex. F** (Informant File and Russia Collusion, D.C. Dkt. 811-2).

2. Preventing Appellant from retaining specialized appellate counsel, the core purpose of the pending motion;
3. Interfering with Appellant's ability to comply with appellate obligations while represented by counsel; and
4. Circumventing this Court's authority by coercive enforcement during the pendency of a fully briefed appellate motion.

With the government's ten-day deadline set to expire on December 27, 2025—just three days away—Appellant's stock assets and the extremely minimal funds he has for the holidays are at imminent risk of seizure or garnishment. Such enforcement would leave him financially unable to seek relief from this Court, pursue any parallel proceedings, or comply with the Court's ninety-day order to locate and retain specialized appellate counsel (Dkt. 28). Despite previously representing that it did not oppose Appellant's request for Misc. Relief, the government is now employing alternative enforcement mechanisms to achieve the very result it claimed not to seek.

### IV. Request for Temporary Relief

Appellant does not seek a determination on the merits of Dkt. 33 through this motion. Rather, Appellant requests temporary relief preserving the status quo until this Court issues its ruling. Given the government's self-imposed 10-day deadline and explicit threats of enforcement, ordinary motion timelines are inadequate.

### V. Relief Requested

Appellant respectfully requests that in the interest in justice, that this Court:
1. Issue an immediate administrative stay and temporarily enjoin the government from enforcing or attempting to collect the restitution or forfeiture judgment against Appellant pending the Court's ruling on Dkt. 33;

2. Prohibit asset seizure, garnishment, offsets, or coercive collection actions involving assets addressed in the pending motion; and

3. Grant such other and further relief as the Court deems just and proper to preserve its jurisdiction and authority.

Dated: December 24, 2025

Respectfully submitted,

/s/ John M. Pierce
John M. Pierce (Bar No. 250443)
JOHN PIERCE LAW P.C.
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 961-1848
jpierce@johnpiercelaw.com
*Attorney for Appellant Rowland Marcus Andrade*
