1  John M. Pierce (Bar No. 250443)
   jpierce@johnpiercelaw.com
2  **JOHN PIERCE LAW P.C.**
   21550 Oxnard Street, 3rd Floor
3  Woodland Hills, CA 91367
   Tel. (321) 961-1848
4
   Attorneys for Defendant
5  ROWLAND MARCUS ANDRADE

6
                    UNITED STATES COURT OF APPEALS
7                      FOR THE NINTH CIRCUIT

8  UNITED STATES OF AMERICA,        | Case Nos. 25-5095; 25-6056; 25-6507
                                    | D.C. No. 3:20-cr-00249-RS-1
9                                   | Northern District of California,
         Plaintiff-Appellee,        | San Francisco
10
   v.
11                                  | **EMERGENCY MOTION FOR**
   ROWLAND MARCUS ANDRADE,          | **TEMPORARY RELIEF PENDING**
12                                  | **RULING ON APPELLANT'S**
   Defendant-Appellant.             | **MOTION FOR MISC. RELIEF**
13                                  | **(DKT. 33)**

14

15                        **EXHIBIT-B**

16
      DEFENDANT MARCUS ANDRADE'S MOTION FOR ADMINISTRATIVE
17     RELIEF TO EXTEND SURRENDER DATE AND NINTH CIRCUIT UPDATE
                    Filed in District Court Dkt. 808.
18

- 1 -

| | |
|---|---|
| 1 | John M. Pierce (Bar No. 250443) |
| | jpierce@johnpiercelaw.com |
| 2 | **JOHN PIERCE LAW P.C.** |
| | 21550 Oxnard Street, 3rd Floor |
| 3 | Woodland Hills, CA 91367 |
| | Tel. (321) 961-1848 |
| 4 | |
| | Attorneys for Defendant |
| 5 | ROWLAND MARCUS ANDRADE |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-CR-00249-RS |
| Plaintiff, | **DEFENDANT MARCUS ANDRADE'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND SURRENDER DATE AND NINTH CIRCUIT UPDATE** |
| v. | |
| ROWLAND MARCUS ANDRADE, | Judge:    Hon. Richard Seeborg |
| Defendant. | |

DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND SELF-SURRENDER DATE AND NINTH CIRCUIT UPDATE

Defendant Rowland Marcus Andrade respectfully requests an extension of his self-surrender date from January 9, 2026, to forty-five (45) days after specialized appellate counsel has been appointed in his circuit case. This extension is necessary to: (1) allow Mr. Andrade sufficient time to comply with the ninety-day period established by the Ninth Circuit to retain specialized appellate counsel and to provide the Circuit Court with the required status report; (2) permit Mr. Andrade to undergo scheduled surgeries and recover while addressing related medical issues, including what his doctors believe to be Angina Pectoris, a condition involving reduced

- 1 -

oxygen flow to the heart; and (3) enable Mr. Andrade to provide critical assistance to new counsel in preparing for this complex and extraordinary appeal.[1]

The Defendant originally intended to request an extension through the due date of his appellate opening brief. However, in an effort to compromise with the government, he now seeks forty-five (45) days from the date Mr. Andrade either is financially able to pay or is appointed appellate counsel, consistent with the Ninth Circuit's order granting a 90-day stay to locate replacement counsel.[2] This request does not presume that locating counsel will require the full 90-day period and ensures adequate time to work effectively with new counsel in preparing appellate filings.

### I. GROUNDS

1. *Ninth Circuit Update.*

The Ninth Circuit granted Andrade 90 days to secure specialized appellate counsel, with the condition that current counsel would withdraw at that time. The government did not object to this arrangement. Andrade requests additional time to fully comply with the Ninth Circuit's order.

Furthermore, to ensure transparency and obtain pre-approval, Mr. Andrade submitted a request to the Ninth Circuit seeking permission to sell certain joint-stock assets and to conduct a public fundraiser. These measures are necessary for him to retain specialized counsel and provide support for his family, with the condition that 10–15 percent of the proceeds be held by the Court

---

[1] A highly contested appeal is anticipated, involving substantial and vigorously disputed constitutional issues, extensive briefing, and significant legal disagreements between the parties. The appeal will also raise complex matters, as detailed in **Exhibit A** (Appellant–Defendant's Motion for Miscellaneous Relief filed in *United States v. Andrade*, Ninth Circuit No. 25-5095, Dkt. 33).

[2] The Ninth Circuit Court ordered, "The clerk will terminate from the docket counsel Baggett and will reinstate counsel John Pierce. Appellant's motion to stay briefing for 90 days to enable appellant to locate suitable replacement counsel is granted. When replacement counsel is identified, counsel Pierce must move to withdraw and appoint substitute counsel. Alternatively, if appellant is able to obtain sufficient funds to retain counsel Pierce or other retained counsel, counsel Pierce must so notify the court. Absent further motion or court order, the briefing schedule will be reset in 90 days." (See *United States v. Andrade*, Case No. 25-5095, Dkt. 28 (Circuit Order)).

- 2 -

Defendant Marcus Andrade's Motion for Administrative Relief to Extend Surrender Date & Ninth Circuit Update         CASE NO. 3:20-CR-00249-RS

to satisfy the forfeiture money judgment pending the outcome of his appeal. The motion was stated with specificity, detailing why Mr. Andrade requires specialized counsel (See **Ex. A**). The government did not oppose the request (9th Cir. Dkt. 34, p. 2, ¶ 2), and the parties are currently awaiting the Ninth Circuit's ruling on this matter.

    2. *Compelling Medical Necessity and Continuity of Care*

Defendant Rowland Marcus Andrade had previously informed the court that surgery on his left ankle[3] was needed to remove ankle tissue bone since his chronic injury is causing excruciating pain and abnormal gait (Dkt. 788-1, Pierce Declaration ¶3; Dkt. 788-2, Andrade Declaration ¶3).

Defendant Rowland Marcus Andrade previously informed the Court that, as of October 8, his A1C level was above the threshold, which prevented him from undergoing surgery, and that he was scheduled for a follow-up A1C test on November 6, 2025. He also advised that he would require time for recovery following the procedure (Dkt. 788-1, Pierce Declaration ¶¶3–4; Dkt. 788-2, Andrade Declaration ¶¶5–6).

On October 8, 2025, Mr. Andrade's A1C level was 8.7. He was later informed that his November 6, 2025, A1C test results had improved to 7.5, and by just before Thanksgiving, he was able to reduce it to 6.9. Mr. Andrade was also made aware of what his doctors believe to be a chronic case of Angina Pectoris. He has undergone a 2D echocardiogram and is currently awaiting the results to determine the underlying issue (**Ex. B**, Pierce Decl. ¶ ¶ 3-4; **Ex. C**,

---

[3] The left ankle surgery is a Dwyer osteotomy with anterior capsulotomy and osteophyte excision to correct a high-arched (cavovarus) foot deformity and address associated structural problems. During the procedure, a wedge of bone is removed from the outside (lateral) part of the heel (calcaneus) to realign the heel, reduce pressure, and improve overall foot function. An anterior capsulotomy involves releasing tight tissues at the front of the ankle joint to improve mobility, and osteophyte excision removes bone spurs that is also causing the paint and limiting motion. (**Ex. B,** Pierce Decl. ¶ 2; **Ex. C**, Andrade Decl. ¶ 1).

- 3 -

Defendant Marcus Andrade's Motion for Administrative Relief to     CASE NO. 3:20-CR-00249-RS
Extend Surrender Date & Ninth Circuit Update

Andrade Decl. ¶ 2).

On December 10, 2025, Mr. Andrade met with his surgeon and was informed that his surgery had been scheduled for January 26, 2026. Mr. Andrade has additional appointments scheduled both before and after the procedure with his orthopedic surgeon, anesthesiologist, cardiologist, and endocrinologist. Counsel has provided the government and the probation department with copies of the relevant medical records and will submit updated records to the probation department following completion of the surgeries, if permitted (**Ex. B**, Pierce Decl. ¶ 5; **Ex. C**, Andrade Decl. ¶ 3).

The Court was previously aware that Andrade hadn't secured a surgery date and that he was working towards a November-December surgery date. (Dkt. 788-1, Pierce Decl. ¶4; Dkt. 788-2, Andrade Decl. ¶6). Andrade made various efforts to schedule his left ankle surgery in November and December but was unsuccessful. Andrade's A1C was still too high until right before Thanksgiving. When Andrade tried to get a December date, he was informed that the reason his surgical appointments are always on Wednesdays, is because his surgical team at the Veterans Administration (VA) only operates on Wednesdays, dedicating the rest of their time to other area hospitals (**Ex. B**, Pierce Decl. ¶ 6; **Ex. C**, Andrade Decl. ¶ 4).

3. *Time Needed to Assist Counsel with Understanding Complex Case Record*

This matter is exceptionally complex, involving nearly 800 docket entries and voluminous evidence—including many gigabytes of data across the sealed, *ex parte*, and public dockets—along with extensive financial materials. Undersigned counsel will not serve as appellate counsel; therefore, Mr. Andrade requires specialized appellate counsel with the expertise and security clearance necessary to handle the sensitive and classified issues in this case. The appeal involves highly technical matters, including NSA-related issues, CIPA,

- 4 -

Defendant Marcus Andrade's Motion for Administrative Relief to
Extend Surrender Date & Ninth Circuit Update

CASE NO. 3:20-CR-00249-RS

counterintelligence, the use of informants, and CIA-related matters, as detailed in **Ex. A** and **Ex. B** (Pierce Decl. ¶¶ 7–9). The government has had five years to prepare this case, while appellate counsel will have only a few months to review the record and prior work, and will be unable to effectively represent Mr. Andrade without his active participation.

4. *No Risk of Flight or Danger; Full Compliance*

This Court has already determined that Mr. Andrade is neither a flight risk nor a danger to the community. An individual who posed such a threat would not petition an appellate court for permission to release assets in order to hire specialized counsel and for family support while also requesting to place 10-15 percent of the funds with the Court pending the resolution of an appeal. The parties are currently awaiting a Ninth Circuit ruling on this request. To provide additional assurance, Andrade is willing to accept temporary conditions, such as home detention or GPS monitoring. As noted in Mr. Andrade's declaration, his wife, who has been a full-time caregiver, must complete one final exam before beginning work in February or March, and she will rely on Mr. Andrade to care for their children during his post-surgery recovery period (E**x. B**, Pierce Decl. ¶¶ 10-15; **Ex. C**, Andrade Decl. ¶ ¶ 6-9).

II. <u>**PROCEDURAL POSTURE & AUTHORITY**</u>

Pursuant to Civil L.R. 7-11(a) and Crim. L.R. 47-2(b), this administrative motion seeks a short continuance under Fed. R. Crim. P. 38 and Fed. R. Crim. P. 45(b). Supporting declarations and a proposed order are attached. The Court has inherent authority to modify self-surrender dates for good cause, including medical needs and appellate transitions. *See* 18 U.S.C. § 3143(b); Fed. R. Crim. P. 38; Fed. R. Crim. P. 45(b) (When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's

motion); *United States v. Fower*, 30 F.4th 823, 827 (9th Cir. 2022) ("If the circumstances warrant, a district court may delay the imposition of sentence or extend the time to surrender to the BOP.

### III.  REQUEST

The Defendant initially intended to request an extension until the due date for his appellate opening brief to complete his medical procedures, recovery, meet the Ninth Circuit's time requirements, and assist new specialized counsel. However, in an effort to compromise with the government, he now seeks an extension of forty-five (45) days from the date Mr. Andrade is financially able to retain, or is appointed, specialized appellate counsel, in accordance with the Ninth Circuit's 90-day time period. In the interest of justice, Mr. Andrade requests this extension to ensure he has sufficient time to secure competent counsel to handle the complex national security and technical issues in his appeal, thus preventing potential prejudice and ensuring fairness in the appellate process.

Dated: December 16, 2025

/s/ John M. Pierce
John M. Pierce (Bar No. 250443)
JOHN PIERCE LAW P.C.
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 961-1848
jpierce@johnpiercelaw.com
Attorney for Appellant Rowland Marcus Andrade

Defendant Marcus Andrade's Motion for Administrative Relief to Extend Surrender Date & Ninth Circuit Update        CASE NO. 3:20-CR-00249-RS

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 16, 2025, a true and accurate copy of the above and foregoing was filed on the above date with the Clerk of Court, using the Court's CM/ECF system, which will automatically provide notice and a copy of said filing to all parties or attorneys of record registered therein.

/s/ John M. Pierce
John M. Pierce, Esq.

- 7 -

Defendant Marcus Andrade's Motion for Administrative Relief to Extend Surrender Date & Ninth Circuit Update    CASE NO. 3:20-CR-00249-RS