UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 20-cr-00249-RS-1<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION TO EXTEND SELF-SURRENDER DATE** |

Rowland Marcus Andrade was tried and convicted of one count of wire fraud and one count of money laundering. He was sentenced to an 84-month term of imprisonment and was initially ordered to surrender to the Bureau of Prisons by October 31, 2025. *See* Dkt. 784. On Andrade's motion, his self-surrender date was extended to January 9, 2026. *See* Dkt. 790. Andrade now seeks to extend his self-surrender date again, this time to 45 days after the appointment of counsel in his appeal before the Ninth Circuit. *See* Dkt. 808 (Mot.). Andrade has failed to demonstrate good cause for a second extension of his self-surrender date, so the motion is denied.

**I. LEGAL STANDARD AND DISCUSSION**

District courts have inherent discretion to modify a defendant's surrender date. *See United States v. Fower*, 30 F.4th 823, 827 (9th Cir. 2022) ("If the circumstances warrant, a district court may delay the imposition of sentence or extend the time to surrender to the BOP."). Andrade makes two arguments in favor of a second extension, but neither demonstrates sufficient cause.

First, Andrade argues that his self-surrender date should be extended to allow him to secure specialized appellate counsel and to aid in the presentation of his case on appeal. He frames

1  this request as necessary to "comply with the Ninth Circuit's order" granting him 90 days to
2  secure specialized appellate counsel. He also argues that he needs to remain on release for a short
3  period *after* the appointment of appellate counsel to help counsel get up to speed on his
4  "exceptionally complex" case. Mot., at 4.

5      This argument is misguided at best, and disingenuous at worst. Andrade does not need to
6  be on release to "comply" with the Ninth Circuit's order, which *permits* him to seek new counsel
7  but does not *order* him to do anything (other than, perhaps, withdraw current counsel once new
8  counsel is identified). Andrade has not pointed to anything in the Ninth Circuit's order that
9  contemplates the propriety of his continued release because, in fact, it does not.

10      Perhaps more fundamentally, Andrade has failed to explain why he needs to be out of
11  prison in order to secure appellate counsel or assist that counsel in the presentation of his appeal.
12  As the government points out, Andrade is fully capable of screening candidates and giving input
13  on his case from prison. Convicted defendants—including those convicted in "exceptionally
14  complex" cases—routinely do so, a fact evident from the presumption *against* release pending
15  appeal. *See United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985).

16      To the extent Andrade contends that he, in particular, needs to stay on release because his
17  appeal is especially meritorious, *see* Dkt. 811, at 2, his argument has already been rejected. As
18  explained in the order denying a bond pending appeal, all the arguments that Andrade has
19  identified for appeal are "not substantial, inconsequential, or both." Dkt. 781, at 4.

20      Second, Andrade argues that he needs to remain on release to have ankle surgery, which is
21  currently scheduled for January 26, 2026. There are at least three problems with this argument.
22  First, it is completely disconnected from the self-surrender timeline he proposes. Andrade's
23  request is pegged to the day on which he can secure appellate counsel, not when his surgery is to
24  occur. If he unexpectedly secures appellate counsel soon, his timeline may be too short to permit
25  him to have and recover from the surgery. If it takes him a long time to secure counsel, he may be
26  fully recovered from the surgery. Andrade makes no attempt to explain why *this* requested
27  extension appropriately reflects his medical needs.

28  
ORDER DENYING MOTION TO EXTEND SELF-SURRENDER DATE
CASE NO. 20-cr-00249-RS-1

Second, Andrade has not demonstrated that he needs to remain on release to have this procedure. The Bureau of Prisons provides medical treatment for its inmates. Aside from a conclusory assertion that his medical conditions would "overwhelm the BOP," he has failed to explain why that treatment will be inadequate.

Third, Andrade's request reeks of opportunism. Andrade expressed an interest in exploring surgery *the day after* his request for a bond pending appeal was denied. *See* Dkt. 810, Highsmith Decl., Ex. 1. On that day, Andrade's doctor noted that surgery was not possible because his A1C was too high, *see id.*, which means Andrade *knew* that surgery would have to be delayed—possibly until after his self-surrender date. Andrade has pointed to evidence that his condition is serious, but that is beside the point. By waiting until right after he knew that his self-surrender was imminent, Andrade has created an inference that his reliance on his medical problems is in bad faith.

## II. CONCLUSION

Andrade's motion for a second extension of his self-surrender date (Dkt. 808) is denied. Andrade is ordered to self-surrender for service of sentence at the institution designated by the Bureau of Prisons on January 9, 2026, no later than 2:00 PM.

**IT IS SO ORDERED**.

Dated: December 26, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER DENYING MOTION TO EXTEND SELF-SURRENDER DATE
CASE NO. 20-cr-00249-RS-1

3