John M. Pierce (Bar No. 250443)
jpierce@johnpiercelaw.com
**JOHN PIERCE LAW P.C.**
21550 Oxnard Street, 3rd Floor
Woodland Hills, CA 91367
Tel. (321) 961-1848

Attorneys for Defendant
ROWLAND MARCUS ANDRADE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROWLAND MARCUS ANDRADE,<br><br>Defendant. | Case No. 3:20-cr-00249-RS-1<br><br>MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S SECOND MOTION TO EXTEND SELF-SURRENDER DATE (ECF 814) |

MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S SECOND
MOTION TO EXTEND SELF-SURRENDER DATE (ECF 814)

I.   **Introduction**

Defendant, by and through his undersigned counsel, respectfully moves this Court to reconsider its denial of his motion to extend his self-surrender date from January 9, 2026 for an additional 45 days. This request is based on new developments and information that were not available at the time of the initial motion, including **_two_** recent updates at the Ninth Circuit and a report from the BOP consultant. Counsel respectfully asks the Court for an expedited ruling.

- 1 -

II. **District Court's Denial of Motion (December 26, 2025)**

On December 26, 2025, the District Court denied the Appellant's motion to extend his self-surrender date, relying on the government's misunderstanding of the facts. In its order, the District Court concluded that the Appellant was acting in **bad faith** while believing that the Defendant had not disclosed the issues surrounding his A1C being too high and while also believing that Andrade all of a sudden needed a medical procedure. The District Court's order stated:

> "On that day, Andrade's doctor noted that surgery was not possible because his A1C was too high... which means Andrade knew that surgery would have to be delayed—possibly until after his self-surrender date. Andrade has pointed to evidence that his condition is serious, but that is beside the point. By waiting until right after he knew that his self-surrender was imminent, Andrade has created an inference that his reliance on his medical problems is in bad faith." (Dkt. 814 at p. 3:5-12).

However, the District Court overlooked key facts that had **previously been disclosed** to both the Court and the government. Specifically, these details were provided on **October 13, 2024**, and were also included in the Defendant's Second Motion to Extend the Self-Surrender Date.

A. **October 13, 2024**: Counsel had informed the Court that the Defendant had been actively working to lower his A1C levels since those delays were preventing him from obtaining surgery and with the assistance of his endocrinologist he was aiming for a **November-December 2025** surgery date (Dkt. 788-1 at ¶¶2-3).

B. **December 16, 2025**: Counsel had informed the Court that in a 30-day period, the Defendant successfully reduced his A1C from 8.7 to 7.5, and just 10 days later, further reduced it to 6.9, thereby securing a surgery date. The doctors had been working diligently to help him achieve these results as quickly as possible so that he could proceed with surgery without further delay. The Defendant couldn't get a

- 2 -

Motion for Reconsideration or Order Denying Defendant's Second   CASE NO. 3:20-CR-00249-RS
Motion to Extend Self-Surrender Date (ECF 814)

surgery date in December because the surgery doctors only work on Wednesdays.

(Dkt. 808-3 at ¶¶ 2–4; Andrade Decl.).

Counsel provided medical records to substantiate these efforts and specifically highlighted the relevant portions of the records supporting these facts. See the medical records at Dkt. 811-1 at 11–26. The record further confirms that the Defendant's surgical issues date back to 2021 and 2022, and that conservative management has failed, meaning that non-surgical alternatives—such as cortisone injections, which he has continued to receive in both ankles—have been unsuccessful. See Dkt. 811 at p. 17.

### III.    MEDICAL PROCEDURES WITHIN THE BOP'S FMC.

On December 16, 2025, the Defendant filed his Second Motion to Extend the Self-Surrender Date (Dkt. 808). On December 17, 2025, the Court ordered the government to file its response by December 23, 2025 (ECF 809). On the same day, the Court authorized the Defendant to file a reply to the government's response, with the reply due by December 24, 2025, at noon. Given the Christmas holidays, no BOP consultants were available during this period.

On December 27, 2025, BOP Consultant Jack Donson, who worked at the Bureau of Prisons for over twenty-three years, stated in an email:

> while they will consider prior medical records and opinion, you will basically be starting from the beginning with their doctors, contractors, etc., which will require testing, consultations, etc.
>
> The agency is extremely short of medical staff and continues to operate at "crisis" levels. There is often a false impression that a person scheduled for surgery in the community will arrive at a BOP medical center and pick up where they left off. That is a fallacy.

On December 29, 2025, Mr. Donson provided a detailed affidavit, which included various DOJ Inspector General links supporting his position that surgery should be conducted prior to

- 3 -

Motion for Reconsideration or Order Denying Defendant's Second    CASE NO. 3:20-CR-00249-RS
Motion to Extend Self-Surrender Date (ECF 814)

incarceration, as it benefits both the Defendant and the Bureau of Prisons. Mr. Donson's Summary of Findings stated:

> Mr. Andrade may be negatively impacted by not only extensive delays in testing and treatment but the overall state of the agency which is currently in crisis regarding medical understaffing and overall correctional facility management. If he were to surrender prior to any needed treatment and testing, there will be an interruption in his continuity of care putting his health in jeopardy. See **Ex. A**.

### IV.     Ninth Circuit Update.

There are two important Ninth Circuit updates that the Court should be made aware of:

1. On December 24, 2025, after the Defendant filed his Reply to the Government's Opposition to the Second Motion to Extend Self-Surrender Date, the Ninth Circuit remanded the Defendant's request to sell some of his joint-stock and engage in a public fundraiser, placing 10-15 percent of the funds received with the Court pending the outcome of the appeal. The Circuit Court remanded this motion to the District Court (9th Cir. Dkt. 35). <u>Therefore, we respectfully request that the Court set dates for this motion for miscellaneous relief.</u> Counsel cannot properly argue this motion without Mr. Andrade's direct involvement.[1]

2. On December 29, 2025, counsel learned that a CJA request to the Ninth Circuit CJA Supervising Attorney, seeking funding for an expert who had agreed to significantly reduce their fees, was approved by the CJA. However, since the requested hourly fees still exceed standard CJA rates, the Supervising Attorney needed to consult with the Circuit Executive Office for confirmation. *See* Ex. B, Pierce Decl. ¶ 2. The expert cannot proceed

---

[1] Being relatively new to this extremely complex case (both factually and legally), counsel needs in-depth assistance from Andrade to navigate the facts and evidentiary record. Andrade is unable to locate the evidence or educate counsel on the case while he is incarcerated. His immediate incarceration would significantly hinder his appellate rights and prevent counsel from properly filing the Motion for Miscellaneous Relief. This is particularly problematic given that counsel has not been compensated and the motion would require a substantial amount of time to prepare—time that is not available before Andrade's self-surrender date.

- 4 -

Motion for Reconsideration or Order Denying Defendant's Second      CASE NO. 3:20-CR-00249-RS
Motion to Extend Self-Surrender Date (ECF 814)

with their task without the direct support of Mr. Andrade, who is not only needed to provide the necessary background and responsive information in a timely manner, but also to pull the initial and responsive data that the expert will need to compile his report.[2]

Additionally, I would like to draw the Court's attention to the fact that the Ninth Circuit's order permitting Andrade to retain specialized counsel within ninety days expires on February 17, 2026, and the 45-day extension request to extend the self-surrender date would place the new date on February 23, 2026.

## V.   REQUESTED RELIEF

A temporary stay of the self-surrender date, currently set for January 9, 2026, is requested for 45 days, extending the surrender date to February 23, 2026, to allow the Appellant, Andrade, the necessary time to:

- Complete his surgery;
- Assist the expert in locating, reviewing, and understanding case materials so that the expert can draft their report;
- Aid counsel with the District Motion for Miscellaneous Relief, which cannot be addressed without Andrade's active participation; and
- Support the appeal of the Court's denial of his bond motion.

---

[2] Today, December 31, 2025, I received an email from Mr. Donson regarding phone accessibility within the Bureau of Prisons. Mr. Donson explained that communication with experts is significantly constrained in BOP facilities. Phone calls are generally limited to 15 minutes, after which the inmate must wait approximately one hour before making another call. There is no privacy, as conversations can be overheard by others in the unit, and access is further restricted by the fact that there are typically only four phones available for a unit of approximately 150 inmates. See Ex. B, Pierce Decl. ¶ 3.

- 5 -

Motion for Reconsideration or Order Denying Defendant's Second    CASE NO. 3:20-CR-00249-RS
Motion to Extend Self-Surrender Date (ECF 814)

Dated: December 31, 2025

/s/ John M. Pierce<br>
John M. Pierce (Bar No. 250443)<br>
JOHN PIERCE LAW P.C.<br>
21550 Oxnard Street, 3rd Floor<br>
Woodland Hills, CA 91367<br>
Tel. (321) 961-1848<br>
jpierce@johnpiercelaw.com<br>
Attorney for Appellant Rowland Marcus Andrade

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 31, 2025, a true and accurate copy of the above and foregoing was filed on the above date with the Clerk of Court, using the Court's CM/ECF system, which will automatically provide notice and a copy of said filing to all parties or attorneys of record registered therein.

/s/ John M. Pierce
John M. Pierce, Esq.

- 7 -

Motion for Reconsideration or Order Denying Defendant's Second Motion to Extend Self-Surrender Date (ECF 814)   CASE NO. 3:20-CR-00249-RS