Search documents in this case: [              ] [Search]

## No. 25-723

| | |
|---|---|
| Title: | **Rowland Marcus Andrade, et al., Petitioners** <br> v. <br> **Internal Revenue Service** |
| Docketed: | December 19, 2025 |
| Lower Ct: | United States Court of Appeals for the Fifth Circuit |
|   Case Numbers: | (24-20376) |
|   Decision Date: | May 27, 2025 |
|   Rehearing Denied: | September 17, 2025 |

## Proceedings and Orders

| | |
|---|---|
| Dec 15 2025 | Petition for a writ of certiorari filed. (Response due January 20, 2026) <br> **Petition    Appendix    Other    Proof of Service    Certificate of Word Count** |

## Attorneys

**Attorneys for Petitioners**

Charles Carter Morgan
*Counsel of Record*

    Charles C. Morgan Legal Practice, LLC
    4151 Pelicans Nest Drive
    Bonita Springs, FL 34134-7924

    chasly@comcast.net
    Ph: (609) 636-0544

    Party name: Rowland Marcus Andrade, et al.

**Attorneys for Respondent**

D. John Sauer
*Counsel of Record*

    Solicitor General
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001

    supremectbriefs@usdoj.gov
    Ph: 202-514-2217

    Party name: Internal Revenue Service

To correct the consequential errors, resolve the multiple Constitutional law issues, and close the dangerous loopholes generated by the Fifth Circuit's decision below, this Court should grant review.

## STATEMENT OF THE CASE

Andrade's motion to quash the administrative summonses alleged that the summonses failed to meet the notice requirements of 12 U.S.C. §3405(2) and, even if they met those requirements, the documents were not summonses within the meaning of the BSA and RFPA. The district court then denied the motion, but the Court, the petitioners, and the respondent considered the Decision of the district court to be final within the meaning of 12 U.S.C. §3410(d) when that Court issued an unopposed stay to its ruling until the Fifth Circuit decides the petitioners' appeal of that ruling.

The district court failed to make any findings of fact on whether those pieces of paper met the minimum requirements that are conditions precedent to being characterized as "summonses" within the meaning of the BSA and whether the IRS complied with the notice requirements of the RFPA.

Andrade appealed the district court's order denying Andrade's motion to quash those pieces of paper purporting to be summonses. The Fifth Circuit dismissed the appeal for want of jurisdiction in a per curiam order (App.3-4).

Andrade has been denied his Constitutional right of access to the Courts, a right that the legislature has no power to contravene (App.22-36).

18

In a concurrent case, Andrade was charged by the Government in June 2020 and was found guilty in March 2025 of wire fraud and money laundering in connection with the fraudulent marketing and sale of a cryptocurrency called AML Bitcoin in the Northern District of California, No. 20-CR-00249 RS-1.

The charges were brought by the IRS and prosecuted by the Department of Justice. Andrade appealed to the Ninth Circuit on October 15, 2025, in No. 25-5095. Notably, the motion to quash in this civil case was filed on February 12, 2024, after Andrade was charged in the criminal case and before he was found guilty.

In a case connected to that criminal matter, Jack Abramoff ("Abramoff") pled guilty to a criminal information for conspiracy to commit wire fraud and violating the Lobbying Disclosure Act in the Northern District of California, No. 20-CR-0260 RS.

The issues in that appeal are numerous, but address Andrade's concerns about the Government withholding exculpatory and impeachment evidence regarding their relationships with Abramoff and others that would establish Andrade's innocence. Andrade believes that classified evidence pursuant to the Classified Information Procedures Act of 1980 was improperly withheld by the Government, including details regarding Abramoff's government employment, his classified record, and withheld materials which may reveal critical information beneficial to himself.

Andrade suspects, but cannot yet prove, that the summonses in this Texas civil matter were intended to uncover information that the Government could use in the California criminal matter given evidence

19

that the summonses in question here were initiated by supervisors in California rather than Texas.

When congress enacted 12 U.S.C. §3410(d) and (e), they surely did not intend to shield the government from oversight by creating a way for the IRS to abuse the civil summonses process by intentionally or mistakenly violating a person's privacy rights by issuing faulty summonses, filing false affidavits of compliance (to which the government admitted) and by using civil summonses in order to circumvent the federal rules of criminal procedure.

I. **The Purported Summonses**

There is nothing in either 12 U.S.C. §3405(2) or its legislative history to indicate that service of incomplete copies of summonses satisfies the requirement that "a copy of the subpoena or summons" be served on Andrade. Andrade was entitled to a complete copy of the summonses.

> This construction is not only mandated by the words of the Act, but also accomplishes the salutory [*sic*] purpose of requiring government authorities to particularize, in independent subpoenas, the entities and accounts to which requests for financial information pertain. In sum, subpoenas should be drafted such that either an RFPA notice to a customer is necessary, or it is not.

*Hunt* v. *SEC*, 520 F. Supp. 580, 603 (N.D. Tex. 1981)

18805311

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the
Northern District of California

### SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: 

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | United States District Court 450 Golden Gate Avenue San Francisco, CA 94102 Grand Jury Room A - 17th Floor | Date and Time: 10/24/2017 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see Attachment.

Please provide the records in an electronic format. Voluntary compliance with this federal grand jury subpoena will be deemed satisfactory and no appearance will be necessary, if the information requested is sent to the agent listed below on or before the date listed above.

OCT 3 17  2:21P

Internal Revenue Service, Criminal Investigation
450 Golden Gate Avenue, Room 7-2506
San Francisco, CA 94102
Phone: (415) 837-6425

Date: 09/25/2017



CLERK OF COURT

Susan Y. Soong
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

This subpoena is issued on application of the United States of America

BRIAN J. STRETCH
United States Attorney

John H. Hemann, AUSA
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
415-436-7200
USAO# 2017R00624-13, GJ 17-1

USAO 0072097

IRS-GJ-0072097

ATTACHMENT A

TO: ████████

████████ anuary 1, 2013 through current:

All records pertaining to the following individual and business entity whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which the individual or entity may have a financial interest:



- Abramoff, Jack
- Abramoff, Alex
- Abramoff, Robert
- Andrade, Marcus
- Erickson, Paul
- Mann, David Samuel
- Zicherman, Eli

- Abramoff Martial Deduction Trust
- Beth Medrash OHR Chaim, Inc.
- Block Bits Fund I, LP
- CCJ Strategies
- Gemini Trust Company, LLC
- Ghost Management Group, LLC
- Ghost Management Group, Inc.
- Integrated PR
- Kumar Family Limited Partnership
- Landfair Capital Consulting, Inc.
- Muzin Capitol Partners, LLC.
- Pangea, LLC
- Policy Impact Communications, Inc.
- Sepo Holdings, LLC
- Sugar Mountain Holdings
- The Watley Group, LLC
- World Wide Kosher

(Jack Abramoff)
(Paul Erickson)



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

CRIMINAL INVESTIGATION

October 18, 2019

███████ Ndiaye
███████████████████████

Re:    Financial transactions conducted with Marcus Andrade

Dear Mr. ███████

The United States Attorney's Office of the Northern District of California, Federal Bureau of Investigation and the Internal Revenue Service, Criminal Investigation are conducting an investigation into Marcus Andrade and his businesses.

During the course of our investigation, w████████████████████████████████ ████████████████████████████████████████████████ I wish to speak to your regarding that transaction. Please call me at your earliest convenience at (415) 837-6425 or email me at ███████████.irs.gov.

Sincerely,

███████████
███████████
Oakland Field Office