CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CHRISTIAAN H. HIGHSMITH (CABN 296282)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    christiaan.highsmith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:20-CR-00249 RS |
|     Plaintiff, | ) |
| | ) **UNITED STATES' OPPOSITION TO** |
| | ) **DEFENDANT ANDRADE'S MOTION TO** |
|     v. | ) **CLARIFY THAT HE MAY SELL ASSETS AND** |
| | ) **CONDUCT PUBLIC FUNDRAISING TO** |
| ROWLAND MARCUS ANDRADE, | ) **FINANCE APPEAL** |
| | ) |
|     Defendant. | ) Hearing Date:  March 17, 2026 |
| | ) Hearing Time: 9:30 a.m. |
| | ) Courtroom:     Courtroom 3 – 17th Floor |
| | ) |
| | ) Hon. Richard Seeborg |

## I.    INTRODUCTION

Defendant Rowland Marcus Andrade asks the Court to issue an order stating that he is permitted to sell patent assets and conduct public fundraising for the purpose of retaining appellate counsel. Dkt. 823. The government opposes Andrade's motion. The government does not seek to restrict Andrade's fundraising efforts provided they are legitimate, legal, and do not impermissibly dissipate assets to which Andrade's victims are entitled based on this Court's $2.2 million restitution order. But this Court should not issue an advisory opinion giving Andrade blanket, advance approval to engage in unspecified stock sale of purported patent stock assets. Further, the Court should deny Andrade's motion because it

seeks to dissipate assets to which victims are entitled under this Court's restitution order. Tellingly, Andrade's motion omits discussion of the restitution order, and it is not supported by any citation to caselaw or statute.

## II.    FACTUAL BACKGROUND

### A.    Conviction and Sentencing

On March 12, 2025, a federal jury found Andrade guilty of one count of wire fraud and one count of money laundering in connection with Andrade's AML Bitcoin cryptocurrency fraud scheme. On July 29, 2025, the Court held the first of two sentencing hearings. At the July hearing, the Court sentenced Andrade to 84 months in prison; ordered that Andrade report to BOP no later than October 31, 2025; and ordered that Andrade pay forfeiture and restitution, which would be determined at a second sentencing hearing on September 16, 2025. Dkt. 719 (Judgment); Dkt. 733 (Sent. Hrg. Tr. 63:6). Following the September 16 hearing on restitution and forfeiture, the Court ordered that Andrade pay restitution of $2,203,920.29 to victims and entered a forfeiture money judgment of $8,374,609. Dkt. 740. The Court further ordered that Andrade pay $25 per quarter toward restitution (and other criminal monetary penalties) while in BOP custody and not less than $200 or at least 10% of earnings, whichever is greater, starting no later than 60 days from placement on supervision. Dkt. 784 (Amended Judgment), at 7. The Court's Amended Judgment also recognized that the United States Attorney's Office may pursue collection of restitution "through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m)." *Id.* Andrade must "notify the court and United States attorney of material changes in economic circumstances." *Id.* at 1.

### B.    Motions for Bond Pending Appeal

On September 16, Andrade filed a motion for bond pending appeal, which the Court denied. Dkts. 742 (Motion), 781 (Order). On October 13, Andrade filed a motion to continue his self-surrender date to January 31, 2026. Dkt. 788. The Court continued Andrade's self-surrender date to January 9, 2026. Dkt. 790. On December 16, 2025, Andrade filed a motion to further continue his self-surrender date, which the Court denied. Dkts. 808 (Motion), 814 (Order). On December 31, Andrade filed a motion to reconsider, which the Court denied. Dkts. 815 (Mot. to Reconsider), 816 (Order).

//

### C.    Ninth Circuit Litigation

Meanwhile, Andrade cycled through appellate counsel while pursuing appellate litigation. In August 2025, based on Andrade's request, the Court of Appeals appointed CJA counsel. *United States v. Andrade*, Case No. 25-5095 (9th Cir. Aug. 19, 2025) (App. Dkts. 14, 15). Approximately three weeks later, however, Andrade replaced CJA counsel with retained counsel, Attorney Pierce. *Id.* at App. Dkts. 17 & 18. On October 24, 2025, Andrade filed a motion with the Ninth Circuit seeking appointment of specialized CJA counsel and stated that retained counsel would withdraw once specialized CJA counsel had been appointed. *Id.* at App. Dkt. 23. On November 14, 2025, a second CJA counsel was appointed, and retained counsel was terminated. *Id.* at App. Dkts. 24, 25, 26. CJA counsel, however, did not meet Andrade's standards.

On November 17, Andrade filed a motion seeking (1) appointment of different CJA counsel who could meet his criteria, and (2) a 90-day extension of the appellate briefing schedule to give Andrade time to try to sell stock in his patent assets in order to retain private appellate counsel. *Id.* at App. Dkt. 27. Andrade's motion stated that Attorney Pierce would be available to help screen CJA counsel candidates. *Id.* The Court of Appeals (1) granted Andrade's motion to relieve his second CJA counsel and terminated her from the docket, (2) reinstated Attorney Pierce, and (3) granted Andrade's request "to stay briefing for 90 days to enable appellant to locate suitable replacement counsel." *Id.* at App. Dkts. 28, 29, 30.

On November 30, Andrade filed a motion with the Ninth Circuit asking that the Court of Appeals authorize him to sell stock in his patents and engage in public fundraising in order to retain specialized appellate counsel and pay his family's living expenses. *Id.* at App. Dkt. 33. The government took no position on Andrade's motion, explaining that although it was "concerned that Andrade may attempt to engage in additional, similar fraudulent financial activity [to the crimes of conviction]," it did "not seek to restrict fundraising efforts by Andrade provided such efforts are legitimate, legal, and do not impermissibly dissipate assets to which Andrade's victims are entitled." *Id.* at App. Dkt. 34. The Court of Appeals denied Andrade's motion without prejudice to refiling in the district court. *Id.* at App. Dkt. 38.

On January 3, 2026, Andrade filed both a motion and an emergency motion in the Ninth Circuit

seeking a stay of his self-surrender date. *Id.* at App. Dkt. 41, 42. The Ninth Circuit denied both motions. *Id.* at App. Dkt. 43, 49.

### III.    RELEVANT LAW

#### A.    The Rule Against Advisory Opinions

"The rule against advisory opinions is 'the oldest and most consistent thread in the federal law of justiciability,' reflecting the same core considerations that underlie the justiciability doctrine more generally." *Ctr. for Biological Diversity v. United States Forest Serv.*, 925 F.3d 1041, 1047 (9th Cir. 2019) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). In order not to violate this rule and present a justiciable dispute, a case must satisfy two requirements. First, the case must present "an honest and actual antagonistic assertion of rights by one [party] against another." *Id.* (quoting *U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993)). Second, the Court "must be empowered to issue a decision that serves as more than an advisement or recommendation." *Id.* at 1048. "A party does not seek an advisory opinion where 'valuable legal rights ... [would] be directly affected to a specific and substantial degree' by a decision from the [C]ourt." *Id.* (quoting *U.S. Nat'l Bank*, 508 U.S. at 446).

#### B.    Restitution

Under 18 U.S.C. § 3613(c), when a Court orders restitution, that order constitutes a lien in favor of the Government against all of the defendant's property and rights to property. 18 U.S.C. § 3613(c). "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated…." *Id.*; *see also* 18 U.S.C. § 3664(o). Thus, a restitution obligation may be enforced by the Government immediately upon entry of the judgment.

The Mandatory Victims Restitution Act requires that "substantial resources" received by a defendant from any source during incarceration must be applied to an outstanding restitution obligation. 18 U.S.C. § 3664(n).[1] "The [Government] is responsible for collecting unpaid criminal fines and restitution on behalf of all victims." 18 U.S.C. § 3612(c). Additionally, the Government may enforce an order of restitution "by all [ ] available and reasonable means." 18 U.S.C. §

---

[1] 18 U.S.C. § 3664(n) states: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."

USA OPPO. TO DEF. MOT. TO CLARIFY                4
3:20-CR-00249 RS

3664(m)(1)(A)(ii).

The government's lien on a defendant's property under § 3613(c) "outweighs any Sixth Amendment right [a defendant] has to them." *United States v. Scully*, 882 F.2d 549, 552 (5th Cir. 2018) (relying on *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 631 (1989), which held that the "strong governmental interest in obtaining full recovery of all forfeitable assets ... overrides any Sixth Amendment interest in permitting criminals to use [those assets] to pay for their defense"); *see also United States v. Lillard*, 57 F.4th 729, (9th Cir. 2023) (holding that there is no Sixth Amendment right to counsel violation where the government seizes a defendant's untainted funds pursuant to a valid restitution order) (relying on *Caplin & Drysdale*, 491 U.S. at 624, 626, 627).

In *United States v. Scully*, the Fifth Circuit affirmed the district court's denial of the defendant's motion to partially vacate its earlier restraining order on his assets, holding that the Sixth Amendment did not entitle the defendant to use funds subject to the Government's post-conviction lien to pay for appellate counsel of his choice. 882 F.2d at 550. Following conviction at trial, the district court had granted the government's motion to restrain the defendant's assets to preserve them for expected restitution obligations. *Id.* at 550. Thereafter, the district court sentenced the defendant to 180 months imprisonment and ordered him to pay more than $1.2 million in restitution. *Id.* The Court then entered judgment. *Id.* After filing his notice of appeal, the defendant moved to partially vacate the earlier restraining order so he could use $65,000 to cover attorney fees for his appeal. The district court denied the defendant's motion and the Fifth Circuit affirmed.

## IV.    ARGUMENT

### A.    Advisory Opinion

First, this Court should deny Andrade's motion because he seeks an advisory opinion. There is no current controversy regarding Andrade's purported patent assets because he has not done anything with them. Nor has the government seized his purported patent assets. Indeed, Andrade did not even identify the assets to Probation during preparation of his Presentence Report, and he has provided the Court with no specific information about the nature, location, or ownership of the patents other than vague references to owing an unspecified number of them. Nor does he identify the specific patents he wishes to sell or the proposed time frame for the sale, and he does not propose that the requested

authorization be limited to a single, one-time sale. Andrade admits he seeks an order "in all caution." Def. Mot. (Dkt. 823), at 4. He states: "No order of the Court directly prohibits [him] from raising funds to pay for legal representation of his choice." *Id.* In short, Andrade fails to present "an honest and actual antagonistic assertion of rights by one [party] against another." *U.S. Nat'l Bank*, 508 U.S. at 446. Andrade does no more than seek "an advisement or recommendation" from this Court that he will have unfettered approval to sell an unspecified amount of undefined and unspecified patent assets on an unspecified number of occasions in the future. *Id.*

## B.     Restitution

Second, the Court should deny Andrade's motion because he seeks to circumvent the lien on his assets imposed by this Court's judgment and avoid paying restitution owed to victims. The Court's $2.2 million restitution order and entry of judgment, dkts. 740 & 784, gave "the government a lien on all property and rights to property of the person against whom judgment is entered until the liability is satisfied or otherwise terminated." *Lillard*, 57 F.4th at 734 (citing 18 U.S.C. § 3613(c)). Entry of this Court's judgment, which included the restitution order, "triggered … a statutory lien against all of [Andrade's] property," including his purported patent assets. *Scully*, 882 F.2d at 552 (quoting 18 U.S.C. § 3613(c)). And under Supreme Court precedent, "the Government's lien against the untainted funds outweighs any Sixth Amendment right [Andrade] has to them." *Id.* (citing *Caplin & Drysdale,* 491 U.S. at 631); *see also Lillard*, 57 F.4th at 734. Following entry of the judgment in this matter, "the Government unquestionably had an interest in *all* of [Andrade's] property because of the lien arising under 18 U.S.C. § 3613(c)." *Id.* at 553; *see also Lillard*, 57 F.4th at 735 ("Because of the restitution obligation, the government had a lien on Lillard's untainted funds") (citing 18 U.S.C. § 3613(c)). Therefore, following imposition of a restitution order and entry of judgment here, Andrade's assets are restrained by the statutory lien, and he "has no Sixth Amendment entitlement to use the Government's money to pay for appellate counsel, 'even if those funds are the only way that [he] will be able to retain the attorney of his choice.'" *Id.* (quoting *Caplin & Drysdale*, 491 U.S. at 626).

The government has a substantial property interest in Andrade's assets. *Id.* Andrade's claim that his patent assets are untainted by fraud "d[oes] not diminish the strength of the government's property interest." *Id.* at 735. Thus, were the government to seize Andrade's patent assets or their sale proceeds,

such a seizure would not violate the Sixth Amendment. *Id.* (citing *Caplin & Drysdale*, 491 U.S. at 629–30). Accordingly, in asking the Court for an order allowing him to sell purported patent assets to pay appellate counsel rather than his fraud victims, Andrade seeks an order permitting him to circumvent well-established Ninth Circuit and Supreme Court law and the § 3613(c) lien imposed by operation of this Court's sentence and judgment.

Andrade cites no caselaw or relevant legal authority supporting his request to do so. In the absence of clear authority authorizing his efforts to set aside the government's lien in order to sell his purported patent assets to pay appellate counsel rather than restitution owed to victims, the Court should deny Andrade's motion.

## V.    CONCLUSION

Accordingly, for the foregoing reasons, the United States respectfully submits that this Court should deny Defendant Andrade's Motion to Clarify That He May Sell Assets and Conduct Public Fundraising to Finance Appeal.

DATED: March 2, 2026                                            Respectfully submitted,

                                                               CRAIG H. MISSAKIAN
                                                               United States Attorney


                                                               _____/s/_____
                                                               CHRISTIAAN H. HIGHSMITH
                                                               Assistant United States Attorney