UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROWLAND MARCUS ANDRADE,

Defendant.

Case No.  20-cr-00249-RS-1

**ORDER DENYING MOTION FOR BAIL PENDING APPEAL AND DISMISSING REQUEST FOR PERMISSION TO SELL ASSETS**

After a jury trial, Rowland Marucs Andrade was convicted of one count of wire fraud and one count of money laundering, in violation of 18 U.S.C. §§ 1343, 2 and 18 U.S.C. §§ 1956(a)(1)(A)(i), (B), respectively. He moved for a bond pending appeal, which was denied. After successfully moving to extend his self-surrender date once, he moved to extend it again. That was denied. He then moved to reconsider. That was denied. He then filed an emergency motion in the Ninth Circuit to stay his self-surrender date. Again, denied.

Having finally surrendered to the custody of the Bureau of Prisons (BOP), he moves once more for release pending adjudication of his appeal. He makes three arguments. First, he contends that he has raised a substantial question regarding whether the handling of classified documents during the trial was lawful. Second, he contends that he has been unable to receive adequate medical care in prison. Third, he contends that his continued detention is impeding his ability to prepare his appeal.

Andrade's arguments and his repeated requests for relief tread woefully close to frivolousness. The motion is denied.

Andrade also moves for permission to sell certain assets to fund his appeal. Though Andrade is certainly entitled to do so as a general matter, his request is undefined and premature. It is therefore dismissed as unripe.[1]

## I. BACKGROUND

Over the course of several years, Rowland Marcus Andrade perpetrated a cryptocurrency fraud that scammed investors out of millions of dollars. He was tried and convicted of one count of wire fraud and one count of money laundering. He was sentenced to a term of imprisonment of 84 months. He was also ordered to pay forfeiture and restitution.

In the months since his sentencing, he has tried five times to delay the commencement of his prison term. He moved (unsuccessfully) for a bond pending appeal; (successfully) to delay his self-surrender date from October 31, 2025, to January 9, 2026; (unsuccessfully) to delay his self-surrender date again; (unsuccessfully) for reconsideration of that decision; and (unsuccessfully) for an emergency stay of his self-surrender date from the Ninth Circuit. Throughout these motions, Andrade has offered a variety of justifications to stay out of prison. In his original motion for a bond pending appeal, he asserted that a slew of legal errors that infected the result at trial was likely to result in the vacatur of his conviction and a new trial. In other motions, he asserted that preparing his appeal would be too difficult in prison given its exceptional complexity. He has also repeatedly raised his various medical conditions, contending that it will be too difficult for him to receive proper care in prison. Without exception, those arguments have failed to persuade.

The present motion presents only one new issue. During the trial, Andrade sought discovery of impeachment evidence for the Government's witnesses. The evidence pertaining to one of those witnesses contained classified information. Consistent with the procedures set out in the Classified Information Procedures Act (CIPA), 18 U.S.C. app. III §§ 1–16, the classified information was examined *in camera*. That examination revealed the information was, in fact,

---

[1] Both motions are suitable for adjudication without oral argument. *See* Crim L.R. 2.1 (incorporating Civ. L.R. 7-1(b)).

United States District Court
Northern District of California

classified and therefore that the Government properly invoked the state-secrets privilege. *See* Dkt. 367, at 2. The classified information was also not "relevant and helpful" to Andrade, so no alternative disclosure was required. *See id.*, at 2–3; *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 811 (9th Cir.), *cert. denied*, 145 S. Ct. 770 (2024).

## II. LEGAL STANDARD

To obtain a bond pending appeal, a defendant must show:

A. by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

B. that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

    a. reversal,

    b. an order for a new trial,

    c. a sentence that does not include a term of imprisonment, or

    d. a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The requirement that the defendant raise a "substantial question of law or fact likely to result in" the specified appellate relief contains two parts. The first is about the merits: A "substantial question" is one that is "fairly debatable," which includes "questions that are novel and not readily answerable." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985). The second is about the question's weight. That is, it must be sufficiently central to the case such that reversal is "likely" to produce the specified relief. *Id.* at 1280.

## III. DISCUSSION

**A. Motion for a Bond Pending Appeal**

*i.    Nondisclosure of Classified Information*

As Andrade frames it, the "substantial" question for appeal that is likely to result in reversal and/or a new trial is "whether the Court's handling of the classified evidence in this case complied with CIPA and the Government's independent constitutional duties under *Brady v.*

United States District Court
Northern District of California

*Maryland*, 373 U.S. 83 (1963) and its progeny." Bond Mot., at 7. Two elements of the review trouble Andrade. First, he claims that whether the classified evidence was "relevant and helpful" to the accused was not adequately assessed. *See* Mot., at 8; *Alahmedalabdaloklah*, 94 F.4th at 811. Second, he argues that he was not provided with substitute evidence or a statement, which deprived him of "crucial context for certain information" presented at trial. *See* Mot., at 8.

Andrade's first argument not substantial. The record makes clear that the Government's state-secrets privilege assertion was resolved in precisely the manner CIPA contemplates. Namely, the disputed materials were reviewed *in camera* and, after a determination that the "the information is properly classified and its disclosure could cause serious damage to the national security of the United States," it was determined that those documents were not "relevant and helpful" to the defense. Dkt. 367, at 2–3. It is not clear what more Andrade thinks should have been done. He notes that the public Protective Order made "only cursory reference to the materials themselves," but fails to appreciate the obvious: A lengthy exposition on the content of the materials would have subverted the need for secrecy, which was the entire reason for this process.

Nor can Andrade present a "substantial question" simply by saying the law governing disclosure of classified information is generally underdeveloped. The "relevant and helpful" standard was first articulated by the Supreme Court 69 years ago, *see Roviaro v. United States*, 353 U.S. 53, 60 (1953), and has been consistently reaffirmed by the Ninth Circuit, *see Alahmedalabdaloklah*, 94 F.4th at 811. Application of that standard is very familiar task to trial court judges, who routinely adjudicate relevancy disputes during discovery, motions practice, and trial. A paucity of appellate decisions reviewing a trial court's application of that standard does not mean that the application is a difficult task in general, and it certainly does not establish that application was even remotely controversial *in this case*. Simply stated, this is a garden-variety fraud case; it is not and has never been about classified information.

For this reason, Andrade's second argument fails as well. Section 4 of the CIPA does not require the defendant to be provided with substitute evidence or a statement admitting the facts that the classified information would tend to prove. The options available to the district court are

United States District Court
Northern District of California

stated in the disjunctive: The district court "may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, *or* to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. app. III § 4 (emphasis added). Where the classified information is utterly irrelevant to the defense, it makes no sense to require substitute evidence or a statement admitting facts—a substitute for something irrelevant is equally irrelevant. *Compare United States v. Sedaghaty*, 728 F.3d 885, 905 (9th Cir. 2013) (finding substitute evidence inadequate in case where "[t]he government acknowledged in advance of trial that it had classified information that was helpful to [the defendant's] defense").

### ii. *Medical Care and Interference with Adequate Legal Representation*

Next, Andrade argues that release is appropriate because there are "exceptional reasons why [his] detention [is not] appropriate." 18 U.S.C. § 3145(c). Two things, in his view, make his case exceptional. First, he claims that he has been unable to obtain adequate medical treatment in prison. Second, he claims that detention has interfered with his ability to prepare his case for appeal.

Even if these claims made Andrade's case exceptional (and they do not), section 3145(c) does not apply. As is relevant here, that provision permits release of "[a] person subject to detention pursuant to section [3143(b)(2)] . . . who meets the conditions of release set forth in section [3143(b)(1)] . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Section 3143(b)(2) mandates detention for a defendant "who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142[,] sentenced to a term of imprisonment[,] and . . . filed an appeal." *Id.* § 3143(b)(2). Section 3142(f)(1)(A), (B), and (C), in turn, list three categories of offenses: (1) crimes of violence with a maximum sentence of ten years or more, (2) an offense for which the maximum sentence is a life sentence or death, and (3) certain drug offenses with maximum sentences longer than ten years. *Id.* § 3142(f)(1)(A), (B), (C). In simple terms,

ORDER DENYING A BOND PENDING APPEAL AND PERMISSION TO SELL ASSETS
CASE NO. 20-cr-00249-RS-1

5

United States District Court
Northern District of California

United States District Court
Northern District of California

therefore, section 3145(c) provides an escape hatch for *certain* defendants subject to mandatory detention who can show that they otherwise meet the standard for release pending appeal if they can *also* show that their case is exceptional. Andrade has not been convicted of one of the qualifying offenses, so section 3145(c) cannot provide relief.

Instead of addressing this misapprehension of the statute, Andrade simply asserts that his (purported) satisfaction of the "exceptional reasons" standard in section 3145(c) "shows the wisdom of release pending appeal, not its inapplicability." Dkt. 827, at 5. The intuitive appeal of that argument notwithstanding, it has no basis in law. As explained, section 3145(c) imposes an *additional* requirement for those convicted of certain crimes seeking release pending appeal. It does not set out an equitable consideration for courts to weigh when adjudicating release requests made by those, like Andrade, convicted of fraud. For Andrade, release pending appeal turns exclusively on whether he has raised a substantial question of law or fact that is likely to result in appellate relief. *See* 18 U.S.C. § 3143(b)(1). For reasons already explained, he has not.

### B. Motion to Sell Assets

Next, Andrade moves "for an order clarifying that he is permitted to sell patent assets and to conduct public fundraising for the purpose of paying lawyers for this appeal." Dkt. 823 (Sale Mot.), at 3. He claims that these assets are worth around $100 million. *See id.*

This request is not ripe. At present, there is no court order preventing Andrade from selling assets to fund his appeal. If he attempts to do so, the Government may well step in and assert the lien on his assets acquired pursuant to the restitution order. If it does so, there will then be a dispute over whether and to what extent Andrade may complete the sale. Until that point, it is inappropriate to opine on whether a hypothetical sale for a hypothetical amount of money confronted with a hypothetical objection would be permissible.

### IV. CONCLUSION

For the foregoing reasons, Andrade's motion for release pending appeal is denied and his request for permission to sell assets to fund his appeal is dismissed as unripe.

ORDER DENYING A BOND PENDING APPEAL AND PERMISSION TO SELL ASSETS
CASE NO. 20-cr-00249-RS-1

**IT IS SO ORDERED**.

Dated: March 11, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California